FILED
2020 Aug-17  PM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>PROASSURANCE CORPORATION, W. STANCIL STARNES, EDWARD L. RAND, JR., DANA S. HENDRICKS, HOWARD H. FRIEDMAN, and MICHAEL L. BOGUSKI,<br><br>Defendants. | ) Case No.: 2:20-cv-00856-AKK<br>)<br>)<br>) CLASS ACTION<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT DECLARATION ON BEHALF OF THE CENTRAL LABORERS'
PENSION FUND AND THE PLYMOUTH COUNTY RETIREMENT
SYSTEM IN SUPPORT OF THEIR MOTION FOR APPOINTMENT AS
LEAD PLAINTIFF AND APPROVAL OF
THEIR SELECTION OF CO-LEAD COUNSEL**

The undersigned declare under penalty of perjury, pursuant to 28 U.S.C. §1746, as follows:

1.      We respectfully submit this joint declaration in support of the motion of the Central Laborers' Pension Fund and the Plymouth County Retirement System (the "Pension Fund and Retirement System") for (i) appointment as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA") and (ii) the approval of our selection of Saxena White P.A. ("Saxena White") and Robbins

1

Geller Rudman & Dowd LLP ("Robbins Geller") as Lead Counsel (the "Motion") in the above-captioned securities class action ("Action") on behalf of investors in ProAssurance Corporation. Each of us has personal knowledge of the information in this Joint Declaration relating to the entity with which we are respectively associated.

2. I, Dan Koeppel, am the Executive Director and an authorized signatory of Central Laborers Pension Fund and I am authorized to make this Joint Declaration on its behalf. The Pension Fund is a Taft-Hartley Trust Fund that manages over $1.1 billion in assets for the benefit of approximately 17,100 participants. As reflected in its certification, the Pension Fund purchased 32,955 shares of ProAssurance common stock during the Class Period and suffered losses of approximately $731,319 as a result of the alleged violations of the federal securities laws.

3. The Pension Fund is a sophisticated institutional investor that understands this case is governed by the PSLRA and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff. The Pension Fund's understanding of the PSLRA's requirements is informed by its experience serving as Lead Plaintiff in several other securities class actions governed by the PSLRA, including *Plymouth County Ret. Sys. v. Patterson Companies, Inc.*, No. 0:18-cv-0871 (D. Minn.).

2

4.      I, David Sullivan, am the Executive Director and an authorized signatory of Plymouth County Retirement System and I am authorized to make this Joint Declaration on its behalf. The Retirement System is a public pension system that manages approximately $1 billion in assets for the benefit of current and retired municipal and county employees of Plymouth County, Massachusetts. As reflected in its certification, the Retirement System purchased 26,563 shares of ProAssurance common stock during the Class Period and suffered losses of approximately $640,394 as a result of the alleged violations of the federal securities laws.

5.      The Retirement System is a sophisticated institutional investor that understands this case is governed by the PSLRA and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff. The Retirement System's understanding of the PSLRA's requirements is informed by its experience serving as Lead Plaintiff in several other securities class actions governed by the PSLRA, including *Plymouth County Ret. Sys. v. Patterson Companies, Inc.*, No. 0:18-cv-0871 (D. Minn.).

6.      We, and our institutions, are aware of and are prepared to fulfill the responsibilities and requirements of being a lead plaintiff in a securities class action. We understand that a lead plaintiff is responsible for overseeing lead counsel, ensuring the efficient and vigorous representation of the Class, and maximizing recovery for the Class. We believe that our pre-existing relationship and our

3

combined securities litigation experience, resources, knowledge, and sophistication enable us to zealously represent the interests of the proposed Class.

7.    The Pension Fund and Retirement System are currently serving as Lead Plaintiff and proposed class representatives in another securities fraud class action, *Plymouth County Ret. Sys. v. Patterson Companies, Inc.*, No. 0:18-cv-0871 (D. Minn.), with Saxena White and Robbins Geller serving as Co-Lead Counsel. The Pension Fund and the Retirement System also served as lead plaintiff in *Kinzler v. First NBC Bank Holding Company et al*, No. 2:16-CV-04243 (D. La.). As the respective representatives of the Pension Fund and the Retirement System in both *Patterson* and *First NBC Bank*, our pre-existing relationship involves working together to prosecute those cases.

8.    We are motivated to recover the significant losses that we incurred as a result of Defendants' violations of the federal securities laws, but our principal goal in seeking appointment as Lead Plaintiff is to achieve the best possible recovery for the proposed Class.

9.    Through our experience in the *Patterson* securities case, we are aware that Robbins Geller and Saxena White can, and will, efficiently prosecute the claims of the proposed Class while avoiding wasteful and duplicative fees and expenses.

10.    We have conferred with each other and with counsel via telephone and email regarding the preparation and filing of the Motion, as well as regarding

4

protocols for managing this litigation and our continued joint oversight of counsel, whom we have directed to advise us of developments in this matter. Saxena White and Robbins Geller will send us written updates on a regular basis and will notify us of time-sensitive developments when they occur. As discussed during a joint conference call on August 13, 2020, we plan on regularly consulting with each other and with counsel regarding the prosecution of this lawsuit, including via telephonic conference calls and email. We also understand that some of these meetings may need to be conducted without counsel. Given our pre-existing relationship, we are able to call and email each other with or without counsel as needed, including on an emergency basis if circumstances arise requiring such urgent communications, thus ensuring that we are able to make timely and well-considered decisions.

11.    We are committed to satisfying the fiduciary obligations that we will assume if appointed Lead Plaintiff, including by conferring with counsel regarding litigation strategy and other matters, attending court proceedings, depositions, settlement mediations and hearings, as needed, and reviewing and authorizing the filing of important litigation documents. Through these and other measures, we intend to ensure that the ProAssurance securities litigation will be vigorously prosecuted in a manner consistent with the Lead Plaintiff's obligations under the PSLRA and in the best interests of the Class.

5

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this __12th__ day of August, 2020.

_____
CENTRAL LABORERS' PENSION FUND
By:    Dan Koeppel
Its:    Executive Director

I declare under penalty of perjury pursuant to 28 U.S.C. §1746 that the foregoing is true and correct. Executed this 14th day of August, 2020.

PLYMOUTH COUNTY RETIREMENT SYSTEM
By:    David Sullivan
Its:    Executive Director

7