FILED
2020 Aug-24  PM 08:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>          Plaintiff,<br><br>   vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>          Defendants. | Civil Action No. 2:20-cv-00856-AKK<br><br>CLASS ACTION<br><br>NOTICE OF NON-OPPOSITION AND MEMORANDUM OF LAW IN FURTHER SUPPORT OF THE CENTRAL LABORERS' PENSION FUND AND THE PLYMOUTH COUNTY RETIREMENT SYSTEM'S MOTION FOR APPOINTMENT AS LEAD PLAINTIFF |

The Central Laborers' Pension Fund (the "Pension Fund") and the Plymouth County Retirement System (the "Retirement System" and, with the Pension Fund, the "Pension Fund and Retirement System") respectfully submit this notice of non-opposition and memorandum in further support of their lead plaintiff Motion.

The PSLRA creates a rebuttable presumption that the most adequate plaintiff is "the person or group of persons" that "has the largest financial interest in the relief sought by the class" and "otherwise satisfies the requirements of Rule 23." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I). While this presumption is rebuttable, it can be rebutted "only upon proof by a member of the purported plaintiff class that the presumptively most adequate plaintiff" either: "(aa) will not fairly and adequately protect the interests of

- 1 -

the class; or (bb) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." 15 U.S.C. §78u-4(a)(3)(B)(iii)(II).

Here, while two movants initially sought appointment as lead plaintiff pursuant to the PSLRA (*see* ECF Nos. 28, 29), there is no question that the Pension Fund and Retirement System possess, by far, the largest financial interest:

| MOVANT | CLAIMED LOSS[1] |
|---|---|
| Pension Fund and Retirement System | $1,371,713 |
| Ohio Carpenters Pension Fund | $235,165 |

*See* ECF No. 28-1 at 8; ECF No. 29 at 5-6.

Not only do the Pension Fund and Retirement System have the largest financial interest, as demonstrated in their opening memorandum, the Pension Fund and Retirement System satisfy both requirements under Rule 23.  *See* ECF No. 29 at 6-8. The Pension Fund and Retirement System: (1) satisfy the typicality requirement because their claims against defendants arise from the same events that give rise to the claims of other members of the class, and are based on the same legal theories; and (2) satisfy the adequacy requirement because their interests are aligned with those of the other members of the class who suffered similar harm as a result of defendants' alleged wrongdoing, and no antagonism exists between the Pension Fund and Retirement System's interests and the interests of other members of the putative class.

---

[1]     *Compare* ECF No. 23-1 at 6 *with* ECF No. 26-3 at 2.

4850-3322-3624.v1

- 3 -

*See Dillard v. Platform Specialty Prods. Corp.*, No. 16-cv-80490, 2016 WL 10586300, at \*3 (S.D. Fla. June 30, 2016).  Moreover, the Pension Fund and Retirement System are sophisticated institutional investors who: (1) share a pre-existing relationship and have amassed experience serving as lead plaintiff together; and (2) have selected counsel that has achieved significant success in this District and Circuit representing victims of securities fraud.  *See* ECF Nos. 29 at 8-10; 30-4 at ¶¶2-11.

In recognition of the fact that the Pension Fund and Retirement System possess the largest financial interest in the litigation and otherwise satisfy the requirements of Rule 23, on Thursday, August 20, 2020, counsel for the Ohio Carpenters Pension Fund confirmed that the Ohio Carpenters Pension Fund will not oppose the Pension Fund and Retirement System's motion.

In sum, because the Pension Fund and Retirement System are the presumptive lead plaintiff and that presumption has not been rebutted, the Court should deny the Ohio Carpenters Pension Fund's motion (ECF No. 28) and approve the Pension Fund and Retirement System's Motion for Appointment as Lead Plaintiff and Approval of Their Selection of Lead and Liaison Counsel (ECF 29).

DATED:  August 24, 2020                    Respectfully submitted,

*s/ Lester R Hooker*
Lester R. Hooker

- 3 -

4850-3322-3624.v1

SAXENA WHITE P.A.
Joseph E. White , III
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
jwhite@saxenawhite.com
lhooker@saxenawhite.com

-and-

Steven B. Singer
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com

Proposed Lead Counsel for Lead Plaintiff
and Counsel for the Pension Fund and
Retirement System


*s/ David J. Guin*
David J. Guin

GUIN, STOKES & EVANS, LLC
David J. Guin
Tammy M. Stokes
Dawn Stith Evans
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Telephone: 205/226-2282
davidg@gseattorneys.com
tammys@gseattorneys.com
devans@gseattorneys.com

Proposed Liaison Counsel for Lead Plaintiff

- 4 -

4850-3322-3624.v1

ROBBINS GELLER RUDMAN & DOWD
LLP
Danielle S. Myers
Michael Albert
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
malbert@rgrdlaw.com

Proposed Lead Counsel for Lead Plaintiff
and Counsel for the Pension Fund

ROGER BEDFORD, ATTORNEY AT
LAW, LLC Roger H. Bedford, Jr. (ASB-
3651-D60R)
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)
rogerbedfordattorneyatlawllc@gmail.com

Proposed Liaison Counsel for Lead Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 24th day of August, 2020, I presented the

foregoing to the Clerk of the Court for filing and uploading to the CM/ECF system,

which will deliver the document to all counsel of record.

*/s/ David J. Guin*
David J. Guin

- 5 -

4850-3322-3624.v1