FILED
2021 Jul-28  PM 05:17
U.S. DISTRICT COURT
N.D. OF ALABAMA

# Exhibit 1



# Accounting Practices and Procedures Manual

## As of March 2021

## Volume I

# Statement of Statutory Accounting Principles No. 55

# Unpaid Claims, Losses and Loss Adjustment Expenses

## STATUS

Type of Issue......................................... Common Area
Issued .................................................... Initial Draft
Effective Date ...................................... January 1, 2001
Affects.................................................. Supersedes SSAP No. 85 with guidance incorporated August 2011; Nullifies and incorporates INT 00-31, INT 01-28, INT 02-21, INT 03-17 and INT 06-14
Affected by........................................... No other pronouncements
Interpreted by ...................................... No other pronouncements
Relevant Appendix A Guidance ......... None

STATUS ...........................................................................................................................................1

SUMMARY CONCLUSION .............................................................................................................2

Property/Casualty............................................................................................................................ 2
Life, Accident and Health .............................................................................................................. 4
Managed Care .................................................................................................................................. 5
Managed Care and Accident and Health......................................................................................... 5
General............................................................................................................................................. 7
Disclosures ...................................................................................................................................... 8
Relevant Literature.......................................................................................................................... 9
Effective Date and Transition ........................................................................................................ 9

REFERENCES................................................................................................................................. 10

Relevant Issue Papers .................................................................................................................... 10

## SCOPE OF STATEMENT

1.      This statement establishes statutory accounting principles for recording liabilities for unpaid claims and claim adjustment expenses for life insurance contracts and accident and health contracts and unpaid losses and loss adjustment expenses for property and casualty insurance contracts. This guidance applies equally to those entities with direct and reinsurance-assumed obligations. This statement applies to all insurance contracts as defined in *SSAP No. 50—Classifications of Insurance or Managed Care Contracts.*

2.      This statement does not address policy reserves for life and accident and health policies. These reserves are addressed in *SSAP No. 51R—Life Contracts*, *SSAP No. 52—Deposit-Type Contracts*, *SSAP No. 54R—Individual and Group Accident and Health Contracts*, and *SSAP No. 59—Credit Life and Accident and Health Insurance Contracts.*

3.      This statement does not address liabilities for punitive damages. These liabilities shall be recorded in accordance with *SSAP No. 5R—Liabilities, Contingencies and Impairments of Assets.*

© 1999-2021 National Association of Insurance Commissioners

SSAP No. 55                    Statement of Statutory Accounting Principles

## SUMMARY CONCLUSION

4.      Claims, losses, and loss/claim adjustment expenses shall be recognized as expenses when a covered or insured event occurs. In most instances, the covered or insured event is the occurrence of an incident which gives rise to a claim or the incurring of costs. For claims-made type policies, the covered or insured event is the reporting to the entity of the incident that gives rise to a claim. Until a claim payments and related expense payments are made subsequent to the occurrence of a covered or insured event, and in order to recognize the expense of a covered or insured event that has occurred, it is necessary to establish a liability. Liabilities shall be established for any unpaid claims and unpaid losses (loss reserves), unpaid loss/claim adjustment expenses (loss/claim adjustment expense reserves) and incurred costs, with a corresponding charge to income. Claims related extra contractual obligations losses and bad-faith losses shall be included in losses. See individual business types for the accounting treatment for adjustment expenses related to extra contractual obligations and bad-faith lawsuits.

5.      The liability for unpaid LAE shall be established regardless of any payments made to third-party administrators, management companies or other entities except for capitated payments under managed care contracts for which. The liability for claims adjustment expenses on non-capitated payments under managed care contracts shall be established in an amount necessary to adjust all unpaid claims irrespective of payments made to third-party administrators, etc. The liability for claims adjustment expenses on capitated payments under managed care contracts shall be established in an amount necessary to adjust all unpaid claims irrespective of payments to third parties with the exception that the liability is established net of capitated payments to providers.

