FILED

2022 Jan-24  PM 04:55
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROASSURANCE CORPORATION, W. STANCIL STARNES, EDWARD L. RAND, JR., DANA S. HENDRICKS, HOWARD H. FRIEDMAN, and MICHAEL L. BOGUSKI,<br><br>Defendants. | Civil Action No.: 2:20-cv-00856-AKK |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants W. Stancil Starnes ("Starnes"), Edward L. Rand, Jr. ("Rand"),

Dana S. Hendricks ("Hendricks"), Howard H. Friedman ("Friedman"), and

Michael L. Boguski ("Boguski" and collectively the "Individual Defendants"), and

ProAssurance Corporation ("ProAssurance" or the "Company" and collectively

with the Individual Defendants, "Defendants"), by and through their undersigned

attorneys, hereby answer and respond to Plaintiffs' Amended Complaint, dated

March 26, 2021 (the "Complaint").

1

**GENERAL DENIAL**

Except as otherwise expressly stated herein, Defendants (1) generally deny each and every allegation in the Complaint, including, without limitation, any allegations in the preamble, introduction, headings, subheadings, unnumbered paragraphs and footnotes of the Complaint; (2) specifically deny any allegations to the extent they assert or suggest that Defendants acted or were imputed with scienter; (3) specifically deny that they have caused Plaintiffs or any member of the putative Class any harm; (4) deny any liability to Plaintiffs; (5) deny any liability to any putative Class members that Plaintiffs purport to represent; (6) deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations where they consist of excerpts from and/or references to third-party publications or statements; and (7) deny any defined terms in the Complaint to the extent they constitute allegations directed at Defendants. The Court has dismissed Plaintiffs' claims with respect to several categories of purported misstatements, including but not limited to statements regarding ProAssurance's loss reserves and TeamHealth's nonrenewal of its policy and purchase of tail coverage, and no response is required to allegations related to those claims. To the extent a response is made to allegations related to those claims, it is without waiver of any defenses thereto, including on the basis of the Court's prior dismissal of those claims. To the extent the allegations in the Complaint are directed at Defendant Friedman–

either by specific attribution or by attribution to the defined terms "Defendants" or "Individual Defendants"–Defendant Friedman generally denies any allegation that concern events alleged to have occurred or statements allegedly made when he was not a ProAssurance executive because no act or statement or omission or knowledge or intent or obligation in this matter can appropriately be attributed to him during those periods.  Defendants reserve the right to challenge the authenticity of all sources and documents referred to or purportedly quoted from in the Complaint, and to assert that any of the sources or documents referred to or purportedly quoted from by Plaintiffs in the Complaint are covered by the attorney-client privilege, the work product doctrine, and/or otherwise applicable privileges.  Defendants reserve the right to seek to amend or supplement their Answer as may be necessary or appropriate.

## RESPONSES TO SPECIFIC ALLEGATIONS

1.    The allegations in Paragraph 1 consist of Plaintiffs' characterization of their claims and the putative Class, and no response is required.  To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs have standing to sue and/or to represent a putative Class of similarly situated persons in connection with the claims against the Defendants brought under the Securities Exchange Act of 1934 (the "Exchange

3

Act") and Rule 10b-5 promulgated thereunder, and otherwise deny the allegations in Paragraph 1.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2, and on that basis deny them.

3. Defendants admit that ProAssurance is aa holding company for various operating subsidiaries that engage in the insurance business and that one of its indirect subsidiaries, ProAssurance Specialty Insurance Company, Inc. ("PRA-Specialty") issued an initial policy to TeamHealth in 2016 (the "TeamHealth Policy"), which speaks for itself. To the extent the allegations in Paragraph 3 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. To the extent the allegations in Paragraph 3 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 3 accurately and completely describe the factors affecting the stock price movements described therein. The remaining allegations in Paragraph 3 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 3.

4.    Defendants admit that ProAssurance provides healthcare professional liability ("HCPL") insurance through certain operating subsidiaries and deny that the allegations in Paragraph 4 provide a true and complete account of ProAssurance's business model.  To the extent the allegations in Paragraph 4 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's financial statements for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 4.

5.    Defendants admit that PRA-Specialty issued the TeamHealth Policy in mid-2016, which speaks for itself.  To the extent the allegations in Paragraph 5 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the third sentence of Paragraph 5, and deny them on that basis.  The remaining allegations in Paragraph 5 consist of Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. The remaining allegations in Paragraph 6 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 6.

7.      To the extent the allegations in Paragraph 7 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. To the extent the allegations in Paragraph 7 purport to generally describe industry trends, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7, and on that basis deny them. The remaining allegations in Paragraph 7 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 7.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them.  The remaining allegations in Paragraph 8 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 8.

9.      Defendants deny the allegations in Paragraph 9, except state that to the extent the allegations in Paragraph 9 purport to describe and/or quote documents, Defendants refer he Court to such documents for a true and complete account of their contents.

10.     Defendants deny the allegations in Paragraph 10, except refer the Court to ProAssurance's public disclosures for true and complete descriptions of changes in the roles and responsibilities of certain executives and directors and ProAssurance's organizational restructuring.

11.     To the extent the allegations in Paragraph 11 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. To the extent the allegations in Paragraph 11 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the

allegations in Paragraph 11 accurately and completely describe the factors affecting the stock price movements described therein. The remaining allegations in Paragraph 11 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 11.

12.    To the extent the allegations in Paragraph 12 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. To the extent the allegations in Paragraph 12 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 12 accurately and completely describe the factors affecting the stock price movements described therein. The remaining allegations in Paragraph 12 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 12.

13.    To the extent that the allegations in Paragraph 13 purport to quote from or characterize ProAssurance's public disclosures and financial statements, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures and

financial statements for a true and complete account of their contents. To the extent the allegations in Paragraph 13 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 13 accurately and completely describe the factors affecting the stock price movements described therein. The remaining allegations in Paragraph 13 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 13.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 14 and deny that Lead Plaintiff Central Laborers' Pension Fund ("Central Laborers'") was damaged by any wrongful conduct by Defendants, except admit that the Court appointed Central Laborers' Pension Fund as Lead Plaintiff in the above-captioned action.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 15 and deny that Lead Plaintiff Plymouth County Retirement System ("Plymouth County") was damaged by any wrongful conduct by Defendants, except admit that the Court appointed Plymouth County as Lead Plaintiff in the above-captioned action.

16. Defendants admit that ProAssurance is incorporated under the laws of the State of Delaware; the Company's principal executive offices are located at 100

Brookwood Place, Birmingham, AL 35209; the Company's common stock is listed on the NYSE under the symbol "PRA"; and the Company is a provider of medical malpractice and other liability insurance through its operating subsidiaries.  To the extent the allegations in Paragraph 16 purport to summarize ProAssurance's business as described in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 16.

17.    Defendants deny that Starnes served as ProAssurance's Chief Executive Officer ("CEO") from January 2, 2007 through July 1, 2019.  Starnes' tenure as CEO was from July 2, 2007 to July 1, 2019.  Defendants admit that Starnes was appointed to ProAssurance's Board of Directors in September 2007 and currently serves as Executive Chairman.  Defendants admit that Starnes first became involved with Medical Assurance, the predecessor to ProAssurance, in 1979 when he began defending insured physicians on behalf of the company.  To the extent the allegations in Paragraph 17 purport to quote from or characterize ProAssurance's statements on its website, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's website for a true and complete account of its contents.  Defendants admit that Starnes certified the Q3 2018, and Q1 2019 Form 10-Qs, which were filed during

10

the putative Class Period. Defendants admit that Starnes served as a director of PRA-Specialty from 2007 through Q2 2019. Defendants admit that Starnes participated in discussions with investors and securities analysts from time to time during the putative Class Period and deny that the allegations in Paragraph 17 provide an accurate and complete description of the subject matter described therein. Defendants otherwise deny the allegations in Paragraph 17.

18. Defendants admit that Rand became ProAssurance's CEO on July 1, 2019 and has served as a member of ProAssurance's Board of Directors since May 22, 2019. Defendants admit that Rand served as ProAssurance's Chief Operating Officer prior to becoming CEO, and has served as ProAssurance's Chief Financial Officer, Executive Vice President, and Senior Vice President of Finance since joining ProAssurance in November 2004. Defendants admit that Rand certified the Q3 2018 Form 10-Q, 2018 Form 10-K, the Q2 and Q3 2019 Form 10-Qs, the 2019 Form 10-K, and the Q1 2020 Form 10-Q, which were filed during the putative Class Period. Defendants admit that Rand served as director of PRA-Specialty from 2005 through the end of the putative Class Period and signed the quarterly and annual statutory insurance filings for PRA-Specialty from 2015 through Q2 2018. Defendants admit that Rand participated in discussions with investors and securities analysts from time to time during the putative Class Period and deny that the allegations in Paragraph 18 provide an accurate and complete description of the

11

subject matter described therein. Defendants otherwise deny the allegations in Paragraph 18.

19.     Defendants admit that Hendricks has served as ProAssurance's Chief Financial Officer since September 2018. Defendants admit that Hendricks previously served as Senior Vice President of Business Operations for the Podiatry Insurance Company of America ("PICA"), a ProAssurance subsidiary. Defendants admit that Hendricks joined PICA in 2001 and held various finance and data analysis positions with American General Life & Accident Insurance Company and held finance and accounting positions in both public and non-public companies prior to her tenure at PICA. Defendants admit that Hendricks certified the Q1, Q2, and Q3 2019 Form 10-Qs, the 2019 Form 10-K, and the Q1 2020 Form 10-Q, which were filed during the putative Class Period. Defendants admit that Hendricks signed the quarterly and annual statutory insurance filings for PRA-Specialty from Q3 2018 through the end of the putative Class Period. Defendants admit that Hendricks participated in discussions with investors and securities analysts from time to time during the putative Class Period and deny that the allegations in Paragraph 19 provide an accurate and complete description of the subject matter described therein. Defendants otherwise deny the allegations in Paragraph 19.

