FILED
2022 Mar-25  PM 01:52
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **SHEET METAL WORKERS LOCAL 19 PENSION FUND, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**PROASSURANCE CORPORATION, et al.,**<br><br>**Defendants.** | Civil Action Number<br>**2:20-CV-00856-AKK** |

## <u>PROTECTIVE ORDER</u>

In accordance with the parties' stipulation, doc. 72, the court **ORDERS**:

IT IS HEREBY STIPULATED AND AGREED, by and among Lead Plaintiffs, Central Laborers' Pension Fund and Plymouth County Retirement System, and Defendants, ProAssurance Corporation, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard Friedman, and Michael Boguski, (each of whom individually is referred to herein as a "Party," and collectively, the "Parties"), by and through their undersigned Counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and Rule 502 of the Federal Rules of Evidence, that:

1

1.     PURPOSES AND LIMITATIONS

Disclosure and discovery in this action is likely to involve production of confidential information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties to this action hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").

2.     DEFINITIONS

2.1     Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2     "CONFIDENTIAL" Information or Items: Materials relating to any trade secrets, confidential research, development, or commercial information, or other information deemed confidential under applicable case law interpreting FRCP 26(c)(1)(G).

2.3     "HIGHLY CONFIDENTIAL" Information or Items. A supplemental designation to "CONFIDENTIAL" Information or Items reserved for limited instances concerning: (a) materials relating to highly sensitive proprietary, financial, marketing, or competitive business strategies, the disclosure of which would create a substantial risk of serious business or financial harm to the Designating Party; and (b) customer-related Protected Data.

2.4    Protected Data. Any information that a Party believes in good faith to be subject to federal, state or foreign data protection laws.  Examples of such data protection laws include but are not limited to The Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information); and The Health Insurance Portability and Accountability Act and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information). In the event that certain Protected Data requires protections beyond those afforded by this Order, the Parties shall meet and confer in good faith, and, if unsuccessful, shall move the Court for appropriate relief.

2.5    Counsel: attorneys (and their respective support staffs) who are (i) employees of a Party to this action or a subsidiary or affiliate of a Party to this action, (ii)  retained to represent or advise a Party in this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, or (iii) retained by a Party to this action and whose duties and responsibilities require access to Protected Material in order to assess, monitor, or assist in the litigation or settlement of this lawsuit.

2.6    Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.7    Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.8    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this action, as well as their assistants, support staff, and agents.

2.9    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Counsel(and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendor: a person or entity that provides litigation support services (*e.g.*, electronic discovery vendors, copy services, data entry, and computer support services retained by or for the Parties to assist in the litigation of this lawsuit by, for example, photocopying, videotaping, translating, preparing exhibits or demonstrations, participating in depositions, and processing, hosting, organizing,

4

storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13 <u>Protected Material</u>: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

2.14 <u>Receiving Party</u>: a Party or Non-Party that receives Disclosure or Discovery Material from a Producing Party.

3. <u>SCOPE</u>

The protections conferred by this Order cover not only Protected Material (as defined above), but also: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, compilations, or other documents or media (*e.g.*, electronic, video, or audio) that excerpt, contain, or otherwise reveal the substance of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating

Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.    DESIGNATING PROTECTED MATERIAL

5.1    Scope of Designations. Each Party or Non-Party that designates information or items for protection under this Order shall take reasonable care to limit any such designation to specific material that qualifies under the appropriate standards.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties in writing that it is withdrawing the mistaken designation.

6

5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)    For information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" to each page that contains Protected Material.  A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" legend to each page that contains Protected Material.

(b)    Parties or testifying persons or entities may designate all or portions of depositions and other testimony with the appropriate designation by indicating on the record at the time the testimony is given or by sending written notice to the Receiving Party of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony.  This 30-day period may be extended by agreement of the Parties.  Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material, and only those portions of the testimony that are designated for protection, either on the record or within the 30-day period, shall be covered by the provisions of this Order.  The Designating Party shall inform the court reporter that transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.  Any transcript that is prepared before the expiration of a 30-day period shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed.  After the expiration of that period, the transcript shall be treated only as actually designated.  Counsel for any Producing Party shall have the right to exclude from oral depositions, other than the deponent, deponent's counsel, the reporter and videographer (if any), any person who is not authorized by this Order to receive or access Protected Material based on the designation of such

Protected Material.  Such right of exclusion shall be applicable only during periods of examination or testimony regarding such Protected Material.

(c)    For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(d)    If any Party seeks to designate additional documents or categories of documents produced by any other Party or Non-Party as CONFIDENTIAL or HIGHLY CONFIDENTIAL, it will be the burden of the Party seeking protected status to move for a court order designating the materials as CONFIDENTIAL or HIGHLY CONFIDENTIAL after the Parties and/or Non-Parties confer.

