FILED
2022 Apr-01  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                Plaintiff,<br><br>    vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>                Defendants. | Civil Action No. 2:20-cv-00856-AKK<br><br>CLASS ACTION<br><br>DECLARATION OF KENTON DAY IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS CERTIFICATION |

4891-7311-8233.v1

I, KENTON DAY, declare as follows:

1.     I respectfully submit this declaration in support of Lead Plaintiffs' Motion for Class Certification in the above-captioned litigation (the "Action"). I have personal knowledge of the statements herein and, if called upon as a witness, I could and would competently testify thereto.

2.     I am the Executive Director at Central Laborers' Pension Fund ("Central Laborers" or the "Fund"). The Fund was created in 1965 in order to provide financial security to laborers during retirement. The Fund currently has more than 7,500 pensioners and beneficiaries that receive approximately $118 million each year in benefits. In 2020, the total value of the Fund's assets under management was $1,065,080,332.

3.     Central Laborers is a Taft-Hartley Trust Fund governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). The Fund is governed by a Board of Trustees whose member trustees are fiduciaries under ERISA with respect to the Fund. As expressly permitted by ERISA, the Board of Trustees delegates all discretionary investment decision-making authority regarding certain portions of the Fund's assets to professional investment management firms ("investment managers") selected by the Board of Trustees with the professional assistance of the Fund's independent Investment Consultant. LMCG Investments is one such investment manager, which exercised its discretionary authority to purchase shares of ProAssurance Corporation ("ProAssurance") common stock during the period from

- 1 -

4891-7311-8233.v1

August 8, 2018, through May 7, 2020, inclusive (the "Class Period"), for the accounts they managed on behalf of the Fund.

4.    Central Laborers and Plymouth County Retirement System ("Plymouth County") were appointed as Lead Plaintiffs in the Action on September 11, 2020. ECF No. 32.  Central Laborers and Plymouth County filed the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Complaint") (ECF No. 44) on March 26, 2021.

5.    During the Class Period, Central Laborers purchased or acquired 32,995 shares of ProAssurance common stock, and suffered substantial losses as a result of Defendants' violations of the federal securities laws alleged in the Complaint.  ECF No. 30-3.  In the Motion for Class Certification, Central Laborers seeks appointment as a Class Representative in the Action.

6.    On behalf of Central Laborers, myself and others have actively monitored and directed the progress of the Action, regularly communicating with Lead Counsel and proposed Class Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Saxena White P.A. ("Saxena White") about various aspects of the litigation, including pleadings, briefs, discovery, court orders and other case developments.  Myself and others have also regularly communicated on behalf of Central Laborers with the Fund's counsel, Cavanagh & O'Hara, regarding developments in the Action.

- 2 -

7.      Central Laborers has actively participated in and overseen the preparation of numerous key documents in the Action, including, but not limited to, the Complaint, Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 55), Central Laborers' Initial Disclosures, and Lead Plaintiffs' Motion for Class Certification.  Central Laborers has received and reviewed significant documents, filings and orders in the Action, including, but not limited to, submissions related to Defendants' Motion to Dismiss, the Memorandum Opinion denying in part and granting in part Defendants' Motion to Dismiss (ECF No. 61), the Joint Rule 26(f) Proposed Discovery Plan (ECF No. 70), the March 24, 2022 Scheduling Order (ECF No. 71), Defendants' First Requests for Production of Documents and Defendants' First Set of Interrogatories to Plaintiffs.

8.      Central Laborers understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors and others with meaningful losses to direct securities class actions.  Central Laborers is committed to vigorously prosecuting and directing this litigation and will strive to maximize the recovery for the Class consistent with good faith and sound judgment. Notably, Central Laborers has been appointed as a Class Representative and achieved settlements in other class action litigations, including: *Plymouth County Retirement System v. Patterson Companies, Inc.*, Civ. No. 0:18-cv-00871-MJD-HB (D. Minn.) ($63 million settlement); *Hiatt v. Sirva, Inc.*, No. 1:04-cv-07532 (N.D. Ill.) ($53 million settlement); *In re McAfee, Inc. S'holder Litig.*, Lead Case No. 1:10-cv-180413

- 3 -

(Cal. Super. Ct., Santa Clara Cnty.) ($11 million settlement); and *In re Dole Food Co., Inc. S'holder Litig.*, C.A. No. 8703-VCL (Del. Ch.) (settlement exceeding $100 million).

9.      Central Laborers understands that, as Lead Plaintiff and Class Representative (if appointed), the Fund owes a fiduciary duty to provide fair and adequate representation to all members of the Class.  The Fund is committed to faithfully and diligently carrying out that duty and working with Lead Counsel to obtain the best outcome for the Class consistent with good faith and meritorious advocacy.

10.     Central Laborers, along with Plymouth County, seek appointment of Robbins Geller and Saxena White as Class Counsel for the Class based on both firms' substantial experience and expertise in successfully prosecuting securities class actions.  In addition, Central Laborers believes that Robbins Geller and Saxena White possess the necessary financial and human resources to effectively and successfully prosecute this Action through trial and any post-trial appeals.  Should Lead Counsel be appointed Class Counsel, Central Laborers will continue to actively monitor and direct their efforts to vigorously and effectively prosecute this Action.

11.     Central Laborers will not accept any payment for serving as Lead Plaintiff or Class Representative (if appointed) beyond its *pro rata* share of any recovery, except for reimbursement of such reasonable costs and expenses directly

- 4 -

4891-7311-8233.v1

- 5 -

relating to the Fund's representation of the Class, as contemplated by the PSLRA, and as ordered and approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _28_ th day of March, 2022, at _Jacksonville, Illinois_ .

_Kenton W. Day_
KENTON DAY

- 5 -

4891-7311-8233.v1