FILED
2022 Apr-01  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | Civil Action No. 2:20-cv-00856-AKK |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) ) | DECLARATION OF DAVID SULLIVAN IN SUPPORT OF LEAD PLAINTIFFS' MOTION FOR CLASS |
| vs. | ) ) | CERTIFICATION |
| PROASSURANCE CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

I, DAVID SULLIVAN, declare as follows:

1.    I respectfully submit this declaration in support of Lead Plaintiffs' Motion for Class Certification in the above-captioned litigation (the "Action"). I have personal knowledge of the statements herein and, if called upon as a witness, I could and would competently testify thereto.

2.    I am the Executive Director at Plymouth County Retirement Association ("Plymouth County" or the "Fund"). Pursuant to Chapter 32 of Massachusetts General Laws, the Fund was created in 1937 in order to provide financial security to current and retired municipal and county employees of Plymouth County, Massachusetts, and is subject to regulatory oversight and guidance provided by Massachusetts's Public Employee Retirement Administration Commission ("PERAC"). The Fund currently has more than 12,000 pensioners and beneficiaries that receive approximately $122 million each year in benefits. As of October 2021, the total value of the Fund's assets under management was $1.2 billion.

3.    The Fund is governed by the Plymouth County Retirement Board (the "Board") whose member trustees are fiduciaries with respect to the Fund. Pursuant to Massachusetts General Laws and PERAC Investment Regulations, the Board is authorized to delegate discretionary investment decision-making authority regarding certain portions of the Fund's assets to professional investment management firms

1

("investment managers") selected by the Board with the professional assistance of the Fund's independent investment consultant. LMCG Investments, LLC is one such investment manager, which exercised its discretionary authority to purchase shares of ProAssurance Corporation ("ProAssurance") common stock during the period from August 8, 2018, through May 7, 2020, inclusive (the "Class Period") for the accounts they managed on behalf of the Fund.

4. Plymouth County and Central Laborers' Pension Fund ("Central Laborers") were appointed as Lead Plaintiffs in the Action on September 11, 2020. ECF No. 32. Plymouth County and Central Laborers filed the Consolidated Class Action Complaint for Violation of the Federal Securities Laws (the "Complaint," ECF No. 44) on March 26, 2021.

5. During the Class Period, Plymouth County purchased or acquired 26,563 shares of ProAssurance common stock, and suffered substantial losses as a result of Defendants' violations of the federal securities laws alleged in the Complaint. ECF No. 30-3. In the Motion for Class Certification, Plymouth County seeks appointment as a Class Representative in the Action.

6. On behalf of Plymouth County, myself and others have actively monitored and directed the progress of the Action, regularly communicating with Lead Counsel and proposed Class Counsel Saxena White P.A. ("Saxena White")

about various aspects of the litigation, including pleadings, briefs, discovery, court orders and other case developments.

7. Plymouth County has actively participated in and overseen the preparation of numerous key documents in the Action, including, but not limited to, the Complaint, Lead Plaintiffs' Opposition to Defendants' Motion to Dismiss (ECF No. 55), Plymouth County's Initial Disclosures, Lead Plaintiffs' First Set of Requests for Production of Documents to Defendants, and Lead Plaintiffs' Motion for Class Certification. Plymouth County has received and reviewed significant documents, filings and orders in the Action, including, but not limited to, submissions related to Defendants' Motion to Dismiss, the Memorandum Opinion denying in part and granting in part Defendants' Motion to Dismiss (ECF No. 61), the Joint Rule 26(f) Proposed Discovery Plan (ECF No. 70), the March 24, 2022 Scheduling Order (ECF No. 71), Defendants' First Requests for Production of Documents and Defendants' First Set of Interrogatories to Plaintiffs.

8. Plymouth County understands that the Private Securities Litigation Reform Act of 1995 ("PSLRA") was intended to encourage institutional investors and others with meaningful losses to direct securities class actions. Plymouth County is committed to vigorously prosecuting and directing this litigation and will strive to maximize the recovery for the Class consistent with good faith and sound judgment. Notably, Plymouth County has been appointed as Class Representative

3

and achieved settlements in other class action litigations, including in *Plymouth County Retirement System v. Patterson Companies, Inc., et al.*, Case No. 0:18-cv-00871-MJD-HB (D. Minn.) ($63 million settlement); *In re Aqua Metals, Inc. Securities Litigation*, Case No. 4:17-cv-07142-HSG (N.D. Cal.) ($7 million); *Van Noppen v. InnerWorkings, Inc.*, Case No. 1:14-cv-01416 (N.D. Ill) (exceeding $6 million); *Medoff v. CVS Caremark*, Case No. 1:09-cv-00554-S-DLM (D.R.I.) ($48 million); and *In re SafeNet, Inc. Securities Litigation*, Case No. 06-cv-05797 (S.D.N.Y.) ($25 million settlement).

9.      Plymouth County understands that, as Lead Plaintiff and as Class Representative (if appointed), the Fund owes a fiduciary duty to provide fair and adequate representation to all members of the Class.  The Fund is committed to faithfully and diligently carrying out that duty and working with Lead Counsel to obtain the best outcome for the Class consistent with good faith and meritorious advocacy.

10.     Plymouth County, along with Central Laborers, seek appointment of Saxena White and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") as Class Counsel for the Class based on both firms' substantial experience and expertise in successfully prosecuting securities class actions.  In addition, Plymouth County believes that Saxena White and Robbins Geller possess the necessary financial and human resources to effectively and successfully prosecute this Action through trial

4

and any post-trial appeals. Should Lead Counsel be appointed Class Counsel, Plymouth County will continue to actively monitor and direct their efforts to vigorously and effectively prosecute this Action.

11. Plymouth County will not accept any payment for serving as Lead Plaintiff or Class Representative (if appointed) beyond its *pro rata* share of any recovery, except for reimbursement of such reasonable costs and expenses directly relating to the Fund's representation of the Class, as contemplated by the PSLRA, and as ordered and approved by the Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed this _30th_ day of March, 2022, at Plymouth, MA__.

_____
DAVID SULLIVAN

5