FILED

2023 Feb-03  PM 02:39
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) | LEAD PLAINTIFFS' EXECUTIVE |
| | ) | SUMMARY REGARDING THE CLASS |
| vs. | ) | PERIOD FOR LEAD PLAINTIFFS' |
| | ) | MOTION TO CERTIFY CLASS, APPOINT |
| PROASSURANCE CORPORATION, et al., | ) | CLASS REPRESENTATIVES AND |
| | ) | APPOINT CLASS COUNSEL |
| Defendants. | ) | |
| | ) | |

**[REDACTED]**

4870-7304-7886.v1

Pursuant to the Court's January 11, 2023 Order (ECF 110), Plaintiffs respectfully submit this executive summary concerning the proposed Class Period for Plaintiffs' Motion to Certify Class, Appoint Class Representatives and Appoint Class Counsel ("Motion") (ECF 78).[1]

## I.    INTRODUCTION

Plaintiffs' Motion seeks to certify a Class covering the same exact Class Period as that sustained in the MTD Opinion: a Class consisting of all persons or entities who purchased or otherwise acquired the common stock of ProAssurance between August 8, 2018 and May 7, 2020, inclusive, and were damaged thereby. *See* ECF 79 at 1. Defendants argue that the Class Period must end on January 22, 2020, because the MTD Opinion purportedly "dismiss[ed] all claims that were allegedly 'corrected' by disclosures made on May 7-8." *See* ECF 92 at 8-15. Defendants' argument is fatally flawed, factually inaccurate, and procedurally improper. Thus, Plaintiffs' proposed Class Period should be certified in full.

## II.    THERE IS NO BASIS FOR SHORTENING THE CLASS PERIOD

As set forth in Plaintiffs' Initial Brief and Reply, the May Disclosures revealed new information concerning significant additional losses ***directly caused*** by PRA's deviation from its "stated commitment to caution and conservatism" in connection with the largest account in the Company's history, Team Health. *See* ECF 79 at 7; ECF 102 at 2-6. As such, they undoubtedly served to further correct the material misrepresentations upheld by the Court. *See* MTD Opinion at 40 (ECF 61). For this reason, and the others set forth below, Defendants' attempt to truncate the Class Period fails.

---

[1]    Unless otherwise noted: (i) capitalized terms have the same meanings as in Plaintiffs' Initial Submission in Support of the Motion ("Initial Brief") (ECF 79) and Plaintiffs' Reply Submission in Further Support of the Motion ("Reply") (ECF 102); (ii) "¶_" references are to paragraphs of the Complaint (ECF 44); (iii) all emphasis is added and citations are omitted; and (iv) "Ex." references are to the contemporaneously filed Declaration of Nathan R. Lindell ("Lindell Decl.").

4870-7304-7886.v1

As an initial matter, the underlying premise for Defendants' argument is that the MTD Opinion purportedly "dismiss[ed] all claims that were allegedly 'corrected' by disclosures made on May 7-8." ECF 92 at 8. The Court, however, *expressly rejected* that contention in an Order issued one week after Defendants filed their Opposition, holding in no uncertain terms that:

> The MTD Opinion *did not express any findings as to the proposed Class Period.* *More significantly, the alleged disclosure on May 7, 2020*, in which the defendants "disclosed that the unnamed 'large national account' . . . would exercise its option to purchase 'tail coverage'" and expose ProAssurance to additional losses *does not bear only on the dismissed tail coverage-related claims*.

ECF 95 at 13-14. Because Defendants' entire argument for shortening the Class Period is premised on the supposed implications of the MTD Opinion, the Court's holding expressly rejecting Defendants' flawed interpretation of those implications is fatal to their argument.

Moreover, the reason the Court rejected Defendants' argument is because it is factually inaccurate, as both the allegations and ███████████████████████████████ ████████████████████████████████████████████████ ██████████████████████████████████████ *See* MTD Opinion at 40. Indeed, the Complaint expressly alleges that "Defendants made no disclosures whatsoever regarding the Company's *unique and inherently risky TeamHealth policy* until almost four years later, when Defendants stunned investors through a *series of announcements* on January 20, 2020, *and May 7, 2020*, which disclosed that [PRA] had suffered the largest loss from a single account in its history, resulting in charges of more than an astonishing $130 million." ¶6. In addition, the Complaint alleges that, before the market opened on May 8, 2020, Defendant Boguski confirmed the connection between the tail coverage-related losses and Defendants' failure to apply their professed conservatism to the Team Health account, by expressly attributing the $50 million loss disclosed on May 7, 2020 to the fact that Team Health's account structure was so "unique" that there were "*no other structures in [PRA's] book of business that would even be*

*close to the structure that was offered here*." ¶290.[2]  These allegations directly refute Defendants'
contention that it is "fundamentally inconsistent with the Complaint" for Plaintiffs to contend that
the May Disclosures corrected Defendants' misrepresentations concerning PRA's purported
commitment to caution and conservatism.  *See* ECF 92 at 9-11.  In fact, the Court expressly relied
on these allegations in upholding Plaintiffs' claims regarding PRA's purported "commitment to
underwriting discipline and high-quality risk selection."  MTD Opinion at 52.

