FILED

2023 Feb-03  PM 03:44
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> PROASSURANCE CORPORATION, W. STANCIL STARNES, EDWARD L. RAND, JR., DANA S. HENDRICKS, HOWARD H. FRIEDMAN, and MICHAEL L. BOGUSKI, <br><br> Defendants. | Civil Action No.: 2:20-cv-00856-RDP |

## EXECUTIVE SUMMARY OF DEFENDANTS' OPPOSITION TO
## LEAD PLAINTIFFS' PUTATIVE CLASS PERIOD

STARNES DAVIS FLORIE LLP

Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants ProAssurance Corporation, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski.*

**TABLE OF CONTENTS**

**Page**

I.      The Class Period Is Overbroad and Should End on January 22, 2020 ................................ 1

        A.      A Shortened Class Period Is Required by the MTD Order and the
                Complaint...................................................................................................................... 1

        B.      The May 2020 Disclosure Did Not Correct any Remaining Alleged
                Misstatements ............................................................................................................... 2

        C.      Judge Kallon's Discovery Ruling Does Not Compel a Different Result................ 4

II.     The Class Period Should Not Begin Until November 7, 2018, or Later Depending
        on Which Statements, If Any, the Court Determines Are Potentially in the Case ............. 5

CONCLUSION..................................................................................................................................... 5

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Carter v. L'Oreal USA, Inc.*,
   2020 WL 1931270 (S.D. Ala. Apr. 21, 2020)...............................................................................3

*In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*,
   2019 WL 5287980 (S.D.N.Y. Oct. 18, 2019) ...............................................................................4

*Junod v. NWP Servs. Co.*,
   2016 WL 6306030 (C.D. Cal. July 18, 2016) ...............................................................................3

*Svistina v. Elbadramany*,
   2022 WL 510519 (S.D. Fla. Oct. 5, 2022)....................................................................................4

*Zhou v. Gonzalez*,
   2010 WL 1838426 (N.D. Ind. May 6, 2010) ...............................................................................5

ii

**I.  The Class Period Is Overbroad and Should End on January 22, 2020**

Plaintiffs plead two corrective disclosures, the first on January 22, 2020, when PRA announced a $37 million reserve adjustment tied to TeamHealth, and the second on May 7-8, 2020, when PRA disclosed an additional $50 million potential loss, given the likelihood that TeamHealth would purchase "tail" coverage, rather than renew its policy.  ¶¶ 284–291.  According to Plaintiffs, the January 2020 disclosure corrected statements regarding claims frequency and PRA's conservative practices, while the May 2020 disclosure solely corrected omissions regarding the TeamHealth tail policy and nonrenewal.  *See id.*  In the December 2021 Motion to Dismiss Order ("MTD Order"), the Court dismissed Plaintiffs' allegations regarding the tail coverage and nonrenewal.  *See* MTD Order at 53.  As a result, there are no longer any misstatements or omissions in the case which the May 2020 disclosure could possibly correct.  The Class Period must therefore end on January 22, 2020, the date of the only remaining corrective disclosure.  Notwithstanding the MTD Order (or their own allegations), Plaintiffs now make novel arguments as to why the May 2020 disclosures were corrective not just of the tail policy and nonrenewal (as pled) but also of the remaining alleged conservative practices statements.  These arguments are an improper attempt to amend their Complaint.  The Court gave Plaintiffs the opportunity to amend (ECF No. 62) and they chose not to.  Having elected to proceed based on the Complaint as limited by the MTD Order, Plaintiffs cannot now amend their pleadings through briefing.  Moreover, even if considered, Plaintiffs' arguments fail to support extending the Class Period past January 22, 2020.

**A.  A Shortened Class Period Is Required by the MTD Order and the Complaint**

The Complaint alleges that PRA first "stunned" the market on January 22, 2020, when it announced $37 million in adverse development related to TeamHealth, "just over two months after Defendants assured investors of their 'disciplined' approach."  ¶ 97.  But the Complaint alleges that, nonetheless, Defendants "continued to conceal the full truth regarding the TeamHealth

1

account" because they "knew that by the time they disclosed the adverse development . . . TeamHealth was highly unlikely to renew its policy and would instead exercise its option to purchase 'tail coverage.'" ¶ 12.  Thus, according to Plaintiffs, each of Defendants' subsequent misstatements and omissions pertained solely to tail coverage and nonrenewal.  For example:

- ¶ 188: January 22, 2020 statements were "materially misleading when made, because Defendants knew . . . that *TeamHealth was highly unlikely to renew its policy . . . and would instead exercise its option for tail coverage*."

