FILED

2023 Feb-17  PM 03:38
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br><u>CLASS ACTION</u><br><br>LEAD PLAINTIFFS' REBUTTAL TO THE EXECUTIVE SUMMARY OF DEFENDANTS' OPPOSITION TO LEAD PLAINTIFFS' PUTATIVE CLASS PERIOD |

**[REDACTED]**

4888-0565-9473.v1

Plaintiffs respectfully submit this rebuttal to the Executive Summary of Defendants' Opposition to Lead Plaintiffs' Putative Class Period (ECF 122).[1]

## I.      THE CLASS PERIOD SHOULD END ON MAY 7, 2020

Defendants' attempt to truncate the end of the Class Period hinges on the faulty premise that the truth about the sustained misrepresentations regarding frequency and conservative practices was *fully revealed* by the January 22, 2020 corrective disclosure, such that the May Disclosures could only have corrected other dismissed statements.  However, it is black letter law that "Plaintiffs 'need not rely on a single, complete corrective disclosure; rather, it is possible to show that the truth gradually leaked out into the marketplace "through a series of partial disclosures."'" *In re Flowers Foods, Inc. Sec. Litig.*, 2018 WL 1558558, at \*18 (M.D. Ga. Mar. 23, 2018).[2]  That is exactly what Plaintiffs allege here with regard to the sustained misstatements; namely: "Defendants made no disclosures whatsoever regarding the Company's *unique and inherently risky TeamHealth policy* until almost four years later, when Defendants stunned investors through a *series of announcements* on January 20, 2020, *and May 7, 2020*."[3]  Thus, Defendants' claim that the Complaint does not allege the May Disclosures further corrected the sustained misrepresentations is inaccurate, as the Court already found.  *See* ECF 95 at 13-14 (holding May Disclosures "*do[] not bear only on the*

---

[1]      Unless otherwise noted: (i) capitalized terms have the same meanings as in the Initial Brief (ECF 79), Reply (ECF 102), and Plaintiffs' Executive Summary Regarding the Class Period for the Motion ("Plaintiffs' Class Cert Executive Summary") (ECF 119); (ii) "¶_" references are to the Complaint; (iii) all emphasis is added and citations are omitted; (iv) references to Exs. A-W refer to the Declaration of Nathan R. Lindell in Support of Executive Summary Briefs Concerning the Motion (ECF 120); and (v) references to Exs. 1-9 refer to the contemporaneously filed Declaration of Nathan R. Lindell.

[2]      *See also id.* at \*20 ("The Court finds that at least some of the alleged disclosures were 'corrective' in that they collectively revealed that Flowers' prior statements about its classification of distributors were misleading."); *Luczak v. Nat'l Beverage Corp.*, 812 F. App'x 915, 921 (11th Cir. 2020) ("A corrective disclosure can be established by a single disclosure *or a series of partial disclosures*.").

[3]      ¶6; *see also* ¶286 ("Notwithstanding the price decline following Defendants' January 22, 2020 disclosure, ProAssurance's stock price remained artificially inflated because Defendants did not reveal the entire truth regarding the massive problems associated with the 'large national healthcare account' that had driven the charges disclosed on January 22, 2020.").

*dismissed tail coverage-related claims*”); *see also* ECF 119 at 2-3.[4]

Defendants' argument highlighting Plaintiffs' allegations that other misstatements *also* were corrected by the May Disclosures is meritless, as the presence of those allegations in no way demonstrates that the May Disclosures did not *also* further correct the sustained misrepresentations.[5] As the Eleventh Circuit has held, corrective “[d]isclosures need not address the prior misstatements specifically or fact-for-fact as long as they ‘share the same subject’ as the prior misstatements.” *Flowers*, 2018 WL 1558558, at *20 (collecting cases). That requirement is easily satisfied here, as the sustained misrepresentations and the May Disclosures plainly concern the same subject:

[REDACTED]

*see also* ECF 119 at 3-4.[6] Thus, the May Disclosures further corrected Defendants' alleged misrepresentations concerning PRA's stated conservative practices by revealing significant losses caused by the very facts these misrepresentations concealed. *See, e.g.*, *FindWhat Inv. Grp. v. FindWhat.com*, 658 F.3d

---

[4]    Contrary to Defendants' assertion (ECF 122 at 4-5), Plaintiffs do not claim Judge Kallon's holding is dispositive of Plaintiffs' Motion, but only that it is dispositive of Defendants' baseless argument that “there are no misstatements or omissions in the case corrected by the May 2020 disclosure.” *Id.* at 2.

