FILED

2023 Feb-17  PM 03:48
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>  vs.<br><br>PROASSURANCE CORPORATION, W. STANCIL STARNES, EDWARD L. RAND, JR., DANA S. HENDRICKS, HOWARD H. FRIEDMAN, and MICHAEL L. BOGUSKI,<br><br>     Defendants. | Civil Action No.: 2:20-cv-00856-RDP |

**REPLY EXECUTIVE SUMMARY OF DEFENDANTS' OPPOSITION TO
<u>LEAD PLAINTIFFS' PUTATIVE CLASS PERIOD</u>**

STARNES DAVIS FLORIE LLP

Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants ProAssurance Corporation, W. Stancil Starnes, Edward L. Rand, Jr.,
Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski.*

## I. The Class Period Should End on January 22, 2020

Plaintiffs argue that the Class Period should extend to May 7, 2020, because the disclosures made on that day and the next "served to further correct the material misrepresentations upheld by the Court." Pl. CP Exec. Sum. at 1. But Plaintiffs' arguments ignore the plain language of their own pleading. The Complaint connects the purported corrective disclosures on May 7-8, 2020, exclusively to the alleged misrepresentations regarding TeamHealth's decision to purchase tail coverage, which have already been dismissed from this case. *See* ¶¶ 12, 188, 191, 194. In Plaintiffs' own words, Defendants knew by January 22, 2020, that "TeamHealth was highly unlikely to renew its policy and would instead exercise its option to purchase 'tail coverage,'" and "Defendants concealed *this* information from investors until May 7, 2020." ¶ 12; *see also* ¶¶ 102-103 ("Defendants knew that TeamHealth would almost certainly not renew the policy . . . and would instead exercise its tail coverage option. . . . Defendants did not disclose *this* fact until almost three months later, on May 7, 2020.") (emphasis added). The MTD Order expressly credited and relied on Plaintiffs' own allegations connecting the disclosures on May 7-8 with the category of dismissed claims. *See* MTD Order at 14, 30. A Class Period ending no later than January 22, 2020, is therefore the only outcome that can reconcile the allegations in the Complaint with the MTD Order. Plaintiffs' reference to the general language in a single paragraph of their Complaint, which simply, as an introduction, combines the discussion of the January and May disclosures together, does nothing to alter this conclusion. Pl. CP Exec. Sum. at 2; ¶ 6.

In an attempt to avoid this outcome, Plaintiffs advance four arguments, none of which have merit. First, they argue that the purported connection between the May disclosures and the alleged conservative misstatements is verified by evidence showing the tail coverage included the "same terms" as the TeamHealth policy and was a direct result of PRA's concealed lack of conservatism. Pl. CP Exec. Sum. at 3-4. But this contention is irrelevant. The terms of the tail were not disclosed

on May 7-8, 2020.  Instead, the alleged corrective disclosure pertained only to the likelihood that TeamHealth would instead exercise its option to purchase tail coverage.  It was this information which Plaintiffs allege PRA knew as early as January 2020 but failed to disclose (and it was this allegation that the Court dismissed as inactionable).  *See* MTD Order at 2, 57.

Second, Plaintiffs argue that Mr. Boguski confirmed the connection between the tail coverage losses and the purported conservative misstatements when, on May 8, he stated that the TeamHealth policy had a "unique structure."  Plaintiffs ignore that their Complaint does not plead this so-called connection anywhere—*i.e.*, that the unique structure statement, which was made in response to an analyst question as to whether any other such accounts existed, was in any way corrective of the alleged conservative practices misstatements.  *See, e.g.*, ¶ 290.  They also ignore that "unique structure" is the same description of the policy used by Mr. Boguski months earlier on PRA's February 21, 2020 earnings call.  ¶ 193.  That the TeamHealth policy had a unique structure was therefore not new information to investors in May 2020.  By February 21, investors also knew that the TeamHealth policy included a tail, the terms of which were tied to the policy terms that had already resulted in a loss of over $44.5 million.  Thus, to the extent there was any "new" information disclosed on either May 7 or May 8, it relates only to claims that are no longer at issue in the case, *i.e.*, that TeamHealth would exercise its right to purchase tail coverage.

