FILED
2023 Jun-22  AM 11:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | [PROPOSED] ORDER GRANTING |
| vs. | ) ) | PRELIMINARY APPROVAL OF SETTLEMENT PURSUANT TO FED. R. |
| PROASSURANCE CORPORATION, et al., | ) ) | CIV. P. 23(E)(1) AND PERMITTING NOTICE TO THE SETTLEMENT CLASS |
| Defendants. | ) ) | |

WHEREAS, the above-captioned action (the "Litigation") is pending before this Court;

WHEREAS, the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") was filed in the Litigation on March 26, 2021;

WHEREAS, Defendants expressly have denied, and continue to deny, all allegations made against them in the Litigation, including that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws and have agreed to the Stipulation of Settlement solely to eliminate the burden, expense, and uncertainty of further protracted litigation;[1]

WHEREAS, Lead Plaintiffs have made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated June 22, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein;

WHEREAS, the Settling Parties have consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto.

---

[1]    This Order incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired ProAssurance Corporation common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

3.      The Court preliminarily finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association are preliminarily certified as Settlement Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Saxena White P.A., are preliminarily certified as Class Counsel.

5.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations between experienced counsel overseen by an experienced mediator; (ii) it falls within a range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; and (iv) it warrants notice of the proposed Settlement to the Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

6.    A hearing shall be held before this Court on _____, 2023, at _____ .m. (the "Settlement Hearing"), at the United States District Court for the Northern District of Alabama, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (b) determine whether a Judgment, as defined in ¶1.15 of the Stipulation, should be entered, dismissing the Consolidated Complaint on the merits and with prejudice, and to determine whether the release by the Releasing Plaintiff Parties of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement; (c) determine whether the proposed Plan of Allocation should be approved; (d) consider the Fee and Expense Application; (e) determine any awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Settlement Class Members to the Settlement or Plan of Allocation, awards to Lead Plaintiffs, or to the Fee and Expense Application; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the

- 3 -

Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.    The Court approves the form and content of the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release, Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively.

8.    The firm of Gilardi & Co. LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.    Within ten (10) calendar days after entry of this Order, ProAssurance shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names, addresses, and email addresses if available, of record holders of ProAssurance common stock during the Class Period, as set forth in the records of its transfer agent.  This information will be kept confidential and will not be used for any purpose other than to provide the notice contemplated by this Order.

10.    Not later than _____, 2023 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit A-4, to be emailed or mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and for the Notice and Proof of Claim and Release form to be posted on the case-designated website, www.ProAssuranceSecuritiesSettlement.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

11.    Not later than _____, 2023 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

- 4 -

12.     At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13.     The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired ProAssurance common stock during the Class Period (between August 8, 2018 and May 7, 2020, inclusive) as record owners but not as beneficial owners.  Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Postcard Notice, to either forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names, addresses, and email addresses if available, of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners.  Nominee purchasers who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice, the Notice, and Proof of Claim and Release form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice, the Notice, and Proof of Claim and Release to beneficial owners.  Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

14.     The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable laws and rules, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     All fees, costs, and expenses incurred in identifying and notifying Members of the Settlement Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility, liability, or obligation for such fees, costs, or expenses. Notwithstanding the foregoing, ProAssurance shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Settlement Class pursuant to the Stipulation, as set forth in paragraph 9 herein.

16.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein), whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

17.     Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 2023 (a date ninety (90) calendar days from the Notice Date). Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and the Judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the

Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

18.     Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice.  If any Member of the Settlement Class does not enter an appearance, they will be represented by Lead Counsel.

19.     Any Member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Exclusion Request") such that it is postmarked no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  An Exclusion Request must be signed and provide:  (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of ProAssurance common stock that the Person purchased or otherwise acquired and sold for each such purchase, acquisition, and sale during the Class Period; and (iii) a statement that the Person "requests exclusion from the Settlement Class in the *ProAssurance Securities Settlement*."  The Exclusion Request shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the Court.  All Persons who submit valid and timely Exclusion Requests in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation or Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.  Unless otherwise ordered by the Court, any Person who purchased ProAssurance common stock during the Class Period who fails to timely and validly request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class.

20.    Lead Counsel shall provide or cause to be provided to Defendants' Counsel copies of all Exclusion Requests, whether timely and proper or not, and any written revocation of any Exclusion Requests, as expeditiously as possible, but in no event later than five (5) calendar days of receipt thereof, and not later than fourteen (14) calendar days before the Settlement Hearing.

21.    Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may appear at the Settlement Hearing and object if he, she, it, or they has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or to Lead Plaintiffs; provided that any such Settlement Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Northern District of Alabama and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Saxena White, P.A., Lester R. Hooker, 7777 Glades Road, Suite 300, Boca Raton, FL 33434, and Starnes Davies Florie LLP, Walter W. Bates, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209 and Simpson Thacher & Bartlett LLP, Jonathan K. Youngwood, 425 Lexington Avenue, New York, NY 10017, so that they are received no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Member of the Settlement Class who does not make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of fees, costs, charges, and expenses to Lead Counsel or to the awards to Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees,

- 8 -

costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.     Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, other acquisitions, and/or sales of ProAssurance common stock during the Class Period, including the dates and number of shares for each purchase, other acquisition, and/or sale; and (iv) identify all settlements to which the objector and/or its counsel has filed an objection in the past three (3) years.

