FILED

2023 Jun-22  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA



UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>                                    Plaintiff,<br><br>           vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>                                    Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br><u>CLASS ACTION</u><br><br>STIPULATION OF SETTLEMENT |

This Stipulation of Settlement, dated June 22, 2023 (together with all Exhibits hereto, the "Stipulation"), is made and entered into by and between: (i) Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association ("Lead Plaintiffs"), on behalf of themselves and each Settlement Class Member;[1] and (ii) Defendants ProAssurance Corporation ("ProAssurance" or the "Company"), which has agreed to pay or cause to be paid the Settlement Amount (defined below), and W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski (the "Individual Defendants"), each of whom will be dismissed with prejudice upon the Effective Date of the Stipulation (the Individual Defendants, together with ProAssurance, will be referred to as "Defendants") (collectively, Lead Plaintiffs and Defendants will be referred to as the "Settling Parties"), by and through their undersigned counsel. The Stipulation is intended to fully, finally, and forever compromise, resolve, discharge, release, settle, and dismiss with prejudice the Litigation and the Released Claims, subject to the approval of the Court and the terms and conditions set forth in this Stipulation.

## I.      THE LITIGATION

The action is currently pending before the Honorable R. David Proctor in the United States District Court for the Northern District of Alabama (the "Court"), under the caption *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856 (the "Litigation").  The initial complaint in the Litigation was filed on June 16, 2020.  On September 11, 2020, the Court appointed Central Laborers' Pension Fund and Plymouth County Retirement Association as Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as Lead Counsel.

---

[1]     All capitalized terms not otherwise defined shall have the meanings ascribed to them in §IV.1 herein.

On March 26, 2021, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint").  The Consolidated Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act.  Lead Plaintiffs allege that, during the Class Period (August 8, 2018 through May 7, 2020, inclusive), Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with an undisclosed insurance policy issued to a large national account and the amount of loss reserves ProAssurance maintained for the undisclosed large national account.  Lead Plaintiffs allege that as a result of Defendants' misrepresentations and/or omissions, the price of ProAssurance's common stock was artificially inflated during the Class Period.  Defendants deny all material allegations of the Consolidated Complaint and deny any violations of the Exchange Act or other applicable laws.

On May 18, 2021, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA").  Among other things, Defendants argued that Lead Plaintiffs failed to adequately plead (i) any materially false or misleading statement or omission; and (ii) scienter against any Defendant.  Lead Plaintiffs filed their opposition to the motion on June 30, 2021.  Defendants filed their reply in support of the motion to dismiss on July 28, 2021.  On December 10, 2021, the Court issued an order granting in part and denying in part Defendants' motion to dismiss.  The motion to dismiss was granted "as to the §10(b) claims against Starnes, Rand, and Hendricks altogether and as to the §10(b) claims against Friedman, Boguski, and ProAssurance for the alleged category of omissions regarding [the large national account's] decision to purchase tail coverage instead of renewing its policy."  ECF 61

at 2.  Defendants answered the Consolidated Complaint on January 24, 2022, denying all material allegations and asserting multiple defenses.

Lead Plaintiffs served over 45 requests for production of documents to Defendants, and Defendants, on a rolling basis, produced more than 169,800 documents (encompassing over 1,643,000 pages) from more than 30 custodians, which were reviewed and analyzed by Lead Plaintiffs.  In addition, Lead Plaintiffs served three sets of interrogatories, numbered as 35 separate interrogatories, and Defendants provided objections and responses thereto.  The Settling Parties served subpoenas on 19 third parties, which collectively produced more than 154,700 documents totaling over 1,198,900 pages.  Lead Plaintiffs produced 467 documents totaling over 15,700 pages and provided responses to Defendants' 29 document requests and 16 interrogatories.  Each of Lead Plaintiffs and Defendants also provided deposition testimony.  The Settling Parties also participated in numerous meet and confer discussions to address discovery issues, litigated discovery disputes before the Court, and conducted 19 expert and fact witness depositions.

On April 1, 2022, Lead Plaintiffs filed a motion for class certification.  Defendants filed an opposition to the motion for class certification on June 17, 2022.  Lead Plaintiffs filed their reply in support of class certification on August 19, 2022.  Pursuant to an order by the Court, the Settling Parties filed supplemental briefs regarding class certification on February 3 and 17, 2023.  Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached an agreement in principle to settle the Litigation.

On November 29, 2022, the Settling Parties participated in a formal, full-day, in-person mediation with David Murphy of Phillips ADR Enterprises.  The mediation session involved the Settling Parties' submission of confidential opening and reply mediation statements and exhibits and detailed presentations.  While a settlement was not reached during the November 29, 2022 mediation session, the Settling Parties continued their good-faith efforts to resolve the case following the in-

person mediation.  On March 24, 2023, Mr. Murphy made a mediator's recommendation to settle the case for $28,000,000, which the Settling Parties accepted on March 29, 2023.  This agreement-in-principle contemplated full releases of liability in return for a cash payment of $28 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court.  This Stipulation (together with the Exhibits hereto) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that are or could have been in dispute between the Settling Parties.

## II.    DEFENDANTS' DENIALS OF LIABILITY

Defendants have denied, and continue to deny, that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws.  Defendants have denied, and continue to deny, each and all of the claims and contentions alleged by Lead Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever.  Defendants continue to believe that the claims asserted against them in the Litigation are without merit.  Among other things, Defendants specifically deny that they made any false or misleading statements or omissions.  Defendants also deny that ProAssurance and any of the Individual Defendants acted with the requisite intent to commit a violation of the federal securities laws or any other law.  Defendants further deny that the price of ProAssurance common stock was artificially inflated during the putative Class Period; that any Settlement Class Member, including Lead Plaintiffs, has suffered any damages; and that the financial losses of any Settlement Class Member, including Lead Plaintiffs, were caused by the revelation of any information that Defendants had allegedly previously not disclosed or misrepresented.  Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims alleged in the Litigation.

As set forth below, neither the Settlement itself nor any of the terms of this Stipulation shall be construed or deemed to be evidence of or to constitute an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever on the part of any of the Defendants, or any infirmity in the defenses that Defendants have, or could have, asserted in the Litigation.  Defendants are entering into this Stipulation solely to eliminate the burden, expense, and uncertainty of further protracted litigation.  Defendants have determined that it is desirable and beneficial that the Litigation be settled, fully and finally, in the manner and upon the terms and conditions set forth in this Stipulation.  This Settlement shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of, any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that Defendants have, or could have, asserted.

## III.   LEAD PLAINTIFFS' CLAIMS AND THE BENEFITS OF SETTLEMENT

Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the claims asserted in the Litigation have merit and that the investigation and discovery undertaken to date support the claims asserted therein.  However, Lead Plaintiffs and Lead Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Litigation through trial and through appeals.  Lead Plaintiffs and Lead Plaintiffs' Counsel also have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as this Litigation, as well as the difficulties and delays inherent in this Litigation.  Lead Plaintiffs and Lead Plaintiffs' Counsel also are mindful of the burdens of proof under, and possible defenses to, the securities law violations asserted in the Litigation.  Lead Plaintiffs and Lead Plaintiffs' Counsel believe that the Settlement set forth in this Stipulation confers substantial benefits upon the Settlement Class.  Based on their own investigation and evaluation, Lead Plaintiffs and Lead

Plaintiffs' Counsel have determined that the Settlement set forth in this Stipulation is in the best interests of Lead Plaintiffs and the Settlement Class.

## IV.   TERMS OF THE STIPULATION AND AGREEMENT OF SETTLEMENT

NOW, THEREFORE, without any admission or concession whatsoever on the part of the Defendants or Defendants' Related Parties of any liability or wrongdoing or lack of merit in the defenses the Defendants asserted or could have asserted to all claims alleged in the Litigation, and without any admission or concession by Lead Plaintiffs of any infirmity in any of the claims asserted in the Litigation, or an admission or concession that any of Defendants' defenses to liability had any merit, IT IS HEREBY STIPULATED AND AGREED, by and between Lead Plaintiffs (on behalf of themselves and the Settlement Class) and Defendants, by and through their respective undersigned counsel, that, subject to the approval of the Court pursuant to Rule 23(e) of the FRCP and the PSLRA, and in consideration of the benefits flowing to the parties from the Settlement, the Litigation and the Released Claims shall be finally, fully and forever compromised, settled, released, resolved, relinquished, waived, and discharged, and the Litigation shall be dismissed with prejudice upon and subject to the terms and conditions of this Stipulation, as follows:

### 1.   Definitions

In addition to the terms defined above, the following terms, when capitalized, have the meanings specified below when used in this Stipulation:

1.1   "Authorized Claimant" means any Settlement Class Member who submits a valid Claim to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund.

