FILED
2023 Jun-22 AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | [PROPOSED] ORDER GRANTING |
| vs. | ) ) | PRELIMINARY APPROVAL OF SETTLEMENT PURSUANT TO FED. R. |
| PROASSURANCE CORPORATION, et al., | ) ) ) | CIV. P. 23(E)(1) AND PERMITTING NOTICE TO THE SETTLEMENT CLASS |
| Defendants. | ) ) | EXHIBIT A |

WHEREAS, the above-captioned action (the "Litigation") is pending before this Court;

WHEREAS, the Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint") was filed in the Litigation on March 26, 2021;

WHEREAS, Defendants expressly have denied, and continue to deny, all allegations made against them in the Litigation, including that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws and have agreed to the Stipulation of Settlement solely to eliminate the burden, expense, and uncertainty of further protracted litigation;[1]

WHEREAS, Lead Plaintiffs have made a motion pursuant to Federal Rule of Civil Procedure 23(e) for an order preliminarily approving the Settlement of this Litigation, in accordance with a Stipulation of Settlement, dated June 22, 2023 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation between the Settling Parties and for dismissal of the Litigation with prejudice upon, and subject to, the terms and conditions set forth therein;

WHEREAS, the Settling Parties have consented to the entry of this Order;

WHEREAS, unless otherwise defined, all terms used herein have the same meanings as set forth in the Stipulation; and

WHEREAS, the Court having read and considered: (1) the motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith, and (2) the Stipulation and the Exhibits annexed thereto.

---

[1] This Order incorporates by reference the definitions in the Stipulation and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless otherwise set forth herein.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1.      The Court has reviewed the Stipulation and does hereby preliminarily approve the Stipulation and Settlement set forth therein as fair, reasonable, and adequate, subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, and for purposes of this Settlement only, the Litigation is hereby preliminarily certified as a class action on behalf of all Persons who purchased or otherwise acquired ProAssurance Corporation common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

3.      The Court preliminarily finds, for the purpose of the Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiffs are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiffs and Lead Counsel have and will fairly and adequately represent the interests of the Settlement Class; (e) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association are preliminarily certified as Settlement Class Representatives and Lead Counsel Robbins Geller Rudman & Dowd LLP and Saxena White P.A., are preliminarily certified as Class Counsel.

5.    The Court preliminarily finds that the proposed Settlement should be approved as: (i) it is the result of serious, extensive arm's-length and non-collusive negotiations between experienced counsel overseen by an experienced mediator; (ii) it falls within a range of reasonableness warranting final approval; (iii) it has no obvious deficiencies; and (iv) it warrants notice of the proposed Settlement to the Settlement Class Members and further consideration of the Settlement at the fairness hearing described below.

6.    A hearing shall be held before this Court on _____, 2023, at _____.m. (the "Settlement Hearing"), at the United States District Court for the Northern District of Alabama, Hugo L. Black United States Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to: (a) determine whether the proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable and adequate to the Settlement Class and should be approved by the Court; (b) determine whether a Judgment, as defined in ¶1.15 of the Stipulation, should be entered, dismissing the Consolidated Complaint on the merits and with prejudice, and to determine whether the release by the Releasing Plaintiff Parties of the Released Defendant Parties as set forth in the Stipulation should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement; (c) determine whether the proposed Plan of Allocation should be approved; (d) consider the Fee and Expense Application; (e) determine any awards to Lead Plaintiffs pursuant to 15 U.S.C. §78u-4(a)(4); (f) hear any objections by Settlement Class Members to the Settlement or Plan of Allocation, awards to Lead Plaintiffs, or to the Fee and Expense Application; and (g) consider such other matters the Court deems appropriate.  The Court may adjourn or change the date and time of the Settlement Hearing without further notice to the

Settlement Class, and may approve the proposed Settlement with such modifications as the Settling Parties may agree to, if appropriate, without further notice to the Settlement Class.

7.      The Court approves the form and content of the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), Proof of Claim and Release, Summary Notice of Proposed Settlement of Class Action ("Summary Notice"), and Postcard Notice, substantially in the forms annexed hereto as Exhibits A-1, A-2, A-3, and A-4, respectively.

8.      The firm of Gilardi & Co. LLC (the "Claims Administrator") is hereby appointed to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

9.      Within ten (10) calendar days after entry of this Order, ProAssurance shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names, addresses, and email addresses if available, of record holders of ProAssurance common stock during the Class Period, as set forth in the records of its transfer agent.  This information will be kept confidential and will not be used for any purpose other than to provide the notice contemplated by this Order.

10.      Not later than _____, 2023 (the "Notice Date") (a date twenty-one (21) calendar days after entry by the Court of this Order), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit A-4, to be emailed or mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and for the Notice and Proof of Claim and Release form to be posted on the case-designated website, www.ProAssuranceSecuritiesSettlement.com.  For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

11.      Not later than _____, 2023 (a date seven (7) calendar days after the Notice Date), the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

- 4 -

12. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publishing.

13. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired ProAssurance common stock during the Class Period (between August 8, 2018 and May 7, 2020, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Postcard Notice, to either forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names, addresses, and email addresses if available, of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice, the Notice, and Proof of Claim and Release form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice, the Notice, and Proof of Claim and Release to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the Court.

14. The Court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable laws and rules, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

15.     All fees, costs, and expenses incurred in identifying and notifying Members of the Settlement Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility, liability, or obligation for such fees, costs, or expenses. Notwithstanding the foregoing, ProAssurance shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available transfer records for purposes of mailing notice to the Settlement Class pursuant to the Stipulation, as set forth in paragraph 9 herein.

16.     All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein), whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

17.     Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the Court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than _____, 2023 (a date ninety (90) calendar days from the Notice Date). Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court, but shall in all other respects be bound by the terms of the Stipulation and the Judgment entered by the Court.  Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby.  No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the

Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

18.    Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice.  If any Member of the Settlement Class does not enter an appearance, they will be represented by Lead Counsel.

19.    Any Member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice.  Any such Person must submit to the Claims Administrator a signed request for exclusion ("Exclusion Request") such that it is postmarked no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  An Exclusion Request must be signed and provide:  (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of ProAssurance common stock that the Person purchased or otherwise acquired and sold for each such purchase, acquisition, and sale during the Class Period; and (iii) a statement that the Person "requests exclusion from the Settlement Class in the *ProAssurance Securities Settlement*."  The Exclusion Request shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the Court.  All Persons who submit valid and timely Exclusion Requests in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation or Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment.  Unless otherwise ordered by the Court, any Person who purchased ProAssurance common stock during the Class Period who fails to timely and validly request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class.

20.     Lead Counsel shall provide or cause to be provided to Defendants' Counsel copies of all Exclusion Requests, whether timely and proper or not, and any written revocation of any Exclusion Requests, as expeditiously as possible, but in no event later than five (5) calendar days of receipt thereof, and not later than fourteen (14) calendar days before the Settlement Hearing.

21.     Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may appear at the Settlement Hearing and object if he, she, it, or they has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or to Lead Plaintiffs; provided that any such Settlement Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Northern District of Alabama and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Saxena White, P.A., Lester R. Hooker, 7777 Glades Road, Suite 300, Boca Raton, FL 33434, and Starnes Davies Florie LLP, Walter W. Bates, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209 and Simpson Thacher & Bartlett LLP, Jonathan K. Youngwood, 425 Lexington Avenue, New York, NY 10017, so that they are received no later than _____, 2023 (a date that is twenty-one (21) calendar days prior to the Settlement Hearing).  Any Member of the Settlement Class who does not make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of fees, costs, charges, and expenses to Lead Counsel or to the awards to Lead Plaintiffs, unless otherwise ordered by the Court.  Attendance at the Settlement Hearing is not necessary.  However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees,

costs, charges and expenses are required to indicate in their written objection their intention to appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing.  Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22.    Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the Court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, other acquisitions, and/or sales of ProAssurance common stock during the Class Period, including the dates and number of shares for each purchase, other acquisition, and/or sale; and (iv) identify all settlements to which the objector and/or its counsel has filed an objection in the past three (3) years.

23.    Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have waived such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

24.     All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

25.     All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than _____, 2023 (a date that is thirty-five (35) calendar days prior to the Settlement Hearing), and any reply papers shall be filed and served no later than _____, 2023 (a date that is seven (7) calendar days prior to the Settlement Hearing).

26.     The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the Court separately from the fairness, reasonableness, and adequacy of the Settlement.  Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses or awards to Lead Plaintiffs, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to

terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

27.    At or after the Settlement Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved.  The Court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses or awards to Lead Plaintiffs.

28.    All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the Court does not approve the Settlement, or the Settlement otherwise fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶2.11 or 2.13 of the Stipulation.

29.    This Order and the Stipulation (including any of their respective terms or provisions), any of the negotiations, discussions, proceedings connected with them, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement or this Order, may not be construed as an admission or concession by the Released Defendant Parties of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind, and may not be offered or received in evidence (or otherwise used by any Person in the Litigation, or in any other action or proceeding, whether civil, criminal, or administrative, in any court, administrative agency, arbitration, or other tribunal), except in connection with any proceeding to enforce the terms of the Stipulation or this Order.  The Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, and each of their counsel may file the Stipulation, and/or this Order, and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement,

judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

30.     All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.  Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the Released Plaintiffs' Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

31.     The Court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.  The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

32.     If the Stipulation or Settlement fails to become Effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence in this Litigation or used in any other actions or proceedings for any purpose, by any person or entity against any of the Settling Parties, and any judgment or order entered by the Court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*.  In any such event, the

Settling Parties shall be deemed to have reverted to their respective litigation positions as of March 29, 2023.

IT IS SO ORDERED.

DATED: _____        _____

THE HONORABLE R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE