FILED
2023 Jun-22  AM 11:21
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A-2

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | PROOF OF CLAIM AND RELEASE |
| vs. | ) ) | EXHIBIT A-2 |
| PROASSURANCE CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

## I.    GENERAL INSTRUCTIONS

1.    To recover as a Member of the Settlement Class based on your claims in the action entitled *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856 (the "Litigation"), you must complete and, on page ___ hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim").  If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2.    Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3.    YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN [ADD], TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____
Online Submissions: www.ProAssuranceSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above.  If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

---

[1]    This Proof of Claim incorporates by reference the definitions and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 22, 2023 ("Stipulation"), which can be obtained at www.ProAssuranceSecuritiesSettlement.com.

- 1 -

4.      If you are a Member of the Settlement Class and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.      It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the proposed Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated herein by initial capital letters) used in this Claim Form.  By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II.    CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired ProAssurance Corporation ("ProAssurance") common stock during the period between August 8, 2018 and May 7, 2020, inclusive (the "Class Period"), and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the ProAssurance common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PROASSURANCE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation

with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES:  Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically,    you    must    contact    the    Claims    Administrator    at info@ProAssuranceSecuritiesSettlement.com to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III.    CLAIM FORM

Use Part II of this form entitled "Schedule of Transactions in ProAssurance Common Stock," to supply all required details of your transaction(s) in ProAssurance common stock.  If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form.  Sign and print or type your name on each additional sheet.

Please note that only the publicly traded shares of ProAssurance common stock purchased or otherwise acquired during the Class Period (*i.e.*, between August 8, 2018 and May 7, 2020, both dates inclusive) are eligible under the Settlement.  However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of ProAssurance common stock during the period from August 8, 2018 through and including the close of trading on August 5, 2020, will be used for purposes of calculating loss amounts under the Plan of Allocation.  Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided.  **Failure to report all**

**transaction and holding information during the requested time period may result in the rejection of your claim.**

List these transactions separately and in chronological order, by trade date, beginning with the earliest.  You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of ProAssurance common stock, and the date of a "short sale" is deemed to be the date of sale of ProAssurance common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in ProAssurance common stock.  If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim.  Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, its, or their, *pro rata* share of the Net Settlement Fund.  If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*

Case No. 2:20-cv-00856

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

**[ADD]**

Please Type or Print

- 5 -

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PROASSURANCE COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

**PART I: CLAIMANT IDENTIFICATION**

Last Name                    M.I.    First Name

Last Name (Co-Beneficial Owner)    M.I.    First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other_____ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

LAST 4 DIGITS OF SOCIAL SECURITY NUMBER    or    Taxpayer Identification Number

Telephone Number (Primary Daytime)    Telephone Number (Alternate)

Email Address

**MAILING INFORMATION**

Address

Address

City    State    Zip Code

Foreign Province    Foreign Postal Code    Foreign Country Name/Abbreviation

PART II:    SCHEDULE OF TRANSACTIONS IN PROASSURANCE COMMON STOCK

A.    Number of shares of ProAssurance common stock held at the opening of trading on August 8, 2018 (must be documented). If none, write "zero" or "0.":

Proof Enclosed?
○ Y
○ N

B.    Purchases or other acquisitions of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

| Trade Date Month Day Year | Number of Shares Purchased or Acquired | Total Purchase or Acqusition Price |
| --- | --- | --- |
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |

- 6 -

3._____        3._____        3._____

C.    Sales of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

| SALES | | | |
|---|---|---|---|
| Trade Date(s) of Shares (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding Commissions, Taxes and Fees) Please round off to the nearest whole dollar | Proof of Sales Enclosed? |
| M M / D D / Y Y Y Y | | $ . 0 0 | ◯ Y ◯ N |
| 1. | | | |
| 2. | | $ . 0 0 | ◯ Y ◯ N |
| 3. | | $ . 0 0 | ◯ Y ◯ N |
| 4. | | $ . 0 0 | ◯ Y ◯ N |

D.    Number of shares of ProAssurance common stock held at the close of trading on May 7, 2020 (must be documented).  If none, write "zero" or "0.":

Proof Enclosed?
◯ Y
◯ N

E.    Number of shares of ProAssurance common stock held at the close of trading on August 5, 2020 (must be documented).  If none, write "zero" or "0":

Proof Enclosed?
◯ Y
◯ N

F.    If you require additional space, attach extra schedules in the same format as above.

Sign and print your name and the last four digits of your social security/taxpayer identification number on each additional page.

    **YOU MUST READ AND SIGN THE RELEASE ON PAGE _____.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

IV.    **SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS**

    I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice.

I (We) also submit to the jurisdiction of the United States District Court for the Northern District of

- 7 -

Alabama with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or other acquisition of ProAssurance common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V.      RELEASES

1.      Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.2-4.4 of the Stipulation.

2.      "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

3.      "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former

employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4.      "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties.  The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

5.      "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance

- 9 -

with the requirements set by the Court in connection with the Settlement.  For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

6.    "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period.  Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

7.    "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties.  "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

8.    "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel.  With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

- 11 -

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the

- 12 -

Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

9.      These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10.      I (We) hereby warrant and represent that I (we) have not assigned, transferred, or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11.      I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, other acquisitions, and sales of ProAssurance common stock during the Class Period and the number of shares of ProAssurance common stock held by me (us) at the opening of trading on August 8, 2018, and the close of trading on May 7, 2020 and August 5, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

- 13 -

Executed this_____ day of _____ in _____
                                          (Month/Year)                                (City/State/Country)

_____
(Sign your name here)

_____
(Sign your name here)

_____
(Type or print your name here)

_____
(Type or print your name here)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)

_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.
THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this Claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send originals of certificates.**
5. Keep a copy of your claim form and all supporting documentation for your records.

6. If you desire an acknowledgment of receipt of your claim form please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim and Release form or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR POSTMARKED NO LATER THAN [ADD], ADDRESSED AS FOLLOWS:**

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box _____
Novato, CA _____
www.ProAssuranceSecuritiesSettlement.com

- 14 -