FILED
2023 Aug-25 PM 04:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **SHEET METAL WORKERS LOCAL 19 PENSION FUND, individually and on behalf of all others similarly situated,** | } | |
| **Plaintiffs,** | } | |
| **v.** | } | **Case No.: 2:20-cv-00856-RDP** |
| **PROASSURANCE CORPORATION, et al.,** | } | |
| **Defendants.** | } | |

**MEMORANDUM OPINION AND ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO THE CLASS**

This matter is before the court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement.[1] (Doc. # 155).

Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association ("Lead Plaintiffs"), on behalf of themselves and each Settlement Class Member; and Defendants ProAssurance Corporation ("ProAssurance" or the "Company"), W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski (the "Individual Defendants") (the Individual Defendants, together with ProAssurance, will be referred to as "Defendants") (collectively, Lead Plaintiffs and Defendants will be referred to as the "Settling Parties") have agreed to a Stipulation of Settlement dated June 22, 2023 (the "Stipulation"). In the current Motion, Lead Plaintiffs ask this court to enter an Order: (1) preliminarily approving the proposed class action settlement; (2) approving the proposed forms of: (a) the Notice of Pendency and Proposed Settlement of Class Action, (b) the Proof of Claim and Release form, (c) the Summary Notice of Proposed Settlement of Class Action, and (d) the

[1] Unless otherwise defined herein, all terms used in this Order that are defined terms in the Settlement Agreement have the same meaning as set forth in the Settlement Agreement.

Postcard Notice; (3) approving the proposed methods of disseminating notice; (4) approving the appointment of Gilardi & Co. LLC as the Claims Administrator; and (5) setting a date for the Settlement Hearing. (Doc. # 155). For the reasons discussed below, the Motion (Doc. # 155) is **GRANTED**.

## I. Background

The initial complaint in this Litigation was filed on June 16, 2020. (Doc. # 1). On September 11, 2020, the court appointed Central Laborers' Pension Fund and Plymouth County Retirement Association as Lead Plaintiffs and Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as Lead Counsel. (Doc. # 32).

On March 26, 2021, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). (Doc. # 44). The Consolidated Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act. (*Id.*). Lead Plaintiffs allege that, during the Class Period, Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with an undisclosed insurance policy issued to a large national account and the amount of loss reserves ProAssurance maintained for the undisclosed large national account. (*Id.*). Lead Plaintiffs allege that, as a result of Defendants' misrepresentations and/or omissions, the price of ProAssurance's common stock was artificially inflated during the Class Period. (*Id.*).

On May 18, 2021, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) and under the PSLRA. (Doc. # 51). Lead Plaintiffs filed their opposition to Defendants' motion to dismiss on June 30, 2021, and Defendants filed their reply in support of the motion on July 28, 2021. (Docs. # 55, 58). On December 10, 2021,

Judge Kallon granted in part and denied in part Defendants' motion to dismiss. (Docs. # 61, 62). Defendants answered the Consolidated Complaint on January 24, 2022, denying all material allegations and asserting multiple defenses. (Doc. # 65).

Discovery was robust. During the litigation, Lead Plaintiffs served over 45 requests for production of documents to Defendants, and Defendants, on a rolling basis, produced more than 169,800 documents (encompassing over 1,643,000 pages) from over 30 custodians. (Doc. # 156 at 11). The documents were reviewed and analyzed by Lead Plaintiffs' Counsel. (*Id.*). In addition, Lead Plaintiffs served three sets of interrogatories, totaling 35 interrogatories, and Defendants provided objections and responses. (*Id.*). The parties also served subpoenas on 19 third parties, and those third parties collectively produced more than 154,700 documents totaling over 1,198,900 pages. (*Id.*). Lead Plaintiffs produced over 15,700 pages of documents and responded to Defendants' 29 document requests and 16 interrogatories. Each of Lead Plaintiffs and Defendants also provided deposition testimony. The parties participated in numerous meet and confers discussions to address discovery issues and litigated multiple discovery disputes before the court. (*Id.* at 11-12). They also conducted 19 expert and fact witness depositions. (*Id.*).

On April 1, 2022, Lead Plaintiffs filed a motion for class certification. (Doc. # 78). The class certification was opposed (Docs. # 92, 93, 94, 102, 103, 104, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 128, 129, 134, 135, 136, 137, 138, 139, 140, 141, 142, 143, 144) and it remained pending at the time the parties reached an agreement in principle to settle the Litigation.

On November 29, 2022, the parties participated in a formal, full-day in-person mediation with David Murphy of Phillips ADR Enterprises. (Doc. # 156 at 12). No settlement was reached during the November 29, 2022 mediation session, but the parties continued their good-faith efforts to resolve the case over the next several months. (*Id.*). On March 24, 2023, Murphy made

a mediator's recommendation to settle the case for $28,000,000, which the parties accepted on March 29, 2023. (*Id.*). The agreed-to settlement contemplated full releases of liability in return for a cash payment of $28 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the court. (*Id.*). The Stipulation (together with the Exhibits thereto) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that are or could have been in dispute between the Settling Parties arising from the allegations made in the Consolidated Complaint. (*Id.*).

## II. Terms of the Settlement

After almost three years of substantial litigation, the parties accepted a mediator's proposal to settle the case. (Doc. # 156 at 9). The $28 million payment is an all-in number, meaning it includes, among other things, payment for all Lead Plaintiffs' Counsel's attorneys' fees, administration costs, expenses, class member benefits, costs of administration and notice, and reimbursement of Lead Plaintiffs' time and expenses pursuant to the PSLRA, Notice and Administration Expenses, Taxes, as well as any other costs, expenses, or fees of any kind whatsoever associated with the resolution of this Litigation. (Doc. # 157 at 19). That is, other than the Company's obligation to pay or cause the payment of the Settlement Amount, Defendants have no obligation whatsoever to make any other payments into the Escrow Account or to the Settlement Class or any Settlement Class Member, or any other Person, under this Stipulation or as part of the Settlement. (*Id.*). And, there is no responsibility on the part of the Individual Defendants to pay any portion of the Settlement Amount or pay any other amount in connection with the Settlement. (*Id.*).

The parties have defined the "Settlement Class" to be all Persons who purchased or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby. (Doc. # 157 at 14). Excluded from the

Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. (*Id.* at 14-15). Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the court in connection with the Settlement. (*Id.* at 15).

Upon the Effective Date of the Settlement, the Releasing Plaintiff Parties, including, but not limited to, Lead Plaintiffs and each of the other Members of the Settlement Class, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on behalf of any Settlement Class Member, shall be deemed to have, and by operation of law and of the Judgment shall have, fully, finally, and forever compromised, settled, waived, released, resolved, relinquished, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties, and shall forever be barred and enjoined from asserting, commencing, instituting, prosecuting, intervening in, continuing to prosecute, or maintaining in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind or character (whether brought directly, in a representative capacity, derivatively, or in any other capacity) any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Releasing Plaintiff Party executes and delivers the Proof of Claim and Release or shares in the Net Settlement Fund. (*Id.* at 26-27).

## III. Applicable Legal Standards

The parties seek preliminary certification of a Settlement Class and preliminary approval of the Settlement. Below, the court briefly reviews the standard for reviewing both requests. But first, it is appropriate for the court to consider two preliminary matters.

### A. Standing

"It is well-settled in the Eleventh Circuit that prior to the certification of a class, and before undertaking an analysis under Rule 23, the district court must determine that at least one named class representative has Article III standing to raise each class claim." *In re Terazosin Hydrochloride Antitrust Litig.*, 220 F.R.D. 672, 679 (S.D. Fla. 2004) (citing *Wolf Prado-Steiman v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)); *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987) ("[A]ny analysis of class certification must begin with the issue of standing.")).

In appointing Central Laborers' Pension Fund and Plymouth County Retirement Association as Lead Plaintiffs (Doc. # 32), the court found that they possessed "the largest financial interest in the relief sought by the class . . . [a]nd meet the requirements of Rule 23." (Doc. # 32 at 2). Accordingly, Lead Plaintiffs have standing to pursue these claims on behalf of the Settlement Class.

### B. Ascertainability

In addition to standing, a class plaintiff must show that the proposed class is adequately defined and clearly ascertainable. " *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012). The threshold issue of "ascertainability" relates to whether the putative class can be identified: "[a]n identifiable class exists if its members can be ascertained by reference to objective criteria." *Bussey v. Macon Cnty. Greyhound Park, Inc.*, 562 F. App'x 782, 787 (11th Cir. 2014) (citing *Fogarazzo v. Lehman Bros., Inc.*, 263 F.R.D. 90, 97 (S.D.N.Y. 2009)). "A proposed class is ascertainable if it is adequately defined such that its membership is capable of

determination." *Cherry v. Dometic Corp*., 986 F.3d 1296, 1304 (11th Cir. 2021). Here, Plaintiffs meet the *Cherry* standard for ascertainability. Membership in the class turns on objective, verifiable criterion of having purchased or otherwise acquired ProAssurance Corporation common stock between August 8, 2018 and May 7, 2020. Therefore, the court concludes that the settlement class is ascertainable.

