FILED
2023 Dec-08  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | DECLARATION OF KENTON W. DAY IN SUPPORT OF (1) LEAD PLAINTIFFS' |
| v. | ) ) | UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION |
| PROASSURANCE CORPORATION, et al., | ) ) | SETTLEMENT AND PLAN OF ALLOCATION, AND (2) LEAD |
| Defendants. | ) ) ) | COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND |
| | ) ) | EXPENSES |

I, Kenton W. Day, hereby declare under penalty of perjury as follows:

1.      I am the Executive Director for Central Laborers' Pension Fund ("Central Laborers" or the "Fund"), which, along with Plymouth County Retirement Association ("Plymouth County"), are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action" or the "Litigation").[1]  I have served in my position as Executive Director since January 2022.  I respectfully submit this Declaration on behalf of Central Laborers in support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Expenses.

2.      Central Laborers is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  The Fund has been directly involved in monitoring and overseeing the prosecution of the Action, as well as the negotiations leading to the Settlement, and could and would produce a representative to testify competently thereto.

## I.      Central Laborers' Oversight of the Action

3.      Central Laborers is a Taft-Hartley Trust Fund based in Jacksonville, Illinois, and governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  The Fund was created in 1965 in order to provide financial security to laborers during retirement, and currently has more than 7,500 pensioners and beneficiaries that receive approximately $122 million each year in benefits.  In 2022, the total value of the Fund's assets under management was $1,145,902,703.

4.      Central Laborers purchased ProAssurance common stock during the Settlement

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated June 22, 2023 (ECF No. 157) (the "Stipulation" or "Settlement Agreement").

Class Period and suffered substantial losses as a result. As a Taft-Hartley Trust Fund, the Fund is accustomed to serving as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its participants.

5. Central Laborers' understanding of the responsibilities and fiduciary duties involved in securities class action litigation and settlements is informed by its experience serving as a lead plaintiff in other securities class actions, including with other institutional investors. Notably, Central Laborers' achievements in securities class actions include: *Plymouth County Ret. Sys. v. Pattersaon Co., Inc.*, No. 0:18-cv-00871-MJD-DTS (D. Minn.) ($63 million settlement); *Hiatt v. Sirva, Inc.*, No. 1:04-cv-07532 (N.D. Ill.) ($53 million settlement); *In re McAfee, Inc. S'holder Litig.*, Lead Case No. 1:10-cv-180413 (Cal. Super. Ct., Santa Clara Cnty.) ($11 million settlement); and *In re Dole Food Co., Inc. S'holder Litig.*, C.A. No. 8703-VCL (Del. Ch.) (settlement exceeding $100 million).

6. One of my responsibilities as the Executive Director of the Fund involves overseeing litigation brought by Central Laborers. As a result, I am familiar with the duties undertaken by the Fund with respect to this Action, which included monitoring Central Laborers' selected counsel for litigation, participating in the collection of documents on behalf of the Fund, providing deposition testimony, and participating in strategic decision making and settlement approval.

7. On behalf of Central Laborers, I and others, including the Fund's former Executive Director, Dan Koeppel, and the Fund's counsel, Cavanagh & O'Hara, had regular communications with Court-appointed co-Lead Counsel Robbins Geller Rudman & Dowd LLP ("Robbins Geller") and Saxena White P.A. ("Saxena White") (collectively, "Lead Counsel"). Central Laborers received regular status reports from Lead Counsel and Cavanagh & O'Hara on case developments

and participated in regular discussions with attorneys from Lead Counsel and Cavanagh & O'Hara concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement.  Through these communications, the Fund closely supervised and participated in all material aspects of the prosecution of the Action.

