FILED
2023 Dec-08  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>      Plaintiff,<br><br>v.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>      Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br><u>CLASS ACTION</u><br><br>DECLARATION OF PADRAIC P. LYDON IN SUPPORT OF: (I) LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES AND LITIGATION EXPENSES |

I, Padraic P. Lydon, hereby declare under penalty of perjury as follows:

1.      I am the Executive Director for the Plymouth County Retirement Association ("Plymouth County" or "PCRA"), which, along with Central Laborers' Pension Fund ("Central Laborers"), are the Court-appointed Lead Plaintiffs in the above-captioned action (the "Action" or the "Litigation").[1]  I have served in my position as Executive Director since May 2023.  I respectfully submit this Declaration on behalf of PCRA in support of Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Reimbursement of Litigation Expenses.

2.      PCRA is aware of and understands the requirements and responsibilities of a lead plaintiff in a securities class action, including those set forth in the Private Securities Litigation Reform Act of 1995 ("PSLRA").  PCRA has been directly involved in monitoring and overseeing the prosecution of the Action (primarily through the work of PCRA's former Executive Directors, in succession, David Sullivan and Timothy Smyth), as well as the negotiations leading to the Settlement, and could and would produce a PCRA representative to testify competently thereto.

## I.      PCRA's Oversight of the Action

3.      Plymouth County Retirement Association is a public pension system based in Plymouth, Massachusetts and organized for the benefit of current and retired municipal and county employees of the county.  As of September 2023, PCRA has over 10,000 active and retired members and their beneficiaries, and approximately $1.4 billion in assets under management.

4.      PCRA purchased ProAssurance common stock during the Class Period and suffered substantial losses as a result.  As a public pension system, PCRA is accustomed to serving

---

[1] Unless otherwise indicated, capitalized terms have the meanings set forth in the Stipulation and Agreement of Settlement, dated June 22, 2023 (ECF No. 157) (the "Stipulation" or "Settlement Agreement").

as a fiduciary, and believes that its active participation in appropriate litigation, such as this Action, is necessary to protect the interest of its pension fund participants.

5.    PCRA's understanding of the responsibilities and fiduciary duties involved in securities class action litigation and settlements is informed by its experience serving as a lead plaintiff in other securities class actions, including with other institutional investors. Notably, Plymouth County's achievements in securities class actions include *Plymouth County Ret. Sys. v. Evolent Health, Inc.,* No. 1:19-cv-01031-MSN-WEF (E.D. Va.) ($23.5 million settlement); *Plymouth County Ret. Sys. v. Patterson Co., Inc.,* No. 0:18-cv-00871-MJD-DTS (D. Minn.) ($63 million settlement); *Medoff v. CVS Caremark Corp.,* No. 1:09-cv-00554-JNL-PAS (D.R.I.) ($48 million settlement); *In re Carter's Inc. Sec. Litig.,* No. 1:08-cv-02940-AT (N.D. Ga.) ($23.3 million settlement).

6.    One of the responsibilities of the Executive Director involves overseeing litigation brought by PCRA.   As the current Executive Director, and with respect to this Action, I am therefore familiar with the duties that my predecessors undertook, which included monitoring PCRA's selected counsel for litigation, participating in the collection of documents on behalf of PCRA, serving as the designated representative for the deposition of PCRA, and participating in strategic decision making and settlement approval.

7.    On behalf of Plymouth County, Mr. Sullivan, Mr. Smyth, and our colleagues had regular communications with Court-appointed co-Lead Counsel Saxena White P.A. ("Saxena White") and Robbins Geller Rudman & Dowd LLP ("Robbins Geller") (collectively, Lead Counsel). PCRA received regular status reports from Lead Counsel on case developments and participated in regular discussions with attorneys from Lead Counsel concerning the prosecution of the Action, the strengths of and risks to the claims, and the Settlement.

8.      PCRA, through the active and continuous involvement by Mr. Sullivan, Mr. Smyth, and our colleagues, as detailed below, closely supervised and participated in all material aspects of the prosecution of the Action.

9.      In particular, throughout the course of this Action, Mr. Sullivan, Mr. Smyth, and other PCRA representatives coordinated with Lead Counsel about, and participated in, the following events:

(a)     deciding to move for lead plaintiff appointment, including reviewing PCRA's lead plaintiff application, communicating with Lead Counsel and Central Laborers regarding the co-lead plaintiff application, participating in a joint conference call with Lead Counsel and Central Laborers, and executing a joint declaration detailing Lead Plaintiffs' commitment to efficiently and effectively litigating the Settlement Class's claims under our supervision;

(b)     working closely with and regularly corresponding with Lead Counsel;

(c)     reviewing pleadings and motions filed in this litigation, including the initial and amended complaint, Lead Plaintiffs' opposition to Defendants' motion to dismiss, Lead Plaintiffs' motion for class certification, and other key filings throughout the Litigation;

(d)     responding to discovery requests, including searching for and producing documents and responding to interrogatories;

(e)     preparing for and providing deposition testimony in connection with Lead Plaintiffs' motion for class certification; and

(f)     evaluating and approving the proposed Settlement.

