FILED
2023 Dec-08  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) ) | DECLARATION OF DAVID M. MURPHY OF PHILLIPS ADR IN SUPPORT OF: (I) |
| v. | ) ) | LEAD PLAINTIFFS' UNOPPOSED MOTION FOR FINAL APPROVAL OF |
| PROASSURANCE CORPORATION, et al., | ) ) | CLASS ACTION SETTLEMENT AND PLAN OF ALLOCATION; AND (II) LEAD |
| Defendants. | ) ) | COUNSEL'S UNOPPOSED MOTION FOR AN AWARD OF ATTORNEYS' FEES |
| _____ | ) ) | AND LITIGATION EXPENSES |

I, David M. Murphy, declare as follows:

1.      I submit this Declaration in my capacity as the mediator for settlement discussions with respect to the above-captioned securities class action (the "Action"), and in support of (i) Lead Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement and Plan of Allocation (the "Motion for Final Approval"); and (ii) Lead Counsel's Unopposed Motion for an Award of Attorneys' Fees and Litigation Expenses (the "Motion for Fees and Expenses").[1] I make this Declaration based on personal knowledge and if called and sworn as a witness could and would testify competently thereto.

2.      I am a full-time professional mediator, arbitrator, and independent panelist with Phillips ADR, an alternative dispute resolution firm founded by Hon. Layn R. Phillips (Ret.).  I joined Phillips ADR in 2017.  In my work with Phillips ADR, I have served as a mediator, arbitrator, or independent monitor in several hundred commercial cases, including antitrust, patent, securities law, corporate governance, investment company, bankruptcy, environmental, contract, and tort cases.  I regularly mediate federal class action securities law cases, shareholder derivative suits, as well as breach of fiduciary duty and corporate control cases.

3.      Prior to joining Phillips ADR, I was a partner in the law firm of Wachtell, Lipton, Rosen & Katz, where I practiced law for nearly three decades following federal judicial clerkships with Judge Ralph K. Winter, Jr., of the United States Court of Appeals for the Second Circuit, and Chief Judge Charles L. Brieant of the United States District Court for

_____

[1] Unless otherwise indicated, all capitalized terms have the same meanings as in the Stipulation of Settlement dated June 22, 2023 (ECF No. 157) (the "Stipulation" or "Settlement Agreement").

the Southern District of New York.  While a partner with Wachtell Lipton, I litigated federal securities and antitrust cases, contests for corporate control, corporate governance disputes, contract, tort and high-stakes defamation cases.

4.      I was jointly retained by the Settling Parties in this Action to preside over the settlement discussions and negotiations between them.  In that role, I reviewed detailed mediation briefs and related exhibits and certain Court rulings on matters of contention between the Settling Parties. Participants in the mediation and negotiations executed a written confidentiality agreement under which neither the parties nor I am free to discuss any mediation-related communications and providing, among other things, that all such communications are to be considered settlement negotiations for the purpose of Rule 408 of the Federal Rules of Evidence and all applicable privileges and protections.

5.      By making this Declaration, neither I nor the Settling Parties waive in any way the provisions of the signed, written confidentiality agreement or the protections of Rule 408.    That said, although I cannot discuss confidential mediation communications, the Settling Parties have authorized me to inform the Court of the procedural matters set forth below to be used in support of the Motion for Final Approval and the Motion for Fees and Expenses.

6.      I assisted the Settling Parties with settlement discussions and negotiations over a period of approximately eight (8) months, including a formal, full-day in-person mediation session on November 29, 2022, and numerous telephone and email exchanges both in advance of the mediation session and thereafter.  The mediation process involved extensive analysis of the Settling Parties' positions and assessment of the strengths and

weaknesses of their positions, as well as candid conversations with counsel from each side regarding the potential risks and rewards of continued litigation. I found the discussions in the mediation submissions to be extremely valuable in helping me understand the relative merits of each Settling Party's position, and to identify the issues that were likely to serve as the primary drivers and obstacles to achieving a settlement. Counsel for both Lead Plaintiffs and Defendants presented substantial and detailed arguments regarding their respective clients' positions, and it was apparent to me that both sides possessed strong, non-frivolous arguments, and neither side was assured of victory.

7.      Because the Settling Parties submitted their mediation statements and arguments in the context of a confidential mediation process pursuant to Federal Rule of Evidence 408, I cannot reveal their content. I can say, however, that the arguments and positions asserted by all involved were the product of much hard work, and they were complex and highly adversarial. After reviewing all written mediation statements and exhibits, I believed that the negotiation would be a difficult and adversarial process through which all involved would hold strong to their convictions that they had the better legal and factual arguments, and that a resolution without further litigation or trial was by no means certain.

8.      Although the Settling Parties had substantive and productive discussions concerning the merits and settlement value of the Action during the in-person mediation session on November 29, 2022, no resolution was reached. Following the mediation session, I conducted and oversaw further settlement discussions. The negotiations were

likewise adversarial and hard-fought and ultimately led to the Settlement Agreement currently being considered by the Court for final approval.

9.      Based on the materials provided by the Settling Parties and my extensive participation in the mediation process, I became familiar with the factual and legal issues involved in the Action, including the allegations asserted by Plaintiffs and the defenses to liability and damages asserted by Defendants.  As detailed above, I am also familiar with the process by which the Settling Parties negotiated the Settlement.  In my professional opinion, the Settlement is fair and reasonable, but that is ultimately a determination to be made by the Court, not the mediator.  I can state, however, that the Settlement was the result of a highly adversarial process, and that the Settling Parties, advised by informed and experienced counsel, negotiated the Settlement at arm's length, carefully, deliberately, and in good faith to advance the best interests of their clients.

I declare that the foregoing is true and correct under penalty of perjury under the laws of the United States of America.

Executed this __5th__ day of __December_____, 2023.


_David M. Murphy__
DAVID M. MURPHY

- 4 -