### Property/Casualty

6.      The following are types of future costs relating to property and casualty contracts, as defined in SSAP No. 50, which shall be considered in determining the liabilities for unpaid losses and loss adjustment expenses:

    a.    Reported Losses: Expected payments for losses relating to insured events that have occurred and have been reported to, but not paid by, the reporting entity as of the statement date;

    b.    Incurred But Not Reported Losses (IBNR): Expected payments for losses relating to insured events that have occurred but have not been reported to the reporting entity as of the statement date. As a practical matter, IBNR may include losses that have been reported to the reporting entity but have not yet been entered to the claims system or bulk provisions. Bulk provisions are reserves included with other IBNR reserves to reflect deficiencies in known case reserves;

    c.    Loss Adjustment Expenses: Expected payments for costs to be incurred in connection with the adjustment and recording of losses defined in paragraphs 6.a. and 6.b. Examples of expenses incurred in these activities are estimating the amounts of losses, disbursing loss payments, maintaining records, general clerical, secretarial, office maintenance, occupancy costs, utilities, computer maintenance, supervisory and executive duties, supplies, and postage. Loss adjustment expenses can be classified into two broad categories: Defense and Cost Containment (DCC) and Adjusting and Other (AO):

        i.    DCC include defense[1], litigation, and medical cost containment expenses, whether internal or external. DCC include, but are not limited to, the following items:

---

[1] Legal defense costs incurred under the definition of covered damages or losses as the only insured peril would be accounted for as losses, while legal defense costs incurred under a duty to defend would be accounted for as Defense and Cost Containment

Unpaid Claims, Losses and Loss Adjustment Expenses                    SSAP No. 55

    (a)    Surveillance expenses;

    (b)    Fixed amounts for medical cost containment expenses;

    (c)    Litigation management expenses;

    (d)    Loss adjustment expenses for participation in voluntary and involuntary market pools if reported by accident year;

    (e)    Fees or salaries for appraisers, private investigators, hearing representatives, reinspectors and fraud investigators, if working in defense of a claim, and fees or salaries for rehabilitation nurses, if such cost is not included in losses;

    (f)    Attorney fees incurred owing to a duty to defend, even when other coverage does not exist; and

    (g)    The cost of engaging experts;

  ii.    AO are those expenses other than DCC as defined in (i) above assigned to the expense group "Loss Adjustment Expense". AO include, but are not limited to, the following items:

    (a)    Fees and expenses of adjusters and settling agents;

    (b)    Loss adjustment expenses for participation in voluntary and involuntary market pools if reported by calendar year;

    (c)    Attorney fees incurred in the determination of coverage, including litigation between the reporting entity and the policyholder;

    (d)    Fees and salaries for appraisers, private investigators, hearing representatives, reinspectors and fraud investigators, if working in the capacity of an adjuster; and

    (e)    Adjustment expenses arising from claims related lawsuits such as extra contractual obligations and bad faith lawsuits.

d.    The contractual terms for arrangements (i.e., variable, fixed or bundled amounts) to third-party administrators, management companies, or other entities for unpaid claims, losses and losses/claims adjustment expenses, shall be evaluated to determine if the arrangement meets the criteria to be reported as a prepaid asset and nonadmitted in accordance with *SSAP No. 29—Prepaid Expenses*. These payments shall not be offset against any amounts required to be reported in accordance with paragraph 4 or paragraph 5 within this guidance. Only when loss/claim and related adjusting expense payments, which are made by the third-party administrators, management companies or other entities, to the policyholder or claimant, shall the insurer's liability (loss/claim or loss/claim adjustment expense reserves) be reduced.

e.    Prepayments to third-party administrators, management companies or other entities that do not relate to services or adjusting for the underlying direct policy benefits are reported

---

(DCC). For policies where legal costs are the only insured peril, the insurer would record the legal costs that reimburse the policyholder as loss and, to the extent the insurer participated in the defense, would record its legal costs as DCC. This is not intended to change the classifications of legal expenses for existing long tailed lines of liability coverage, such as medical malpractice and workers' compensation insurance.

as aggregate write-ins for miscellaneous underwriting benefits in the Underwriting and Investment Exhibit Part 3.

## Life, Accident and Health

7.    The following future costs relating to life and accident and health indemnity contracts, as defined in SSAP No. 50, shall be considered in determining the liability for unpaid claims and claim adjustment expenses:

a.    Accident and Health Claim Reserves: Reserves for claims that involve a continuing loss. This reserve is a measure of the future benefits or amounts not yet due as of the statement date which are expected to arise under claims which have been incurred as of the statement date. This shall include the amount of claim payments that are not yet due such as those amounts commonly referred to as disabled life reserves for accident and health claims. The methodology used to establish claim reserves is discussed in SSAP No. 54R.