20.     Defendants admit that Friedman served as President of ProAssurance's Healthcare Professional Liability Group from January 24, 2014 to May 13, 2019.

12

Defendants admit that Friedman has served as ProAssurance's Chief Underwriting Officer and Chief Actuary, as well as a Co-President of ProAssurance's Professional Liability Group, Chief Financial Officer, Corporate Secretary, and as the Senior Vice President of Corporate Development.  Defendants admit that Friedman joined ProAssurance's predecessor in 1996.  Defendants admit that Friedman signed the quarterly and annual statutory insurance filings for PRA-Specialty from 2015 through Q1 2019 and served as a director of PRA-Specialty from 2002 until Q1 2019.  Defendants admit that Friedman participated in discussions with investors and securities analysts from time to time during the putative Class Period and deny that the allegations in Paragraph 20 provide an accurate and complete description of the subject matter described therein.  Defendants otherwise deny the allegations in Paragraph 20.

21.    Defendants admit that Boguski has served as President of ProAssurance's Specialty P&C operating division, which includes ProAssurance's Healthcare Professional Liability segment, since May 13, 2019.  Defendants admit that Boguski previously served as the President of Eastern Insurance and held this position since ProAssurance acquired Eastern in 2014.  To the extent the allegations in Paragraph 21 purport to quote from or characterize ProAssurance's statements on its website, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's website for a true and

13

complete account of its contents.  Defendants admit that Boguski participated in discussions with investors and securities analysts from time to time during the putative Class Period and deny that the allegations in Paragraph 21 provide an accurate and complete description of the subject matter described therein. Defendants otherwise deny the allegations in Paragraph 21.

22.    Paragraph 22 consists of Plaintiffs' definition of terminology, and no response is required.

23.    Defendants admit that the Individual Defendants served as senior executive officers and/or directors during the putative Class Period and deny that the allegations in Paragraph 23 provide an accurate and complete description of the Individual Defendants' roles and responsibilities.  The remaining allegations in Paragraph 23 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 23.

24.    The allegations in Paragraph 24 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 24.

25.    The allegations in Paragraph 25 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 25.

14

26.    The allegations in Paragraph 26 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 26, except admit that ProAssurance is a publicly traded company whose common stock was, and is, registered with the SEC pursuant to the Exchange Act, and is traded on the NYSE and governed by the federal securities laws.

27.    The allegations in Paragraph 27 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 27.

28.    The allegations in Paragraph 28 consist of legal conclusions, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 28, except admit that Plaintiffs purport to assert claims under the statutes and rules cited therein.

29.    The allegations in Paragraph 29 consist of legal conclusions, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 29, except admit that Plaintiffs purport to base jurisdiction over the subject matter of this action on the statutory provisions cited.

30.    Defendants admit that ProAssurance maintains its primary office at 100 Brookwood Place, Birmingham, Alabama 35209.  The remaining allegations in Paragraph 30 consist of legal conclusions, and no response is required.  To the extent

a response is deemed required, Defendants deny the remaining allegations in Paragraph 30, except admit that Plaintiffs purport to base venue on the statutory provisions cited.

31. The allegations in Paragraph 31 consist of legal conclusions, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 31.

32. Defendants admit that ProAssurance provides HCPL insurance to clients, is one of the largest HCPL insurance providers in the United States, and reports its underwriting results in four segments: Specialty Property & Casualty, Workers' Compensation, Segregated Portfolio Cell Reinsurance, and Lloyd's Syndicates. To the extent the allegations in Paragraph 32 purport to summarize ProAssurance's business as described in its public disclosures, Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 32.

33. Defendants admit that ProAssurance from time to time issues claims-made policies to clients through its operating subsidiaries, and otherwise deny that Paragraph 33 provides a true and complete description of ProAssurance's business model and/or the policies issued by ProAssurance's operating subsidiaries to their clients. To the extent the allegations in Paragraph 33 purport to generally describe

the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 33, and on that basis deny them.

34. Defendants deny that Paragraph 34 provides a true and complete description of ProAssurance's business model and/or the policies issued by ProAssurance's operating subsidiaries to their clients. To the extent the allegations in Paragraph 34 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 34, and on that basis deny them.

35. The allegations in Paragraph 35 purport to generally describe certain industry customs or practices, without alleging facts specific to Defendants. To the extent a response is deemed required, Defendants deny that the allegations in Paragraph 35 provide a true and complete description of the subject matter described therein.

36. Defendants deny that Paragraph 36 provides a true and complete description of ProAssurance's business model and/or the policies issued by ProAssurance's operating subsidiaries to their clients. To the extent the allegations in Paragraph 36 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or

17

information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 36, and on that basis deny them.

37.    Defendants admit that ProAssurance's operating subsidiaries from time to time offer tail coverage to their clients, including as required by law for all expiring claims-made HCPL policies, and otherwise deny that Paragraph 37 provides a true and complete description of ProAssurance's business model and/or the policies issued by ProAssurance's operating subsidiaries to their clients. Defendants admit that ProAssurance held and Rand participated on an earnings call on May 8, 2020, the transcript of which speaks for itself.    To the extent the allegations in Paragraph 37 purport to quote from or characterize the May 8, 2020 earnings call transcript and/or ProAssurance's statements on its website, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call transcript and ProAssurance's website for a true and complete account of their contents.    Defendants otherwise deny the allegations in Paragraph 37.

38.    Defendants admit that ProAssurance's operating subsidiaries generate income in part through insurance policy premiums, that ProAssurance's operating subsidiaries' premium pricing on the policies they issue is determined in part by an analysis of expected losses, and otherwise deny that Paragraph 38 provides a true and complete description of ProAssurance's business model and/or the policies

issued by ProAssurance's operating subsidiaries to their clients.  Defendants otherwise deny the allegations in Paragraph 38.

39.    Defendants admit that ProAssurance issued Form 10-Ks for 2015, 2016, 2017, and 2018, which speak for themselves.  To the extent the allegations in Paragraph 39 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 39.

40.    Defendants admit that Starnes and Friedman participated on an earnings call on May 9, 2016, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 40 purport to quote from or characterize the May 9, 2016 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 40.

41.    Defendants admit that Rand participated at a June 19, 2018 investor conference, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 41 purport to quote from or characterize the June 19, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and

completely quoted or characterized it and refer the Court to the investor conference transcript for a true a complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 41.

42.    To the extent the allegations in Paragraph 42 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants deny that the allegations in Paragraph 42 provide a true and complete description of ProAssurance's business model and/or its establishing of loss reserves.  To the extent the allegations in Paragraph 42 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 42, and on that basis deny them.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 42, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 42.

43.    The allegations in Paragraph 43 purport to generally describe certain industry customs or practices, without alleging facts specific to Defendants.  To the extent a response is deemed required, Defendants deny that the allegations in

Paragraph 43 provide a true and complete description of the subject matter described therein. Defendants otherwise deny the allegations in Paragraph 43.

44.     Defendants deny that the allegations in Paragraph 44 provide a true and complete description of ProAssurance's business model and/or its establishing of loss reserves. To the extent the allegations in Paragraph 44 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 44, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 44.

45.     The allegations in Paragraph 45 purport to generally describe certain industry customs or practices, without alleging facts specific to Defendants. To the extent a response is required, Defendants deny that the allegations in Paragraph 45 provide a true and complete description of the subject matter described therein. Defendants otherwise deny the allegations in Paragraph 45.

46.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 46 with respect to Plaintiffs' reference to and quote from third-party analysts at SunTrust and Boenning & Scattergood and refer the Court to those reports for a true and complete account of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last sentence of Paragraph 46, and

on that basis deny them.  Defendants otherwise deny the allegations in Paragraph 46.

47.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 47 with respect to Plaintiffs' reference to and quote from a third-party analyst at Boenning & Scattergood and refer the Court to that report for a true and complete account of its contents.  To the extent the allegations in Paragraph 47 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 47.

48.    The allegations in Paragraph 48 purport to generally describe certain industry customs or practices, without alleging facts specific to Defendants.  To the extent a response is deemed required, Defendants deny that the allegations in Paragraph 48 provide a true and complete description of the subject matter described therein.  Defendants otherwise deny the allegations in Paragraph 48.

49.    Defendants admit that the Federal Insurance Office of the U.S. Department of the Treasury published a white paper titled *The Breadth and Scope of the Global Reinsurance Market and the Critical Role Such Market Plays in Supporting Insurance in the United States*, and refer the Court to that publication for

a true and complete account of its contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 49, and on that basis deny them.

50.    To the extent the allegations in Paragraph 50 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true a complete account of their contents. Defendants otherwise deny the allegations in Paragraph 50.

51.    Defendants admit that ProAssurance created a National Healthcare Team, that the members of the National Healthcare Team sold HCPL policies to large physician groups, that Friedman served as the National Healthcare Team's leader, that Charles Francis served as VP and Wesley Butler served as VP of Underwriting, and that both Francis and Butler served on the National Healthcare Team and deny that the allegations in Paragraph 51 provide an accurate and complete account of the subject matter described therein.  To the extent the allegations in Paragraph 51 purport to generally describe industry trends, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 51, and on that basis deny them.  Defendants otherwise deny the allegations in Paragraph 51.