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time prior to the final pre-trial conference in this Action.    A Party or Non-Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2    Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of the designations it is challenging and describing the basis for the challenge to the Designating Party.    To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order.    The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly.    In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.    A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

10

6.3   <u>Judicial Intervention</u>.   If the Parties cannot resolve a challenge, the Challenging Party shall seek court intervention consistent with the procedures outlined by this Court after the Parties have agreed that the meet and confer process will not resolve their dispute.   The burden of persuasion in any such challenge proceeding shall be on the Designating Party.   Frivolous challenges and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.   All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Designating Party's designation until the Court rules on the challenge.

7.   <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1   <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.   Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.   When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

11

Protected Material must be securely stored and maintained by a Receiving Party in a manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     Counsel (as defined by this Order) and employees of Counsel, including secretarial staff, paralegals, litigation support staff, duplicating and data processing personnel, and any contract or temporary attorneys retained or hired by Counsel;

(b)     Professional Vendors whose duties and responsibilities require access to "CONFIDENTIAL" Information;

(c)     the officers, directors, and employees of the Receiving Party or any of its subsidiaries or affiliates;

(d)     Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(e)     the Court and any other court to which this lawsuit is appealed or transferred, and the personnel of any such courts;

(f)     court reporters and videographers, and their respective staffs whose duties and responsibilities require access to "CONFIDENTIAL" Information;

(g)     professional jury or trial consultants and mock jurors whose duties and responsibilities require access to "CONFIDENTIAL" Information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(h)     relevant employees of any insurer to a Party to the extent such disclosure is reasonably necessary for the participation of that Party in this Action and who have signed Exhibit A hereto;

(i)     during their depositions or at trial, witnesses in this litigation.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may not be disclosed to anyone except as permitted under this Order;

(j)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the designated information; and

(k)     mediators and/or arbitrators, as engaged by the Parties or appointed by the Court, as well as the staff of such mediators and/or arbitrators.

In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to "CONFIDENTIAL" Information until its/their counsel has executed and, at the request of any Party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

7.3     Disclosure of "HIGHLY CONFIDENTIAL" Information or Items. Unless otherwise ordered by the Court or permitted in writing by the Designating

13

Party, material produced and marked as HIGHLY CONFIDENTIAL may be disclosed only to:

(a)    Counsel (as defined by this Order) and employees of Counsel, including secretarial staff, paralegals, litigation support staff, duplicating and data processing personnel, and any contract or temporary attorneys retained or hired by Counsel;

(b)    the officers, directors, and other employees of the Receiving Party, or any of its subsidiaries or affiliates, who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent access to "HIGHLY CONFIDENTIAL" Information is reasonably necessary to assess, monitor, or assist in the litigation or settlement of this lawsuit;

(c)    Experts (as defined in this Order) of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)    the Court and any other court to which this lawsuit is appealed or transferred, and the personnel of any such courts;

(e)    court reporters and videographers, and their respective staffs whose duties and responsibilities require access to "HIGHLY CONFIDENTIAL" Information;

(f)    mediators and/or arbitrators, as engaged by the Parties or appointed by the Court, as well as the staff of such mediators and/or arbitrators;

(g)    during their depositions or at trial, witnesses in this litigation, provided that such persons are not allowed to retain any documents or other material containing "HIGHLY CONFIDENTIAL" Information;

(h)    potential witnesses whose deposition has been noticed and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), except that the following categories of potential witnesses shall not be required to sign Exhibit A in order to view "HIGHLY CONFIDENTIAL" information:

    a.  current officers, employees or directors of the Producing Party;

    b.  individuals (including Rule 30(b)(6) deponents) represented, for purposes of their deposition, by Counsel for the Producing Party; and

    c.  original authors or recipients of the "HIGHLY CONFIDENTIAL" material (except for former employees of a Party to this action or a subsidiary of a Party to this action).

(i)    Professional Vendors whose duties and responsibilities require access to "HIGHLY CONFIDENTIAL" Information;

(j)    professional jury or trial consultants and mock jurors whose duties and responsibilities require access to "HIGHLY CONFIDENTIAL" Information and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

15

(k)    relevant employees of any insurer to a Party to the extent such disclosure is reasonably necessary for the participation of that Party in this Action and who have signed Exhibit A hereto; and

(l)    such other persons as ordered by the Court or agreed to in writing by Counsel for the Producing Party.

8.    <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL," that Party must:

(a)    promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b)    promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c)    cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this

16

action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material. Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

9.1    The terms of this Order are applicable to information produced and designated as "CONFIDENTIAL" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order.