Furthermore, evidence produced by Defendants verifies that



---

[2]  Defendants' argument that Boguski's May 8, 2020 statements were not "corrective" because there was
purportedly "nothing new" about the "description of TeamHealth's 'unique structure'" misses the point.
ECF 92 at 13.  The new information disclosed by Boguski on May 8, 2020 was that the "unique structure"
of the Team Health policy caused an *additional* $50 million in losses that was *first disclosed on May 7,
2020*.  *See* ¶290.  Thus, Defendants' authorities are inapposite.  *See* ECF 92 at 13.  Moreover, Defendants'
unsupported assertion that these losses were "in line with what a reasonable investor would have expected"
(*id.* at 12) ignores the fact that, following the January 20, 2020 partial disclosure, *Defendants continued to
assuage investor concerns* by falsely stating they had "put a lot of conservatism on [the Team Health
losses]" and were at a "higher confidence point in reserving" (¶193), and is undermined both by PRA's
statistically significant stock price decline on May 8, 2020 and analysts' reaction to the news.  *See* Feinstein
Report (ECF 80-1), Ex. 7; ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ¶105; *see also In re CenturyLink Sales
Pracs. & Sec. Litig.*, 337 F.R.D. 193, 213-14 (D. Minn. 2020) (declining to shorten class period where
defendants "continued the alleged misrepresentations" and the final corrective disclosure "revealed new
information" followed by "a statistically significant drop in share price").

[3]  *See also* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4870-7304-7886.v1

Indeed,

As such, these disclosures undoubtedly served to further correct the material misrepresentations upheld by the Court. *See* MTD Opinion at 40. Thus, Defendants' assertion that "the May 7–8 corrective disclosures relate solely to a category of alleged omissions that this Court has already dismissed" is plainly incorrect. *See* ECF 92 at 9.

Finally, Defendants' attempt to dispute this evidence and argue that the May Disclosures did not "correct" Plaintiffs' upheld claims concerning "ProAssurance's stated commitment to caution and conservatism" is procedurally improper because it raises merits-based loss causation issues that ***cannot be resolved at the class certification stage***. Indeed, courts in this Circuit and throughout the country have routinely "refused to shorten class periods by dismissing subsequent corrective disclosures" because "the question of ***what caused the stock price to decline is an ultimate merits question for which plaintiffs bear the burden at trial, not at class certification.***" *Monroe Cnty. Emps.' Ret. Sys. v. S. Co.*, 332 F.R.D. 370, 395-96 (N.D. Ga. 2019) ("the inquiry [at class certification] is . . . ***not*** whether the stock price decline following individual corrective disclosures was caused by the alleged misrepresentations, which is a ***loss causation analysis not appropriate at this stage***"); *see also Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v.*

- 4 -

*Regions Fin. Corp.*, 2014 WL 6661918, at \*3-\*8 (N.D. Ala. Nov. 19, 2014) (the specific causes for a stock price decline following an alleged "corrective disclosure is a question of fact, ***so tied to the merits of this case that it is reserved for the trier of fact***"); *In re Scientific-Atlanta, Inc. Sec. Litig.*, 571 F. Supp. 2d 1315, 1344-45 (N.D. Ga. 2007) ("Where the parties dispute the curative effect of a release . . . the broader time for the class period should be certified."); *Menaldi v. Och-Ziff Cap. Mgmt. Grp. LLC*, 328 F.R.D. 86, 100 (S.D.N.Y. 2018) (rejecting defendants' argument to shorten the class period, because "[w]hether the [alleged corrective] disclosures cured the prior misstatements is a merits issue . . . [that] is better suited for summary judgment or trial"); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 812-13 (2011) (plaintiffs need not "show loss causation as a condition of obtaining class certification").[4]

## III.    CONCLUSION

For the reasons set forth above and in Plaintiffs' previous submissions, Defendants' argument that the Class Period should be shortened is meritless.  Thus, Plaintiffs respectfully request that the Court certify a Class consisting of all persons or entities who purchased or otherwise acquired the common stock of ProAssurance between August 8, 2018 and May 7, 2020, inclusive, and were damaged thereby.

 DATED:  February 3, 2023

s/ ROGER H. BEDFORD, JR.
ROGER H. BEDFORD, JR.