- ¶¶ 191,194: February 20 and 21, 2020 statements were "were materially false and misleading when made, because Defendants knew . . . that *TeamHealth was highly unlikely to renew its policy . . . and would instead exercise its option for tail coverage*."

And, notably, Plaintiffs allege, "Defendants concealed *this information* from investors until May 7, 2020," when the truth about tail coverage and the nonrenewal was finally revealed.  *Id.* at ¶¶ 12, 188, 191, 194; Opp. at 10 (emphasis added).  Judge Kallon accepted these allegations as true in ruling on the Motion to Dismiss when he fully dismissed Plaintiffs' claims based on TeamHealth's exercise of tail coverage.  *See, e.g.*, MTD Order at 30 ("[P]laintiffs claim that, although ProAssurance knew as early as 2019 that TeamHealth would not renew its policy and would exercise . . . the tail coverage option, ProAssurance waited until May 2020 to disclose this development to investors."); Opp. at 4.  Thus, there are no misstatements or omissions in the case corrected by the May 2020 disclosure, and the Class Period must end on January 22, 2020.

**B.  The May 2020 Disclosure Did Not Correct any Remaining Alleged Misstatements**

Following the MTD Order, Plaintiffs have attempted to reframe their allegations by arguing in their motion for class certification that the May 2020 disclosure "further revealed the truth about ProAssurance's undisciplined, non-conservative underwriting and reserve practices . . . by announcing that TeamHealth would exercise the tail coverage option in its policy."  Mot. at 7. This is not what they pled in their Complaint, however (*see supra* page 2; ¶¶ 12, 188, 191, 194),

and their arguments should be disregarded. *Carter v. L'Oreal USA, Inc.*, 2020 WL 1931270, at *20 (S.D. Ala. Apr. 21, 2020) ("Plaintiffs may not reframe their claim for purposes of class certification[.]"); *Junod v. NWP Servs. Co.*, 2016 WL 6306030, at *5 (C.D. Cal. July 18, 2016) ("[W]here proposed classes 'seek[] recovery on the basis of a theory not found in the operative complaint, courts generally decline to certify the class[.]'") (citing cases) (citation omitted).

Moreover, even if considered, none of Plaintiffs' arguments as to why the May 2020 disclosures were "corrective" of the remaining alleged misstatements have merit. Plaintiffs do not claim that offering tail coverage, which PRA offers on all of its claims-made policies, is inconsistent with conservative underwriting as a general matter. Thus, the mere disclosure that TeamHealth would likely exercise a generally available option to extend coverage did not "correct" any prior statements regarding PRA's conservatism. The size of the potential loss announced on May 7 is similarly not corrective. Before May 7, 2020, PRA had already disclosed that it had experienced a $44.5 million adverse development from a single "large national healthcare account." ¶ 102. Investors were on notice that the policy at issue was claims-made, and therefore would include a tail coverage option offered "at rates that are tied to expiring premiums charged"—*i.e.*, the same rates PRA had already disclosed were insufficient to protect against a $44.5 million loss. *See* Ex. 1 (2019 10-K) at 22. ████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

██████████████████████████

Plaintiffs point to Mr. Boguski's statement on May 8, 2020, describing TeamHealth as a "unique national account structure" and the fact that there were "no other structures in [PRA's]

book of business" like it, as somehow corrective of prior statements regarding PRA's "discipline." Mot. at 7–8. Plaintiffs omit that Mr. Boguski had described the TeamHealth policy using nearly identical terms months earlier on PRA's February 21, 2020 earnings call, which Plaintiffs do not claim were corrective. *See* ¶ 193 (2/21/2020 statement by Mr. Boguski that TeamHealth "was a unique structure" and "with respect to that structure, we have no others in our book of business"). Courts may consider at the class certification stage "whether the information in the alleged corrective disclosure is new," and "if it is not new then it cannot be corrective." *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *23 (S.D.N.Y. Oct. 18, 2019), *report and recommendation adopted in part*, 2020 WL 1329354 (S.D.N.Y. Mar. 23, 2020). Here, because there was nothing new about Mr. Boguski's description of TeamHealth's "unique structure," it was not a corrective disclosure. Opp. at 13. Plaintiffs have argued that the new information "was that the 'unique structure' of the TeamHealth policy caused an additional $50 million in losses" (Reply at 4). But this argument fails too. The only "new" information disclosed relates specifically to a category of alleged misstatements that is no longer at issue in this case. Plaintiffs' attempt to cobble together already disclosed information regarding TeamHealth (*i.e.*, a "unique structure") with information related to claims that have already been dismissed (*i.e.*, the exercise of a tail coverage option and its estimated cost to the Company) cannot save their claim.