[5]    *See In re Apple Inc. Sec. Litig.*, 2022 WL 354785, at *9 (N.D. Cal. Feb. 4, 2022) (“Although the Court previously held that plaintiff failed to adequately plead a misrepresentation with respect to defendants' statements regarding the launch of Apple's then-new iPhones (the XS, XS Max, and XR), that holding does not mean that disclosures regarding reduced iPhone demand are wholly irrelevant to the remaining China-related statements.”); *see also Azar v. Grubhub, Inc.*, 2021 WL 4077327, at *5 (N.D. Ill. Sept. 7, 2021) (holding that a single disclosure corrected statements made across “seven sets of allegations”).

[6]    Moreover, the May Disclosures included commentary from Defendant Boguski expressly attributing the Team Health losses to PRA's deviation from its stated conservative practices – and were followed by analyst reports making the same connection. *See, e.g.*, ¶290 (Boguski attributing the losses to the fact that Team Health's account structure was so “unique” that there were “*no other structures in [PRA's] book of business that would even be close to the structure that was offered here*”); Ex. R (describing Team Health losses “as part of an earlier coverage package that was *inadequately priced*”); Ex. S (highlighting Team Health losses and noting “[t]he company's top-line has started to decline *reflecting management's on-going re-pricing/re-underwriting initiatives*”); *see also* ECF 119 at 2-4.

4888-0565-9473.v1

1282, 1311 n.28 (11th Cir. 2011) (disclosure corrective where, as here, "'the *subject* of the fraudulent statement or omission was the cause of the actual loss suffered'") (emphasis in original); *Plymouth Cnty. Ret. Sys. v. Patterson Cos., Inc.*, 2020 WL 5757695, at *16 (D. Minn. Sept. 28, 2020) ("Although the March 1, 2018 statement did not mention the antitrust conduct, the drop in earnings and reduction in Patterson's annual guidance revealed to the market the full impact that the antitrust conduct had had on propping up Patterson's prior earnings.") ██████████████.[7]

## II.      THE CLASS PERIOD SHOULD BEGIN ON AUGUST 8, 2018

The Class Period should begin on August 8, 2018.  Defendants' argument to the contrary is legally improper, factually inaccurate, and should be disregarded by the Court because: (i) Defendants did not assert this argument previously and are precluded from doing so at this late juncture in a reply brief;[8] (ii) the August 8, 2018 frequency misstatement should not be dismissed at this stage for the reasons set forth in Plaintiffs' previous submissions (ECF 102 at 13-15; ECF 118 at 9-10); and (iii) the Complaint alleges conservative practices misrepresentations on August 8, 2018 and September 6, 2018, for which PRA remains liable under the MTD Opinion (ECF 61).[9]

DATED:  February 17, 2023

                                    s/ DAVID J. GUIN
                                    DAVID J. GUIN

---

[7]     Defendants' other arguments fail. ECF 122 at 3-4. First, Plaintiffs do *not* allege that offering tail coverage was *per se* inconsistent with Defendants' misrepresentations; rather, as explained above, ████████████████████████████ ████████████████████████████████ *See* ECF 119 at 3-4.  Second, Defendants' argument that investors purportedly "were on notice" of the losses fails for the reasons set forth in Plaintiffs' Class Cert Executive Summary, as well as evidence confirming that investors were, in fact, surprised by the losses. *See* ECF 119 at 3 n.2; *see also* Ex. 8 ("we were *surprised* at the magnitude of the exposure"); Ex. 9 ████████████████████████ ██████████████████████

[8]     *See Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1342 (11th Cir. 2005) ("As we repeatedly have admonished, 'arguments raised for the first time in a reply brief are not properly before a reviewing court.'"); *Singleton v. Norfolk S. Ry. Co.*, 2023 WL 1768115, at *9 n.4 (N.D. Ga. Feb. 3, 2023) ("The Court declines to consider this new argument raised for the first time in a reply brief.").