Third, Plaintiffs argue that Defendants have raised "loss causation issues that cannot be resolved" on class certification.  Pl. CP Exec. Sum. at 4.  Contrary to Plaintiffs' argument, whether "information in the alleged corrective disclosure is new" is a permissible inquiry at class certification, and disclosures revealing no new information cannot be corrective.  *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2019 WL 5287980, at *23 (S.D.N.Y. Oct. 18, 2019), *report and recommendation adopted in part*, 2020 WL 1329354 (S.D.N.Y. Mar. 23, 2020); *see also In re*

*Intuitive Surgical Sec. Litig.*, 2016 WL 7425926, at \*16 (N.D. Cal. Dec. 22, 2016) (holding that alleged corrective disclosure was "not corrective of [alleged prior] misrepresentations").

Finally, Plaintiffs' reliance on Judge Kallon's discovery ruling is misplaced. This ruling is not dispositive with respect to Plaintiffs' substantive claims, and Judge Kallon expressly refrained from opining on the length of the Class Period, which this Court must consider as part of its analysis. The Court need only consider the allegations in the Complaint and the language of the MTD Order to find that the allegations Plaintiffs tie to the second alleged corrective disclosure date have been dismissed, and the Class Period (if any) must end no later than January 22, 2020.

## II. The Class Period Start Date Should Similarly Be Modified

Class certification cannot be granted with respect to the remaining alleged frequency misstatements because individualized issues predominate, and Plaintiffs have failed to identify any disclosure that "corrected" the alleged frequency misstatements. Because the first remaining alleged misstatement on August 8, 2018, relates only to frequency, at a minimum, the Class Period can start no earlier than November 7, 2018, the first date on which a remaining alleged misstatement regarding PRA's conservative business practices was made. *See* ¶ 148.[1] The Class Period (if any) must furthermore be modified to the extent the Court finds all or certain of the alleged conservative practices misstatements inactionable. *See* Defs.' CP Exec. Sum. at 5.

### CONCLUSION

Any Class Period should begin no earlier than November 7, 2018, and end no later than January 22, 2020.

---

[1] On February 10, 2023, Plaintiffs submitted interrogatory responses identifying additional alleged misstatements on August 8, 2018, that they contend remain at issue in the action. Because these statements were either expressly dismissed in the MTD Order or are not even pled in the Complaint, they do not alter this Court's analysis and the import of finding in Defendants' favor with respect to the alleged frequency misstatement by Mr. Friedman on that date.

Dated: February 17, 2023

STARNES DAVIS FLORIE LLP

/s/ *Cole R. Gresham*
Walter W. Bates (ASB-7202-E49W)
Jay M. Ezelle (ASB-4744-Z72J)
Cole R. Gresham (ASB-8993-L74G)
Michael R. Lasserre (ASB-2144-Y61G)
100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL 35259-8512
wwb@starneslaw.com
jme@starneslaw.com
crg@starneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP

Jonathan K. Youngwood (*pro hac vice*)
Janet A. Gochman (*pro hac vice*)
Jacob Lundqvist (*pro hac vice*)
425 Lexington Avenue
New York, NY 10017
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

*Attorneys for Defendants ProAssurance
Corporation, W. Stancil Starnes, Edward L. Rand,
Jr., Dana S. Hendricks, Howard H. Friedman, and
Michael L. Boguski.*

4

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following attorneys of record:

Steven B. Singer
Craig Corey Maider
Kyla Grant
Sara M. DiLeo
SAXENA WHITE P.A.
10 Bank Street, 8th Floor
White Plains, NY 10606

Joseph E. White, III
Lester R. Hooker
Jonathan Dov Lamet
SAXENA WHITE P.A.
7777 Glades Road, Suite 300
Boca Raton, FL 33434

Bailie L. Heikkinen
Reginald E. Janvier
ROBBINS GELLER RUDMAN & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432

David J. Guin
Tammy M. Stokes
Dawn Stith Evans
GUIN, STOKES & EVANS, LLC
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL 35203

Roger H. Bedford, Jr
ROGER BEDFORD, ATTORNEY AT LAW, LLC
P.O. Box 1149
Russellville, AL  35653

John T. Long
CAVANAGH & O'HARA
2319 West Jefferson Street
Springfield, IL  62702

James Bringhurst Eubank

Wilson Daniel Miles, III
Beasley Allen Law Firm
218 Commerce St.
Montgomery, AL 36104

Mason G Roth
ROBBINS GELLER RUDMAN & DOWD, LLP
120 East Palmetto Park Road
Boca Raton, FL 33432

Nathan R Lindell
ROBBINS GELLER RUDMAN & DOWD LLP
655 W Broadway, Suite 1900
San Diego, CA 92101

*/s/ Cole R. Gresham*
STARNES DAVIS FLORIE LLP

{B4507576}

6