23.     Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

24.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than _____, 2023 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2023 (a date that is seven (7) calendar days prior to the Settlement Hearing).

26.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses or awards to Lead Plaintiffs, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to

terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

27.     At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses or awards to Lead Plaintiffs.

28.     All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

29.     This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any Person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

- 11 -

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the Released Plaintiffs' Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

31.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

32.     If the Stipulation or Settlement fails to become Effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence in this Litigation or used in any other actions or proceedings for any purpose, by any person or entity against any of the Settling Parties, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  In any such event, the

Settling Parties shall be deemed to have reverted to their respective litigation positions as of March 29, 2023.

IT IS SO ORDERED.

DATED: _____    _____
THE HONORABLE R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

# EXHIBIT A-1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | NOTICE OF PENDENCY AND PROPOSED |
| | ) | SETTLEMENT OF CLASS ACTION |
| vs. | ) | |
| | ) | EXHIBIT A-1 |
| PROASSURANCE CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**TO:    ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE CORPORATION ("PROASSURANCE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.  YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION.  PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE.  TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE [ADD]**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Alabama (the "Court").  The purpose of this Notice is to inform you of the pendency of the above-captioned putative class action (the "Litigation") between Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association, on behalf of themselves and all others similarly situated, and Defendants ProAssurance, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski; the proposed $28,000,000 cash settlement of the Litigation, to be paid by or caused to be paid by the Company (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses.  This Notice describes what steps you may take in relation to the Settlement and this Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants.  Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation.  This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

---

[1]    All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated June 22, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.ProAssuranceSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement.  **Proof of Claim forms must be postmarked or submitted online on or before [___], 2023.** |
| **EXCLUDE YOURSELF** | Get no payment.  This is the only option that *potentially* allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties (as defined below) about the legal claims being resolved by this Settlement.  Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose.  **Exclusions must be *postmarked* on or before [ADD], 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses.  You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before [ADD], 2023.  If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON _____, 2023** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before [ADD], 2023.** |
| **DO NOTHING** | Receive no payment.  You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

**Statement of Settlement Class Recovery**

Pursuant to the Settlement described herein, a $28,000,000 settlement fund has been established.  Based on Lead Plaintiffs' estimate of the number of shares of ProAssurance common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $1.84 before deduction of any Taxes or Tax Expenses on the income earned on the Settlement Amount thereof, Notice and Administration Expenses, and any Court-awarded attorneys' fees, expenses, and interest thereon as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.**  A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claim as compared to the total Claims of all Settlement Class Members who submit acceptable Proofs of Claim.  An individual Settlement Class Member may receive more or less than

- 2 -

this estimated average amount. *See* Plan of Allocation set forth and discussed at pages ___ below for more information on the calculation of your claim.

## Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that this Litigation could proceed as a class action, deny that they are liable to the Settlement Class, and deny that the Settlement Class has suffered any injury or damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Lead Plaintiffs have satisfied their burden under the Federal Rules of Civil Procedure for certifying the proposed class and representing that class as Lead Plaintiffs; (2) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other law; (3) whether Defendants have valid defenses to any such claims of liability; (4) the appropriate economic model for determining the amount by which the prices of ProAssurance common stock were allegedly artificially inflated (if at all) during the putative Class Period; (5) the amount, if any, by which the prices of ProAssurance common stock were allegedly artificially inflated (if at all) during the putative Class Period; (6) the effect of various market forces on the prices of ProAssurance common stock at various times during the putative Class Period; (7) the extent to which external factors impacted the prices of ProAssurance common stock at various times during the putative Class Period; (8) the extent to which the various statements that Lead Plaintiffs alleged were materially false or misleading impacted (if at all) the prices of ProAssurance common stock at various times during the putative Class Period; and (9) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted impacted (if at all) the prices of ProAssurance common stock at various times during the putative Class Period.

## Statement of Attorneys' Fees and Expenses Sought

Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation on the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount, plus expenses not to exceed $1,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may apply for reimbursement of their costs and expenses directly related to their representation of the Settlement Class in an aggregate amount not to exceed $22,000.00. If the amounts requested are approved by the Court, the average cost per share of ProAssurance common stock will be approximately $0.71.

## Further Information

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at _____, or visit the website www.ProAssuranceSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com or Lester R.

- 3 -

Hooker, Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, 561-394-3399, lhooker@saxenawhite.com, www.saxenawhite.com.