1.2   "Claim(s)" means a paper claim submitted on a Proof of Claim and Release form or an electronic claim that is submitted to the Claims Administrator.

1.3     "Claimant" means any Person that submits a Claim to the Claims Administrator in such form and manner, and within such time, as the Court shall prescribe.

1.4     "Claims Administrator" means Gilardi & Co. LLC, the administrator retained by Lead Counsel, subject to the approval of the Court, to provide all notices approved by the Court to potential Settlement Class Members and to administer the Settlement.

1.5     "Class Period" means the period between August 8, 2018 and May 7, 2020, inclusive.

1.6     "Court" means the United States District Court for the Northern District of Alabama.

1.7     "Defendants" means ProAssurance and the Individual Defendants.

1.8     "Defendants' Counsel" means Starnes Davis Florie LLP and Simpson Thacher & Bartlett LLP.

1.9     "Effective Date," or the date upon which this Settlement becomes "Effective," means the first date by which all of the events and conditions specified in ¶7.1 of the Stipulation have been met and have occurred, or have been waived.

1.10    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent.  The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiffs and the Settlement Class in accordance with the terms of the Stipulation and any order of the Court.

1.11    "Escrow Agent" means the law firms of Robbins Geller Rudman & Dowd LLP, Saxena White P.A. and their respective successor(s).

1.12    "Final" means, with respect to any court order or Judgment, that such order or Judgment represents a final and binding determination of all issues within its scope and has not been reversed, vacated, or modified in any way and is no longer subject to appellate review, either because of disposition on appeal and conclusion of the appellate process or because of passage of time for seeking appellate review, without action.  Without limitation, an order or Judgment becomes

final when: (a) either no appeal therefrom has been filed and the time has passed for any notice of appeal to be timely filed therefrom; or (b) an appeal has been filed and either (i) the court of appeals has affirmed the order or Judgment or dismissed that appeal, and the time for any reconsideration or further appellate review has passed; or (ii) a higher court has granted further appellate review and that court has affirmed the underlying order or Judgment or affirmed the court of appeals' decision affirming the order or Judgment or dismissing the appeal.  For purposes of this paragraph, an "appeal" shall include any motion for reconsideration, or petition for a writ of *certiorari* or other writ that may be filed in connection with approval or disapproval of this Settlement.  Any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to: (x) attorneys' fees, costs, or expenses, or awards to Lead Plaintiffs, (y) the Plan of Allocation (as submitted or subsequently modified), or (z) the procedures for determining Authorized Claimants' recognized Claims or paying said Claims, shall not in any way delay, affect, or preclude the Judgment from becoming Final.

1.13    "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins.  First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

1.14    "Individual Defendants" means W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski.

1.15    "Judgment" means the Final Judgment Approving Class Action Settlement and Order of Dismissal with Prejudice to be rendered by the Court, substantially in the form attached hereto as Exhibit B, as well as any form of final judgment that may be entered by the Court in a form other

than the form attached hereto as Exhibit B and where none of the Settling Parties elects to terminate this Settlement by reason of such variance, consistent with the terms of this Stipulation.

1.16    "Lead Counsel" means Robbins Geller Rudman & Dowd LLP and Saxena White P.A.

1.17    "Lead Plaintiffs" means Central Laborers' Pension Fund and Plymouth County Retirement Association.

1.18    "Lead Plaintiffs' Counsel" means all counsel who have appeared in the Litigation on behalf of Lead Plaintiffs.

1.19    "Litigation" means the action captioned *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856, pending in the United States District Court for the Northern District of Alabama.

1.20    "Net Settlement Fund" means the Settlement Fund less: (i) any Court-awarded attorneys' fees, expenses, and interest thereon; (ii) Notice and Administration Expenses; (iii) Settlement Fund Taxes and Tax Expenses (defined in ¶2.13(c) below); and (iv) other Court-approved deductions.

1.21    "Notice and Administration Expenses" means actual notice and administration expenses, including reasonable costs and expenses actually incurred in connection with providing notice of the Settlement by mail (including by Postcard Notice), publication, and other means, locating potential Settlement Class Members, assisting with the submission of Claims, processing Proof of Claim and Release forms, administering the Settlement, and paying escrow Taxes, fees and costs, if any.

1.22    "Person(s)" means any individual, corporation (including all divisions and subsidiaries thereof), limited liability corporation, professional corporation, partnership, limited partnership, limited liability partnership, limited liability company, joint venture, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any

political subdivision or agency thereof, and any business or legal entity and all of their respective spouses, heirs, beneficiaries, executors, administrators, predecessors, successors, representatives, agents, trustees, estates, or assignees when acting in their capacity as such.

1.23    "Plan of Allocation" means a plan or formula of allocation of the Net Settlement Fund, whereby the Net Settlement Fund shall be distributed to Authorized Claimants.  Any Plan of Allocation is not part of this Stipulation, and neither Defendants nor their Related Parties shall have any responsibility or liability with respect thereto.

1.24    "Postcard Notice" means the notice, as approved by the Court and as described in ¶3.1 and in the Preliminary Approval Order, substantially in the form attached hereto as Exhibit A-4, which is to be mailed to potential Settlement Class Members informing them of the Settlement contemplated by this Stipulation.

1.25    "Preliminary Approval Order" means an order entered by the Court, substantially in the form of Exhibit A attached hereto, granting, *inter alia*: (i) the preliminary approval of the Settlement set forth in this Stipulation; (ii) preliminary certification of the Settlement Class; and (iii) approval for the mailing of the Postcard Notice, publication of a Summary Notice, and the Notice of Pendency and Proposed Settlement of Class Action ("Notice") and Proof of Claim and Release form to be posted on the case-designated website, substantially in the forms of Exhibits A-1 through A-4 attached hereto.

1.26    "Proof of Claim and Release" means the Proof of Claim and Release form for submitting a Claim that a Settlement Class Member must complete and submit to the Claims Administrator in order to seek to share in a distribution of the Net Settlement Fund.  The Proof of Claim and Release shall be substantially in the form attached hereto as Exhibit A-2, subject to approval of the Court.

1.27     "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

1.28     "Released Claims" means the Released Plaintiffs' Claims and the Released Defendants' Claims.

1.29     "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts,

events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

      1.30    "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.  For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released

Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

1.31    "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties.  The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

1.32    "Releases" means the releases set forth in ¶¶4.2-4.4 of this Stipulation.

1.33    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties.  "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

1.34    "Settlement" means the resolution of the Litigation in accordance with the terms and provisions of this Stipulation.

1.35    "Settlement Amount" means Twenty-Eight Million Dollars (U.S. $28,000,000.00). The Settlement Amount includes all Notice and Administration Expenses, any attorneys' fees and expenses to Lead Plaintiffs' Counsel and awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) (as allowed by the Court), Settlement Class Member benefits, and any other costs, expenses, or fees of any kind whatsoever associated with the Settlement.

1.36    "Settlement Class" means all Persons who purchased or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby.  Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the

Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.  For purposes of this Settlement only, the Settling Parties shall stipulate to the certification of the Settlement Class pursuant to FRCP 23(b)(3).  The Defendants' stipulation to the certification of the Settlement Class is without prejudice to their right to contest class certification if the Settlement: (a) is not approved by the Court; (b) is terminated; or (c) fails to become effective for any reason.