**C. Preliminary Class Certification**

As the Supreme Court has explained, when a plaintiff requests class certification for purposes of a settlement-only class, the court:

> need not inquire whether the case, if tried, would present intractable management problems [] for the proposal is that there is to be no trial. But other specifications of the Rule – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context. Such attention is of vital importance, for a court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold.

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997); *see Ortiz v. Fibreboard Corp*., 527 U.S. 815, 848-49 (1999) ("When a district court, as here, certifies for class action settlement only, the moment of certification requires heightened attention ... to the justifications for binding the class members.") (internal quote omitted).

"'For a class action to be certified, the named plaintiff must have standing, and the putative class must satisfy both the requirements of Federal Rule of Civil Procedure 23(a), and the requirements found in one of the subsections of Rule 23(b).'" *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1267 (11th Cir. 2019) (citing *City of Hialeah v. Rojas*, 311 F.3d 1096, 1101 (11th Cir. 2002)). The Rule 23(a) requirements for certification of any class action are: "(1) numerosity ('a class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical ... of the class'); and (4) adequacy of representation (representatives 'will

fairly and adequately protect the interests of the class').” *Amchem*, 521 U.S. at 613; *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 (11th Cir. 2009) (same); *Valley Drug Co. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1187-88 (11th Cir. 2003) (same). The Federal Rules provide that a class action may be maintained if Rule 23(a) is satisfied and if the provisions of Rule 23(b)(1), (b)(2), or (b)(3) are satisfied. Fed. R. Civ. P. 23(b). Thus, “[i]n addition to establishing the requirements of Rule 23(a), a plaintiff seeking class certification must also establish that the proposed class satisfies at least one of the three requirements listed in Rule 23(b).” *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012); *see also Palm Beach Golf Ctr.-Boca, Inc. v. Sarris*, 311 F.R.D. 688, 698 (S.D. Fla. 2015); *Diamond v. Hastie*, 2019 WL 1994467, at *4 (S.D. Ala. 2019).

Just because certain factual matters may ultimately be at the center of a merits' decision on Plaintiffs' claims, that does not mean the court cannot consider those factual matters at the class certification stage. *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350-52 (2011). In *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009), the Eleventh Circuit explained as follows:

> Although the trial court should not determine the merits of the plaintiffs' claim at the class certification stage, the trial court can and should consider the merits of the case to the degree necessary to determine whether the requirements of Rule 23 will be satisfied. *Valley Drug Co.*, 350 F.3d 1181 at 1188 n.15 (citing *Gen. Tel. Co. of the Southwest v. Falcon*, 457 U.S. 147, 160, 102 S.Ct. 2364, 2372, 72 L.Ed.2d 740 (1982)); *see Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 & n. 12, 98 S.Ct. 2454, 2458 & n. 12, 57 L.Ed.2d 351 (1978) (“[t]he class determination generally involves considerations that are ‘enmeshed in the factual and legal issues comprising the plaintiff's cause of action.’ ... ‘The more complex determinations required in Rule 23(b)(3) class actions entail even greater entanglement with the merits.’”) (emphasis and citations omitted); *Huff v. N.D. Cass Co. of Ala.*, 485 F.2d 710, 714 (5th Cir. 1973) (en banc) (“It is inescapable that in some cases there will be overlap between the demands of [Rule] 23(a) and (b) and the question of whether plaintiff can succeed on the merits.”); [*Castano v. Am. Tobacco Co.*, 84 F.3d 734, 744 (5th Cir. 1996), a*brogated in part on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639, 128 S.Ct. 2131 (2008)] (“Going beyond the pleadings is necessary, as a court must understand the claims, defenses, relevant facts, and applicable substantive law in order to make a meaningful determination of the certification issues.”).

*Vega*, 564 F.3d at 1265-66 (footnotes omitted). The "party seeking class certification has the burden of proof." *Brown v. Electrolux Home Products, Inc.*, 817 F.3d 1225, 1233 (11th Cir. 2016) (citing *Valley Drug Co.*, 350 F.3d at 1187).