8.    In particular, throughout the course of this Action, other Fund representatives and I coordinated with Lead Counsel and Cavanagh & O'Hara about, and participated in, the following events:

(a)    deciding to move for lead plaintiff appointment, including reviewing the Fund's lead plaintiff application, communicating with Lead Counsel and Plymouth County regarding the co-lead plaintiff application, participating in a joint conference call with Lead Counsel and Plymouth County, and executing a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Settlement Class's claims under our supervision;

(b)    working closely with and regularly corresponding with Lead Counsel and Cavanagh & O'Hara;

(c)    reviewing pleadings and motions filed in this litigation, including the initial and amended complaints, Lead Plaintiffs' opposition to Defendants' motion to dismiss, Lead Plaintiffs' motion for class certification, and other key filings throughout the Litigation;

(d)    responding to discovery requests, including searching for and producing documents and responding to two sets of interrogatories;

(e)    preparing for and providing deposition testimony in connection with Lead Plaintiffs' motion for class certification; and

(f)     evaluating and approving the proposed Settlement.

9.     Throughout the prosecution of the Action, Central Laborers was represented and supported by Mr. Koeppel, other Fund representatives, and me.  In total, the other Fund representatives and I devoted approximately 77 hours in support of Central Laborers' efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of ProAssurance shareholders during the Settlement Class Period.[2]

## II.     Central Laborers Strongly Endorses Approval of the Settlement

10.     Based on its participation throughout the prosecution and resolution of the claims in the Action, Central Laborers believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.  The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

11.     The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.  The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive class certification or a motion for summary judgment, much less succeed at trial or in potential appellate practice.

12.     Central Laboers strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class.  The Fund firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

---

[2] While Central Laborers devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a very conservative estimate of the amount of time we collectively spent on this litigation, as supported by our and Lead Counsels' records.

### III.    Approval of the Attorneys' Fee Request and Litigation Expenses

13.    Central Laboers believes that the request for an award of attorneys' fees in the amount of 33% of the Settlement Fund is fair and reasonable in light of the exceptional work that Lead Counsel performed on behalf of the Settlement Class.  A 33% award is particularly appropriate here because of the highly complex issues involved, Lead Counsel's tremendous investment of time and resources, the outstanding result achieved, the approval of the Settlement Class, and the significant risks in the Litigation.

14.    The fee percentage requested is consistent with the retainer agreement that Central Laborers entered into with Lead Counsel, which provided that Lead Counsel shall seek no more than one-third of any settlement as its fee, subject to Court approval.  After the agreement to settle the Action was reached, Central Laborers again evaluated Lead Counsel's proposed 33% fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized the requested 33% fee award to the Court for its ultimate determination.

15.    Central Laborers takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

16.    The Fund further believes that the litigation expenses being requested for payment to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action.  Based on the foregoing, Central Laborers fully supports the request for attorneys' fees and expenses.

### IV.    Central Laborers' Representative Reimbursement

17.    Central Laborers understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which

provides for an "award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." For this reason, in connection with Lead Counsel's request for payment of litigation expenses, the Fund seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

18.    Central Laborers respectfully submits that its significant oversight of counsel in this Action, its active participation in all aspects of the Litigation and resolution of the case, and the time Fund representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement and justifies this request.

19.    The time that Mr. Koeppel, other staff members of Central Laborers, and I devoted to pursuing the Settlement Class's interests in this Action was time we otherwise would have devoted to other work for the Fund, and thus represents a direct cost to Central Laborers. As detailed above, we collectively devoted approximately 77 hours to this Action. In calculating the total cost of this time to the Fund, Central Laborers applied individual billing rates, which ranged from $57/hour to $141/hour, to the amount of time each individual devoted to prosecution of the Action.[3] This calculation resulted in a total cost of $9,760.25 to Central Laborers, for which the Fund respectfully requests reimbursement.

V.    **Conclusion**

20.    In light of the foregoing, Central Laborers respectfully submits that the Court should grant Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees

---

[3] The hourly rate used for purposes of this calculation are based on each individual's respective annual salary.

and Expenses and approve the request to award the Fund reimbursement of $9,760.25 pursuant to

15 U.S.C. § 78u-4(a)(4) for its costs in connection with the prosecution of this Action.

I declare that the foregoing is true and correct under penalty of perjury under the laws of

the United States of America.

Executed this __29th__ day of __November__, 2023.


_____

Kenton W. Day
Executive Director

*On behalf of the Central Laborers Pension Fund*