10.     Throughout the prosecution of the Action, PCRA was represented and supported by Mr. Sullivan, Mr. Smyth, and other PCRA representatives. In total, Mr. Sullivan and Mr. Smyth

devoted approximately 94 hours in support of PCRA's efforts in furtherance of the prosecution of this Action and to achieve this recovery on behalf of ProAssurance shareholders during the Settlement Class Period.[2]

## II.    Plymouth County Strongly Endorses Approval of the Settlement

11.    Based on its participation throughout the prosecution and resolution of the claims in the Action, PCRA believes that the proposed Settlement is fair, reasonable, and adequate to the Settlement Class.    The Settlement provides an excellent recovery for the Settlement Class, particularly in light of the risks of continued litigation.

12.    The prosecution and settlement of this Action required extensive efforts on the part of Lead Plaintiffs and Lead Counsel, particularly given the complexity of the legal and factual issues and the vigorous defense by Defendants and their counsel.    The risk of no recovery was very real here, and there was no guarantee that the entirety of Lead Plaintiffs' claims would survive class certification or a motion for summary judgment, much less succeed at trial or in potential appellate practice.

13.    PCRA strongly endorses the Settlement as it provides a certain, immediate, and substantial cash recovery for the Settlement Class.    PCRA firmly believes that settling the Action with Defendants at this stage of the litigation is in the best interest of the Settlement Class.

---

[2] While Plymouth County devoted a significant amount of time to this Action, our request for reimbursement of costs is based on a very conservative estimate of the amount of time we collectively, including Mr. Sullivan and Mr. Smyth, spent on this litigation as supported by our and Lead Counsel's records.  We also have not included the time of any PCRA employee, such as my own, other than that of Mr. Sullivan and Mr. Smyth, in this reimbursement request.

### III.    Approval of the Attorneys' Fee Request and Reimbursement of Litigation Expenses

14.    PCRA believes that the request for an award of attorneys' fees in the amount of 33% of the Settlement Fund is fair and reasonable in light of the exceptional work that Lead Counsel performed on behalf of the Settlement Class. A 33% award is particularly appropriate here because of the highly complex issues involved, the extraordinary investment of time and resources, the remarkable result achieved, the approval of the Settlement Class, and the significant risks in the Litigation.

15.    The fee percentage requested is consistent with the retainer agreement that Plymouth County entered into with Lead Counsel that provided that Lead Counsel shall seek no more than one-third of any settlement as its fee, subject to Court approval. After the agreement to settle the Action was reached, PCRA again evaluated Lead Counsel's proposed 33% fee request by considering the substantial recovery obtained for the Settlement Class in this Action and authorized the requested 33% fee award to the Court for its ultimate determination.

16.    PCRA takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class and to reasonably compensate Lead Counsel for the work involved and the substantial risks Lead Counsel undertook in litigating the Action.

17.    PCRA further believes that the litigation expenses being requested for reimbursement to Lead Counsel are reasonable, and represent costs and expenses necessary for the prosecution and resolution of the claims in the Action. Based on the foregoing, PCRA fully supports the request for attorneys' fees and expenses.

### IV.    PCRA's Representative Reimbursement

18.    PCRA understands that reimbursement of a class representative's reasonable costs and expenses is authorized under the PSLRA, 15 U.S.C. § 78u-4(a)(4), which provides for an

"award of reasonable costs and expenses (including lost wages) directly relating to the representation of the class to any representative party serving on behalf of a class." For this reason, in connection with Lead Counsel's request for reimbursement of litigation expenses, PCRA seeks reimbursement for the costs and expenses that it incurred directly related to its representation of the Settlement Class in the Action.

19.     PCRA respectfully submits that its significant oversight of counsel in this Action, its active participation in all aspects of the Litigation and resolution of the case, and the time Plymouth County's representatives devoted to pursuing claims on behalf of the Settlement Class helped to achieve this Settlement and justifies this request.

20.     The time that Mr. Sullivan, Mr. Smyth, and other staff members of PCRA devoted to pursuing the Settlement Class's interests in this Action was time we otherwise would have devoted to other work for Plymouth County, and thus represents a direct cost to PCRA. As detailed above, Mr. Sullivan and Mr. Smyth devoted approximately 94 hours to this Action. Applying hourly billing rates of $88.94 and $81.73 for the time of Mr. Sullivan and Mr. Smyth respectively, PCRA has incurred costs of $8,281.05, for which it respectfully requests reimbursement.[3]

## V.    Conclusion

21.     In light of the foregoing, PCRA respectfully submits that the Court should grant Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation, and Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Litigation Expenses and approve the request to award PCRA a representative reimbursement of $8,281.05 for its costs in connection with the prosecution of this Action.

---

[3] The hourly rates used for purposes of this request are based on Mr. Sullivan's and Mr. Smyth's annual salaries.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed this _4th_ day of _December_, 2023.

Padraic P. Lydon
Executive Director

*On behalf of the Plymouth County Retirement Association*

- 7 -