b.    Claim Liabilities for Life/Accident and Health Contracts:

i.    Due and Unpaid Claims: Claims for which payments are due as of the statement date;

ii.    Resisted Claims in Course of Settlement: Liability for claims that are in dispute and are unresolved on the statement date. The liability either may be the full amount of the submitted claim or a percentage of the claim based on the reporting entity's past experience with similar resisted claims;

iii.    Other Claims in the Course of Settlement: Liability for claims that have been reported but the reporting entity has not received all of the required information or processing has not otherwise been completed as of the statement date;

iv.    Incurred But Not Reported Claims: Liability for which a covered event has occurred (such as death, accident, or illness) but has not been reported to the reporting entity as of the statement date.

c.    Claim Adjustment Expenses for Accident and Health Reporting Entities are those costs expected to be incurred in connection with the adjustment and recording of accident and health claims defined in paragraphs 7.a. and 7.b. Certain claim adjustment expenses reduce the number or cost of health services thereby resulting in lower premiums or lower premium increases. These claim adjustment expenses shall be classified as cost containment expenses.

d.    Claim Adjustment Expenses for Life Reporting Entities: Costs expected to be incurred (including legal and investigation) in connection with the adjustment and recording of life claims defined in paragraph 7.b. This would include adjustment expenses arising from claims-related lawsuits such as extra contractual obligations and bad-faith lawsuits.

e.    In cases where insurers advance funds to third-party administrators, management companies or other entities prior to the occurrence of the claim who then, on behalf of the insurer, adjudicate the claim and make payments to insureds or other claimants, the guidance in paragraph 9 applies.

## Managed Care

8.    The following costs relating to managed care contracts as defined in SSAP No. 50 shall be considered in determining the claims unpaid and claims adjustment expenses:

    a.    Claims unpaid for Managed Care Reporting Entities:

        i.    Unpaid amounts for costs incurred in providing care to a subscriber, member or policyholder including inpatient claims, physician claims, referral claims, other medical claims, resisted claims in the course of settlement and other claims in the course of settlement;

        ii.    Incurred But Not Reported Claims: Liability for which a covered event has occurred (such as an accident, illness or other service) but has not been reported to the reporting entity as of the statement date;

        iii.    Additional unpaid medical costs resulting from failed contractors under capitation contracts and provision for losses incurred by contractors deemed to be related parties for which it is probable that the reporting entity will be required to provide funding;

    b.    Claim Adjustment Expenses for Managed Care Reporting Entities are those costs expected to be incurred in connection with the adjustment and recording of managed care claims defined in paragraph 8.a. Certain claim adjustment expenses reduce the number or cost of health services thereby resulting in lower premiums or lower premium increases. These claim adjustment expenses shall be classified as cost containment expenses.

    c.    Liabilities for percentage withholds ("withholds") from payments made to contracted providers;

    d.    Liabilities for accrued medical incentives under contractual arrangements with providers and other risk-sharing arrangements whereby the health entity agrees to share savings with contracted providers.

    e.    In cases where insurers advance funds to third-party administrators, management companies or other entities prior to the occurrence of the claim who then, on behalf of the insurer, adjudicate the claim and make payments to insureds or other claimants, the guidance in paragraph 9 applies.

## Managed Care and Accident and Health

9.    In some instances, insurers advance funds to third-party administrators, management companies or other entities prior to the occurrence of the claim who then, on behalf of the insurer, adjudicate the claim and make payments to insureds or other claimants. In such cases the following guidance applies:

    a.    For capitated payments under managed care contracts, the liability for claims and claim adjusting expenses shall be established in an amount necessary to adjudicate and pay all unpaid claims irrespective of payments to third-party administrators, management companies or other entities, and is reported net of capitated payments to providers.

    b.    For non-capitated advance payments, the liability for unpaid losses/claims and related adjustment expenses shall be established regardless of any payments made to third-party administrators, management companies or other entities, and such payments shall be reported by the insurer as prepayments. All prepayments (i.e., variable, fixed or bundled amounts) to third-party administrators, management companies, or other entities for

© 1999-2021 National Association of Insurance Commissioners

SSAP No. 55                    Statement of Statutory Accounting Principles

unpaid claims, losses and losses/claims adjustment expenses, shall be initially reported as a prepaid asset and nonadmitted in accordance with SSAP No. 29. These payments shall not be offset against any amounts required to be reported in accordance with paragraph 4 or paragraph 5 within this guidance. Only when loss/claim and related adjusting expense payments which are made by the third-party administrators, management companies or other entities, to the policyholder or claimant, shall the insurer's liability (loss/claim or loss/claim adjustment expense reserves) be reduced.

c.      Prepayments to third-party administrators, management companies or other entities that do not relate to services or adjusting for the underlying direct policy benefits are reported as (1) aggregate write-ins for expenses - Life/Health (Exhibit 2 – General Expenses) or (2) aggregate write-ins for expenses (General Administrative Expenses) - Health (Underwriting and Investment Exhibit Part 3).