23

52. Defendants admit that ProAssurance issued a press release on August 3, 2016, which speaks for itself. To the extent the allegations in Paragraph 52 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. Defendants admit that PRA-Specialty issued the TeamHealth Policy in 2016, and refer the Court to the TeamHealth Policy for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 52.

53. Defendants admit that ProAssurance held and Friedman participated on an earnings call on August 4, 2016, the transcript of which speaks for itself. To the extent the allegations in Paragraph 53 purport to quote from or characterize the August 4, 2016 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 53.

54. Defendants admit that ProAssurance held and Friedman participated on an earnings call on August 4, 2016, the transcript of which speaks for itself. To the extent the allegations in Paragraph 54 purport to quote from or characterize the August 4, 2016 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the

24

earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 54.

55. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 55, which purport to quote from or are based on statements made by alleged unidentified Confidential Witnesses, and on that basis deny them.

56. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 56, which purport to quote from or are based on statements made by alleged unidentified Confidential Witnesses, and on that basis deny them.

57. Defendants admit that PRA-Specialty issued the TeamHealth Policy, which speaks for itself. To the extent the allegations in Paragraph 57 purport to quote from or characterize the TeamHealth Policy, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the TeamHealth Policy for a true and complete account of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the second sentence of Paragraph 57, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 57.

58. To the extent the allegations in Paragraph 58 purport to generally describe the customs and practices of other companies, or industry customs or

practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 58, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 58.

59. Defendants admit that ProAssurance held and Friedman participated on an earnings call on February 22, 2018 and an earnings call on November 7, 2018, the transcripts of which speak for themselves. Defendants admit that Rand participated at a March 6, 2018 investor conference, the transcript of which speaks for itself. Defendants admit that ProAssurance held and Boguski participated on an earnings call on February 21, 2020, the transcript of which speaks for itself. To the extent the allegations in Paragraph 59 purport to quote from or characterize the February 22, 2018, November 7, 2018, and February 21, 2020 earnings call transcripts and/or the March 6, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings calls and investor conference transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 59.

60. Defendants admit that Friedman participated on an earnings call on November 3, 2016, the transcript of which speaks for itself. To the extent the allegations in Paragraph 60 purport to quote from or characterize the November 3, 2016 earnings call transcript, Defendants deny that Plaintiffs have accurately and

completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 60.

61.     Defendants admit that Starnes participated at a March 20, 2018 investor conference, the transcript of which speaks for itself. To the extent the allegations in Paragraph 61 purport to quote from or characterize the March 20, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the investor conference transcript for a true and complete account of its contents. To the extent the allegations in Paragraph 61 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 61, and on that basis deny them.

62.     Defendants admit that Starnes participated at a March 20, 2018 investor conference, the transcript of which speaks for itself. To the extent the allegations in Paragraph 62 purport to quote from or characterize the March 20, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the investor conference transcript for a true and complete account of its contents.

63.    Defendants admit that Starnes participated at a March 20, 2018 investor conference, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 63 purport to quote from or characterize the March 20, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the investor conference transcript for a true and complete account of its contents.

64.    Defendants admit that Friedman participated on an earnings call on February 22, 2018, the transcript of which speaks for itself.  Defendants admit that Rand participated at a June 19, 2018 investor conference, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 64 purport to quote from or characterize the February 22, 2018 earnings call and June 19, 2018 investor conference transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call and investor conference transcripts for a true and complete account of their contents.

65.    Defendants admit that Friedman participated on an earnings call on November 7, 2018, the transcript of which speaks for itself.  Defendants admit that Rand participated on an earnings call on April 26, 2019, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 65 purport to quote from or characterize the November 7, 2018 and April 26, 2019 earnings call transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or

28

characterized them and refer the Court to the earnings call transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 65.

66. Defendants deny the allegations in Paragraph 66.

67. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67, and on that basis deny them.

68. Defendants admit that *ProPublica* published an article on November 27, 2019, and refer the Court to that publication for a true and complete account of its contents. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 68, and on that basis deny them.

69. To the extent the allegations in Paragraph 69 purport to describe the allegations in a lawsuit involving TeamHealth, they are a matter of public record. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 69, and on that basis deny them.

70. To the extent the allegations in Paragraph 70 purport to describe the allegations in lawsuits involving TeamHealth, they are a matter of public record. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 70, and on that basis deny them.

71. Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first two sentences of Paragraph 71, and on that basis deny them, except admit that PRA-Specialty issued a policy to TeamHealth in 2016, which speaks for itself. Defendants otherwise deny the allegations in Paragraph 71.

72. Defendants deny the allegations in Paragraph 72, except state that to the extent the allegations in Paragraph 72 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

73. Defendants deny the allegations in Paragraph 73, except state that to the extent the allegations in Paragraph 73 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

74. Defendants admit that Starnes participated on a February 22, 2018 earnings call, the transcript of which speaks for itself. Defendants admit that Rand participated at a June 19, 2018 investor conference, the transcript of which speaks for itself. To the extent the allegations in Paragraph 74 purport to quote from or characterize the February 22, 2018 earnings call and the June 19, 2018 investor conference transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call and

30

investor conference transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 74.

75.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 75 with respect to Plaintiffs' reference to and quotes from third-party analysts at Boenning & Scattergood and Raymond James and refer the Court to those reports for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 75.

76.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them.  Defendants deny the remaining allegations in Paragraph 76, except state that to the extent the remaining allegations in Paragraph 76 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

77.     Defendants admit that Rand participated at a June 19, 2018 investor conference, the transcript of which speaks for itself.  Defendants admit that Friedman participated on an earnings call on February 22, 2018, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 77 purport to quote from or characterize the June 19, 2018 investor conference and February 22, 2018 earnings call transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the investor conference and

earnings call transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 77.

78.     Defendants deny the allegations in Paragraph 78.

79.     Defendants admit that Rand participated at a March 6, 2018 investor conference, the transcript of which speaks for itself.  Defendants admit that Friedman participated on an earnings call on May 4, 2018, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 79 purport to quote from or characterize the March 6, 2018 investor conference and May 4, 2018 earnings call transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the investor conference and earnings call transcripts for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 79.

80.     Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the last three sentences of Paragraph 80, which purport to quote from or are based on statements made by alleged unidentified Confidential Witnesses, and on that basis deny them.  Defendants otherwise deny the allegations in Paragraph 80.

81.     Defendants deny the allegations in Paragraph 81, except state that to the extent the allegations in Paragraph 81 purport to describe and/or quote

documents, Defendants refer the Court to such documents for a true and complete account of their contents.

82.    Defendants admit that ProAssurance filed a Form 10-Q on August 7, 2018, which speaks for itself.  To the extent the allegations in Paragraph 82 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 82.

83.    Defendants deny the allegations in Paragraph 83, except state that to the extent the allegations in Paragraph 83 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

84.    Defendants admit that Friedman participated on an earnings call on February 22, 2019, the transcript of which speaks for itself.  Defendants admit that Starnes participated on an earnings call on April 26, 2019, the transcript of which speaks for itself.  Defendants admit that Rand participated on an earnings call on August 8, 2019, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 84 purport to quote from or characterize the February 22, 2019, April 26, 2019, and August 8, 2019 earnings call transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the

33

Court to the earnings call transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 84.

85. The allegations in Paragraph 85 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 85.

86. Defendants admit that Friedman participated on an earnings call on August 8, 2018, the transcript of which speaks for itself. To the extent the allegations in Paragraph 86 purport to quote from or characterize the August 8, 2018 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 86.

87. The allegations in Paragraph 87 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 87.

88. Defendants admit that ProAssurance issued a press release on August 3, 2016, which speaks for itself. To the extent the allegations in Paragraph 88 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account

34

of its contents.  Defendants admit that ProAssurance issued the TeamHealth Policy in 2016, and refer the Court to the TeamHealth Policy for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 88.

89.   Defendants admit that ProAssurance issued press releases on January 22, 2020 and February 20, 2020, which speak for themselves.  To the extent the allegations in Paragraph 89 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 89.

90.   Defendants admit that the National Healthcare Team was restructured in 2019.  Defendants admit that ProAssurance issued a press release on February 21, 2019, which speaks for itself.  To the extent the allegations in Paragraph 90 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 90.

91.   Defendants admit that ProAssurance issued press releases on April 4, 2019 and May 22, 2019, which speak for themselves.  To the extent the allegations in Paragraph 91 purport to quote from or characterize ProAssurance's public

35

disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 91.

92. Defendants admit that ProAssurance held a company-wide meeting on August 8 2019, that similar company-wide meetings normally took place on a quarterly basis, and that the August 8, 2019 meeting was the first such meeting after Rand became CEO. Defendants admit that Friedman attended the August 8, 2019 meeting, and that Friedman had previously led the National Healthcare Team, and otherwise deny that the allegations in Paragraph 92 provide an accurate and complete description of the subject matter described therein. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in Paragraph 92, which purport to quote from or are based on statements made by alleged unidentified Confidential Witnesses, and on that basis deny them.

93. Defendants admit that Rand and Hendricks spoke at the August 8, 2019 meeting, that Rand gave a presentation at the meeting, and otherwise deny that the allegations in Paragraph 93 provide an accurate and complete description of the subject matter described therein. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 93,

which purport to quote from or are based on statements made by alleged unidentified Confidential Witnesses, and on that basis deny them.

94.    Defendants admit that Butler was a VP of Underwriting, that Butler was part of the National Healthcare Team, and that Butler departed ProAssurance in September 2019.    Defendants admit that the National Healthcare Team was restructured in 2019 and deny that the allegations in Paragraph 94 provide an accurate and complete description of the reasons for ProAssurance's organizational restructuring.  Defendants otherwise deny the allegations in Paragraph 94.