9.2    For the avoidance of doubt, all Parties shall promptly provide copies of all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules and this Order.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this

Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT    PRODUCTION    OF    PRIVILEGED    OR OTHERWISE PROTECTED MATERIAL

The provisions of Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502 govern circumstances where a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection. This provision is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced. In addition, nothing in this Order shall be construed to prohibit a Producing Party from seeking relief from any inadvertent or unintentional disclosure of confidential, privileged, or work-product information. Nothing in this Order shall diminish the legal rights of any person seeking such relief. When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

18

Procedure 26(b)(5)(B). Pursuant to Federal Rule of Evidence 502(b), neither the attorney-client privilege nor the work product protection is waived by inadvertent production in this Action or any other Action provided that (i) the disclosure was inadvertent; (ii) the Producing Party took reasonable steps to prevent disclosure; and (iii) the Producing Party promptly took reasonable steps to rectify the error.

12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2    Right to Assert Other Objections. By stipulating to the entry of this Order, no Producing Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Producing Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

12.3    Filing Protected Material.  Without written permission from the Producing Party or Court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material. A Party that seeks to file under seal any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material must comply with the United States District Court for the Northern District of Alabama's Administrative Procedures regarding filing materials under seal,

19

unless the Court orders an alternative procedure for filing materials under seal.  A Producing Party will consent to any Party's reasonable request to file the Producing Party's "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" Material under seal.

13   FINAL DISPOSITION

Within 90 days after the final disposition of this action, as defined in Section 4 of this Order, each Receiving Party must either return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Upon written request of the Producing Party, the Receiving Party will certify that Protected Materials were returned or destroyed.  Notwithstanding this provision, Counsel and their Experts are entitled to retain copies of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence including email, deposition and trial exhibits, expert reports, attorney work product, and consultant and Expert work product, even if such materials contain, or attach thereto, Protected Material.  Any such retained copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4 (DURATION).  Provided that the Receiving Party makes reasonable efforts to comply with this provision, failure to destroy Protected Material shall not be deemed a violation of this provision.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

Dated: March 25, 2022

Respectfully submitted,

**ROGER BEDFORD, ATTORNEY AT LAW, LLC**

**STARNES DAVIS FLORIE LLP**

*/s/ Roger H. Bedford, Jr.*
Roger H. Bedford, Jr. (ASB 3651-D60R)
P.O. Box 1149
Russellville, AL 35653

Tel: (256) 332-6966

rogerbedfordattorneyatlawllc@gmail.com

**GUIN, STOKES & EVANS, LLC**
David J. Guin
Tammy M. Stokes
Dawn Stith Evans
300 Richard Arrington Jr. Blvd. N.
Suite 600, Title Bldg.

Birmingham, AL 35203

davidg@gseattorneys.com

tammys@gseattorneys.com

devans@gseattorneys.com

*Local Counsel for Lead Plaintiffs*

**ROBBINS GELLER RUDMAN & DOWD LLP**
Nathan R. Lindell (*pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA 92101
Tel: (619) 213-1058
nlindell@rgrdlaw.com

-and-

*/s/ Cole R. Gresham*
Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)

100 Brookwood Place, 7th Floor

P.O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

**SIMPSON THACHER & BARTLETT LLP**
Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017

jyoungwood@stblaw.com

jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants*

21

Bailie L. Heikkinen (*pro hac vice*)
Reginald E. Janvier (*pro hac vice*)
120 East Palmetto Park Road, Suite 500
Boca Raton, FL 33432
Tel: (561) 750-3000
bheikkinen@rgrdlaw.com
rjanvier@rgrdlaw.com

**SAXENA WHITE P.A.**
Joseph E. White, III (*pro hac vice*)
Lester R. Hooker (*pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Tel: (561) 394-3399
jwhite@saxenawhite.com
lhooker@saxenawhite.com

-and-

Steven B. Singer (*pro hac vice*)
Kyla Grant (*pro hac vice*)
Sara DiLeo (*pro hac vice*)
10 Bank Street, 8th Floor
White Plains, New York 10606
Tel: (914) 437-8551
ssinger@saxenawhite.com
kgrant@saxenawhite.com
sdileo@saxenawhite.com

*Lead Counsel for Lead Plaintiffs*

**CAVANAGH & O'HARA**
John T. Long
2319 West Jefferson Street
Springfield, IL 62702
Tel: (217) 544-1771

*Additional Counsel for Lead Plaintiffs*

22

**DONE** the 25th day of March, 2022.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**

**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND
CERTIFICATION**

I, _____, a _____ of _____,

hereby certify that I have read the attached Stipulated Protective Order, dated

_____.  I hereby agree to be bound by the terms of the Stipulated

Protective Order.

For purposes of enforcing the Stipulated Protective Order, I hereby agree to be

subject to the jurisdiction of the United States District Court for the Northern

District of Alabama.  I understand that violation of the Stipulated Protective Order

is punishable by contempt of court.


Signature:    _____


Dated:        _____


24