---

[4]    Defendants' authorities are inapposite, because none support their contention that a court may shorten the class period at the class certification stage based on a ***disputed, fact-based argument concerning the specific information that was "corrected" by an alleged corrective disclosure***.  *See* ECF 92 at 8-9; *see also Loc. 703, I.B. of T. Grocery & Food Emps. Welfare Fund v. Regions Fin. Corp.*, 762 F.3d 1248, 1261 (11th Cir. 2014) (shortening class period by one day because the final corrective disclosure was made before the market opened for trading); *City of Cape Coral Mun. Firefighters' Ret. Plan v. Emergent Biosolutions, Inc.*, 322 F. Supp. 3d 676, 682 (D. Md. 2018) (shortening class period to begin on date of first upheld misrepresentation); *W. Va. Pipe Trades Health & Welfare Fund v. Medtronic, Inc.*, 325 F.R.D. 280, 294-95 (D. Minn. 2018) (shortening class period where there was no "material dispute of fact" that "no new information was revealed to the public" by the alleged corrective disclosure).

4870-7304-7886.v1

ROGER BEDFORD, ATTORNEY AT LAW, LLC
ROGER H. BEDFORD, JR.
(ASB: 3651 D60R)
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)
rogerbedfordattorneyatlawllc@gmail.com

GUIN, STOKES & EVANS, LLC
DAVID J. GUIN
TAMMY M. STOKES
DAWN STITH EVANS
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)
davidg@gseattorneys.com
tammys@gseattorneys.com
devans@gseattorneys.com

Local Counsel for Lead Plaintiffs

ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BAILIE L. HEIKKINEN
(admitted *pro hac vice*)
MASON G. ROTH
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
bheikkinen@rgrdlaw.com
mroth@rgrdlaw.com

- 6 -

SAXENA WHITE P.A.
STEVEN B. SINGER
(admitted *pro hac vice*)
SARA DILEO (admitted *pro hac vice*)
KYLA GRANT (admitted *pro hac vice*)
CRAIG MAIDER (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
sdileo@saxenawhite.com
kgrant@saxenawhite.com
cmaider@saxenawhite.com

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
(admitted *pro hac vice*)
LESTER R. HOOKER
(admitted *pro hac vice*)
JONATHAN LAMET
(admitted *pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
jwhite@saxenawhite.com
lhooker@saxenawhite.com
jlamet@saxenawhite.com

Lead Counsel for Lead Plaintiffs

CAVANAGH & O'HARA
JOHN T. LONG
(admitted *pro hac vice*)
2319 West Jefferson Street
Springfield, IL  62702
Telephone:  217/544-1771
217/544-9894 (fax)
johnlong@cavanagh-ohara.com

Additional Counsel for Lead Plaintiffs

- 7 -

4870-7304-7886.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ROGER H. BEDFORD, JR.
ROGER H. BEDFORD, JR.

ROGER BEDFORD, ATTORNEY AT LAW, LLC
ROGER H. BEDFORD, JR.
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)

Email:  rogerbedfordattorneyatlawllc@gmail.com

4870-7304-7886.v1

# Mailing Information for a Case 2:20-cv-00856-RDP Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Walter W Bates**
  Bbates@starneslaw.com

- **Roger H Bedford , Jr**
  rogerbedfordattorneyatlawllc@gmail.com

- **Sara M. DiLeo**
  sdileo@saxenawhite.com

- **James Bringhurst Eubank**
  James.Eubank@beasleyallen.com

- **Dawn Stith Evans**
  devans@gseattorneys.com

- **Jay M Ezelle**
  JEzelle@starneslaw.com

- **Janet A Gochman**
  jgochman@stblaw.com

- **Kyla Grant**
  Kgrant@saxenawhite.com

- **Cole Robinson Gresham**
  cgresham@starneslaw.com

- **David J Guin**
  davidg@gseattorneys.com

- **Bailie L Heikkinen**
  bheikkinen@rgrdlaw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Jonathan Dov Lamet**
  jlamet@saxenawhite.com

- **Michael R Lasserre**
  mrl@starneslaw.com

- **Nathan R Lindell**
  nlindell@rgrdlaw.com

- **John T Long**
  johnlong@cavanagh-ohara.com

- **Carl Jacob Lundqvist**
  jacob.lundqvist@stblaw.com

- **Craig Corey Maider**
  cmaider@saxenawhite.com

- **Wilson Daniel Miles , III**
  dee.miles@beasleyallen.com

- **Mason G Roth**
  mroth@rgrdlaw.com

- **Steven B Singer**
  ssinger@saxenawhite.com

- **Tammy McClendon Stokes**
  tammys@gseattorneys.com

- **Joseph E. White**
  jwhite@saxenawhite.com

- **Jonathan K Youngwood**
  jyoungwood@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)