### C. Judge Kallon's Discovery Ruling Does Not Compel a Different Result

Plaintiffs' argument that Judge Kallon's ruling on a discovery dispute before briefing on class certification was completed is somehow dispositive regarding this Court's decision on the appropriate Class Period is meritless. *See* ECF No. 95; Reply at 2. Judge Kallon's holding is limited to granting in part Plaintiffs' request for document discovery related to the tail coverage option. This holding is not dispositive with respect to Plaintiffs' substantive claims at class certification. *See, e.g.*, *Svistina v. Elbadramany*, 2022 WL 510519, at *2 (S.D. Fla. Oct. 5, 2022)

4

("[A] discovery order is not a dispositive matter"); *Zhou v. Gonzalez*, 2010 WL 1838426, at \*2 (N.D. Ind. May 6, 2010) ("It is difficult to decipher how a discovery order could be a controlling question of law.") (citation omitted).  Importantly, Judge Kallon stated that he had not "*at this juncture*, determined that January 22, 2020, is the end of the relevant Class Period."  ECF No. 95 at 14–15 (emphasis added).  Judge Kallon expressly refrained from addressing this issue.

## II. The Class Period Should Not Begin Until November 7, 2018, or Later Depending on Which Statements, If Any, the Court Determines Are Potentially in the Case

Class certification cannot be granted with respect to the alleged frequency misstatements because (i) individualized issues predominate with respect to Plaintiffs' frequency allegations; and (ii) Plaintiffs point to no information in the January or May 2020 disclosures that "corrected" the earlier statements regarding observed frequency trends.  *See* Defs.' Opp. Exec. Summary at 8–10. Because the first remaining alleged misstatement on August 8, 2018 relates to frequency, the Class Period start date must also be modified, and the Class Period can start no earlier than November 7, 2018, the first date on which a remaining alleged misstatement regarding PRA's conservative business practices was made.  *See* ¶ 148.  In addition, none of the remaining alleged misstatements regarding conservative business practices are actionable given the lack of price impact and the fundamental mismatch between the generic alleged misstatements and specific alleged corrective disclosures.  Opp. at 17–21.  If the Court were to alternatively find that a subset of alleged misstatements regarding conservative business practices are inactionable, the Class Period would need to be modified further at a later stage of this action.

## CONCLUSION

In the event the Court grants class certification, the Class Period should begin no earlier than November 7, 2018, and end no later than January 22, 2020.

Dated: February 3, 2023

STARNES DAVIS FLORIE LLP

/s/ *Cole R. Gresham*
Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants ProAssurance Corporation, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski.*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 3, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Steven B. Singer
Craig Corey Maider
Kyla Grant
Sara M. DiLeo
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, NY 10606

Joseph E. White, III
Lester R. Hooker
Jonathan Dov Lamet
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Bailie L. Heikkinen
Reginald E. Janvier
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432

David J. Guin
Tammy M. Stokes
Dawn Stith Evans
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL 35203

Roger H. Bedford, Jr
ROGER BEDFORD, ATTORNEY AT LAW, LLC
P.O. Box 1149
Russellville, AL  35653

{B4507576}                                        3

John T. Long
CAVANAGH & O'HARA
2319 West Jefferson Street
Springfield, IL  62702

James Bringhurst Eubank
Wilson Daniel Miles, III
Beasley Allen Law Firm
218 Commerce St.
Montgomery, AL 36104

Mason G Roth
ROBBINS GELLER RUDMAN & DOWD, LLP
120 East Palmetto Park Road
Boca Raton, FL 33432

Nathan R Lindell
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101

*/s/ Cole R. Gresham*
STARNES DAVIS FLORIE LLP

{B4507576}                                    4