[9]     *See* ¶¶141, 144; MTD Opinion at 58 (sustaining claims against PRA for its "material misstatements regarding . . . the company's commitment to conservative underwriting and reserve-setting"); *see also Pub. Emps.' Ret. Sys. of Miss. v. Mohawk Indus.*, 564 F. Supp. 3d 1272, 1303 (N.D. Ga. 2021) (imputing corporate scienter from non-defendant employee); *Knurr v. Orbital ATK Inc.*, 294 F. Supp. 3d 498, 516 (E.D. Va. 2018) (same).

- 3 -

GUIN, STOKES & EVANS, LLC
DAVID J. GUIN
TAMMY M. STOKES
DAWN STITH EVANS
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)
davidg@gseattorneys.com
tammys@gseattorneys.com
devans@gseattorneys.com

ROGER BEDFORD, ATTORNEY AT LAW, LLC
ROGER H. BEDFORD, JR.
(ASB: 3651 D60R)
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)
rogerbedfordattorneyatlawllc@gmail.com

Local Counsel for Lead Plaintiffs

ROBBINS GELLER RUDMAN
  & DOWD LLP
NATHAN R. LINDELL
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BAILIE L. HEIKKINEN
(admitted *pro hac vice*)
MASON G. ROTH
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
bheikkinen@rgrdlaw.com
mroth@rgrdlaw.com

- 4 -

SAXENA WHITE P.A.
STEVEN B. SINGER
(admitted *pro hac vice*)
SARA DILEO (admitted *pro hac vice*)
KYLA GRANT (admitted *pro hac vice*)
CRAIG MAIDER (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
sdileo@saxenawhite.com
kgrant@saxenawhite.com
cmaider@saxenawhite.com

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
(admitted *pro hac vice*)
LESTER R. HOOKER
(admitted *pro hac vice*)
JONATHAN LAMET
(admitted *pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
jwhite@saxenawhite.com
lhooker@saxenawhite.com
jlamet@saxenawhite.com

Lead Counsel for Lead Plaintiffs

CAVANAGH & O'HARA
JOHN T. LONG
(admitted *pro hac vice*)
2319 West Jefferson Street
Springfield, IL  62702
Telephone:  217/544-1771
217/544-9894 (fax)
johnlong@cavanagh-ohara.com

Additional Counsel for Lead Plaintiffs

- 5 -

4888-0565-9473.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 17, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID J. GUIN
DAVID J. GUIN

GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)

Email:  davidg@gseattorneys.com

4888-0565-9473.v1

2/17/23, 8:44 AM

Case 2:20-cv-00856-RDP   CM/ECF - U.S. District Court Northern District of Alabama   Document 135   Filed 02/17/23   Page 8 of 9

# Mailing Information for a Case 2:20-cv-00856-RDP Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Walter W Bates**
  Bbates@starneslaw.com

- **Roger H Bedford , Jr**
  rogerbedfordattorneyatlawllc@gmail.com

- **Sara M. DiLeo**
  sdileo@saxenawhite.com

- **James Bringhurst Eubank**
  James.Eubank@beasleyallen.com

- **Dawn Stith Evans**
  devans@gseattorneys.com

- **Jay M Ezelle**
  JEzelle@starneslaw.com

- **Janet A Gochman**
  jgochman@stblaw.com

- **Kyla Grant**
  Kgrant@saxenawhite.com

- **Cole Robinson Gresham**
  cgresham@starneslaw.com

- **David J Guin**
  davidg@gseattorneys.com

- **Bailie L Heikkinen**
  bheikkinen@rgrdlaw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Jonathan Dov Lamet**
  jlamet@saxenawhite.com

- **Michael R Lasserre**
  mrl@starneslaw.com

- **Nathan R Lindell**
  nlindell@rgrdlaw.com

- **John T Long**
  johnlong@cavanagh-ohara.com

- **Carl Jacob Lundqvist**
  jacob.lundqvist@stblaw.com

- **Craig Corey Maider**
  cmaider@saxenawhite.com

- **Wilson Daniel Miles , III**
  dee.miles@beasleyallen.com

- **Mason G Roth**
  mroth@rgrdlaw.com

- **Steven B Singer**
  ssinger@saxenawhite.com

- **Tammy McClendon Stokes**
  tammys@gseattorneys.com

- **Joseph E. White**
  jwhite@saxenawhite.com

- **Jonathan K Youngwood**
  jyoungwood@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)