**Please Do Not Call the Court, Defendants, or Defendants' Counsel with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery – or, indeed, no recovery at all – might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further continuation of this Litigation could be protracted and unnecessarily costly.

## BASIC INFORMATION

| **1.    Why did I get this Notice package?** |
| --- |

This Notice is provided pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired ProAssurance common stock during the period between August 8, 2018 and May 7, 2020, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Northern District of Alabama, and the case is known as *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856. The case has been assigned to the Honorable R. David Proctor. The institutions representing the Settlement Class are the Lead Plaintiffs, and the Company and individuals they sued and who have now settled are called the Defendants.

| **2.    What is this lawsuit about?** |
| --- |

On March 26, 2021, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). The Consolidated Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act. Lead Plaintiffs allege that, during the Class Period (August 8, 2018 through May 7, 2020, inclusive), Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with

- 4 -

an undisclosed insurance policy issued to a large national account and the amount of loss reserves ProAssurance maintained for the large national account. Lead Plaintiffs allege that, as a result of Defendants' purported misrepresentations and/or omissions, the price of ProAssurance's common stock was artificially inflated during the Class Period.

On May 18, 2021, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). Lead Plaintiffs filed their opposition to the motion on June 30, 2021. Defendants filed their reply in support of the motion to dismiss on July 28, 2021. On December 10, 2021, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. The Court dismissed all Section 10(b) and Rule 10b-5 claims against Mr. Starnes, Mr. Rand and Ms. Hendricks and dismissed certain categories of alleged misstatements against all Defendants, including allegations that ProAssurance's loss reserves were materially misleading and that Defendants failed to disclose the likelihood that the large national account would elect not to renew its policy and instead purchase an extended reporting endorsement or "tail" coverage available under the policy. Defendants answered the Consolidated Complaint on January 24, 2022, denying all material allegations and asserting multiple defenses.

Lead Plaintiffs served over 45 requests for production of documents to Defendants, and Defendants, on a rolling basis, produced more than 169,800 documents (encompassing over 1,643,000 pages) from over 30 custodians, which were reviewed and analyzed by Lead Plaintiffs. In addition, Lead Plaintiffs served three sets of interrogatories, numbered as 35 separate interrogatories, and Defendants provided objections and responses thereto. The Settling Parties served subpoenas on 19 third parties, which collectively produced more than 154,700 documents totaling over 1,198,900 pages. Lead Plaintiffs produced over 465 documents totaling 15,700 pages and provided responses to Defendants' 29 document requests and 16 interrogatories. Each of Lead Plaintiffs and Defendants also provided deposition testimony. The Settling Parties also participated in numerous meet and confer discussions to address discovery issues, litigated discovery disputes before the Court, and conducted 19 expert and fact witness depositions.

On April 1, 2022, Lead Plaintiffs filed a motion for class certification. Defendants filed an opposition to the motion for class certification on June 17, 2022. Lead Plaintiffs filed their reply in support of class certification on August 19, 2022. Pursuant to an order by the Court, the Settling Parties filed supplemental briefs regarding class certification on February 3 and 17, 2023. Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached an agreement in principle to settle the Litigation.

On November 29, 2022, the Settling Parties participated in a formal, full-day in-person mediation with David Murphy of Phillips ADR Enterprises. The mediation session involved the Settling Parties' submission of confidential opening and reply mediation statements and exhibits and detailed presentations. While a settlement was not reached during the November 29, 2022 mediation session, the Settling Parties continued their good-faith efforts to resolve the case following the in-person mediation. On March 24, 2023, Mr. Murphy made a mediator's recommendation to settle the case for $28,000,000, which the Settling Parties accepted on March 29, 2023. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $28 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that are or could have been in dispute between the Settling Parties.

Defendants have denied, and continue to deny, that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws.  Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants continue to believe that all claims asserted against them in the Litigation are without merit.  Among other things, Defendants specifically deny that they made any false or misleading statements or omissions.  Defendants also deny that ProAssurance, or any of the Individual Defendants, acted with the requisite intent to commit a violation of the federal securities laws or any other law.  Defendants further deny that the price of ProAssurance common stock was artificially inflated during the putative Class Period; that any Settlement Class Member has suffered any damages; or that the financial losses of any Settlement Class Member were caused by the revelation of any information that Defendants had allegedly previously not disclosed or misrepresented.  Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims that were raised or could have been raised in the Litigation.

| 3. | Why is there a settlement? |
|---|---|

The Court has not decided in favor of the Lead Plaintiffs or Defendants.  Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

WHO IS IN THE SETTLEMENT

| 4. | How do I know if I am a Member of the Settlement Class? |
|---|---|

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note**:  Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement.  If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before **[___]**.

| 5. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help.  You can contact the Claims Administrator toll-free at _____, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify.  You may also submit the Proof of Claim online via the settlement website:  www.ProAssuranceSecuritiesSettlement.com.