1.37    "Settlement Fund Taxes" means any and all Taxes or Tax detriments arising with respect to the Settlement Fund or the Escrow Account (whether relating to income earned by the Settlement Fund or the Escrow Account, distributions made by the Settlement Fund or the Escrow Account or otherwise), including, for the absence of doubt, any Taxes or Tax detriments that may be imposed upon the Released Defendant Parties or their counsel with respect to any income earned by the Settlement Fund for any period after the deposit of the Settlement Amount and during which the Settlement Fund does not qualify as a "qualified settlement fund" for federal or state income Tax purposes.

1.38    "Settlement Class Member" or "Member of the Settlement Class" means a Person who falls within the definition of the Settlement Class as set forth in ¶1.36 above.

1.39    "Settlement Fund" means the Settlement Amount plus all interest and accretions thereto.

1.40    "Settlement Hearing" means the hearing set by the Court under FRCP 23(e)(2) to consider final approval of the Settlement.

1.41    "Settling Parties" means, collectively, Lead Plaintiffs, on behalf of themselves and the Settlement Class, and Defendants.

1.42    "Tax" or "Taxes" means any and all taxes, fees, levies, duties, tariffs, imposts, and other charges of any kind (together with any and all interest, penalties, additions to tax and additional amounts imposed with respect thereto) imposed by any governmental authority, including, but not limited to, any local, state, and federal taxes.

1.43    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel.  With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542.  The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the

Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

### 2.    The Settlement

2.1    The obligations incurred pursuant to the Stipulation: (a) are subject to approval by the Court and subject to the Judgment, reflecting such approval, becoming Final; and (b) shall fully and finally dispose of the Litigation and any and all Released Plaintiffs' Claims and Released Defendants' Claims upon and subject to the terms and conditions set forth herein.

### b.    The Settlement Amount

2.2    In full and final settlement of the claims asserted in the Litigation and in consideration of the Releases, the Company shall pay, or cause to be paid, the Settlement Amount, into the Escrow Account.  Payment of the Settlement Amount shall be made into the Escrow Account by (a) the earliest of July 31, 2023, or twenty (20) calendar days after entry of the Preliminary Approval Order, provided that (b) Lead Plaintiffs provide to Defendants' Counsel (i) a tax identification number for the Escrow Account and an Internal Revenue Service Form W-9; (ii) a completed wire transfer, ACH transfer, or similar anti-fraud payment request form signed by an authorized representative of the Escrow Account; and (iii) all required wire and check funding instructions and information, including payee name, telephone and e-mail contact information and a

physical address for the Escrow Agent, not later than twenty (20) calendar days prior to the date specified in ¶2.2(a).

2.3     The Settlement Amount is an all-in number, meaning it shall include, among other things, payment for all Lead Plaintiffs' Counsel's attorneys' fees, administration costs, expenses, class member benefits, costs of administration and notice, and reimbursement of Lead Plaintiffs' time and expenses pursuant to the PSLRA, Notice and Administration Expenses, Taxes, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this Litigation.  Other than the Company's obligation to pay or cause the payment of the Settlement Amount in accordance with the terms of ¶2.2, Defendants shall have no obligation whatsoever to make any other payments into the Escrow Account or to the Settlement Class or any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement.  There will be no responsibility on the part of the Individual Defendants to pay any portion of the Settlement Amount or pay any other amount in connection with the Settlement.

2.4     In the event that the Settlement Amount is not timely transferred into the Escrow Account as set forth in ¶2.2 herein, Lead Plaintiffs shall have the right to terminate and cancel the Settlement on behalf of themselves and the Settlement Class, but only if (a) written notice is provided by Lead Counsel to Defendants' Counsel of Lead Plaintiffs' intention to terminate the Settlement, and (b) the entire Settlement Amount is not transferred to the Escrow Account within five (5) business days after Lead Counsel has provided such written notice.

2.5     Notwithstanding ¶2.3 hereof, the Company shall be responsible for the provision of notice pursuant to the Class Action Fairness Act, 28 U.S.C. §1715 ("CAFA"), and shall bear all costs and expenses of providing such notice.

2.6     The Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Lead Plaintiffs'

Counsel or the Claims Administrator, or any of their respective designees, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Escrow Account, Settlement Fund, or Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; (vi) the payment or withholding of any Taxes, Tax Expenses, and/or other expenses or costs incurred in connection with the taxation of the Escrow Account, Settlement Fund, or Net Settlement Fund or distributions or other payments from the Escrow Account, Settlement Fund, or Net Settlement Fund; or any Tax reporting or the filing of any federal, state, or local Tax returns with respect to the Escrow Account, Settlement Fund or Net Settlement Fund; or (vii) the payment of any other Notice and Administration Expenses (apart from expenses for providing CAFA notice as set forth in ¶2.5 herein).

### c.    The Escrow Agent

2.7    The Escrow Agent shall invest the Settlement Amount deposited pursuant to ¶2.2 hereof in United States Agency or Treasury Securities or other instruments backed by the full faith and credit of the United States government or an agency thereof, or in money funds holding only instruments backed by the full faith and credit of the United States government, or fully insured by the United States government or an agency thereof, and shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Escrow Agent shall maintain the Settlement Fund and/or the financial instruments in which the Escrow Agent invests the Settlement Amount in a separate account.  All risks related to the investment of the Settlement Fund and Net Settlement Fund in accordance with the investment guidelines set forth in this paragraph shall be borne by the Settlement Fund.  The Released Defendant Parties, their counsel, and their insurers shall have no responsibility for, interest in, or liability whatsoever with

respect to investment decisions or actions of the Escrow Agent, including any transactions executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for the investment decisions and actions of the Escrow Agent, including any transactions executed by the Escrow Agent.

2.8     The Escrow Agent shall not disburse the Settlement Fund or Net Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the prior written agreement of Defendants' Counsel.

2.9     Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  For the avoidance of doubt, the Released Defendant Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any transaction executed by the Escrow Agent.

2.10     All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned pursuant to this Stipulation and/or further order(s) of the Court.

2.11     Notwithstanding the fact that the Effective Date of the Settlement has not yet occurred, upon the Court's entry of the Preliminary Approval Order, Lead Counsel may pay from the Settlement Fund, without further approval from Defendants or further order of the Court, all Notice and Administration Expenses.

2.12     It shall be Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Proof of Claim and Release, and Summary Notice to potential Settlement Class Members in accordance with this Stipulation and as ordered by the Court.  The Released Defendant Parties shall

have no responsibility for, or liability or obligation whatsoever, with respect to the notice process or the Notice and Administration Expenses, nor shall they have any responsibility or liability whatsoever for any claims with respect thereto, including any claims that may arise from any failure of the notice process.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless for any acts, omissions, or determinations made in the notice process and any Notice and Administration Expenses.

        **d.**    **Taxes**

2.13      The Settling Parties agree as follows:

      (a)      The Settling Parties and the Escrow Agent agree to treat the Settlement Fund as being a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 and the other applicable Treasury Regulations from the earliest permitted date.  The Settling Parties and the Escrow Agent further agree that the Settlement Fund shall be established pursuant to the Court's order, or approved by the Court, within the meaning of Treas. Reg. §1.468B-1(c)(1).  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶2.13, including a "relation-back election" (as defined in Treas. Reg. §1.468B-1) back to the earliest permitted date.  Such elections shall be made in compliance with the procedures and requirements contained in Treas. Reg. §1.468B-1 and other applicable regulations.  It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation in order for the Settlement Fund to qualify as a "qualified settlement fund" within the meaning of Treas. Reg. §1.468B-1 for signature by all necessary parties, and thereafter to cause the appropriate filings to occur.

      (b)      For the purpose of Treas. Reg. §1.468B-1 and other applicable regulations, the "administrator" of the Settlement Fund (as defined in Treas. Reg. §1.468B-2(k)(3)) shall be the Escrow Agent.  The Escrow Agent shall timely and properly file all informational and other federal,

state, or local Tax returns necessary or advisable with respect to the Settlement Fund (including, without limitation, the returns described in Treas. Reg. §1.468B-2(k)).  Such returns (as well as the elections described in ¶2.13(a) hereof) shall be consistent with this ¶2.13 and in all events shall reflect that all Settlement Fund Taxes (including any estimated Taxes, interest, or penalties) shall be paid out of the Settlement Fund as provided in ¶2.13(c) hereof.