**D. Preliminary Approval of the Settlement**

Even if it becomes clear that preliminary class certification under Rule 23(a) and (b) is appropriate, the court's job is not complete. It must still examine the propriety of settlement. *Hale*, 2020 WL 3642490, at *2. Rule 23(e) provides that a court may approve a proposed class action settlement "only after a hearing and on finding that it is fair, reasonable, and adequate." *See* Rule 23(e)(2). The 2018 amendments to Rule 23(e)(2) brought forth substantial and needed changes with respect to the early and final evaluation of class settlements.[2] Rule 23(e) now provides that the district court may approve a settlement only after considering whether:

> (A) the class representatives and class counsel have adequately represented the class;
>
> (B) the proposal was negotiated at arm's length;
>
> (C) the relief provided for the class is adequate, taking into account:
>
> > (i) the costs, risks, and delay of trial and appeal;
> >
> > (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims;

---

[2] The 2018 amendments to Rule 23 imposed a heightened standard on counsel seeking preliminary approval of a proposed settlement. Now, before notice of a proposed settlement is given to a class, counsel must provide the court with "a solid record supporting the conclusion that the proposed settlement will likely earn final approval after notice and an opportunity to object." Committee Notes on Fed. R. Civ P. 23, 2018 Amendment. Specifically, counsel must demonstrate the proposed settlement passes procedural and substantive hurdles. Rule 23(e)(2)(A-B) requires counsel demonstrate the proposed settlement has satisfied certain "'procedural' concerns," and Rule 23(e)(2)(C-D) requires the proposed settlement satisfy a "'substantive' review." *Id.*

The 2018 amendments were promulgated after extensive review by the Advisory Committee on Civil Rules. *See* Advisory Committee on Civil Rules (Apr. 25-26, 2017), available at https://www.uscourts.gov/sites/default/files/2017-04-civil-agenda_book.pdf. Judge John D. Bates of the District of Columbia and Judge Robert M. Dow, Jr. of the Northern District of Illinois ably served as Chair of the Advisory Committee on Civil Rules and as Chair of the Rule 23 Subcommittee, respectively. Academics and practitioners have acknowledged that the 2018 amendments have brought about helpful and necessary changes to class action litigation. *See, e.g.*, Rhonda Wasserman, *The New, Improved Class Action Rule: The December 2018 Amendments to Rule 23*, 90 Pa. Bar Ass'n Q. 182 (2019).

> (iii) the terms of any proposed award of attorney's fees, including timing of payment; and
>
> (iv) any agreement required to be identified under Rule 23(e)(3); and
>
> (D) the proposal treats class members equitably relative to each other.

*Hale*, 2020 WL 364 2490 at *3 (quoting Fed. R. Civ. P. 23(e)(2)(A)-(D)).

## IV. Analysis

Upon consideration of the motion, the Settlement Agreement, and the exhibits thereto, the court **GRANTS** preliminary approval of the Settlement, and **DIRECTS** notice be sent to the Class. The court specifically **DETERMINES** as follows.

1. The court preliminarily **CONCLUDES** that it has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

2. Pursuant to Federal Rule of Civil Procedure 23, the court **PRELIMINARILY CERTIFIES**, for settlement purposes only, the following Settlement Class:

> All Persons who purchased or otherwise acquired ProAssurance Corporation common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

3. The court **PRELIMINARILY FINDS** that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of Class Representatives are typical of the claims of the Settlement Class Members; and (d)

Class Representatives will fairly and adequately represent the interests of the Settlement Class Members.

4. The court **FURTHER PRELIMINARILY FINDS** that the prerequisites for class certification under Rule 23(b)(3) have been satisfied. Rule 23(b)(3) requires, among other things, that (1) common questions "predominate over any questions affecting only individual members" and (2) class resolution is "superior to other available methods for the fair and efficient adjudication of the controversy."

"As to whether common questions predominate, all questions of law or fact need not be common; but some questions must be common to the class and those questions must predominate over individual questions." *In re HealthSouth Corp. Securities Litigation*, 257 F.R.D. 260, 276 (N.D. Ala. 2009) (citing *Cox v. AM. Cast Iron Pipe Co*., 784 F.2d 1546, 1557 (11th Cir. 1986)). Here, there is no question that some questions are common to the class, and that those questions predominate over individual ones. Namely, the class commonly asks whether ProAssurance misled its investors by championing its reputation for conservatism and discipline despite underwriting a particularly risky policy for the physician staffing firm TeamHealth.