Note that the guidance in paragraph 9 does not alter existing guidance regarding the admissibility of loans and advances to providers which apply to health insurance and managed care contracts which is addressed in *SSAP No. 84—Health Care and Government Insured Plan Receivables.*

9.10.   Claim adjustment expenses for accident and health contracts and managed care contracts (identified in paragraphs 7.c. and 8.b.), including legal expenses, can be subdivided into cost containment expenses and other claim adjustment expenses:

a.      Cost containment expenses: Expenses that actually serve to reduce the number of health services provided or the cost of such services. The following are examples of items that shall be considered "cost containment expenses" only if they result in reduced levels of costs or services:

i.      Case management activities;

ii.     Utilization review;

iii.    Detection and prevention of payment for fraudulent requests for reimbursement;

iv.     Network access fees to Preferred Provider Organizations and other network-based health plans (including prescription drug networks), and allocated internal salaries and related costs associated with network development and/or provider contracting;

v.      Consumer education solely relating to health improvement and relying on the direct involvement of health personnel (this would include smoking cessation and disease management programs, and other programs that involve hands on medical education); and

vi.     Expenses for internal and external appeals processes.

b.      Other claim adjustment expenses: Claim adjustment expenses as defined in paragraph 7.c. or 8.b. that are not cost containment expenses. Examples of other claim adjustment expenses are:

i.      Estimating the amounts of losses and disbursing loss payments;

ii.     Maintaining records, general clerical, and secretarial;

iii.    Office maintenance, occupancy costs, utilities, and computer maintenance;

iv.     Supervisory and executive duties; and

    v.      Supplies and postage.

    vi.     This would include adjustment expenses arising from claims-related lawsuits such as extra contractual obligations and bad-faith lawsuits.

    vii.    Interest paid in accordance with prompt payment laws or regulations to claimants. (Interest paid to regulatory authorities is reported as regulatory fines and fees.)

**General**

10.11.  The liability for claim reserves and claim liabilities, unpaid losses, and loss/claim adjustment expenses shall be based upon the estimated ultimate cost of settling the claims (including the effects of inflation and other societal and economic factors), using past experience adjusted for current trends, and any other factors that would modify past experience. These liabilities shall not be discounted unless authorized for specific types of claims by specific SSAPs, including SSAP No. 54R and *SSAP No. 65—Property and Casualty Contracts.*

11.12.  Various analytical techniques can be used to estimate the liability for IBNR claims, future development on reported losses/claims, and loss/claim adjustment expenses. These techniques generally consist of statistical analysis of historical experience and are commonly referred to as loss reserve projections. The estimation process is generally performed by line of business, grouping contracts with like characteristics and policy provisions. The decision to use a particular projection method and the results obtained from that method shall be evaluated by considering the inherent assumptions underlying the method and the appropriateness of those assumptions to the circumstances. No single projection method is inherently better than any other in all circumstances. The results of more than one method should be considered.

12.13.  For each line of business and for all lines of business in the aggregate, management shall record its best estimate of its liabilities for unpaid claims, unpaid losses, and loss/claim adjustment expenses. Because the ultimate settlement of claims (including IBNR for death claims and accident and health claims) is subject to future events, no single claim or loss and loss/claim adjustment expense reserve can be considered accurate with certainty. Management's analysis of the reasonableness of claim or loss and loss/claim adjustment expense reserve estimates shall include an analysis of the amount of variability in the estimate. If, for a particular line of business, management develops its estimate considering a range of claim or loss and loss/claim adjustment expense reserve estimates bounded by a high and a low estimate, management's best estimate of the liability within that range shall be recorded. The high and low ends of the range shall not correspond to an absolute best-and-worst case scenario of ultimate settlements because such estimates may be the result of unlikely assumptions. Management's range shall be realistic and, therefore, shall not include the set of all possible outcomes but only those outcomes that are considered reasonable. Management shall also follow the concept of conservatism included in the Preamble when determining estimates for claims reserves. However, there is not a specific requirement to include a provision for adverse deviation in claims.