95.    Defendants admit that Rand and Boguski participated on an earnings call on November 6, 2019, the transcript of which speaks for itself.  Defendants admit that ProAssurance issued a press release on January 22, 2020, which speaks for itself.  To the extent the allegations in Paragraph 95 purport to quote from or characterize the November 6, 2019 earnings call transcript and the January 22, 2020 press release, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call transcript and press release for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 95.

96.    Defendants deny the allegations in Paragraph 96, except state that to the extent the allegations in Paragraph 96 purport to describe and/or quote

documents, Defendants refer the Court to such documents for a true and complete account of their contents.

97.    Defendants admit that ProAssurance held an earnings call on November 6, 2019, the transcript of which speaks for itself.  Defendants admit that ProAssurance filed a Form 8-K and press release on January 22, 2020, which speak for themselves.  To the extent the allegations in Paragraph 97 purport to quote from or characterize the November 6, 2019 earnings call transcript and/or ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call transcript and ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 97.

98.    Defendants admit that ProAssurance issued a press release on January 22, 2020, which speaks for itself.  To the extent the allegations in Paragraph 98 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 98.

99.    Defendants admit that ProAssurance issued a press release on January 22, 2020, which speaks for itself.  To the extent the allegations in Paragraph 99 purport to quote from or characterize ProAssurance's public disclosure, Defendants

deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 99.

100. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 100 with respect to Plaintiffs' reference to and quote from a third-party analyst at Boenning & Scattergood and refer the Court to that report for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 100.

101. To the extent the allegations in Paragraph 101 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 101 accurately and completely describe the factors affecting the stock price movements described therein. Defendants otherwise deny the allegations in Paragraph 101.

102. Defendants admit that ProAssurance issued a Form 10-K and press release on February 20, 2020, which speak for themselves. To the extent the allegations in Paragraph 102 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 102.

103.    Defendants admit that ProAssurance issued a Form 10-Q on May 7, 2020, which speaks for itself.  To the extent the allegations in Paragraph 103 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 103.

104.    Defendants admit that ProAssurance held and Boguski participated on an earnings call on May 8, 2020, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 104 purport to quote from or characterize the May 8, 2020 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the transcript for a true and complete account of its contents.  To the extent the allegations in Paragraph 104 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 104 accurately and completely describe the factors affecting the stock price movements described therein.  Defendants otherwise deny the allegations in Paragraph 104.

105.    Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 105 with respect to Plaintiffs' reference to and quote from third-party analysts at Boenning & Scattergood and

Raymond James and refer the Court to those reports for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 105.

106. To the extent the allegations in Paragraph 106 purport to describe from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's financial statements for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 106.

107. Defendants admit that ProAssurance's subsidiaries file with their respective domiciliary state insurance departments quarterly and annual financial statements, as well as related schedules and forms as required by those state insurance departments' specific rules and regulations, and otherwise deny that the allegations in Paragraph 107 provide an accurate and complete description of the subject matter described therein. To the extent the allegations in Paragraph 107 purport to characterize the Statutory Accounting Principles ("SAP") or Generally Accepted Accounting Principles ("GAAP"), Defendants deny that Plaintiffs have accurately and completely characterized them and refer the Court to those principles for a true and complete account of their contents.

108. Defendants deny the allegations in Paragraph 108, except admit that ProAssurance maintains twelve U.S. insurance company subsidiaries domiciled in eight different U.S. states.

109. To the extent the allegations in Paragraph 109 purport to quote from or characterize ProAssurance's statutory filings, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the statutory filings for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 109.

110. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 110.

111. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. Defendants admit that PRA-Specialty is a wholly owned, indirect subsidiary of ProAssurance and that PRA-Specialty primarily provides HCPL insurance policies, and deny that the allegations in Paragraph 111 provide a true and complete description of PRA-Specialty's business model. Defendants otherwise deny the allegations in Paragraph 111.

112. Defendants admit that Friedman signed the quarterly and annual statutory insurance filings for PRA-Specialty in his capacity as director of PRA-Specialty from 2015 through Q1 2019. Defendants admit that Rand signed the quarterly and annual statutory insurance filings for PRA-Specialty in his capacity as

director of PRA-Specialty from 2015 through Q2 2018.  Defendants admit that Hendricks signed the quarterly and annual statutory insurance filings for PRA-Specialty from Q3 2018 through Q3 2020.  Defendants otherwise deny the allegations in Paragraph 112.

113.  Defendants admit that Starnes served as a director of PRA-Specialty from 2007 through Q2 2019.

114.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 114, and on that basis deny them.

115.  To the extent the allegations in Paragraph 115 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to PRA-Specialty's statutory filings for a true and complete account of their contents.  Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 115, and on that basis deny them.

116.  To the extent the allegations in Paragraph 116 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to PRA-Specialty's statutory filings for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 116.

117.    Defendants admit that the TeamHealth Policy was a claims-made policy, and refer the Court to the TeamHealth Policy for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 117.

118.    To the extent the allegations in Paragraph 118 cross-reference the allegations in Paragraph 112, Defendants incorporate by reference and restate the response to Paragraph 112 above as if fully set forth herein.  The remaining allegations in Paragraph 118 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 118.

119.    Defendants deny the allegations in Paragraph 119, except state that to the extent the allegations in Paragraph 119 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

120.    Defendants deny the allegations in Paragraph 120, except state that to the extent the allegations in Paragraph 120 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

121. The allegations in Paragraph 121 consist of Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 121.

122. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. The remaining allegations in Paragraph 122 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 122.

123. To the extent the allegations in Paragraph 123 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to PRA-Specialty's statutory filings for a true and complete account of their contents. The remaining allegations in Paragraph 123 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 123.

124. To the extent the allegations in Paragraph 124 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to PRA-

Specialty's statutory filings for a true and complete account of their contents. The remaining allegations in Paragraph 124 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 124.

125. Defendants deny the allegations in Paragraph 125.

126. Defendants deny the allegations in Paragraph 126, except state that to the extent the allegations in Paragraph 126 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

127. Defendants deny the allegations in Paragraph 127, except state that to the extent the allegations in Paragraph 127 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

128. Defendants deny the allegations in Paragraph 128, except state that to the extent the allegations in Paragraph 128 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

129. Defendants admit that ProAssurance file a Form 8-K on March 16, 2020, which speaks for itself. To the extent the allegations in Paragraph 129 purport

to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. To the extent the allegations in Paragraph 129 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to PRA-Specialty's statutory filings for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 129.

130. To the extent the allegations in Paragraph 130 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. To the extent the allegations in Paragraph 130 purport to quote from or characterize PRA-Specialty's statutory filings, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's statutory filings for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 130.

131. The allegations in Paragraph 131 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 131.

47

132. Defendants deny the allegations in Paragraph 132.

133. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. The remaining allegations in Paragraph 133 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 133.

134. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. Defendants otherwise deny the allegations in Paragraph 134.

135. Defendants deny the allegations in Paragraph 135, except admit that PRA-Specialty ceded all of its premiums and claims-related costs to ProAssurance Casualty Company ("PRA-Casualty").

136. Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-Q on August 7, 2018, which speak for themselves.

137. The allegations in Paragraph 137 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 137.

138. Defendants admit that ProAssurance filed a Form 10-Q on August 7, 2018, which speaks for itself. To the extent the allegations in Paragraph 138 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.

139. The allegations in Paragraph 139 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 139.

140. The allegations in Paragraph 140 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 140.

141. Defendants admit that ProAssurance held and Starnes participated on an earnings call on August 8, 2018, the transcript of which speaks for itself. To the extent the allegations in Paragraph 141 purport to quote from or characterize the August 8, 2018 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

142. Defendants admit that Friedman participated on an earnings call on August 8, 2018, the transcript of which speaks for itself. To the extent the allegations

49

in Paragraph 142 purport to quote from or characterize the August 8, 2018 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

143.    To the extent the allegations in Paragraph 143 cross-reference the allegations in Paragraphs 139 and 141–142, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 141–142 above as if fully set forth herein.  The remaining allegations in Paragraph 143 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 143.

144.    Defendants admit that Rand participated at a September 6, 2018 investor conference, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 144 purport to quote from or characterize the September 6, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the investor conference transcript for a true and complete account of its contents.

145.    To the extent the allegations in Paragraph 145 cross-reference the allegations in Paragraphs 139 and 144, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 144 above as if fully set forth herein.

The remaining allegations in Paragraph 145 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 145.

146. Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-Q on November 6, 2018, which speak for themselves.

147. To the extent the allegations in Paragraph 147 cross-reference the allegations in Paragraphs 137–140, Defendants incorporate by reference and restate the responses to Paragraphs 137–140 above as if fully set forth herein. The remaining allegations in Paragraph 147 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 147.

148. Defendants admit that ProAssurance held and Friedman participated on an earnings call on November 7, 2018, the transcript of which speaks for itself. To the extent the allegations in Paragraph 148 purport to quote from or characterize the November 7, 2018 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 148.

149.    To the extent the allegations in Paragraph 149 cross-reference the allegations in Paragraphs 139 and 148, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 148 above as if fully set forth herein. The remaining allegations in Paragraph 149 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 149.

150.    Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-K on February 21, 2019, which speak for themselves.

151.    To the extent the allegations in Paragraph 151 cross-reference the allegations in Paragraphs 137–140, Defendants incorporate by reference and restate the responses to Paragraphs 137–140 above as if fully set forth herein. The remaining allegations in Paragraph 151 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 151.