### THE SETTLEMENT BENEFITS – WHAT YOU GET

| 6. | What does the Settlement provide? |
|---|---|

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation with prejudice, ProAssurance will pay or cause to be paid $28,000,000 in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and any Court-approved attorneys' fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation.  The Plan of Allocation is described in more detail at the end of this Notice.

| 7. | How much will my payment be? |
|---|---|

Your share of the Net Settlement Fund will depend on several things, including the total value of ProAssurance common shares represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

### HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

| 8. | How can I get a payment? |
|---|---|

To be eligible to receive a payment from the Settlement, you must timely complete and submit a Proof of Claim form.  A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.ProAssuranceSecuritiesSettlement.com.  Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than [ADD]**.  The Proof of Claim form may be submitted online at www.ProAssuranceSecuritiesSettlement.com.  If you do not submit a timely Proof of Claim form with the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described below, you will still be bound by the Settlement, the Judgment, and the releases contained therein.

| 9. | When would I get my payment? |
|---|---|

**The Court will hold a Settlement Hearing on [ADD] at [ADD]**, to decide whether to approve the Settlement.  If the Court approves the Settlement, there might be appeals.  It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them.  It also takes time for all the Proofs of Claim to be processed.  Please be patient.

| 10. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or

their Related Parties about the Released Plaintiffs' Claims (as defined below) in this case.  It also means that all of the Court's orders will apply to you and legally bind you.  If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins.  First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

- "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties.  The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

- "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants.  Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.  For the avoidance of doubt, Released Defendants' Claims does not

modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

• "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

• "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

• "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all

- 9 -

Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the

- 10 -

future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

| 11. | How do I get out of the Settlement Class and the proposed Settlement? |
|---|---|

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *ProAssurance Securities Settlement*." Your letter must include a list identifying the dates and the number of shares of ProAssurance common stock that you purchased or otherwise acquired and sold for each such purchase, other acquisition, and sale during the Class Period. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is *postmarked* **no later than [ADD]** to:

ProAssurance Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

Your request for exclusion shall not be valid and effective unless it provides all the information called for in this Section 11 and is postmarked within the time stated above, or is otherwise accepted by the Court.

| 12. | If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If

- 11 -

you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately.  You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit against any of the Released Defendant Parties regarding any Released Plaintiffs' Claims.  Remember, the exclusion deadline is [____].

| 13. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No.  If you exclude yourself, you should not send in a Proof of Claim to ask for any money.  But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

| 14. | Do I have a lawyer in this case? |
|---|---|

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A. represent the Settlement Class Members, including you.  Robbins Geller and Saxena White are called Lead Counsel.  If you want to be represented by your own lawyer, you may hire one at your own expense.

| 15. | How will the lawyers be paid? |
|---|---|

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,500,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund.  In addition, Lead Plaintiffs may seek up to $22,000 in the aggregate as reimbursement for costs and expenses directly related to their representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4).  Any such sums, as may be approved by the Court, will be paid from the Settlement Fund.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or any part of it.

| 16. | How do I tell the Court that I object to the proposed Settlement? |
|---|---|

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application.  You can write to the Court setting out your comment or objection.  The Court will consider your views.  To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *ProAssurance Securities Settlement*, Case No. 2:20-cv-00856.  Include your name, address, email address, telephone number, and your signature, identify the date(s) and number of shares of ProAssurance common stock you purchased or otherwise acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection.  Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class.  You must also include copies of documents demonstrating your purchase(s), or otherwise acquired, and/or sale(s) of ProAssurance common stock during the Class Period, and the objection

must be signed by the objector, even if the objector is represented by counsel.  The objection must also identify all settlements to which you or your counsel have objected during the past three years. Your comments or objection must be filed with the Court and mailed to each of the following addresses such that it is *received* **no later than [ADD]:**

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| OFFICE OF THE CLERK UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF ALABAMA Hugo L. Black  U.S. Courthouse 1729 5th Avenue North Birmingham, AL  35203 | ROBBINS GELLER RUDMAN & DOWD LLP Ellen Gusikoff Stewart 655 West Broadway, Suite 1900 San Diego, CA  92101  SAXENA WHITE P.A. Lester R. Hooker 7777 Glades Road, Suite 300 Boca Raton, FL  33434 | STARNES DAVIS  FLORIE LLP Walter W. Bates Jay M. Ezelle 100 Brookwood Place, 7th Floor Birmingham, AL  35209  SIMPSON THACHER &  BARTLETT LLP Jonathan K. Youngwood 425 Lexington Avenue New York, NY  10017 |

**17.    What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties.  If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement.  You may attend and you may ask to speak, but you do not have to.

**18.    When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **[ADD]**, on **[ADD]**, before Judge R. David Proctor, at the United States District Court for the Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203.  At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate.  If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs.  After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation.  We do not know how long these decisions will take.  You should be aware that the Court may change the date and time of the

- 13 -

Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.ProAssuranceSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ProAssuranceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com.**

| 19. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

| 20. | May I speak at the hearing? |
|---|---|

If you object to the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *ProAssurance Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be *received* **no later than [ADD]**, and addressed to the Office of the Clerk, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

| 21. | What happens if I do nothing? |
|---|---|

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of

any other lawsuit against Defendants or any of their Related Parties about the Released Plaintiffs' Claims in this case.