    (c)  All (i) Settlement Fund Taxes (including any estimated Taxes, interest, or penalties), and (ii) expenses and costs incurred in connection with the operation and implementation of this ¶2.13 (including, without limitation, expenses of tax attorneys and/or accountants and mailing and distribution costs and expenses relating to filing (or failing to file) the returns described in this ¶2.13) ("Tax Expenses"), shall be paid out of the Settlement Fund.  Further, Settlement Fund Taxes and Tax Expenses shall be treated as, and considered to be, a cost of administration of the Settlement Fund and shall be timely paid by the Escrow Agent out of the Settlement Fund consistent with this Stipulation.  The Escrow Agent shall be authorized (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants (i) any funds necessary to pay any Settlement Fund Taxes and Tax Expenses, including the establishment of adequate reserves for any Settlement Fund Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treas. Reg. §1.468B-2(l)(2)), and (ii) any other Taxes required to be withheld from such distributions as required by applicable law.  In all events, the Released Defendant Parties and their counsel shall have no liability, responsibility, or obligation whatsoever for the Settlement Fund Taxes or the Tax Expenses, for the withholding of any Taxes in connection with any distributions made from the Settlement Fund, or regarding the Escrow Agent's administration, payment, partial payment, or non-payment of any Settlement Fund Taxes, Tax Expenses, or Taxes.  The Escrow Agent, through the Settlement Fund, shall indemnify and hold each of the Released Defendant Parties and their counsel harmless from and against any Settlement Fund Taxes, Tax Expenses,

Taxes required to be withheld from any distribution from the Settlement Fund (including, without limitation, Taxes payable by reason of any such indemnification), and from any liabilities arising from the Escrow Agent's administration, payment, partial payment, or non-payment of any Settlement Fund Taxes, Tax Expenses, or Taxes. The Settling Parties hereto agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶2.13.

2.14    This is not a claims-made settlement. As of the Effective Date, the Released Defendant Parties, and/or any other Person funding the Settlement on their behalf, shall not have any right to the return of the Settlement Fund or any portion thereof for any reason, except for under the circumstances specified in ¶2.15 hereof, and shall not have any liability should Claims made exceed the amount available in the Settlement Fund for payment of such Claims. The Released Defendant Parties shall not be liable for the loss of any portion of the Settlement Fund or Net Settlement Fund, nor have any liability, obligation, or responsibility for the payment of Claims, Settlement Fund Taxes and Tax Expenses, legal fees, Notice and Administration Expenses, or any other expenses payable from the Settlement Fund or Net Settlement Fund.

### e.    Termination of Settlement

2.15    In the event that this Stipulation is not approved or the Settlement is not approved; is terminated or canceled pursuant to ¶¶7.3 or 7.5 hereof; or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, then the Settlement Fund less Notice and Administration Expenses and Taxes or Tax Expenses paid, incurred, or due and owing pursuant to ¶¶2.11 and 2.13 hereof in connection with the Settlement provided for herein, shall be refunded by the Claims Administrator and/or the Escrow Agent to the Company's insurers, as directed pursuant to written instructions from

Defendants' Counsel, within seven (7) business days of such cancellation or termination, and in accordance with ¶7.6 herein.

### 3.    Preliminary Approval Order and Settlement Hearing

3.1    Promptly after execution of this Stipulation, Lead Counsel shall file this Stipulation together with its Exhibits to the Court and shall move for entry of an order (the "Preliminary Approval Order"), substantially in the form of Exhibit A attached hereto, requesting, *inter alia*, the preliminary approval of the Settlement set forth in this Stipulation, and approval for the mailing of the Postcard Notice and publication of a Summary Notice, substantially in the forms of Exhibits A-4 and A-3 attached hereto.   The Postcard Notice shall direct Settlement Class Members to the Settlement website to access the Notice, which shall contain the general terms of the Settlement set forth in this Stipulation, the proposed Plan of Allocation, the general terms of the Fee and Expense Application (defined in ¶6.1 below), and the date of the Settlement Hearing (which will be set by the Court in the Preliminary Approval Order).

3.2    Within ten (10) calendar days after entry of the Preliminary Approval Order, ProAssurance shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names and addresses of record holders of ProAssurance common stock during the Class Period, as set forth in the records of its transfer agent, to the extent that such information is reasonably available.  It shall be solely Lead Counsel's responsibility to disseminate the Postcard Notice, Notice, Summary Notice or any other notice which may be required by the Court, to the Settlement Class in accordance with this Stipulation and as ordered by the Court.  Settlement Class Members shall have no recourse as to the Released Defendant Parties with respect to any claims they may have that arise from any failure of the notice process.

3.3     At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with the notice requirements of the CAFA.

3.4     In the motion for preliminary approval of the Settlement, Lead Counsel shall request that, after notice to the Settlement Class is given and not earlier than ninety (90) calendar days after the later of the dates on which the appropriate federal and state officials are provided with notice pursuant to CAFA, the Court hold the Settlement Hearing and approve the Settlement of the Litigation as set forth herein.  At or after the Settlement Hearing, Lead Counsel also will request that the Court approve the proposed Plan of Allocation and the Fee and Expense Application (defined in ¶6.1 below).

**4.     Releases**

4.1     The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Litigation as against Defendants; (ii) the Releases provided for herein; and (iii) all other terms contained herein.

4.2     Pursuant to the Judgment, without further action by anyone, upon the Effective Date, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiffs and each of the other Members of the Settlement Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, intervening in, continuing to

prosecute, or maintaining in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund.

4.3     Any Proof of Claim and Release that is executed by Settlement Class Members shall release all Released Plaintiffs' Claims against the Released Defendant Parties and shall be substantially in the form contained in Exhibit A-2 attached hereto.

4.4     Upon the Effective Date, each of the Released Defendant Parties shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel.

4.5     Notwithstanding ¶¶4.1-4.4 above, nothing in the Judgment shall release or bar any Releasing Plaintiff Party or Released Defendant Party from bringing any action or claim to enforce the terms of this Stipulation or the Judgment.

## 5.     Administration and Calculation of Claims, Final Awards, and Supervision and Distribution of the Settlement Fund

5.1     The Claims Administrator, subject to such supervision and direction of Lead Counsel and the Court as may be necessary or as circumstances may require, shall administer and calculate the Claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants.

5.2     The Defendants did not have any involvement in the selection of the Claims Administrator, nor will Defendants have any involvement in the claims administration process, or the Plan of Allocation of the Settlement proceeds.  The Plan of Allocation will be proposed solely by

Lead Plaintiffs, subject to Court approval.  The Defendants shall not object to such proposed Plan of Allocation.

5.3     The Released Defendant Parties shall have no responsibility for, liability, obligation, or interest whatsoever in the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to the Releasing Plaintiff Parties, including Lead Plaintiffs, any other Settlement Class Members, or Lead Plaintiffs' Counsel, in connection with such administration, including, but not limited to: (i) any act, omission, or determination by Lead Plaintiffs' Counsel, the Escrow Agent, and/or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment or distribution of the Escrow Account, Settlement Fund or the Net Settlement Fund, or the distribution of the Net Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any Claims asserted against the Escrow Account, Settlement Fund, or Net Settlement Fund; (v) any losses suffered by, or fluctuations in value of, the Escrow Account, Settlement Fund, or Net Settlement Fund; or (vi) the payment or withholding of any Taxes, Tax Expenses, Notice and Administration Expenses, and/or other costs or expenses incurred by or in connection with the Escrow Account, Settlement Fund, or Net Settlement Fund, distributions or other payments from the Escrow Account, Settlement Fund, or Net Settlement Fund, including but not limited to, for the purpose of paying any attorneys' fees, or expenses or costs that the Court may award, or any Tax reporting or the filing of any federal, state, or local Tax returns with respect to the Settlement Fund or the Escrow Account.  The Released Defendant Parties shall have no involvement in reviewing or challenging Claims.