Further, "[a]s a general rule, class action treatment presents a superior method for the fair and efficient resolution of securities fraud cases." *Id.* (citing *Kirkpatrick v. J.C. Bradford & Co.*, 827 F.2d 718, 727 (11th Cir. 1987)). The general rule is particularly salient when "common issues of law and fact are involved," because class actions "promote judicial efficiency and economy of litigation." *Id.* (citing *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982)). The court sees no reason to depart from the general rule here.

Accordingly, the court finds that (a) the questions of law and fact common to Members of the Settlement Class predominate over any questions affecting only individual Settlement Class

Members; and (b) a class action is superior to other methods for the fair and efficient adjudication of the Litigation.

5. Rule 23(e)(1)—amended in December 2018—now provides that notice should be given to the class, and hence, preliminary approval should only be granted, where the court "will likely be able to" finally approve the settlement under Amended Rule 23(e)(2) and certify the class for settlement purposes. Fed. R. Civ. P. 23(e); *see also id.* 2018 Amendment Advisory Committee Notes.

6. Pursuant to the Settlement Agreement, subject to the court's final approval, the Parties have settled this action for a payment of $28,000,000 to the Escrow Account established by the Escrow Agent. The Settlement Amount covers any and all claims for expenses and attorneys' fees by Plaintiffs as well as any expenses associated with the Class Notices and Settlement Administration.

7. The court has reviewed the terms of the proposed Settlement Agreement, along with its exhibits and attachments, Plaintiffs' unopposed motion and brief, and the declarations of counsel. Based on its review of these papers, the court **PRELIMINARILY FINDS** that the Settlement Agreement is a result of substantial, informed, non-collusive negotiations conducted with the assistance of mediator David Murphy. Having considered the motion for preliminary approval, the Settlement Agreement, and the exhibits thereto, and the record in this case, the court **PRELIMINARILY FINDS** that the Settlement falls within the range of possible approval and is fair, reasonable, adequate, and in the best interests of the Settlement Class. This initial finding is supported by, among other things, the complex legal and factual posture of this matter, the significant discovery conducted by the parties, the fact that the Settlement is the result of arms' length negotiations presided over by the neutral mediator, and the benefits that the settlement makes available to Settlement Class Members.

**Class Representative and Class Counsel**

8. The court **PRELIMINARILY APPOINTS** Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association as the Class Representatives.

9. Under Rule 23(g), the court also **PRELIMINARILY APPOINTS** the law firms Lead Counsel Robbins Geller Rudman & Dowd LLP and Saxena White P.A. as Class Counsel.

**Administration & Notice**

10. The court **FINDS** that the form, content, and method of giving notice to the Settlement Class as described in the Settlement and exhibits: (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the action, the terms of the proposed Settlement, and their rights under the proposed Settlement; (c) are reasonable and constitute due, adequate, and sufficient notice to those persons entitled to receive notice; and (d) satisfy the requirements of Federal Rule of Civil Procedure 23, the constitutional requirement of due process, and any other legal requirements. The court **FURTHER FINDS** that the notice is written in plain language, uses simple terminology, and is designed to be readily understandable by Settlement Class Members.

11. The court thus **APPROVES** the notice program and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. Class Counsel **SHALL**, prior to the Final Approval Hearing, file with the court a declaration executed by the Settlement Administrator attesting to the timely completion of the notice program.

12. The court **APPOINTS** Gilardi & Co. LLC ("Gilardi") (the "Claims Administrator") to supervise and administer the notice procedure as well as the processing of Claims as more fully set forth below.

13. Within ten (10) calendar days after entry of this Order, ProAssurance shall use its best efforts to provide or cause to be provided to the Claims Administrator, at no cost to Lead Plaintiffs or the Settlement Class, a list in electronic format, containing the names, addresses, and email addresses if available, of record holders of ProAssurance common stock during the Class Period, as set forth in the records of its transfer agent. This information will be kept confidential and will not be used for any purpose other than to provide the notice contemplated by this Order.

14. Not later than **September 22, 2023** (the "Notice Date"), the Claims Administrator shall cause a copy of the Postcard Notice, substantially in the form annexed hereto as Exhibit A-4, to be emailed or mailed by First-Class Mail to all Settlement Class Members who can be identified with reasonable effort and for the Notice and Proof of Claim and Release form to be posted on the case-designated website, www.ProAssuranceSecuritiesSettlement.com. For all Postcard Notices returned as undeliverable, the Claims Administrator shall use its best efforts to locate updated addresses.