13.14.  In the rare instances when, for a particular line of business, after considering the relative probability of the points within management's estimated range, it is determined that no point within management's estimate of the range is a better estimate than any other point, the midpoint within management's estimate of the range shall be accrued. It is anticipated that using the midpoint in a range will be applicable only when there is a continuous range of possible values, and no amount within that range is any more probable than any other. For purposes of this statement, it is assumed that management can quantify the high end of the range. If management determines that the high end of the range cannot be quantified, then a range does not exist, and management's best estimate shall be accrued. This guidance is not applicable when there are several point estimates which have been determined as equally possible

SSAP No. 55                    **Statement of Statutory Accounting Principles**

values, but those point estimates do not constitute a range. If there are several point estimates with equal probabilities, management should determine its best estimate of the liability.

14.15. If a reporting entity chooses to anticipate salvage and subrogation recoverables (including amounts recoverable from second injury funds, other governmental agencies, or quasi-governmental agencies, where applicable), the recoverables shall be estimated in a manner consistent with paragraphs 10-1211-13 of this statement. Estimated salvage and subrogation recoveries (net of associated expenses) shall be deducted from the liability for unpaid claims or losses. If a reporting entity chooses to anticipate coordination of benefits (COB) recoverables of Individual and Group Accident and Health Contracts, the recoverables shall be estimated in a manner consistent with paragraphs 10-1211-13 of this statement and shall be deducted from the liability for unpaid claims or losses. A separate receivable shall not be established for these recoverables. In addition, all of these recoverables are also subject to the impairment guidelines established in *SSAP No. 5R—Liabilities, Contingencies and Impairments of Assets* and an entity shall not reduce its reserves for any recoverables deemed to be impaired. Salvage and subrogation recoveries received (net of associated expenses) are reported as a reduction to paid losses/claims. Coordination of benefits (COB) recoveries received of Individual and Group Accident and Health Contracts (net of associated expenses) are reported as a reduction to paid claims.

15.16. Changes in estimates of the liabilities for unpaid claims or losses and loss/claim adjustment expenses resulting from the continuous review process, including the consideration of differences between estimated and actual payments, shall be considered a change in estimate and shall be recorded in accordance with *SSAP No. 3—Accounting Changes and Corrections of Errors.* SSAP No. 3 requires changes in estimates to be included in the statement of operations in the period the change becomes known. This guidance also applies to the period subsequent to the March 1 filing deadline for annual financial statements through the filing deadline of June 1 for audited annual financial statements.

## Disclosures

16.17. The financial statements shall include the following disclosures for each year full financial statements are presented. The disclosure requirement in paragraph 1617.d. is also applicable to the interim financial statements if there is a material change from the amounts reported in the annual filing. Life and annuity contracts are not subject to this disclosure requirement.

    a.    The balance in the liabilities for unpaid claims and unpaid losses and loss/claim adjustment expense reserves at the beginning and end of each year presented;

    b.    Incurred claims, losses, and loss/claim adjustment expenses with separate disclosures of the provision for insured or covered events of the current year and increases or decreases in the provision for insured or covered events of prior years;

    c.    Payments of claims, losses, and loss/claim adjustment expenses with separate disclosures of payments of losses and loss/claim adjustment expenses attributable to insured or covered events of the current year and insured or covered events of prior years;

    d.    The reasons for the change in the provision for incurred claims, losses, and loss/claim adjustment expenses attributable to insured or covered events of prior years. The disclosure should indicate whether additional premiums or return premiums have been accrued as a result of the prior-year effects. (For Title reporting entities, "provision" refers to the known claims reserve included in Line 1 of the Liabilities page, and "prior years" refers to prior report years);

    e.    Information about significant changes in methodologies and assumptions used in calculating the liability for unpaid claims and claim adjustment expenses, including reasons for the change and the effects on the financial statements for the most recent reporting period presented;

© 1999-2021 National Association of Insurance Commissioners

f.  A summary of management's policies and methodologies for estimating the liabilities for losses and loss/claim adjustment expenses, including discussion of claims for toxic waste cleanup, asbestos-related illnesses, or other environmental remediation exposures;

g.  Disclosure of the amount paid and reserved for losses and loss/claim adjustment expenses for asbestos and/or environmental claims, on a direct, assumed and net of reinsurance basis (the reserves required to be disclosed in this section shall exclude amounts relating to policies specifically written to cover asbestos and environmental exposures). Each company should report only its share of a group amount (after applying its respective pooling percentage) if the company is a member of an intercompany pooling agreement; and

h.  Estimates of anticipated salvage and subrogation (including amounts recoverable from second injury funds, other governmental agencies, or quasi-governmental agencies, where applicable), deducted from the liability for unpaid claims or losses.