152.    Defendants admit that ProAssurance held and Friedman participated on an earnings call on February 22, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 152 purport to quote from or characterize the February 22, 2019 earnings call transcript, Defendants deny that Plaintiffs have

52

accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 152.

153. To the extent the allegations in Paragraph 153 cross-reference the allegations in Paragraphs 139 and 152, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 152 above as if fully set forth herein. The remaining allegations in Paragraph 153 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 153.

154. Defendants admit that ProAssurance filed a Form 8-K and press release on April 25, 2019, and Form 10-Q on May 1, 2019, which speak for themselves.

155. Defendants admit that ProAssurance filed a press release on April 25, 2019, which speaks for itself. To the extent the allegations in Paragraph 155 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 155.

156. To the extent the allegations in Paragraph 156 cross-reference the allegations in Paragraph 155, Defendants incorporate by reference and restate the

response to Paragraph 155 above as if fully set forth herein.  The remaining allegations in Paragraph 156 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 156.

157.    To the extent the allegations in Paragraph 157 cross-reference the allegations in Paragraph 137, Defendants incorporate by reference and restate the response to Paragraph 137 above as if fully set forth herein.  The remaining allegations in Paragraph 157 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 157.

158.    Defendants admit that ProAssurance held and Starnes participated on an earnings call on April 26, 2019, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 158 purport to quote from or characterize the April 26, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

159.    Defendants admit that ProAssurance held and Rand participated on an earnings call on April 26, 2019, the transcript of which speaks for itself.  To the

extent the allegations in Paragraph 159 purport to quote from or characterize the April 26, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

160. Defendants admit that ProAssurance held and Friedman participated on an earnings call on April 26, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 160 purport to quote from or characterize the April 26, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

161. To the extent the allegations in Paragraph 161 cross-reference the allegations in Paragraphs 139 and 158–160, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 158–160 above as if fully set forth herein. The remaining allegations in Paragraph 161 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 161.

162. Defendants admit that ProAssurance held and Friedman participated on an earnings call on April 26, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 162 purport to quote from or characterize the

April 26, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

163. To the extent the allegations in Paragraph 163 cross-reference the allegations in Paragraph 162, Defendants incorporate by reference and restate the response to Paragraph 162 above as if fully set forth herein. The remaining allegations in Paragraph 163 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 163.

164. Defendants admit that ProAssurance held and Rand and Starnes participated on an earnings call on April 26, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 164 purport to quote from or characterize the April 26, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

165. To the extent the allegations in Paragraph 165 cross-reference the allegations in Paragraphs 139 and 164, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 164 above as if fully set forth herein. The remaining allegations in Paragraph 165 consist of legal conclusions and

Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 165.

166. To the extent the allegations in Paragraph 166 cross-reference the allegations in Paragraph 138, Defendants incorporate by reference and restate the response to Paragraph 138 above as if fully set forth herein. To the extent the allegations in Paragraph 166 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.

167. To the extent the allegations in Paragraph 167 cross-reference the allegations in Paragraphs 138–140 and 166, Defendants incorporate by reference and restate the responses to Paragraphs 138–140 and 166 above as if fully set forth herein. The remaining allegations in Paragraph 167 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 167.

168. Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-Q on August 7, 2019, which speak for themselves.

169.   Defendants admit that ProAssurance filed a press release on August 7, 2019, which speaks for itself.  To the extent the allegations in Paragraph 169 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.

170.   To the extent the allegations in Paragraph 170 cross-reference the allegations in Paragraphs 139 and 169, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 169 above as if fully set forth herein. The remaining allegations in Paragraph 170 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 170.

171.   To the extent the allegations in Paragraph 171 cross-reference the allegations in Paragraphs 137–140 and 166, Defendants incorporate by reference and restate the responses to Paragraphs 137–140 and 166 above as if fully set forth herein.  The remaining allegations in Paragraph 171 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 171.

172. Defendants admit that ProAssurance held and Hendricks participated on an earnings call on August 8, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 172 purport to quote from or characterize the August 8, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

173. To the extent the allegations in Paragraph 173 cross-reference the allegations in Paragraphs 139 and 172, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 172 above as if fully set forth herein. The remaining allegations in Paragraph 173 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 173.

174. Defendants admit that ProAssurance held and Rand participated on an earnings call on August 8, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 174 purport to quote from or characterize the August 8, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

175. Defendants admit that ProAssurance held and Boguski participated on an earnings call on August 8, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 175 purport to quote from or characterize the August 8, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

176. To the extent the allegations in Paragraph 176 cross-reference the allegations in Paragraphs 139 and 174–175, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 174–175 above as if fully set forth herein. The remaining allegations in Paragraph 176 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 176.

177. Defendants admit that ProAssurance held and Rand participated on an earnings call on August 8, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 177 purport to quote from or characterize the on August 8, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 177.

178. To the extent the allegations in Paragraph 178 cross-reference the allegations in Paragraphs 139 and 177, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 177 above as if fully set forth herein. The remaining allegations in Paragraph 178 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 178.

179. Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-Q on November 5, 2019, which speak for themselves.

180. To the extent the allegations in Paragraph 180 cross-reference the allegations in Paragraphs 137–140 and 166, Defendants incorporate by reference and restate the responses to Paragraphs 137–140 and 166 above as if fully set forth herein. The remaining allegations in Paragraph 180 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 180.

181. Defendants admit that ProAssurance held and Rand participated on an earnings call on November 6, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 181 purport to quote from or characterize the November 6, 2019 earnings call transcript, Defendants deny that Plaintiffs have

accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 181.

182. To the extent the allegations in Paragraph 182 cross-reference the allegations in Paragraph 181, Defendants incorporate by reference and restate the response to Paragraph 181 above as if fully set forth herein. The remaining allegations in Paragraph 182 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 182.

183. Defendants admit that ProAssurance held and Boguski participated on an earnings call on November 6, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 183 purport to quote from or characterize the November 6, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

184. To the extent the allegations in Paragraph 184 cross-reference the allegations in Paragraphs 139 and 183, Defendants incorporate by reference and restate the responses to Paragraphs 139 and 183 above as if fully set forth herein. The remaining allegations in Paragraph 184 consist of legal conclusions and

Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 184.

185.   Defendants admit that ProAssurance held and Boguski participated on an earnings call on November 6, 2019, the transcript of which speaks for itself. To the extent the allegations in Paragraph 185 purport to quote from or characterize the November 6, 2019 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

186.   To the extent the allegations in Paragraph 186 cross-reference the allegations in Paragraph 185, Defendants incorporate by reference and restate the response to Paragraph 185 above as if fully set forth herein. The remaining allegations in Paragraph 186 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 186.

187.   Defendants admit that ProAssurance filed a Form 8-K and press release on January 22, 2020, which speak for themselves. To the extent the allegations in Paragraph 187 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted

or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 187.

188. To the extent the allegations in Paragraph 188 cross-reference the allegations in Paragraph 187, Defendants incorporate by reference and restate the response to Paragraph 187 above as if fully set forth herein. The remaining allegations in Paragraph 188 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 188.

189. Defendants admit that ProAssurance filed a Form 8-K and press release, and Form 10-K on February 20, 2020, which speak for themselves.

190. Defendants admit that ProAssurance filed a Form 10-K on February 20, 2020, which speaks for itself. To the extent the allegations in Paragraph 190 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents.

191. To the extent the allegations in Paragraph 191 cross-reference the allegations in Paragraph 190, Defendants incorporate by reference and restate the

response to Paragraph 190 above as if fully set forth herein.  The remaining allegations in Paragraph 191 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 191.

192.   Defendants admit that ProAssurance held an earnings call on February 21, 2020, the transcript of which speaks for itself.

193.   Defendants admit that ProAssurance held and Boguski participated on an earnings call on February 21, 2020, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 193 purport to quote from or characterize the February 21, 2020 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents.

194.   To the extent the allegations in Paragraph 194 cross-reference the allegations in Paragraph 193, Defendants incorporate by reference and restate the response to Paragraph 193 above as if fully set forth herein.  The remaining allegations in Paragraph 194 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 194.

195.   To the extent the allegations in Paragraph 195 cross-reference the allegations in Paragraphs 136, 146, 150, 154, 168, 179, and 189, Defendants incorporate by reference and restate the responses to Paragraphs 136, 146, 150, 154, 168, 179, and 189 above as if fully set forth herein.   Defendants admit that ProAssurance filed a Form 10-Q on May 1, 2019, which speaks for itself.   To the extent the allegations in Paragraph 195 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.

196.   Defendants admit that ProAssurance filed a Form 10-Q on May 1, 2019, which speaks for itself.   To the extent the allegations in Paragraph 196 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.

197.   To the extent the allegations in Paragraph 197 cross-reference the allegations in Paragraphs 195–196, Defendants incorporate by reference and restate the responses to Paragraphs 195–196 above as if fully set forth herein.   Defendants admit that ProAssurance filed Form 10-Ks on February 21, 2019 and February 20, 2020, which speak for themselves.   To the extent the allegations in Paragraph 197

66

purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.

198. The allegations in Paragraph 198 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 198.

199. The allegations in Paragraph 199 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 199.

200. Defendants admit that ProAssurance filed a Form 10-Q on August 7, 2018, which speaks for itself. To the extent the allegations in Paragraph 200 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. The remaining allegations in Paragraph 200 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 200.

201.   The allegations in Paragraph 201 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 201.

202.   Defendants admit that ProAssurance files periodic reports with the SEC and refers the Court to those reports for a true and complete account of their contents. To the extent the allegations in Paragraph 202 purport to quote from or characterize GAAP and SEC Regulation SX, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to those principles and regulation for a true and complete account of their contents.   The remaining allegations consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 202.