## GETTING MORE INFORMATION

| 22. | How do I get more information? |
|-----|--------------------------------|

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at _____.    Reference is also made to the Settlement Agreement, to the filings in support of the Settlement, to the Orders entered by the Court and to the other Settlement related papers filed in the Litigation, which are posted on the Settlement website at www.ProAssuranceSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Alabama, during regular business hours.  For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND
## AMONG SETTLEMENT CLASS MEMBERS

| 23. | How will my claim be calculated? |
|-----|----------------------------------|

1. As discussed above, the Settlement provides $28,000,000 in cash for the benefit of the Settlement Class.  The Settlement Amount and any interest and accretions thereto constitute the "Settlement Fund."  The Settlement Fund, less (a) any Court-awarded attorneys' fees, expenses, and interest thereon, (b) Notice and Administration Expenses, (c) Settlement Fund Taxes and Tax Expenses, and (d) other Court-approved deductions is the "Net Settlement Fund."  If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants – Members of the Settlement Class who submit a valid Proof of Claim form to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund – in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve.  Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement.  The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class.  Any order modifying the Plan of Allocation will be posted on the Settlement website: www.ProAssuranceSecuritiesSettlement.com.

2. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing.  The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial.  Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement.  The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3. The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert.  In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of ProAssurance common

- 15 -

stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in ProAssurance common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

4.      In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiffs allege that corrective information (referred to as a "corrective disclosure") was released to the market on January 22, 2020, after the market close, and May 7, 2020, after the market close.

5.      In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of ProAssurance common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one alleged corrective disclosure.[2]

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

6.      Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or other acquisition of ProAssurance common stock during the Class Period that is listed on the Proof of Claim form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

7.      For each share of ProAssurance common stock purchased or otherwise acquired from August 8, 2018 through May 7, 2020, inclusive, and:

(a)      Sold prior to January 23, 2020, the Recognized Loss Amount will be $0.00;

(b)      Sold from January 23, 2020 through May 7, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase or acquisition price minus the sale price;

(c)      Sold from May 8, 2020 through and including the close of trading on August 5, 2020, the Recognized Loss Amount will be *the least of*: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), (ii) the purchase or acquisition price minus the sale price, or (iii) the purchase or acquisition price minus the average closing price between May 8, 2020 and the date of sale as stated in Table 2 below; and

(d)      Held as of the close of trading on August 5, 2020, the Recognized Loss Amount will be *the lesser of*: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase or acquisition price minus $14.57, the average

---

[2]      Any transactions in ProAssurance common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

closing price for ProAssurance common stock between May 8, 2020 and August 5, 2020 (the last entry in Table 2 below).[3]

### ADDITIONAL PROVISIONS

8.      The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

9.      If a Settlement Class Member has more than one purchase, other acquisition, or sale of ProAssurance common stock, purchases, other acquisitions and sales will be matched on a First In, First Out ("FIFO") basis.  Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases and other acquisitions in chronological order, beginning with the earliest purchase or other acquisition made during the Class Period.

10.     A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

11.     The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims.  Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.  If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12.     Purchases, other acquisitions, and sales of ProAssurance common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date.  The receipt or grant by gift, inheritance, or operation of law of ProAssurance common stock during the Class Period will not be deemed a purchase, other acquisition, or sale of ProAssurance common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase or other acquisition of ProAssurance common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

---

[3]    Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market."  Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ProAssurance common stock during the 90-day look-back period.  The mean (average) closing price for ProAssurance common stock during this 90-day look-back period was $14.57.

13.     The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of the ProAssurance common stock.  The date of a "short sale" is deemed to be the date of sale of ProAssurance common stock.  Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero.  In the event that a claimant has an opening short position in ProAssurance common stock, his, her, or its earliest Class Period purchases or other acquisitions of ProAssurance common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

14.     Option contracts are not securities eligible to participate in the Settlement.  With respect to ProAssurance common stock purchased, otherwise acquired, or sold through the exercise of an option, the purchase/sale date of the ProAssurance common stock is the exercise date of the option, and the purchase/sale price of the ProAssurance common stock is the exercise price of the option.

15.     If a claimant had a market gain with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period, the value of the claimant's Recognized Claim will be zero.  If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss.  For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6]  This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period.

16.     After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks.  To the extent any monies remain in the fund a reasonable time period after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial

---

[4]     The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for ProAssurance common stock purchased or otherwise acquired during the Class Period.

[5]     The Claims Administrator will match any sales of ProAssurance common stock from the start of the Class Period through and including the close of trading on May 7, 2020 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding commissions and other charges) for the remaining sales of ProAssurance common stock sold from the start of the Class Period through and including the close of trading on May 7, 2020 will be the "Total Sales Proceeds."