5.4     The Settlement Fund shall be applied as follows:

(a)     to pay all Notice and Administration Expenses;

(b)     to pay the Settlement Fund Taxes and Tax Expenses;

(c)      to pay attorneys' fees and expenses of Lead Plaintiffs' Counsel and to pay an award to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, if and to the extent allowed by the Court (the "Fee and Expense Award"); and

(d)      after the Effective Date, to distribute the Net Settlement Fund to Authorized Claimants as provided by this Stipulation, the Plan of Allocation, or the orders of the Court.

5.5      After the Effective Date, and subject to and in accordance with the terms of this Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

5.6      Within ninety (90) calendar days after (a) the mailing of the Postcard Notice, or (b) such other time as may be set by the Court, each Settlement Class Member who seeks to receive any payment pursuant to the terms of this Stipulation shall be required to submit to the Claims Administrator a completed Proof of Claim and Release, substantially in the form of Exhibit A-2 attached hereto, signed under penalty of perjury and supported by such documents as are specified in the Proof of Claim and Release.

5.7      Except as provided herein or otherwise ordered by the Court, all Settlement Class Members who fail to timely submit a valid Proof of Claim and Release shall be forever barred from receiving any payments pursuant to this Stipulation and the Settlement set forth herein, but will, in all other respects, be subject to and bound by the provisions of this Stipulation, the Releases contained herein, the Settlement, and the Judgment, and will fully, finally, and forever be barred from bringing any action against the Released Defendant Parties concerning the Released Plaintiffs' Claims.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not an obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as

the distribution of the Net Settlement Fund to Authorized Claimants is not materially delayed thereby. No Person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, the Claims Administrator, or any Settlement Class Member by reason of the exercise or non-exercise of such discretion.

5.8     Each Proof of Claim and Release shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Plaintiffs' Counsel, who shall determine, in accordance with this Stipulation and the approved Plan of Allocation, the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to ¶5.10 below.

5.9     Proof of Claim and Release forms that do not meet the submission requirements may be rejected. Prior to rejecting a Proof of Claim and Release in whole or in part, the Claims Administrator shall communicate with the Claimant in writing to give the Claimant the chance to remedy any curable deficiencies in the Proof of Claim and Release submitted. The Claims Administrator, under the supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all Claimants whose Claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of ¶5.10 below.

5.10    If any Claimant whose timely Claim has been rejected in whole or in part for a curable deficiency desires to contest such rejection, the Claimant must, within twenty (20) calendar days after the date of mailing of the notice required in ¶5.9 above, or a lesser period of time if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim

cannot be otherwise resolved, Lead Counsel shall thereafter present the Claimant's request for review to the Court.

5.11    Each Settlement Class Member who has not been excluded from the Settlement Class shall be deemed to have submitted to the jurisdiction of the Court with respect to the Released Claims, including, but not limited to, all Releases provided for herein and in the Judgment, and, to the extent applicable, any Claim submitted by such Claimant, which will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the Claimant's status as a Settlement Class Member and the validity and amount of the Claimant's Claim.  In connection with processing the Proofs of Claim and Release, no discovery shall be allowed on the merits of the Litigation or the Settlement.  All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court, but shall not, in any event, delay or affect the finality of the Judgment.  All Settlement Class Members, Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

5.12    Following the Effective Date, the Net Settlement Fund shall be distributed to the Authorized Claimants substantially in accordance with the Plan of Allocation set forth in the Notice and approved by the Court.  No distributions will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.  If there is any balance remaining in the Net Settlement Fund after a reasonable period of time after the date of the distribution of the Net Settlement Fund, the Claims Administrator at Lead Counsel's direction shall, if feasible, redistribute such balance among Authorized Claimants who negotiated the checks sent in the initial distribution and who would receive a minimum of $10.00.  These redistributions shall be repeated until the

balance remaining in the Net Settlement Fund is *de minimis*.  Any *de minimis* balance that still remains in the Net Settlement Fund after such reallocation(s) and payments, which is not feasible or economical to reallocate, shall be donated to an appropriate non-sectarian, non-profit charitable organization(s) unaffiliated with any party or their counsel serving the public interest selected by Lead Counsel.

5.13    The Released Defendant Parties shall have no responsibility for, interest in, obligation, or liability whatsoever with respect to the distribution of the Net Settlement Fund, the Plan of Allocation, the determination, administration, or calculation of Claims, the payment or withholding of Taxes, Tax Expenses or Notice and Administration Expenses, or any losses incurred in connection with any of the foregoing.  No Person shall have any claim of any kind against the Released Defendant Parties with respect to the matters set forth in ¶¶5.1-5.15 hereof; and the Releasing Plaintiff Parties release the Released Defendant Parties from any and all liability and claims arising from or with respect to the administration, investment, or distribution of the Settlement Fund and Net Settlement Fund.

5.14    No Person shall have any claim against the Released Defendant Parties, Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator, or any other Person designated by Lead Counsel based on determinations or distributions made in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

5.15    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation, including, but not limited to, any adjustments to an Authorized Claimant's Claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Plan of Allocation shall not operate to terminate or cancel or affect the binding nature of this Stipulation, or provide Lead Plaintiffs with

any ability to terminate or cancel this Stipulation, or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth herein, or any other orders entered pursuant to the Stipulation.

5.16    For the avoidance of doubt, Settlement Class Members and Defendants shall be bound by the terms of this Stipulation, irrespective of whether the Court, or any other court, including on any appeal, disapproves or modifies the Plan of Allocation.  The time to appeal from approval of the Settlement shall commence upon the Court's entry of the Judgment, regardless of whether a Plan of Allocation has been approved.

## 6.    Lead Plaintiffs' Counsel's Attorneys' Fees and Expenses

6.1    Lead Counsel may submit an application or applications on behalf of all Lead Plaintiffs' Counsel (the "Fee and Expense Application") for distribution solely from the Settlement Fund for:  (a) an award of attorneys' fees; (b) expenses or charges in connection with prosecuting the Litigation; and (c) any interest earned on such attorneys' fees and expenses at the same rate and for the same periods as earned by the Settlement Fund (until paid) as may be awarded by the Court, to be paid solely from (and out of) the Settlement Fund.  An application for fees and expenses may include an amount to the Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, which shall be paid solely from (and out of) the Settlement Fund.

6.2    The amount of attorneys' fees and expenses awarded by the Court is within the sole discretion of the Court.  Any fees and expenses, as awarded by the Court, shall be paid to Lead Counsel solely from the Settlement Fund, as ordered, immediately after the Court executes an order awarding such fees and expenses, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof.  Lead Counsel may thereafter allocate the attorneys' fees among Lead Plaintiffs'

Counsel in a manner in which they in good faith believe reflects the contributions of such counsel to the initiation, prosecution, and resolution of the Litigation.

6.3     In the event that the Effective Date does not occur, or the Judgment or the order making the Fee and Expense Award is reversed or modified, including any reduction to the Fee and Expense Award, or this Stipulation is canceled or terminated for any reason, and such reversal, modification, cancellation or termination becomes Final and not subject to review, and in the event that the Fee and Expense Award has been paid to any extent, then Lead Plaintiffs' Counsel, including their respective partners and/or shareholders, and any Lead Plaintiffs who have received any portion of the Fee and Expense Award shall, within five (5) business days from receiving notice from Defendants' Counsel or from a court of appropriate jurisdiction, refund to the Settlement Fund all such fees and expenses previously paid to them from the Settlement Fund plus interest thereon at the same rate as earned by the Settlement Fund in an amount consistent with such reversal, modification, cancellation or termination, and such fees and expenses shall be refunded to the Persons who contributed to the Settlement Fund pursuant to written instructions from Defendants' Counsel in accordance with ¶7.6 if applicable.  Any refunds required pursuant to this paragraph shall be the obligation of Lead Plaintiffs' Counsel, including their respective partners and/or members, and Lead Plaintiffs who received any amount from the Settlement Fund to make appropriate refunds or repayments to the Settlement Fund.  Lead Plaintiffs' Counsel and Lead Plaintiffs, as a condition of receiving such fees and expenses or awards, on behalf of themselves and each of their respective partners and/or shareholders, agree that (a) such Person and its partners, shareholders, and/or members are subject to the jurisdiction of the Court for the purpose of enforcing the provisions of this paragraph, and (b) are severally liable for the full amount of all fees, expenses, awards, and/or costs paid to them from the Settlement Fund together with the interest thereon.  Without limitation, Lead Plaintiffs' Counsel and Lead Plaintiffs and their respective partners, shareholders, and/or

members agree that the Court may, upon application of Defendants and notice to Lead Plaintiffs' Counsel, summarily issue orders, including, but not limited to, judgments and attachment orders, and may make appropriate findings of or sanctions for contempt, should such law firms or their partners, shareholders, or members fail to timely repay fees and expenses pursuant to this paragraph.