15. Not later than **September 29, 2023**, the Claims Administrator shall cause the Summary Notice to be published once in *The Wall Street Journal*, and once over a national newswire service.

16. At least seven (7) calendar days prior to the Settlement Hearing, Lead Counsel shall serve on Defendants' Counsel and file with the court proof, by affidavit or declaration, of such mailing and publishing.

17. The Claims Administrator shall use reasonable efforts to give notice to nominee purchasers such as brokerage firms and other persons or entities who purchased or otherwise acquired ProAssurance common stock during the Class Period (between August 8, 2018 and May 7, 2020, inclusive) as record owners but not as beneficial owners. Such nominee purchasers are directed, within ten (10) calendar days of their receipt of the Postcard Notice, to either

forward copies of the Postcard Notice to their beneficial owners or to provide the Claims Administrator with lists of the names, addresses, and email addresses if available, of the beneficial owners, and the Claims Administrator is ordered to send the Postcard Notice promptly to such identified beneficial owners. Nominee purchasers who elect to send the Postcard Notice to their beneficial owners shall send a statement to the Claims Administrator confirming that the mailing was made as directed. Additional copies of the Postcard Notice, the Notice, and Proof of Claim and Release form shall be made available to any record holder requesting such for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Postcard Notice, the Notice, and Proof of Claim and Release to beneficial owners. Any disputes with respect to the reasonableness or documentation of expenses incurred shall be subject to review by the court.

18. The court finds that the form and content of the notice program described herein and the methods set forth herein for notifying the Settlement Class of the Settlement and its terms and conditions, the Fee and Expense Application, and the Plan of Allocation meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Private Securities Litigation Reform Act of 1995, due process, and any other applicable laws and rules, constitute the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all Persons entitled thereto.

19. All fees, costs, and expenses incurred in identifying and notifying Members of the Settlement Class shall be paid from the Settlement Fund and in no event shall any of the Released Defendant Parties bear any responsibility, liability, or obligation for such fees, costs, or expenses. Notwithstanding the foregoing, ProAssurance shall be responsible for the costs and expenses of providing to Lead Counsel and/or the Claims Administrator reasonably available

transfer records for purposes of mailing notice to the Settlement Class pursuant to the Stipulation, as set forth in paragraph 9 herein.

20. All Settlement Class Members shall be bound by all determinations and judgments in the Litigation concerning the Settlement (including, but not limited to, the releases provided for therein), whether favorable or unfavorable to the Settlement Class, regardless of whether such Persons seek or obtain by any means (including, without limitation, by submitting a Proof of Claim and Release or any similar document) any distribution from the Settlement Fund or the Net Settlement Fund.

21. Settlement Class Members who wish to participate in the Settlement shall complete and submit a Proof of Claim and Release in accordance with the instructions contained therein. Unless the court orders otherwise, all Proofs of Claim and Release must be postmarked or submitted electronically no later than **November 30, 2023**. Any Settlement Class Member who does not submit a Proof of Claim and Release within the time provided shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the court, but shall in all other respects be bound by the terms of the Stipulation and the Judgment entered by the court. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted Claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted Claims.

22. Any Member of the Settlement Class may enter an appearance in the Litigation, at his, her, their, or its own expense, individually or through counsel of his, her, their, or its own choice. If any Member of the Settlement Class does not enter an appearance, they will be

represented by Lead Counsel.

**Exclusions and Objections**

1. Any Member of the Settlement Class who wishes to exclude himself, herself, itself, or themselves from the Settlement Class must request exclusion in writing within the time and in the manner set forth in the Notice. Any such Person must submit to the Claims Administrator a signed request for exclusion ("Exclusion Request") such that it is postmarked no later than **December 22, 2023**. An Exclusion Request must be signed and provide: (i) the name, address, email address, and telephone number of the Person requesting exclusion; (ii) a list identifying the dates and the number of shares of ProAssurance common stock that the Person purchased or otherwise acquired and sold for each such purchase, acquisition, and sale during the Class Period; and (iii) a statement that the Person "requests exclusion from the Settlement Class in the *ProAssurance Securities Settlement*." The Exclusion Request shall not be effective unless it provides the required information and is made within the time stated above, or is otherwise accepted by the court. All Persons who submit valid and timely Exclusion Requests in the manner set forth in this paragraph and the Notice shall have no rights under the Stipulation or Settlement, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or any final judgment. Unless otherwise ordered by the court, any Person who purchased ProAssurance common stock during the Class Period who fails to timely and validly request exclusion from the Settlement Class in compliance with this paragraph shall be deemed to have waived his, her, their, or its right to be excluded from the Settlement Class and shall be barred from requesting exclusion from the Settlement Class.