~~17.~~18.  All reporting entity types are required to disclose the dollar amount of any claims/losses related to extra contractual obligation lawsuits or bad faith lawsuits paid during the reporting period on a direct basis. The number of such claims paid shall be disclosed in a note.

~~18.~~19.  Refer to the Preamble for further discussion regarding disclosure requirements.

**Relevant Literature**

~~19.~~20.  Although FASB *Statement No. 60, Accounting and Reporting by Insurance Enterprises* (FAS 60), is rejected in SSAP No. 50, this statement is consistent with the guidance provided for the recognition of claim costs in FAS 60 with the exception of the statutory requirement to accrue the midpoint of a range of loss or loss adjustment expense reserve estimates when no point within management's continuous range of reasonably possible estimates is determined to be a better estimate than any other point.

~~20.~~21.  This statement also rejects *ASU 2018-12, Targeted Improvements to the Accounting for Long-Duration Contracts*, AICPA *Statement of Position 92-4, Auditing Insurance Entities' Loss Reserves* and *ASU 2015-09, Disclosures about Short-Duration Contracts*. Although the disclosures in ASU 2015-09 are similar to existing statutory accounting disclosures on claims development, the U.S. GAAP disclosures would reflect consolidated information, with potential for different aggregations than what is used for a legal entity basis under statutory accounting. As such, ASU 2015-09 is rejected for statutory accounting, and reporting entities shall follow the established statutory accounting disclosures.

~~21.~~22.  Guidance in paragraphs 7.c., 8.b. and ~~9~~10 was incorporated from SSAP No. 85. SSAP No. 85 was issued in 2002 to amend SSAP No. 55 and provide clarification regarding what costs should be classified as claim adjustment expenses on accident and health contracts. In August 2011, SSAP No. 85 was nullified and the guidance was incorporated into this SSAP. *Issue Paper No. 116—Claim Adjustment Expenses, Amendments to SSAP No. 55—Unpaid Claims, Losses and Loss Adjustment Expenses* provides historical reference on the original guidance included in SSAP No. 55 as well as the revisions originally reflected in SSAP No. 85.

**Effective Date and Transition**

~~22.~~23.  This statement is effective for years beginning January 1, 2001. A change resulting from the adoption of this statement shall be accounted for as a change in accounting principle in accordance with SSAP No. 3. Guidance reflected in paragraphs 7.c., 8.b. and ~~9~~10, incorporated from SSAP No. 85, is effective for years ending on and after December 31, 2003. The guidance incorporated into paragraphs 1, 3, 6.c.ii., 7.d. and ~~9~~10.b.vi. was originally included in *INT 03-17: Classification of Liabilities from Extra Contractual Obligation Lawsuits* and was initially effective March 10, 2004. The guidance in paragraph 5

was previously included in *INT 02-21: Accounting for Prepaid Loss Adjustment Expenses and Claim Adjustment Expenses* effective for reporting periods ending on or after December 31, 2002, for all contracts except for capitated managed care contracts and December 31, 2006, for capitated managed care contracts. The guidance in paragraph 1213 related to conservatism and adverse deviation was originally contained in *INT 01-28: Margin for Adverse Deviation in Claim Reserve* and was effective October 16, 2001. The guidance in paragraph 1415 related to coordination of benefits was originally contained within *INT 00-31: Application of SSAP No. 55 Paragraph 12 to Health Entities* and was effective December 4, 2000. The guidance reflected in footnote 1, incorporated from *INT 06-14: Reporting of Litigation Costs Incurred for Lines of Business in which Legal Expenses Are the Only Insured Peril,* was effective June 2, 2007. The guidance in paragraph 910.b.vii. regarding interest on managed care and accident and health claims is effective January 1, 2020, with early adoption permitted, and shall be applied prospectively.

## REFERENCES

### Relevant Issue Papers

- *Issue Paper No. 55—Unpaid Claims, Losses and Loss Adjustment Expenses*

- *Issue Paper No. 116—Claim Adjustment Expenses, Amendments to SSAP No. 55—Unpaid Claims, Losses and Loss Adjustment Expenses*

© 1999-2021 National Association of Insurance Commissioners