203.   To the extent the allegations in Paragraph 203 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. The remaining allegations in Paragraph 203 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 203.

204.   To the extent the allegations in Paragraph 204 purport to quote from or characterize FASB Concept Statement No. 8, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that statement for a true and complete account of its contents.  The remaining allegations in Paragraph 204 consist of legal conclusions, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 204.

205.   Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 205, and on that basis deny them.

206.   To the extent the allegations in Paragraph 206 purport to generally describe the customs and practices of other companies, or industry customs or practices, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 206, and on that basis deny them.  Defendants otherwise deny the allegations in Paragraph 206.

207.   To the extent the allegations in Paragraph 207 purport to quote from or characterize GAAP, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to those principles for a true and complete account of their contents.  The remaining allegations in Paragraph 207

consist of legal conclusions, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 207.

208. To the extent the allegations in Paragraph 208 purport to quote from or characterize GAAP, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to those principles for a true and complete account of their contents. To the extent the allegations in Paragraph 208 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's financial statements for a true and complete account of their contents. The remaining allegations in Paragraph 208 consist of legal conclusions, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 208.

209. To the extent the allegations in Paragraph 209 purport to quote from or characterize Accounting Standards Codification ("ASC") Topic 944, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ASC Topic 944 for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 209.

210.   The allegations in Paragraph 210 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 210.

211.   To the extent the allegations in Paragraph 211 purport to quote from or characterize ASC Topic 944, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ASC Topic 944 for a true and complete account of its contents.  The remaining allegations in Paragraph 211 consist of legal conclusions, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 211.

212.   To the extent the allegations in Paragraph 212 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 212.

213.   The allegations in Paragraph 213 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 213.

214.   To the extent the allegations in Paragraph 214 cross-reference the allegations in Paragraph 148, Defendants incorporate by reference and restate the

response to Paragraph 148 above as if fully set forth herein. The remaining allegations in Paragraph 214 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 214.

215. Defendants deny the allegations in Paragraph 215, except state that to the extent the allegations in Paragraph 215 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

216. The allegations in Paragraph 216 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 216.

217. The allegations in Paragraph 217 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 217.

218. To the extent the allegations in Paragraph 218 purport to quote from or characterize the SEC's Codification of Staff Accounting Bulletins, *Assessing Materiality*, Topic 1-M ("Topic 1-M"), Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to Topic 1-

M for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 218.

219. The allegations in Paragraph 219 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 219.

220. The allegations in Paragraph 220 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 220.

221. To the extent the allegations in Paragraph 221 purport to quote from or characterize SEC Staff Accounting Bulletin No. 99 ("SAB No. 99"), Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to SAB No. 99 for a true and complete account of its contents. The remaining allegations consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 221.

222. The allegations in Paragraph 222 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 222.

223. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in the first sentence of Paragraph 223, and

73

on that basis deny them. To the extent that the remaining allegations purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described those disclosures and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 223.

224. The allegations in Paragraph 224 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 224.

225. The allegations in Paragraph 225 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 225.

226. Defendants admit that PRA-Specialty issued a claims-made policy to TeamHealth, which speaks for itself. To the extent the allegations in Paragraph 226 purport to quote from or characterize the policy ProAssurance issued to TeamHealth, Defendants deny that Plaintiffs have accurately and completed characterized it and refer the Court to the policy for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 226.

227. Defendants admit that ProAssurance issued a Form 10-Q on May 7, 2020, which speaks for itself. To the extent the allegations in Paragraph 227 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny

that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. The remaining allegations in Paragraph 227 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 227.

228. The allegations in Paragraph 228 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 228.

229. To the extent the allegations in Paragraph 229 purport to quote from or characterize ASC Topic 450, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that document for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 229.

230. To the extent the allegations in Paragraph 230 purport to quote from or characterize ASC Topic 450, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that document for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 230.

231. To the extent the allegations in Paragraph 231 purport to quote from or characterize ASC Topics 450 and 944-40, and SEC Staff Accounting Bulletins, *Contingency Disclosures Regarding Property-Casualty Insurance Reserves for Unpaid Claim Costs*, Topic 5.W ("SAB Topic 5.W"), Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to those documents for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 231.

232. To the extent the allegations in Paragraph 232 purport to quote from or characterize ASC Topics 275 and 450, and SAB Topic 5.W, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to those documents for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 232.

233. To the extent the allegations in Paragraph 233 purport to quote from or characterize ASC Topics 275 and 450, and 944, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the court to those documents for a true and complete account of their contents. The remaining allegations in Paragraph 233 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 233.

234. The allegations in Paragraph 234 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 234.

235. To the extent the allegations in Paragraph 235 purport to quote from or characterize ProAssurance's statutory filings, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's statutory filings for a true and complete account of their contents. The remaining allegations in Paragraph 235 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 235.

236. The allegations in Paragraph 236 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 236.

237. To the extent the allegations in Paragraph 237 purport to quote from or characterize Item 303 of Regulation S-K, 17 C.F.R. §229.303 ("Item 303"), Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that document for a true and complete account of its contents. The remaining allegations in Paragraph 237 consist of legal

conclusions, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 237.

238. Defendants deny the allegations in Paragraph 238, except state that to the extent the allegations in Paragraph 238 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

239. To the extent the allegations in Paragraph 239 purport to quote from or characterize Item 303, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that document for a true and complete account of its contents. The remaining allegations in Paragraph 239 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 239.

240. The allegations in Paragraph 240 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 240.

241. To the extent the allegations in Paragraph 241 purport to quote from or characterize Item 303, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to that document for a true and complete account of its contents. To the extent the allegations in Paragraph 241

cross-reference the allegations in Paragraphs 225–236, Defendants incorporate by reference and restate the responses to Paragraphs 225–236 above as if fully set forth herein. The remaining allegations in Paragraph 241 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 241.

242. The allegations in Paragraph 242 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 242.

243. The allegations in Paragraph 243 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 243.

244. The allegations in Paragraph 244 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 244.

245. To the extent the allegations in Paragraph 245 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 245.

246. Defendants deny the allegations in Paragraph 246, except state that to the extent the allegations in Paragraph 246 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

247. Defendants admit that Rand participated at an investor conference on June 19, 2018, the transcript of which speaks for itself. Defendants admit that Friedman participated on ProAssurance's Q3 2018 and Q4 2018 earnings calls, the transcripts of which speak for themselves. Defendants admit that Starnes participated on ProAssurance's Q1 2019 earnings call, the transcript of which speaks for itself. Defendants admit that Rand participated on ProAssurance's Q2 2019 earnings call, the transcript of which speaks for itself. To the extent the allegations in Paragraph 247 purport to quote from or characterize the Q3 2018, Q4 2018, Q1 2019, Q2 2018 earnings call and June 19, 2018 investor conference transcripts, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to the earnings call and investor conference transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 247.

248. Defendants admit that Friedman participated on ProAssurances' Q1 2019 earnings call, the transcript of which speaks for itself. Defendants admit that ProAssurance issued a Form 8-K and press release on August 7, 2019, which speak

for themselves. Defendants admit that Hendricks participated on ProAssurance's Q2 2019 earnings call, the transcript of which speaks for itself. Defendants admit that Boguski participated on ProAssurance's Q3 2019 earnings call, the transcript of which speaks for itself. To the extent the allegations in Paragraph 248 purport to quote from or characterize ProAssurance's public disclosures or the Q1 2019, Q2 2019, and Q3 2019 earnings call transcripts, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court's to the public disclosures and earnings call transcripts for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 248.

249. Defendants admit that Friedman participated on ProAssurance's Q3 2018 earnings call, the transcript of which speaks for itself. Defendants admit that Rand participated on ProAssurance's Q1 2019 earnings call, the transcript of which speaks for itself. To the extent the allegations in Paragraph 249 purport to quote from or characterize the Q3 2018 and Q1 2019 earnings call transcripts, Defendants deny that Plaintiffs have accurately or completely characterized them and refer the Court to the earnings call transcripts for a true and complete account of their contents. To the extent the allegations in Paragraph 249 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's financial statements for a true and complete account of their

81

contents. The remaining allegations consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 249.

250. The allegations in Paragraph 250 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 250.

251. The allegations in Paragraph 251 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 251.

252. The allegations in Paragraph 252 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 252.

253. Defendants deny the allegations in Paragraph 253, except state that to the extent the allegations in Paragraph 253 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

254. To the extent the allegations in Paragraph 254 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's

public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 254.

255. To the extent the allegations in Paragraph 255 cross-reference the allegations in Paragraphs 62, 148, and 152, Defendants incorporate by reference and restate the responses to Paragraphs 62, 148, and 152 above as if fully set forth herein. The remaining allegations in Paragraph 255 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 255.

256. To the extent the allegations in Paragraph 256 cross-reference the allegations in Paragraphs 254–255, Defendants incorporate by reference and restate the responses to Paragraphs 254–255 above as if fully set forth herein. The remaining allegations in Paragraph 256 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 256.

257. To the extent the allegations in Paragraph 257 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's financial statements for a true and complete account of their

83

contents.  Defendants admit that Rand participated at an investor conference on June 19, 2018, the transcript of which speaks for itself.  To the extent the allegations in Paragraph 257 purport to quote from or characterize the June 19, 2018 investor conference transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the investor conference transcript for a true and complete account of its contents.  Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 257 with respect to Plaintiffs' reference to and quote from a third-party analyst at Piper Sandler and refer the Court to that report for a true and complete account of its contents.  The remaining allegations in Paragraph 257 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 257.