[6]     The Claims Administrator will ascribe a value of $15.95 per share for ProAssurance common stock purchased during the Class Period and still held as of the close of trading on May 8, 2020 (the "Holding Value").

distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, nonprofit charitable organization(s), to be selected by Lead Counsel.

17.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim form or nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties); or any losses incurred in connection therewith.

18.    The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

19.    Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim form.

## TABLE 1

### Decline in Alleged Artificial Inflation Per Share by Date of Purchase or Other Acquisition and Date of Sale

| Purchase Date | Sale Date | | |
|---|---|---|---|
| | 8/8/2018-1/21/2020 | 1/22/2020-5/7/2020 | Sold on or Retained Beyond 5/8/2020 |
| 8/8/2018-1/21/2020 | $0.00 | $3.95 | $8.56 |
| 1/22/2020-5/7/2020 | | $0.00 | $4.61 |
| Purchased on or after 5/8/2020 | | | $0.00 |

## TABLE 2

### ProAssurance Closing Price and Average Closing Price

| Date | Closing Price | Average Closing Price Between 8 May 2020 and Date Shown | Date | Closing Price | Average Closing Price Between 8 May 2020 and Date Shown |
|---|---|---|---|---|---|
| 5/8/2020 | $15.95 | $15.95 | 6/23/2020 | $13.87 | $14.47 |
| 5/11/2020 | $16.20 | $16.08 | 6/24/2020 | $13.25 | $14.44 |
| 5/12/2020 | $15.15 | $15.77 | 6/25/2020 | $13.93 | $14.42 |
| 5/13/2020 | $13.55 | $15.21 | 6/26/2020 | $13.32 | $14.39 |
| 5/14/2020 | $13.10 | $14.79 | 6/29/2020 | $14.24 | $14.39 |
| 5/15/2020 | $13.34 | $14.55 | 6/30/2020 | $14.47 | $14.39 |
| 5/18/2020 | $14.14 | $14.49 | 7/1/2020 | $13.68 | $14.37 |
| 5/19/2020 | $13.18 | $14.33 | 7/2/2020 | $13.99 | $14.36 |
| 5/20/2020 | $14.21 | $14.31 | 7/6/2020 | $14.07 | $14.35 |
| 5/21/2020 | $14.17 | $14.30 | 7/7/2020 | $13.49 | $14.33 |
| 5/22/2020 | $14.05 | $14.28 | 7/8/2020 | $13.64 | $14.31 |
| 5/26/2020 | $14.37 | $14.28 | 7/9/2020 | $14.42 | $14.32 |
| 5/27/2020 | $15.02 | $14.34 | 7/10/2020 | $14.46 | $14.32 |
| 5/28/2020 | $14.37 | $14.34 | 7/13/2020 | $14.96 | $14.33 |
| 5/29/2020 | $13.80 | $14.31 | 7/14/2020 | $15.37 | $14.36 |
| 6/1/2020 | $13.64 | $14.27 | 7/15/2020 | $15.96 | $14.39 |
| 6/2/2020 | $14.44 | $14.28 | 7/16/2020 | $15.84 | $14.42 |
| 6/3/2020 | $15.51 | $14.34 | 7/17/2020 | $15.62 | $14.45 |
| 6/4/2020 | $14.59 | $14.36 | 7/20/2020 | $15.03 | $14.46 |
| 6/5/2020 | $16.14 | $14.45 | 7/21/2020 | $15.94 | $14.49 |
| 6/8/2020 | $16.89 | $14.56 | 7/22/2020 | $15.52 | $14.51 |
| 6/9/2020 | $16.11 | $14.63 | 7/23/2020 | $15.75 | $14.53 |
| 6/10/2020 | $15.43 | $14.67 | 7/24/2020 | $15.49 | $14.55 |
| 6/11/2020 | $13.89 | $14.64 | 7/27/2020 | $15.10 | $14.56 |
| 6/12/2020 | $14.19 | $14.62 | 7/28/2020 | $14.84 | $14.56 |
| 6/15/2020 | $14.06 | $14.60 | 7/29/2020 | $15.08 | $14.57 |
| 6/16/2020 | $14.48 | $14.59 | 7/30/2020 | $14.68 | $14.57 |
| 6/17/2020 | $13.90 | $14.57 | 7/31/2020 | $14.70 | $14.58 |
| 6/18/2020 | $14.21 | $14.55 | 8/3/2020 | $14.42 | $14.57 |
| 6/19/2020 | $13.84 | $14.53 | 8/4/2020 | $13.97 | $14.56 |
| 6/22/2020 | $13.35 | $14.49 | 8/5/2020 | $14.87 | $14.57 |

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

Nominees who purchased or otherwise acquired ProAssurance common stock for beneficial owners who are Settlement Class Members are directed to: (i) request within ten (10) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Postcard Notice. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within ten (10) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund. Copies of this Notice may also be obtained by calling toll-free at 1-___-___-____, and may be downloaded from the Settlement website, www.ProAssuranceSecuritiesSettlement.com.