6.4     The procedure for and allowance or disallowance by the Court of any applications by any of Lead Plaintiffs' Counsel for attorneys' fees and expenses, or awards to Lead Plaintiffs, is not part of the Settlement set forth in this Stipulation.  The approval of the Settlement, and it becoming Final, shall not be contingent on the award of attorneys' fees and expenses, any award to Lead Plaintiffs, or any appeals from such awards.  The fairness and reasonableness of the Settlement will be determined without regard to the payment of attorneys' fees and expenses or award to Lead Plaintiffs, and no objection, motion or appeal with respect to such fees or expenses or awards, including any Fee and Expense Application or Fee and Expense Award, shall affect the finality of any judgment approving the Settlement or any release related thereto, including the Releases.  The Defendants shall take no position with respect to Lead Plaintiffs' Counsel's application for an award of attorneys' fees and expenses.  Any order or proceeding relating to Lead Plaintiffs' Counsel's application for an award of fees or expenses or any award to Lead Plaintiffs, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate the Settlement or affect the finality or binding nature of the Settlement or affect or delay the finality of the Judgment; Lead Plaintiffs' Counsel's Fee and Expense Application shall be treated by the Court separately from the fairness, reasonableness, and adequacy of the Stipulation of Settlement and the associated Settlement.  For the avoidance of doubt, Lead Plaintiffs' Counsel will only seek an award for attorneys' fees and expenses and any service award from the Settlement Fund; Lead Plaintiffs and Lead Plaintiffs' Counsel will not seek any fees, costs, expenses, or other monetary sum from the Defendants.

6.5     With the sole exception of the Company's obligation to pay the Settlement Amount as provided for in ¶2.2 hereof, the Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any payment of attorneys' fees and/or expenses (including Taxes) to Lead Plaintiffs' Counsel, or any other counsel or Person who receives payment from the Settlement Fund, or any award to Lead Plaintiffs.

6.6     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, the allocation among Lead Plaintiffs' Counsel and/or any other Person who may assert some claim thereto, of any Fee and Expense Award that the Court may make in the Litigation.

6.7     The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses (including Taxes) incurred by or on behalf of any Settlement Class Member, whether or not paid from the Escrow Account, Settlement Fund, or Net Settlement Fund.  The Settlement Fund will be the sole source for any award of attorneys' fees and expenses, or awards to Lead Plaintiffs, ordered by the Court.

**7.     Conditions of Settlement, Effect of Disapproval, Cancellation, or Termination**

7.1     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

(a)     execution of this Stipulation;

(b)     the Settlement Amount has been deposited into the Escrow Account;

(c)     the Court has entered the Preliminary Approval Order, or an order substantially in the form of Exhibit A attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.4 below, directing notice to the Settlement Class as required by ¶3.1 hereof;

(d)     no Settling Party has exercised its option to terminate the Stipulation pursuant to ¶¶7.3 or 7.5 hereof;

- 35 -

(e)     the Court has approved the Settlement as described herein, following notice to the Settlement Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment, or a judgment substantially in the form of Exhibit B attached hereto or as may be subsequently agreed to by the Settling Parties per ¶7.4 below;

(f)     the Judgment has become Final, as defined in ¶1.12 hereof; and

(g)     the Litigation has been dismissed with prejudice.

7.2     Upon the Effective Date, any and all remaining interest in or right to the Settlement Fund, if any, of the Defendants and any Persons who contributed to the Settlement Fund shall be absolutely and forever extinguished.  The Released Defendant Parties shall not have any liability, obligation, or responsibility for the payment of Claims, any Fee and Expense Award, Notice and Administration Expenses, Settlement Fund Taxes, Taxes and Tax Expenses, legal fees, or any other expenses payable from the Escrow Account, the Settlement Fund, or the Net Settlement Fund.  If the conditions specified in ¶7.1 are not met, then the Settlement shall be cancelled and terminated subject to ¶¶2.15, 6.3, and 7.5-7.7 hereof unless the Settling Parties mutually agree in writing to proceed with the Settlement.  For the avoidance of doubt, no order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation, Fee and Expense Application or the Fee and Expense Award shall operate to terminate or cancel this Stipulation, or constitute grounds for cancellation or termination of the Stipulation.

7.3     As set forth in a separate agreement (the "Supplemental Agreement") executed between Lead Plaintiffs and Defendants, by and through their counsel, the Company shall have the right to terminate the Settlement and this Stipulation and render it null and void in the event that requests for exclusion submitted by Persons who would otherwise be Members of the Settlement Class meet the conditions set forth in the Supplemental Agreement.  The Settling Parties agree to maintain the confidentiality of the Supplemental Agreement, which is being executed concurrently

herewith.  The Supplemental Agreement shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement), unless and until the Court requires the Settling Parties to file the Supplemental Agreement or disclose its terms or a dispute arises between Lead Plaintiffs and Defendants concerning its interpretation or application.  If submission of the Supplemental Agreement is ordered by the Court or is necessary to resolve a dispute between Lead Plaintiffs and Defendants, the Settling Parties will seek to have the Supplemental Agreement submitted to the court *in camera* or filed under seal, but such disclosure shall be carried out to the fullest extent possible in accordance with the practices of the Court so as to preserve the confidentiality of the Supplemental Agreement.

7.4     In the event the Court declines to enter the Preliminary Approval Order in substantially the form of Exhibit A attached hereto, or the Judgment in substantially the form of Exhibit B hereto, the Settling Parties agree to meet and confer in good faith to negotiate concerning modification of the Stipulation, notices, Proof of Claim and Release, Preliminary Approval Order and/or Judgment.

7.5     Lead Plaintiffs and the Company shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("Termination Notice") to all other parties hereto within thirty (30) calendar days of: (a) entry of a Court order declining to enter the Preliminary Approval Order in any material respect; (b) entry of a Court order refusing to approve this Stipulation in any material respect; (c) entry of a Court order refusing to approve the Settlement or any material part thereof; (d) entry of a Court order refusing to enter the Judgment in any material respect; (e) entry of a Court order refusing to dismiss the Litigation with prejudice; (f) entry of an order by which the Judgment is modified, vacated, or reversed by any appeal, review, or collateral attack; or (g) the failure of the Effective Date to occur for any reason.  Notwithstanding

anything in this ¶7.5, the Settling Parties may mutually agree to proceed with the Settlement notwithstanding the occurrence of any of the events identified in this paragraph.  For avoidance of doubt, no order of the Court or modification, vacation, or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, expenses, and interest awarded by the Court to Lead Plaintiffs' Counsel or awards to Lead Plaintiffs shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

   7.6  Unless otherwise ordered by the Court, in the event this Stipulation, or the Settlement, is terminated or canceled, or the Court has issued an order that prevents the Effective Date from occurring and such order has become Final, or the Effective Date otherwise fails to occur for any reason, including, without limitation, in the event the Judgment is reversed or vacated or altered following any appeal taken therefrom, or is successfully collaterally attacked, or otherwise does not become Final, then within seven (7) business days after written notification of such event is sent by Counsel for the Company or Lead Plaintiffs' Counsel to the Escrow Agent, the Settlement Fund (including accrued interest and any funds received by Lead Plaintiffs' Counsel consistent with ¶6.2), less Settlement Fund Taxes, Tax Expenses, and actual Notice and Administration Expenses which have either been disbursed pursuant to ¶¶2.11 and/or 2.13 hereof, or are chargeable to the Settlement Fund pursuant to ¶¶2.11 and/or 2.13 hereof, shall be refunded by the Escrow Agent to the Persons who contributed to the Settlement Fund pursuant to written instructions from Counsel for the Company.  The Escrow Agent or its designee shall apply for any Tax refund owed on the Settlement Amount and pay the proceeds, after deduction of any fees or expenses incurred in connection with such application(s) for refund, to the same Persons pursuant to written instructions from Counsel for the Company.