2. Lead Counsel shall provide or cause to be provided to Defendants' Counsel copies of all Exclusion Requests, whether timely and proper or not, and any written revocation of any Exclusion Requests, as expeditiously as possible, but in no event later than five (5) calendar

days of receipt thereof, and not later than fourteen (14) calendar days before the Settlement Hearing.

3. Any Member of the Settlement Class who or which does not request exclusion from the Settlement Class may appear at the Settlement Hearing and object if he, she, it, or they has any reason why the proposed Settlement of the Litigation should not be approved as fair, reasonable and adequate, why a judgment should not be entered thereon, why the Plan of Allocation should not be approved, or why attorneys' fees, together with costs, charges and expenses should not be awarded to Lead Counsel or to Lead Plaintiffs; provided that any such Settlement Class Member files objections and copies of any papers and briefs with the Clerk of the United States District Court for the Northern District of Alabama and mails copies thereof by first-class mail to Robbins Geller Rudman & Dowd LLP, Ellen Gusikoff Stewart, 655 West Broadway, Suite 1900, San Diego, CA 92101 and Saxena White, P.A., Lester R. Hooker, 7777 Glades Road, Suite 300, Boca Raton, FL 33434, and Starnes Davies Florie LLP, Walter W. Bates, 100 Brookwood Place, 7th Floor, Birmingham, AL 35209 and Simpson Thacher & Bartlett LLP, Jonathan K. Youngwood, 425 Lexington Avenue, New York, NY 10017, so that they are received no later than **December 22, 2023**. Any Member of the Settlement Class who does not make his, her, their, or its objection in the manner provided shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement as incorporated in the Stipulation, to the Plan of Allocation, to the award of fees, costs, charges, and expenses to Lead Counsel or to the awards to Lead Plaintiffs, unless otherwise ordered by the court. Attendance at the Settlement Hearing is not necessary. However, Persons wishing to be heard orally in opposition to the approval of the Settlement, the Plan of Allocation, and/or the application for an award of fees, costs, charges and expenses are required to indicate in their written objection their intention to

appear at the hearing and to include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

4. Any objections, filings, and other submissions by an objecting Settlement Class Member must: (i) state the name, address, email address, and telephone number of the Person objecting and must be signed by the objector, even if the objector is represented by counsel; (ii) contain a statement of the Settlement Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Settlement Class Member wishes to bring to the court's attention and whether the objections apply only to the objector, a specific subset of the Settlement Class, or to the entire Settlement Class; (iii) include documents sufficient to prove membership in the Settlement Class, including the objecting Settlement Class Member's purchases, other acquisitions, and/or sales of ProAssurance common stock during the Class Period, including the dates and number of shares for each purchase, other acquisition, and/or sale; and (iv) identify all settlements to which the objector and/or its counsel has filed an objection in the past three (3) years.

5. Any Settlement Class Member who does not object to the Settlement, the Plan of Allocation, or the application for an award of attorneys' fees, costs, charges and expenses in the manner prescribed herein and in the Notice shall be deemed to have **WAIVED** such objection, and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement, this Order and the Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the application by Lead Counsel for an award of attorneys' fees together with costs, charges and expenses.

**Attorneys' Fees, Expenses and Service Award**

1. All funds held by the Escrow Agent shall be deemed and considered to be *in custodia legis*, and shall remain subject to the jurisdiction of the court until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the court.

2. All papers in support of the Settlement, Plan of Allocation, and any application by Lead Counsel for an award of attorneys' fees, costs, charges and expenses shall be filed and served no later than **December 8, 2023**, and any reply papers shall be filed and served no later than **January 10, 2024**.

3. The Released Defendant Parties shall have no responsibility or liability for the Plan of Allocation or any application for attorneys' fees, costs, charges or expenses submitted by Lead Counsel, and such matters will be considered by the court separately from the fairness, reasonableness, and adequacy of the Settlement. Any order or proceeding relating solely to the Plan of Allocation or any application for attorneys' fees or expenses or awards to Lead Plaintiffs, or any appeal from any order relating solely thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment and the settlement of the Litigation.