258.   To the extent the allegations in Paragraph 258 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's financial statements for a true and complete account of their contents.  The remaining allegations in Paragraph 258 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the

extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 258.

259.   To the extent the allegations in Paragraph 259 purport to quote from or characterize ProAssurance's financial statements, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's financial statements for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 259.

260.   To the extent the allegations in Paragraph 260 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.  Defendants otherwise deny the allegations in Paragraph 260.

261.   The allegations in Paragraph 261 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 261.

262.   The allegations in Paragraph 262 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 262.

263.   Defendants deny the allegations in Paragraph 263, except state that to the extent the allegations in Paragraph 263 purport to describe and/or quote

85

documents, Defendants refer the Court to such documents for a true and complete account of their contents.

264.   Defendants deny that Boguski became President of SP&C in April 2019.   Boguski became President of SP&C in May 2019.   To the extent the allegations in Paragraph 264 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely described them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents.   Defendants otherwise deny the allegations in Paragraph 264.

265.   Defendants admit that Starnes, Friedman and Rand were directors of PRA-Specialty, and Friedman, Rand, Hendricks, and Boguski each signed PRA-Specialty's quarterly and annual statements at various times during the putative Class Period.   Defendants otherwise deny the allegations in Paragraph 265.

266.   Defendants admit that Rand and Hendricks participated in and Friedman and Boguski attended a company-wide meeting on August 8, 2019, and deny that the allegations in Paragraph 266 provide a true and complete description of the subject matter described therein.   Defendants otherwise deny the allegations in Paragraph 266.

267. The allegations in Paragraph 267 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 267.

268. Defendants admit that Butler departed ProAssurance in 2019. Defendants otherwise deny the allegations in Paragraph 268, except refer the Court to ProAssurance's public disclosures for true and complete descriptions of changes in the roles and responsibilities of certain executives and directors and ProAssurance's organizational restructuring.

269. Defendants deny the allegations in Paragraph 269, except state that to the extent the allegations in Paragraph 269 purport to describe and/or quote documents, Defendants refer the Court to such documents for a true and complete account of their contents.

270. The allegations in Paragraph 270 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 270.

271. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Plaintiffs' forensic investigation, and on that basis deny them. The remaining allegations in Paragraph 271 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is

required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 271.

272.  To the extent the allegations in Paragraph 272 purport to quote from or characterize a document, Defendants refer to such document for a true and complete account of its contents.  The remaining allegations in Paragraph 272 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 272.

273.  To the extent the allegations in Paragraph 273 purport to quote from or characterize a publication, Defendants refer the Court to such publication for a true and accurate statement of its contents.  Defendants otherwise deny the allegations in Paragraph 273.

274.  To the extent the allegations in Paragraph 274 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. The remaining allegations in Paragraph 274 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 274.

275. The allegations in Paragraph 275 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 275.

276. Defendants deny the allegations in Paragraph 276.

277. Defendants admit that ProAssurance filed a Form DEF-14A on April 13, 2018, which speaks for itself. To the extent the allegations in Paragraph 277 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have completely and accurately characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. The remaining allegations in Paragraph 277 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 277.

278. The allegations in Paragraph 278 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 278.

279. Defendants admit that Starnes and Rand were the CEO and/or Chairman of the Board at different times during the putative Class Period, that Rand and Hendricks were the CFO at different times during the putative Class Period, and that Boguski was the President of SP&C at certain times during the putative Class

89

Period. The remaining allegations in Paragraph 279 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the remaining allegations in Paragraph 279.

280. The allegations in Paragraph 280 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 280.

281. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 281 and denies that Lead Plaintiffs and other members of the putative Class were damaged by any wrongful conduct by Defendants. Defendants otherwise deny the allegations in Paragraph 281.

282. The allegations in Paragraph 282 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 282.

283. The allegations in Paragraph 283 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 283.

284. Defendants admit that ProAssurance filed a Form 8-K and press release on January 22, 2020, which speak for themselves. To the extent the allegations in

Paragraph 284 purport to quote from or characterize ProAssurance's public disclosures, Defendants deny that Plaintiffs have accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosures for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 284.

285. To the extent the allegations in Paragraph 285 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 285 accurately and completely describe the factors affecting the stock price movements described therein. Defendants otherwise deny the allegations in Paragraph 285.

286. The allegations in Paragraph 286 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 286.

287. Defendants deny that ProAssurance issued its Q4 2019 and full year 2019 financial results on February 22, 2020. ProAssurance filed its Form 10-K on February 20, 2020, which speaks for itself. Defendants admit that ProAssurance held and Boguski participated on an earnings call on February 21, 2020, the transcript of which speaks for itself. To the extent the allegations in Paragraph 287 purport to quote from or characterize ProAssurance's public disclosure or the February 21, 2020 earnings call transcript, Defendants deny that Plaintiffs have

91

accurately and completely quoted or characterized them and refer the Court to ProAssurance's public disclosure and the earnings call transcript for a true and complete account of their contents. Defendants otherwise deny the allegations in Paragraph 287.

288. Defendants admit that ProAssurance issued a Form 10-Q on May 7, 2020, which speaks for itself. To the extent the allegations in Paragraph 288 purport to quote from or characterize ProAssurance's public disclosure, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to ProAssurance's public disclosure for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 288.

289. Defendants admit that ProAssurance held and Boguski participated on an earnings call on May 8, 2020, the transcript of which speaks for itself. To the extent the allegations in Paragraph 289 purport to quote from or characterize the May 8, 2020 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 289.

290. Defendants admit that ProAssurance held and Boguski participated on an earnings call on May 8, 2020, the transcript of which speaks for itself. To the extent the allegations in Paragraph 290 purport to quote from or characterize the

May 8, 2020 earnings call transcript, Defendants deny that Plaintiffs have accurately and completely quoted or characterized it and refer the Court to the earnings call transcript for a true and complete account of its contents. Defendants otherwise deny the allegations in Paragraph 290.

291.  To the extent the allegations in Paragraph 291 refer to ProAssurance's publicly available stock price data, Defendants refer the Court to those data and deny that the allegations in Paragraph 291 accurately and completely describe the factors affecting the stock price movements described therein. Defendants otherwise deny the allegations in Paragraph 291.

292.  The allegations in Paragraph 292 consist of legal conclusions and Plaintiffs' characterization of their claims and the putative Class, and no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to whether Plaintiffs have standing to sue and/or to represent a putative Class of similarly situated persons. Defendants otherwise deny the allegations in Paragraph 292.

293.  The allegations in Paragraph 293 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 293.

294.    The allegations in Paragraph 294 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 294.

295.    The allegations in Paragraph 295 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 295.

296.    The allegations in Paragraph 296 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 296, and on that basis deny them.

297.    The allegations in Paragraph 297 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 297.

298.    The allegations in Paragraph 298 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 298.

299.    The allegations in Paragraph 299 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 299.

300. The allegations in Paragraph 300 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 300.

301. The allegations in Paragraph 301 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 301.

302. The allegations in Paragraph 302 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 302, except admit that ProAssurance's common stock traded on the NYSE and ProAssurance filed periodic reports with the SEC and the NYSE.

303. The allegations in Paragraph 303 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 303.

304. The allegations in Paragraph 304 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 304.

305. The allegations in Paragraph 305 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 305.

306.    To the extent the allegations in Paragraph 306 purport to quote from or characterize the Private Securities Litigation Reform Act ("PSLRA"), Defendants deny that Plaintiffs have accurately and completely described it and refer the Court to the PSLRA for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 306.

307.    To the extent the allegations in Paragraph 307 purport to quote from or characterize the PSLRA, Defendants deny that Plaintiffs have accurately and completely described it and refer the Court to the PSLRA for a true and complete account of its contents.  Defendants otherwise deny the allegations in Paragraph 307.

308.    The allegations in Paragraph 308 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 308.

309.    The allegations in Paragraph 309 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 309.

310.    The allegations in Paragraph 310 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required.  To the extent a response is deemed required, Defendants deny the allegations in Paragraph 310.

311. The allegations in Paragraph 311 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 311.

312. Defendants incorporate by reference and restate the responses to each of Paragraphs 1–311 above as if fully set forth herein.

313. Defendants admit that Plaintiffs purport to bring claims under the statutes and rules in Paragraph 313 on behalf of themselves and all other members of the putative Class. Defendants otherwise deny the allegations in Paragraph 313.

314. The allegations in Paragraph 314 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 314.

315. The allegations in Paragraph 315 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 315.

316. The allegations in Paragraph 316 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 316.

317. The allegations in Paragraph 317 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 317.

318. The allegations in Paragraph 318 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 318.

319. The allegations in Paragraph 319 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 319.

320. The allegations in Paragraph 320 consist of legal conclusions and Plaintiffs' characterization of their claims, and no response is required. To the extent a response is deemed required, Defendants deny the allegations in Paragraph 320.

321. Defendants incorporate by reference and restate the responses to each of Paragraphs 1–320 above as if fully set forth herein.

322. The Individual Defendants admit that Plaintiffs purport to bring claims under the statutes and rules in Paragraph 322 on behalf of themselves and all other members of the putative Class, and otherwise deny the allegations in Paragraph 322. Defendant ProAssurance is not named as a defendant in Count II, and therefore need not respond to these allegations.

323. The allegations in Paragraph 323 consist of legal conclusions, and no response is required. To the extent a response is deemed required, the Individual Defendants deny the allegations in Paragraph 323. Defendant ProAssurance is not

named as a defendant in Count II, and therefore need not respond to these allegations.

324. The allegations in Paragraph 324 consist of legal conclusions, and no response is required. To the extent a response is deemed required, the Individual Defendants deny the allegations in Paragraph 324. Defendant ProAssurance is not named as a defendant in Count II, and therefore need not respond to these allegations.

325. The allegations in Paragraph 325 consist of legal conclusions, and no response is required. To the extent a response is deemed required, the Individual Defendants deny the allegations in Paragraph 325. Defendant ProAssurance is not named as a defendant in Count II, and therefore need not respond to these allegations.

326. The allegations in Paragraph 326 consist of legal conclusions, and no response is required. To the extent a response is deemed required, the Individual Defendants deny the allegations in Paragraph 326. Defendant ProAssurance is not named as a defendant in Count II, and therefore need not respond to these allegations.

327. The allegations in Paragraph 327 consist of legal conclusions, and no response is required. To the extent a response is deemed required, the Individual Defendants deny the allegations in Paragraph 327. Defendant ProAssurance is not

named as a defendant in Count II, and therefore need not respond to these allegations.

## ANSWER TO PRAYER FOR RELIEF

Defendants deny that Plaintiffs or any putative Class members that Plaintiffs purport to represent are entitled to the relief sought in the Prayer for Relief or under any other theory, and Defendants request that the Court dismiss all claims against Defendants with prejudice and order such further relief as the Court deems just and proper.

## ANSWER TO JURY DEMAND

Plaintiffs assert a demand for trial by jury, and no response is required.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof as to any defense or issue that would otherwise rest on Plaintiffs or as to any element of Plaintiffs' claims, and reserving the right to amend this Answer to assert any additional defenses when, and if, in the course of their investigation, discovery, preparation for trial, or otherwise it becomes appropriate to assert such defenses, ProAssurance asserts the following defenses.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The claims asserted in the Complaint are contradicted by documentary evidence.

## THIRD AFFIRMATIVE DEFENSE

Any and all actions taken by Defendants were, at all times, lawful, proper and consistent with their duties and obligations, and Defendants did not otherwise have any obligation or duty to take any other action or make any other disclosure.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because Defendants had no duty to characterize the disclosed facts pejoratively.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred because Defendants did not breach any duty owed to Plaintiffs or members of the putative Class.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendants did not make any false or misleading statements of material fact or omit to state any material facts.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, to the extent Plaintiffs and members of the putative Class lack standing.

101

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, to the extent that they are beyond the applicable statute(s) of limitations and/or repose.

## NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative Class knew or had reason to know of the purported untruth or omission allegedly constituting the violation.

## TENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative Class had actual or constructive knowledge of the acts and omissions complained of and therefore assumed the risk of any alleged damages proximately caused thereby.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs and members of the putative Class did not reasonably rely on the public filings or press releases or statements alleged in the Complaint that were alleged to be materially false or misleading when made.

## TWELFTH AFFIRMATIVE DEFENSE

Some or all of the matters now claimed by the Complaint to be the subject of misrepresentations or omissions were publicly disclosed or were in the public

102

domain and, as such, were available to Plaintiffs and members of the putative Class and were at all times reflected in the price of ProAssurance's common stock.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative Class at all relevant times had a duty to take reasonable action to minimize any damages allegedly sustained as a result of the facts alleged in the Complaint.  Plaintiffs and members of the putative Class failed to comply with that duty and are therefore barred from recovering any damages that might reasonably have been avoided.

## FOURTEENTH AFFIRMATIVE DEFENSE

Defendants are not liable because the conduct of persons and/or entities other than the Defendants was the cause (or a suspending or intervening cause) of any damage, loss or injury sustained by Plaintiffs.  Any alleged damages Plaintiffs claim to have sustained were therefore not actually or proximately caused by Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred in whole or in part because of the lack of loss causation and because Defendants did not cause any losses. Plaintiffs have not suffered any injury or harm as a result of the actions of Defendants alleged in the Complaint.

103

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims against Defendants are barred in whole or in part because of the lack of transaction causation.  The actions or inactions of Defendants were not the sole or partial cause of any decision by a Plaintiff to purchase ProAssurance shares.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred in whole or in part because any alleged depreciation in the value of ProAssurance's shares resulted from factors other than the disclosure of the purported misstatements or omissions alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred because Plaintiffs have failed to allege, and have not suffered, any cognizable injury attributable, in whole or in part, to any conduct by Defendants.  Any damages which Plaintiffs seek to recover against the Defendants were in fact caused by actions or omissions of Plaintiffs and members of the putative Class and/or third parties.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendants are not liable because any alleged misrepresentations by Defendants were forward-looking statements.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants are not liable pursuant to the bespeaks caution doctrine because any alleged misrepresentations by Defendants contained sufficient cautionary language and risk disclosure.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, because the alleged misstatements were mere puffery or were vague statements of optimism.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The claims are barred, in whole or in part, because the alleged misrepresentations are non-actionable statements that contain expressions of opinion that Plaintiffs have not alleged, and cannot prove, were not truly held.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative Class are not entitled to any recovery from Defendants because Plaintiffs and the putative Class would have purchased at-issue common stock shares even with full knowledge of the facts that they now allege were misrepresented or omitted (which Defendants deny).

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative Class purchased shares of the at-issue common stock with actual or constructive knowledge of the risks involved in an

investment in the stock, and thus assumed the risk that the value would decline if such risks materialized.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the doctrines of laches, estoppel, waiver, *in pari delicto*, unclean hands and/or other related equitable doctrines apply.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, to the extent that the damages sought exceed those permitted under the Securities Exchange Act of 1934, the Private Securities Litigation Reform Act, common law or any other applicable statute, rule or regulation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs and members of the putative Class cannot show scienter by Defendants.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Each of the Individual Defendants believed and had a reasonable basis to believe that each of the statements alleged to be false or misleading was true when made.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is

106

barred because Plaintiffs cannot establish the primary liability necessary to assert a control person liability claim.

## THIRTIETH AFFIRMATIVE DEFENSE

As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because the alleged controlling person acted in good faith and did not directly or indirectly induce the act or acts constituting the alleged violations and/or because the alleged controlling person had no knowledge of or reasonable grounds to believe in the existence of facts by reason of which liability is alleged to exist.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

As to the Defendants against whom control person liability is alleged pursuant to Section 20(a) of the Securities Exchange Act of 1934, that liability is barred because Defendants did not have "control" over any person primarily liable, as the term "control" is defined in the federal securities laws and regulations.

## THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for attorneys', accountants' and experts' fees are barred because they have failed to state facts sufficient to support a claim for such fees.

107

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Defendants are entitled to recover contribution from others for any liability incurred as a result of any of the alleged misrepresentations, omissions and conduct alleged in the Complaint against Defendants.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

The claims against Defendants are barred because this action may not be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

The putative Class period is overbroad, including as a result of the Court's decision granting in part Defendants' motion to dismiss, and therefore, many of the putative Class members are not entitled to any recovery.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

The purported claims against Defendants, and the allegations upon which they are based, are improperly vague, ambiguous and confusing.  Defendants reserve the right to request a more definite statement.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because they fail to comply with the requirements of Rule 9(b) of the Federal Rules of Civil Procedure and the requirements of the Private Securities Litigation Reform Act.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred because Defendants did not culpably participate in any fraudulent scheme, misstatements of fact or omissions by others.  None of these Defendants had knowledge of, or a reasonable ground to believe in the existence of, facts by reason of which the liability of the controlled person is alleged to have existed.

## THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred as against Defendants because they did not directly or indirectly induce any act or acts alleged in the Complaint to constitute a violation of any federal securities law or regulation.

## FORTIETH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred against the Defendants because they are not responsible in law or in fact for any alleged false or misleading statements or omissions by others.

## ADDITIONAL DEFENSES

Defendants assert, and expressly reserves all rights with respect to, all counterclaims, cross-claims, third-party claims or contribution claims that may be revealed during the course of discovery.  Defendants also assert and expressly reserve all rights with respect to all other defenses that may be revealed during the course of discovery.  Defendants expressly reserve the right to amend and/or supplement this Answer.

Dated:  January 24, 2022

Respectfully submitted,

/s/ Cole R. Gresham
Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)
STARNES DAVIS FLORIE LLP
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants ProAssurance Corporation, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski.*

{B4223496}

## CERTIFICATE OF SERVICE

I hereby certify that on January 24, 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Steven B. Singer
Kyla Grant
Sara M. DiLeo
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, NY 10606

Joseph E. White, III
Lester R. Hooker
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Brandon Marsh
SAXENA WHITE P.A.
12750 High Bluff Drive, Suite 475
San Diego, CA 92130
858-997-0860
Fax: 858-463-6270
Email: bmarsh@saxenawhite.com

Nathan R Lindell
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101
619-231-1058
Fax: 619-231-7423
Email: nlindell@rgrdlaw.com

Bailie L. Heikkinen
Reginald E. Janvier
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432

{B4223496}

David J. Guin
Tammy M. Stokes
Dawn Stith Evans
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL 35203

Roger H. Bedford, Jr
ROGER BEDFORD, ATTORNEY AT LAW, LLC
P.O. Box 1149
Russellville, AL  35653

James Bringhurst Eubank
Wilson Daniel Miles, III
BEASLEY ALLEN LAW FIRM
218 Commerce St.
Montgomery, AL 36104
334-269-2343
Fax: 334-242-0240
Email: James.Eubank@beasleyallen.com

John T. Long
CAVANAGH & O'HARA
2319 West Jefferson Street
Springfield, IL  62702

*/s/ Cole R. Gresham*
STARNES DAVIS FLORIE LLP

{B4223496}                                    112