ProAssurance Securities Settlement
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____

DATED: _____          _____
                                   BY ORDER OF THE COURT
                                   UNITED STATES DISTRICT COURT
                                   NORTHERN DISTRICT OF ALABAMA

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | PROOF OF CLAIM AND RELEASE |
| vs. | ) ) | EXHIBIT A-2 |
| PROASSURANCE CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

## I.   GENERAL INSTRUCTIONS

1.      To recover as a Member of the Settlement Class based on your claims in the action entitled *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856 (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.      Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.      YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN [ADD], TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____
Online Submissions: www.ProAssuranceSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel.

Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

---

[1]   This Proof of Claim incorporates by reference the definitions and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 22, 2023 ("Stipulation"), which can be obtained at www.ProAssuranceSecuritiesSettlement.com.

- 1 -

4.      If you are a Member of the Settlement Class and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the proposed Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated herein by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.     CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired ProAssurance Corporation ("ProAssurance") common stock during the period between August 8, 2018 and May 7, 2020, inclusive (the "Class Period"), and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the ProAssurance common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PROASSURANCE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation

- 3 -

with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically,  you  must  contact  the  Claims  Administrator  at info@ProAssuranceSecuritiesSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in ProAssurance Common Stock," to supply all required details of your transaction(s) in ProAssurance common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

Please note that only the publicly traded shares of ProAssurance common stock purchased or otherwise acquired during the Class Period (*i.e.*, between August 8, 2018 and May 7, 2020, both dates inclusive) are eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of ProAssurance common stock during the period from August 8, 2018 through and including the close of trading on August 5, 2020, will be used for purposes of calculating loss amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided.  **Failure to report all**

**transaction and holding information during the requested time period may result in the rejection of your claim.**

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of ProAssurance common stock, and the date of a "short sale" is deemed to be the date of sale of ProAssurance common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in ProAssurance common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, its, or their, *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*

Case No. 2:20-cv-00856

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

**[ADD]**

Please Type or Print

- 5 -

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PROASSURANCE COMMON STOCK.   FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

```
┌─ PART I: CLAIMANT IDENTIFICATION ─────────────────────────────┐
│ Last Name                                M.I.   First Name      │
│ [                        ]               [  ]   [            ]   │
│ Last Name (Co-Beneficial Owner)          M.I.   First Name (Co-Beneficial Owner) │
│ [                        ]               [  ]   [            ]   │
│ ○ IRA    ○ Joint Tenancy   ○ Employee   ○ Individual   ○ Other_____ │
│                                                        (specify)  │
│ Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA │
│ [                                                            ]   │
│ Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above) │
│ [                                                            ]   │
│ Account#/Fund# (Not Necessary for Individual Filers)          │
│ [                                                            ]   │
└───────────────────────────────────────────────────────────────┘

LAST 4 DIGITS OF                      Taxpayer Identification Number
SOCIAL SECURITY NUMBER [       ]  or  [  ] — [         ]
Telephone Number (Primary Daytime)    Telephone Number (Alternate)
[    ] — [    ] — [        ]           [    ] — [    ] — [        ]
Email Address
[                                                              ]

┌─ MAILING INFORMATION ─────────────────────────────────────────┐
│ Address                                                        │
│ [                                                          ]    │
│ Address                                                        │
│ [                                                          ]    │
│ City                              State   Zip Code            │
│ [                          ]      [    ]  [          ]        │
│ Foreign Province      Foreign Postal Code   Foreign Country Name/Abbreviation │
│ [            ]         [            ]        [            ]    │
└───────────────────────────────────────────────────────────────┘
```

PART II:    SCHEDULE OF TRANSACTIONS IN PROASSURANCE COMMON STOCK

    A.    Number of shares of ProAssurance common stock held at the opening of trading on August 8, 2018 (must be documented).  If none, write "zero" or "0.":

Proof Enclosed?
[                ]   ○ Y
                ○ N

    B.    Purchases or other acquisitions of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acqusition Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |

- 6 -

3._____    3._____    3._____

C.    Sales of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M   D D   Y Y Y Y | | | |
| 1. ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 2. ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 3. ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |
| 4. ☐☐/☐☐/☐☐☐☐ | ☐☐☐☐☐☐☐☐ | $ ☐☐☐☐☐☐☐☐☐☐ . 0 0 | ○ Y ○ N |

D.    Number of shares of ProAssurance common stock held at the close of trading on May 7, 2020 (must be documented).  If none, write "zero" or "0.":

Proof Enclosed?
☐☐☐☐☐☐☐☐    ○ Y
             ○ N

E.    Number of shares of ProAssurance common stock held at the close of trading on August 5, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?
☐☐☐☐☐☐☐☐    ○ Y
             ○ N

F.    If you require additional space, attach extra schedules in the same format as above.

Sign and print your name and the last four digits of your social security/taxpayer identification number on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

**IV.    SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.

I (We) also submit to the jurisdiction of the United States District Court for the Northern District of

- 7 -

Alabama with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or other acquisition of ProAssurance common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.    RELEASES

1.    Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.2-4.4 of the Stipulation.

2.    "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

3.    "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former

employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4.      "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties.  The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

5.      "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance

- 9 -

with the requirements set by the Court in connection with the Settlement.  For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

6.      "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- 10 -

7.     "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

8.     "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

- 11 -

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the

Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

9.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10.      I (We) hereby warrant and represent that I (we) have not assigned, transferred, or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, other acquisitions, and sales of ProAssurance common stock during the Class Period and the number of shares of ProAssurance common stock held by me (us) at the opening of trading on August 8, 2018, and the close of trading on May 7, 2020 and August 5, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____ in _____
(Month/Year)                                      (City/State/Country)

_____                _____
(Sign your name here)                                    (Sign your name here)

_____                _____
(Type or print your name here)                           (Type or print your name here)

_____                _____
(Capacity of person(s) signing, *e.g.*,                  (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)         Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [ADD], ADDRESSED AS FOLLOWS:**

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____
www.ProAssuranceSecuritiesSettlement.com

# EXHIBIT A-3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |
| vs. | ) ) | EXHIBIT A-3 |
| PROASSURANCE CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

**ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE CORPORATION ("PROASSURANCE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT.   IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on [ADD] 2023, at [ADD], before Judge R. David Proctor, at the United States District Court, Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $28,000,000 in cash, to be paid or caused to be paid by the Company, should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiffs reimbursement of their time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class.  In order to determine whether the date and time of the

---

[1]    The Stipulation can be viewed and/or obtained at www.ProAssuranceSecuritiesSettlement.com. This Summary Notice incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless set forth herein.

Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ProAssuranceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE COMMON STOCK BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than [___])** or electronically **(no later than [___])**. Your failure to timely submit your Proof of Claim by [___], will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased, or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other

Settlement documents, may be accessed online at www.ProAssuranceSecuritiesSettlement.com, or by writing to:

*ProAssurance Securities Settlement*
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____

Inquiries should NOT be directed to Defendants, Defendants' Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 800/449-4900
settlementinfo@rgrdlaw.com

SAXENA WHITE P.A.
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: 561/394-3399
lhooker@saxenawhite.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS ***POSTMARKED BY [ADD]***, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.  ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33% OF THE $28,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,500,000 AND

- 3 -

AWARDS TO LEAD PLAINTIFFS NOT TO EXCEED $22,000 IN THE AGGREGATE IN CONNECTION WITH THEIR REPRESENTATION OF THE SETTLEMENT CLASS.  ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE ***RECEIVED*** **BY [ADD]**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

# EXHIBIT A-4

**<u>LEGAL NOTICE</u>**
*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.,*
Case No. 2:20-cv-00856 (N.D. Ala.)
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____

www.ProAssuranceSecuritiesSettlement.com.

Court-Ordered Legal Notice
(Forwarding Service Requested)

Important Information about a Securities Class Action Settlement

You may be entitled to a payment.  This Notice may affect your legal rights.

Please read it carefully.

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*
Case No. 2:20-cv-00856 (N.D. Ala.)
THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
VISIT WWW.PROASSURANCESECURITIESSETTLEMENT.COM OR CALL _____ FOR MORE INFORMATION

If you purchased or otherwise acquired ProAssurance Corporation ("ProAssurance" or the "Company") common stock from August 8, 2018 through May 7, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held on _____, 2023 at _____ before Judge R. David Proctor, at the United States District Court, Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether the proposed Settlement of the Action against Defendants ProAssurance, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman and Michael L. Boguski for $28 million, to be paid or caused to be paid by the Company, and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33% of the Settlement Amount, and expenses not to exceed $1,500,000, plus interest on both amounts, and awards to Lead Plaintiffs, should be granted.

The proposed Settlement would resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with an undisclosed insurance policy issued to a large national account. Defendants deny the allegations and any liability or wrongdoing of any kind. For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release ("Claim Form") by visiting the website: www.ProAssuranceSecuritiesSettlement.com (the "Website") or you may request copies from the Claims Administrator by: (i) mail: *ProAssurance Securities Settlement*, c/o Gilardi & Co. LLC, P.O. Box _____, Novato, CA _____; or (ii) toll-free call: _____.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than _____, 2023. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself from the Settlement Class, you may object to the proposed Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than _____, 2023. The long-form Notice and the Website explain how to exclude yourself from the Settlement Class or how to object.

Lead Plaintiffs and the Settlement Class are represented by Lead Counsel:  Ellen Gusikoff Stewart, Robbins Geller Rudman & Dowd LLP, 655 W. Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; Lester R. Hooker, Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, 561-394-3399, lhooker@saxenawhite.com.  You may, but do not have to, attend the Court hearing to be heard.  The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means.