7.7     In the event that this Stipulation or the Settlement is not approved or this Stipulation or the Settlement is terminated or canceled or the Effective Date otherwise fails to occur for any reason, the Settling Parties shall be restored to their respective positions in the Litigation as of March 29, 2023.  In such event, the terms and provisions of the Stipulation with the exception of ¶¶1.1-1.43, 2.6-2.15, 6.3, 7.6, 7.8, 8.1, and 8.2 hereof, shall have no further force and effect with respect to the Settling Parties and shall not be used in this Litigation or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.  No order of the Court, or modification or reversal on appeal of any order of the Court concerning any Plan of Allocation or any Fee and Expense Application or Fee and Expense Award, shall operate to terminate or cancel this Stipulation or constitute grounds for cancellation or termination of this Stipulation.

7.8     If the Effective Date does not occur, or if this Stipulation is terminated pursuant to its terms, neither Lead Plaintiffs nor Lead Plaintiffs' Counsel shall have any obligation to repay any amounts disbursed pursuant to ¶¶2.11 or 2.13 hereof.  In addition, any amounts already incurred pursuant to ¶¶2.11 or 2.13 hereof at the time of such termination or cancellation but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation prior to the balance being refunded in accordance with ¶¶2.15, 6.3, and 7.6 hereof.

**8.     No Admission of Liability**

8.1     Defendants make no admission (a) of liability or any form of wrongdoing whatsoever, or (b) that recovery could be had in any amount should the Litigation not be settled, and state that the proposed Settlement is a compromise of disputed claims and in no way represents, and may not be construed as, an admission of the merits of any claim.  Defendants deny any wrongdoing and liability of any kind whatsoever and maintain that their conduct at all times was legal and proper.

8.2     Neither the Settlement, this Stipulation (whether or not consummated), including the Exhibits hereto and the Plan of Allocation contained therein (or any other Plan of Allocation that may be proposed or approved by the Court), the negotiations leading to the execution of this Stipulation and the Settlement, nor any proceedings, communications, drafts, documents or agreements taken pursuant to or in connection with this Stipulation, the Settlement, and/or approval thereof (including any arguments proffered in connection therewith):

(a)     shall be offered or received against any Released Defendant Party as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any Released Defendant Party of the truth of any allegations by Lead Plaintiffs or any Member of the Settlement Class or their Related Parties, or the validity of any claim that has been or could have been asserted in the Litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any other litigation, including, but not limited to, litigation of the Released Claims, or of any liability, negligence, fault, or wrongdoing of any kind of any Released Defendant Party or in any way referred to for any other reason as against any Released Defendant Party, in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered or received against or to the prejudice of any Released Defendant Party as evidence of a presumption, concession, or admission of liability for any fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants, their Related Parties, or any other Person, or against Lead Plaintiffs or any Member of the Settlement Class as evidence of any infirmity in the claims of Lead Plaintiffs and the Settlement Class in the Litigation;

(c)     shall be offered or received against any Released Defendant Party as evidence of a presumption, concession, or admission of any liability, negligence, fault, or wrongdoing or in

any way referred to for any other reason as against any of the parties to this Stipulation, in any other civil, criminal, or administrative action or proceeding; provided, however, that if this Stipulation is approved by the Court, the Settling Parties may refer to it to effectuate the terms of the Stipulation and releases granted them hereunder; nor

        (d)     shall be construed against any Released Defendant Party, Lead Plaintiffs, or the Settlement Class or their respective Related Parties as evidence of a presumption, concession or admission that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial or in any proceeding other than this Settlement.

### 9.    Miscellaneous Provisions

9.1     The Settling Parties: (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to obtain the entry of the Judgment and to accomplish the foregoing terms and conditions of this Stipulation.

9.2     The Settling Parties intend this Settlement to be a final and complete resolution of all disputes between the Settlement Class and the Defendants with respect to the Litigation and the Released Claims.  Neither the Stipulation nor the Settlement shall be deemed an admission by any Settling Party or their Related Parties as to the merits of any claim or defense.  The Judgment will contain a finding that, during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Rule 11 of the Federal Rules of Civil Procedure in the institution, prosecution, defense, and settlement of this Litigation.  The Settling Parties agree that the Settlement Amount and the other terms of the Settlement were negotiated in good faith by the Settling Parties, and reflect a settlement that was reached voluntarily after consultation with competent legal counsel.

9.3     Lead Plaintiffs and Lead Plaintiffs' Counsel and Defendants and Defendants' Counsel agree that neither will issue any disparaging statements about the other concerning or related to the Litigation or the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged, or referred to in the Litigation, and agree not to assert in any statement made to any media representative (whether or not for attribution) that the Litigation was commenced or prosecuted by Lead Plaintiffs or defended by Defendants in bad faith or without a reasonable basis, nor will they deny that the Litigation was commenced and prosecuted and defended in good faith and is being settled voluntarily after consultation with competent legal counsel; provided that, for the avoidance of doubt, Defendants and Defendants' Counsel reserve their right to deny in any public statement that the claims asserted in the Litigation were meritorious and to assert that Defendants deny wrongdoing as well as liability.  In all events, the Settling Parties and their counsel shall not make any accusations of wrongful or actionable conduct by Lead Plaintiffs, Lead Plaintiffs' Counsel, Defendants, or Defendants' Counsel concerning the prosecution, defense and resolution of the Litigation, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.  The Settling Parties reserve their right to rebut, in a manner that such party determines to be appropriate, any contention made in any public forum regarding the Litigation, including that the Litigation was brought or defended in bad faith or without a reasonable basis.

9.4     Notwithstanding any other provision herein, Released Defendant Parties may file this Stipulation and/or the Judgment from this action in any other action or forum in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection under any applicable insurance policy.  In addition, the Settling Parties may file this

Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this Stipulation and/or the Judgment.  All Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

9.5    Nothing contained herein shall prevent this Stipulation (or any agreement or order relating thereto) from being used, offered, or received in evidence in (i) any insurance coverage litigation, or (ii) any proceeding to approve, enforce, or otherwise effectuate the Stipulation (or any agreement or order relating thereto) or the Judgment, including the Releases, or the Proof of Claim and Release forms as to Defendants and their Related Parties.

9.6    All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Stipulation.

9.7    All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall control.

9.8    This Stipulation, along with its Exhibits, may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.9    This Stipulation, the Exhibits attached hereto, and the Supplemental Agreement constitute the entire agreement among the Settling Parties hereto as to the subject matter hereof and supersede any prior or contemporaneous written or oral agreements or understandings between the Settling Parties.  Each Settling Party expressly disclaims any reliance on any representations, warranties, or inducements concerning this Stipulation or its Exhibits, other than the representations, warranties, and covenants contained and memorialized in such documents.

9.10    Except as otherwise provided herein, or otherwise agreed to in writing by the parties hereto, each party shall bear his, her, their, or its own fees and costs.

9.11    Lead Counsel, on behalf of the Settlement Class, is expressly authorized by Lead Plaintiffs to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to this Stipulation to effectuate its terms and also is expressly authorized to enter into any modifications or amendments to this Stipulation on behalf of the Settlement Class which it deems appropriate.

9.12    Lead Plaintiffs and Lead Plaintiffs' Counsel represent and warrant that none of Lead Plaintiffs' claims or causes of action referred to in this Litigation or this Stipulation has been assigned, encumbered, or in any manner transferred in whole or in part.

9.13    Each counsel or other Person executing this Stipulation, its Exhibits, or any related Settlement document, on behalf of any party hereto hereby warrants that such Person has the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

9.14    This Stipulation may be executed in one or more counterparts.  All executed counterparts and each of them shall be deemed to be one and the same instrument.  A complete set of executed counterparts shall be filed with the Court.  Signatures sent by facsimile or electronically shall be deemed originals.

9.15    All notices, requests, demands, claims, and other communications hereunder shall be in writing and shall be deemed duly given (i) when delivered personally to the recipient, (ii) one (1) business day after being sent to the recipient by reputable overnight courier service (charges prepaid), or (iii) seven (7) business days after being mailed to the recipient by certified or registered mail, return receipt requested and postage prepaid, and addressed to the intended recipient as set forth below:

If to Lead Plaintiffs or to Lead Plaintiffs' Counsel:

ROBBINS GELLER RUDMAN
  & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA  92101

SAXENA WHITE P.A.
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL  33434

If to Defendants or to Defendants' Counsel:

STARNES DAVIS FLORIE LLP
Walter W. Bates
Jay M. Ezelle
100 Brookwood Place, 7th Floor
Birmingham, AL  35209

SIMPSON THACHER & BARTLETT LLP
Jonathan K. Youngwood
425 Lexington Avenue
New York, NY  10017

9.16    This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Settling Parties, including any and all Released Defendant Parties and any Person into which or with which any party hereto may merge, consolidate or reorganize.

9.17    The Court shall retain jurisdiction with respect to implementation and enforcement of the terms of this Stipulation, and all Settling Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Stipulation and matters related to the Settlement.

9.18    Any action to enforce this Stipulation shall be commenced and maintained only in the Court, except an action, claim, or counterclaim to enforce the Releases may be maintained in another forum.

9.19    No opinion or advice concerning the Tax consequences of the proposed Settlement to individual Settlement Class Members is being given or will be given by the parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.  Each Settlement Class Member's Tax obligations, and the determination thereof, are the sole responsibility of that Settlement Class Member, and it is understood that the Tax consequences may vary depending on the particular circumstances of each individual Settlement Class Member.

9.20    The waiver by one Settling Party of any breach of this Stipulation by any other party shall not be deemed a waiver by any other Settling Party or a waiver of any other prior or subsequent breach of this Stipulation.

9.21    The Settling Parties agree that pending final determination of whether the Settlement should be finally approved, all aspects of the Litigation between the Settling Parties will remain stayed except for activities related to the approval or enforcement of the Settlement, and all Members of the Settlement Class shall be barred and enjoined from prosecuting any of the Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.22    This Stipulation and its Exhibits shall be considered to have been negotiated, executed and delivered, and to be wholly performed, in the State of Alabama and the rights and obligations of the parties to the Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Alabama without giving effect to its choice-of-law principles, except to the extent that federal law requires that federal law govern.

9.23    Defendants shall determine the form of notice to be provided and identity of recipients for the purpose of satisfying the requirements of CAFA.

9.24    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

9.25    This Stipulation shall not be construed more strictly against one party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that it is the result of arm's-length negotiations between the Settling Parties and the Settling Parties have contributed substantially and materially to the preparation of this Stipulation.

9.26    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

9.27    Unless otherwise provided, the Settling Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation without further order of the Court.

IN WITNESS WHEREOF, the parties hereto have caused the Stipulation to be executed, by their duly authorized attorneys, dated June 22, 2023.

**STIPULATED AND AGREED:**

ROGER BEDFORD,
ATTORNEY AT LAW, LLC
ROGER H. BEDFORD, JR.
(ASB: 3651 D60R)

_Roger H. Bedford, Jr._   with permission by egs
ROGER H. BEDFORD, JR.

P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)
rogerbedfordattorneyatlawllc@gmail.com

GUIN, STOKES & EVANS, LLC
DAVID J. GUIN
TAMMY M. STOKES
DAWN STITH EVANS
300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)
davidg@gseattorneys.com
tammys@gseattorneys.com
devans@gseattorneys.com

Local Counsel for Lead Plaintiffs

ROBBINS GELLER RUDMAN
  & DOWD LLP
X. JAY ALVAREZ
(admitted *pro hac vice*)
NATHAN R. LINDELL
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
nlindell@rgrdlaw.com
jaya@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BAILIE L. HEIKKINEN
(admitted *pro hac vice*)
MASON G. ROTH
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
bheikkinen@rgrdlaw.com
mroth@rgrdlaw.com

SAXENA WHITE P.A.
STEVEN B. SINGER
(admitted *pro hac vice*)
SARA DILEO (admitted *pro hac vice*)
KYLA GRANT (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
sdileo@saxenawhite.com
kgrant@saxenawhite.com

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
(admitted *pro hac vice*)
LESTER R. HOOKER
(admitted *pro hac vice*)
JONATHAN LAMET
(admitted *pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
jwhite@saxenawhite.com
lhooker@saxenawhite.com
jlamet@saxenawhite.com

Lead Counsel for Lead Plaintiffs

CAVANAGH & O'HARA
JOHN T. LONG
(admitted *pro hac vice*)
2319 West Jefferson Street
Springfield, IL  62702
Telephone:  217/544-1771
217/544-9894 (fax)
johnlong@cavanagh-ohara.com

Additional Counsel for Lead Plaintiffs

STARNES DAVIS FLORIE LLP
WALTER W. BATES (ASB-7202-E49W)
JAY M. EZELLE (ASB-4744-Z72J)
COLE R. GRESHAM (ASB-8993-L47G)
MICHAEL R. LASSERRE (ASB-2144-Y61G)


_____
JAY M. EZELLE

100 Brookwood Place, 7th Floor
P. O. Box 598512
Birmingham, AL  35209
Telephone: 205/868-6000
205/868-6099 (fax)
wwb@starneslaw.com
jme@starneslaw.com
crg@stareneslaw.com
mrl@starneslaw.com

SIMPSON THACHER & BARTLETT LLP
JONATHAN K. YOUNGWOOD
(admitted *pro hac vice*)
JANET A. GOCHMAN
(admitted *pro hac vice*)
JACOB LUNDQVIST
(admitted *pro hac vice*)
425 Lexington Avenue
New York, NY 10017
Telephone: 212/455-2000
212/455-2502 (fax)
jyoungwood@stblaw.com
jgochman@stblaw.com
jacob.lundqvist@stblaw.com

Attorneys for Defendants

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on June 22, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ ROGER H. BEDFORD, JR.
ROGER H. BEDFORD, JR.

ROGER BEDFORD, ATTORNEY AT LAW, LLC
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)

Email:  rogerbedfordattorneyatlawllc@gmail.com

# Mailing Information for a Case 2:20-cv-00856-RDP Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  jaya@rgrdlaw.com

- **Walter W Bates**
  Bbates@starneslaw.com

- **Roger H Bedford , Jr**
  rogerbedfordattorneyatlawllc@gmail.com

- **Sara M. DiLeo**
  sdileo@saxenawhite.com

- **James Bringhurst Eubank**
  James.Eubank@beasleyallen.com

- **Dawn Stith Evans**
  devans@gseattorneys.com

- **Jay M Ezelle**
  JEzelle@starneslaw.com

- **Janet A Gochman**
  jgochman@stblaw.com

- **Kyla Grant**
  Kgrant@saxenawhite.com

- **Cole Robinson Gresham**
  cgresham@starneslaw.com

- **David J Guin**
  davidg@gseattorneys.com

- **Bailie L Heikkinen**
  bheikkinen@rgrdlaw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Jonathan Dov Lamet**
  jlamet@saxenawhite.com

- **Michael R Lasserre**
  mrl@starneslaw.com

- **Nathan R Lindell**
  nlindell@rgrdlaw.com

- **John T Long**
  johnlong@cavanagh-ohara.com

- **Carl Jacob Lundqvist**
  jacob.lundqvist@stblaw.com

- **Craig Corey Maider**
  cmaider@saxenawhite.com

- **Wilson Daniel Miles , III**
  dee.miles@beasleyallen.com

- **Mason G Roth**
  mroth@rgrdlaw.com

- **Steven B Singer**
  ssinger@saxenawhite.com

- **Tammy McClendon Stokes**
  tammys@gseattorneys.com

- **Joseph E. White**
  jwhite@saxenawhite.com

- **Jonathan K Youngwood**
  jyoungwood@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)