4. At or after the Settlement Hearing, the court shall determine whether the Plan of Allocation proposed by Lead Counsel, and any application for attorneys' fees, costs, charges and expenses, should be approved. The court reserves the right to enter the Judgment finally approving the Settlement regardless of whether it has approved the Plan or Allocation or awarded attorneys' fees and/or costs, charges and expenses or awards to Lead Plaintiffs.

5. All reasonable expenses incurred in identifying and notifying Settlement Class Members as well as administering the Settlement Fund shall be paid as set forth in the Stipulation. In the event the court does not approve the Settlement, or the Settlement otherwise

fails to become effective, neither Lead Counsel nor the Claims Administrator shall have any obligation to repay any amounts actually and properly incurred or disbursed pursuant to ¶¶ 2.11 or 2.13 of the Stipulation.

6. All proceedings in the Litigation are stayed until further order of this court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation. Pending final determination of whether the Settlement should be approved, neither Lead Plaintiffs nor any Settlement Class Member, either directly, representatively, or in any other capacity, shall commence or prosecute any of the Released Plaintiffs' Claims against any of the Released Defendant Parties in any action or proceeding in any court or tribunal.

**Final Approval Hearing**

1. A Final Approval Hearing **SHALL** be held before the court at **10:00 A.M. on January 17, 2024**, in the Special Proceedings Courtroom in the Hugo L. Black United States Courthouse located at 1729 5th Avenue North, Birmingham, Alabama. The purposes of the Final Approval Hearing are as follows:

(a) to finally determine whether the requirements of Federal Rules of Civil Procedure 23(a) and (b) are met;

(b) to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the court;

(c) to determine whether the judgment as provided under Paragraph 1.7 of the Settlement Agreement should be entered;

(d) to determine whether Class Members should be bound by the Releases set forth in the Settlement Agreement;

(e) to consider the motion for an award of attorneys' fees and expenses of Class Counsel;

(f) to consider the motion for a Service Award to the Class Representative; and

(g) to rule upon such other matters as the court may deem appropriate.

2. The motion in support of final approval **SHALL** be filed on or before forty-five days prior to the Fairness Hearing. Any objections **SHALL** be filed in accordance with the procedure outlined above.

3. The court reserves the right to alter the time or the date of the Settlement Hearing or to hold the hearing via video or telephone without further notice to Settlement Class Members, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement. The court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Settlement Class.

4. If the Stipulation or Settlement fails to become Effective as defined in the Stipulation or is terminated, then, in any such event, the Stipulation, including any amendment(s) thereto (except as expressly provided in the Stipulation, and this Order) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence in this Litigation or used in any other actions or proceedings for any purpose, by any person or entity against any of the Settling Parties, and any judgment or order entered by the court in accordance with the terms of the Stipulation shall be treated as vacated, *nunc pro tunc*. In any such event, the Settling Parties shall be deemed to have reverted to their respective litigation positions as of March 29, 2023.

**Further Matters**

1. This Order, the fact that a settlement was reached and filed by the parties, the Settlement Agreement, nor any related negotiations, statements, or proceedings **SHALL NOT** be construed as, offered as, admitted as, received as, used as, or deemed to be an admission or concession of liability or wrongdoing whatsoever or breach of any duty on the part of

Defendants. This Order makes no finding as to the validity or invalidity of any of the claims asserted or defenses raised in this action. In no event may this Order, the fact that a settlement was reached, the Settlement Agreement, or any of its provisions or any negotiations, statements, or proceedings relating to it in any way be used, offered, admitted, or referred to in this action, in any other action, or in any judicial, administrative, regulatory, arbitration, or other proceeding, by any person or entity, except by the Parties and only the Parties in a proceeding to enforce the Settlement Agreement.

2. If the Settlement is finally approved, Plaintiffs and the Class **SHALL** release the Releasees from all Released Claims, and all Class Member will be bound by the Final Approval Order.

3. Pending the Fairness Hearing, the court hereby **ENJOINS** any Class Member from instituting, asserting, or prosecuting against any Defendant, in any pending or future action, any Released Claim.

4. The court **RETAINS** jurisdiction to consider all further matters arising out of or connected with the Settlement.

5. The Clerk of Court is directed to **ADMINISTRATIVELY CLOSE** this case. This closure will remain in effect pending notice to the class and the court's consideration of final approval of the Settlement. If for any reason the Settlement is not finally approved by the court, the case will be reinstated to the court's active docket and treated as if it were never administratively closed.

**DONE** and **ORDERED** this August 25, 2023.

**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE