FILED
2023 Dec-08  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br>CLASS ACTION<br><br>DECLARATION OF ROSS D. MURRAY REGARDING NOTICE DISSEMINATION, PUBLICATION, AND REQUESTS FOR EXCLUSION RECEIVED TO DATE |

I, ROSS D. MURRAY, declare and state as follows:

1. I am employed as a Vice President of Securities by Gilardi & Co. LLC ("Gilardi"), located at 1 McInnis Parkway, Suite 250, San Rafael, California. The following statements are based on my personal knowledge and information provided to me by other Gilardi employees and if called to testify I could and would do so competently.

2. Pursuant to this Court's August 25, 2023 Memorandum Opinion and Order Preliminarily Approving Settlement and Directing Notice to the Class ("Notice Order") (ECF 162), Gilardi was appointed as the Claims Administrator in connection with the proposed Settlement of the above-captioned litigation (the "Litigation").[1] I oversaw the notice services that Gilardi provided in accordance with the Notice Order.

3. I submit this declaration in order to provide the Court and the parties to the Litigation with information regarding: (i) mailing and emailing of the Court-approved Postcard Notice (attached hereto as Exhibit A) and, if requested by potential Settlement Class Members, mailing of the Notice of Pendency and Proposed Settlement of Class Action (the "Notice") and Proof of Claim and Release form (the "Proof of Claim") (collectively, the "Claim Package," attached hereto as Exhibit B); (ii) publication of the Summary Notice of Proposed Settlement of Class Action (the "Summary Notice"); (iii) establishment of the website and toll-free telephone number dedicated to this Settlement; and (iv) the number of requests for exclusion from the Settlement Class received to date by Gilardi.

**DISSEMINATION OF NOTICE**

4. Pursuant to the Notice Order, Gilardi is responsible for disseminating the Postcard Notice to potential Settlement Class Members. The Settlement Class consists of all Persons who purchased or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby. Excluded from the Settlement Class

---

[1] Any capitalized terms used that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated June 22, 2023 (the "Stipulation") (ECF 157), which is available on the website established for the Settlement at www.ProAssuranceSecuritiesSettlement.com.

are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

5. Gilardi received a file via email from ProAssurance's transfer agent, which contained the names and addresses of potential Settlement Class Members. The list was reviewed to identify and eliminate duplicate entries and incomplete data, resulting in a usable mailing list of 2,950 unique names and addresses. Gilardi had the unique name and address data printed on to Postcard Notices, posted the Postcard Notices for First-Class Mail, postage prepaid, and delivered 2,950 Postcard Notices on September 22, 2023, to the United States Post Office for mailing.

6. On September 22, 2023, as part of its normal mailing procedures, Gilardi mailed, by First-Class Mail, Postcard Notices and cover letters to 280 brokerages, custodial banks, and other institutions ("Nominee Holders") that hold securities in "street name" as nominees for the benefit of their customers who are the beneficial owners of the securities. The Nominee Holders also include a group of filers/institutions who have requested notification of every securities case. These Nominee Holders are included in a proprietary database created and maintained by Gilardi. In Gilardi's experience, the Nominee Holders included in this proprietary database represent a significant majority of the beneficial holders of securities. The cover letter accompanying the Postcard Notices advised the Nominee Holders of the proposed Settlement and requested their cooperation in forwarding the Postcard Notices to potential Settlement Class Members. In the more than three decades that Gilardi has been providing notice and claims administration services in securities class actions, Gilardi has found the majority of potential class members hold their securities in street name and are notified through the Nominee Holders. Gilardi also mailed Postcard Notices and cover letters to the 4,434 institutions included on the U.S. Securities and

Exchange Commission's ("SEC") list of active brokers and dealers at the time of mailing. A sample of the cover letter mailed to Nominee Holders and the institutions included on the SEC's list of active brokers and dealers is attached hereto as Exhibit C.

7. On September 22, 2023, Gilardi also delivered electronic copies of the Postcard Notice to 393 registered electronic filers who are qualified to submit electronic claims. These filers are primarily institutions and third-party filers who typically file numerous claims on behalf of beneficial owners for whom they act as trustees or fiduciaries.

8. As part of the notice program for this Settlement, on September 22, 2023, Gilardi also delivered electronic copies of the Claim Package and Postcard Notice via email to be published by the Depository Trust Company ("DTC") on the DTC Legal Notice System ("LENS"). LENS enables the participating bank and broker nominees to review the Claim Package and Postcard Notice and contact Gilardi for copies of the Postcard Notice for their beneficial holders.

9. Gilardi has acted as a repository for shareholder and nominee inquiries and communications received in this Settlement. In this regard, Gilardi has forwarded the Postcard Notice on request to nominees who purchased or acquired ProAssurance common stock for the beneficial interest of other persons. Gilardi has also forwarded the Postcard Notice directly to beneficial owners upon receipt of the names and addresses from such beneficial owners or nominees.

10. Following the initial mailing, Gilardi received 13 responses to the outreach efforts described above, which included computer files containing a total of 3,410 names and addresses and 41 email addresses of potential Settlement Class Members. In addition, 25 institutions requested that Gilardi send them a total of 11,000 Postcard Notices for forwarding directly to their clients. Gilardi also received three requests for Claim Packages from potential Settlement Class Members. Gilardi has also mailed 27 Postcard Notices as a result of returned mail for which new addresses were identified for re-mailing to those potential Settlement Class Members. Each of these requests has been completed in a timely manner.

11. As of December 6, 2023, Gilardi has mailed or emailed a total of 22,535 Postcard Notices and three Claim Packages to potential Settlement Class Members and nominees. Additionally, one institution reported that they anticipated sending Postcard Notices via email to 5,890 potential Settlement Class Members.

**PUBLICATION OF THE SUMMARY NOTICE**

12. In accordance with the Notice Order, on September 29, 2023, Gilardi caused the Summary Notice to be published in *The Wall Street Journal* and to be transmitted over *Business Wire*, as shown in the confirmations of publication attached hereto as Exhibit D.

**TELEPHONE HELPLINE AND WEBSITE**

13. On September 22, 2023, Gilardi established and continues to maintain a case-specific, toll-free telephone helpline, 1-866-716-1091, to accommodate potential Settlement Class Member inquiries. The toll-free number was set forth in the Postcard Notice, Notice, and on the case website. Gilardi has been and will continue to promptly respond to all inquiries to the toll-free telephone helpline.

14. On September 22, 2023, Gilardi established and continues to maintain a website dedicated to this Settlement (www.ProAssuranceSecuritiesSettlement.com) to provide additional information to Settlement Class Members and to provide answers to frequently asked questions. The web address was set forth in the Postcard Notice, Notice, and Summary Notice. The website includes information regarding the Litigation and the Settlement, including the objection and claim filing deadlines, and the date and time of the Court's Settlement Hearing. Copies of the Notice, Proof of Claim, Stipulation, and Notice Order are posted on the website and are available for downloading. Settlement Class Members can also complete and submit a Proof of Claim through the website.

**REQUESTS FOR EXCLUSION RECEIVED TO DATE**

15. The Notice informs potential Settlement Class Members that written requests for exclusion from the Settlement Class must be mailed to *ProAssurance Securities Settlement*, Claims

Administrator, c/o Gilardi & Co. LLC, EXCLUSIONS, P.O. Box 5100, Larkspur, CA 94977-5100, such that they are postmarked no later than December 22, 2023.

16. The Notice also sets forth the information that must be included in each request for exclusion. Gilardi has monitored and will continue to monitor all mail delivered to this address. As of the date of this declaration, Gilardi has not received any requests for exclusion.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 6th day of December, 2023, at San Rafael, California.

ROSS D. MURRAY

# EXHIBIT A

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133

# LEGAL NOTICE

www.ProAssuranceSecuritiesSettlement.com

Court-Ordered Legal Notice

(Forwarding Service Requested)

Important Information about a Securities Class Action Settlement.

You may be entitled to a payment.
This Notice may affect your legal rights.

Please read it carefully.

# PROA

Postal Service: Please Do Not Mark Barcode

PROA - «Claim8»-«CkDig»

«FirstNAME» «LastNAME»
«Name1»
«Name2»
«Name3»
«Name4»
«Addr1» «Addr2»
«City», «State»«FProv» «Zip»«FZip»
«FCountry»

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*
Case No. 2:20-cv-00856 (N.D. Ala.)

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT
SCAN THE QR CODE, VISIT WWW.PROASSURANCESECURITIESSETTLEMENT.COM,
OR CALL 1-866-716-1091 FOR MORE INFORMATION

If you purchased or otherwise acquired ProAssurance Corporation ("ProAssurance" or the "Company") common stock between August 8, 2018 and May 7, 2020, inclusive, you could be entitled to a payment from a proposed settlement ("Settlement") reached in the above-captioned action ("Action"). Your rights may be affected by this Action and the Settlement. A hearing will be held at 10:00 a.m. on January 17, 2024, before Judge R. David Proctor, at the United States District Court, Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether the proposed Settlement of the Action against Defendants ProAssurance, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman and Michael L. Boguski for $28 million, to be paid or caused to be paid by the Company, and the Plan of Allocation should be approved as fair, reasonable, and adequate and whether the Action should be dismissed with prejudice against the Defendants, as set forth in the Stipulation of Settlement ("Stipulation") filed with the Court; and whether Lead Counsel's application for an award of attorneys' fees of up to 33% of the Settlement Amount, and expenses not to exceed $1,500,000, plus interest on both amounts, and awards to Lead Plaintiffs, should be granted.

The proposed Settlement would resolve a putative class action lawsuit alleging that, in violation of the U.S. federal securities laws, Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with an undisclosed insurance policy issued to a large national account. Defendants deny the allegations and any liability or wrongdoing of any kind.  For a full description of the proposed Settlement and your rights, and to make a claim, you may obtain the Stipulation, long-form Notice of Pendency and Proposed Settlement of Class Action, and the Proof of Claim and Release ("Claim Form") by visiting the website: www.ProAssuranceSecuritiesSettlement.com (the "Website"), or you may request copies from the Claims Administrator by: (i) mail: *ProAssurance Securities Settlement*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301133, Los Angeles, CA 90030-1133; or (ii) toll-free call: 1-866-716-1091.

To qualify for payment, you must submit a valid Claim Form, with supporting documentation, postmarked or submitted online no later than November 30, 2023. You will be bound by any Judgment entered in the Action, regardless of whether you submit a Claim Form, unless you exclude yourself from the Settlement Class. If you exclude yourself, you cannot get money from this Settlement. If you do not exclude yourself from the Settlement Class, you may object to the proposed Settlement, Plan of Allocation, or request for award of attorneys' fees and expenses no later than December 22, 2023. The long-form Notice and the Website explain how to exclude yourself from the Settlement Class or how to object.

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

vs.

PROASSURANCE CORPORATION, et al.,

Defendants.

Civil Action No. 2:20-cv-00856-RDP

CLASS ACTION

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE CORPORATION ("PROASSURANCE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS (THE "SETTLEMENT CLASS")**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS MAY BE AFFECTED BY PROCEEDINGS IN THIS ACTION. PLEASE NOTE THAT IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MAY BE ENTITLED TO SHARE IN THE PROCEEDS OF THE SETTLEMENT DESCRIBED IN THIS NOTICE. TO CLAIM YOUR SHARE OF THE SETTLEMENT PROCEEDS, YOU MUST SUBMIT A VALID PROOF OF CLAIM AND RELEASE FORM ("PROOF OF CLAIM") **POSTMARKED OR SUBMITTED ONLINE ON OR BEFORE NOVEMBER 30, 2023**.

This Notice of Pendency and Proposed Settlement of Class Action ("Notice") has been provided to you pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Northern District of Alabama (the "Court"). The purpose of this Notice is to inform you of the pendency of the above-captioned putative class action (the "Litigation") between Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association, on behalf of themselves and all others similarly situated, and Defendants ProAssurance, W. Stancil Starnes, Edward L. Rand, Jr., Dana S. Hendricks, Howard H. Friedman, and Michael L. Boguski; the proposed $28,000,000 cash settlement of the Litigation, to be paid by or caused to be paid by the Company (the "Settlement"); and the hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement as well as counsel's application for fees and expenses. This Notice describes what steps you may take in relation to the Settlement and this Litigation.[1]

This Notice is not intended to be, and should not be construed as, an expression of any opinion by the Court with respect to the truth of the allegations in the Litigation as to any of the Defendants or the merits of the claims or defenses asserted by or against the Defendants. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. This Notice is solely to advise you of the pendency and proposed Settlement of the Litigation and of your rights in connection therewith.

[1] All capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings provided in the Stipulation of Settlement dated June 22, 2023 (the "Settlement Agreement" or "Stipulation"), which is available on the website www.ProAssuranceSecuritiesSettlement.com.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A PROOF OF CLAIM FORM** | The only way to be eligible to receive a payment from the Settlement. **Proof of Claim forms must be postmarked or submitted online on or before November 30, 2023.** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that ***potentially*** allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties (as defined below) about the legal claims being resolved by this Settlement. Should you elect to exclude yourself from the Settlement Class you should understand that Defendants and the other Released Defendant Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. **Exclusions must be *postmarked* on or before December 22, 2023.** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. **Objections must be *received* by the Court and counsel on or before December 22, 2023. If you submit a written objection, you may (but do not have to) attend the hearing.** |
| **GO TO THE HEARING ON JANUARY 17, 2024** | Ask to speak in Court about the fairness of the Settlement. **Requests to speak must be *received* by the Court and counsel on or before December 22, 2023.** |
| **DO NOTHING** | Receive no payment. You will, however, still be a Member of the Settlement Class, which means that you give up your right to ever be part of any other lawsuit against the Defendants or any other Released Defendant Party about the legal claims being resolved by this Settlement and you will be bound by any judgments or orders entered by the Court in the Litigation. |

## SUMMARY OF THIS NOTICE

### Statement of Settlement Class Recovery

Pursuant to the Settlement described herein, a $28,000,000 Settlement Fund has been established. Based on Lead Plaintiffs' estimate of the number of shares of ProAssurance common stock eligible to recover under the Settlement, the average distribution per share under the Plan of Allocation is approximately $1.84 before deduction of any Taxes or Tax Expenses on the income earned on the Settlement Amount thereof, Notice and Administration Expenses, and any Court-awarded attorneys' fees, expenses, and interest thereon as determined by the Court. **Settlement Class Members should note, however, that these are only estimates.** A Settlement Class Member's actual recovery will be a proportion of the Net Settlement Fund determined by that Claimant's Claim as compared to the total Claims of all Settlement Class Members who submit acceptable Proofs of Claim. An individual Settlement Class Member may receive more or less than this estimated average amount. *See* Plan of Allocation set forth and discussed at pages 12-15 below for more information on the calculation of your claim.

### Statement of Potential Outcome of Case

The Settling Parties disagree on both liability and damages and do not agree on the amount of damages that would be recoverable if the Settlement Class prevailed on each claim alleged. Defendants deny that they violated any laws, deny that this Litigation could proceed as a class action, deny that they are liable to the Settlement Class, and deny that the Settlement Class has suffered any injury or damages. The issues on which the Settling Parties disagree are many, but include: (1) whether Lead Plaintiffs have satisfied their burden under the Federal Rules of Civil Procedure for certifying the proposed class and representing that class as Lead Plaintiffs; (2) whether Defendants engaged in conduct that would give rise to any liability to the Settlement Class under the federal securities laws, or any other law; (3) whether Defendants have valid defenses to any such claims of liability; (4) the appropriate economic model for determining the amount by which the prices of ProAssurance common stock were allegedly artificially inflated (if at all) during the putative Class Period; (5) the amount, if any, by which the prices of ProAssurance common stock were allegedly artificially inflated (if at all) during the putative Class Period; (6) the effect of various market forces on the prices of ProAssurance common stock at various times during the putative Class Period; (7) the extent to which external factors impacted the prices of ProAssurance

common stock at various times during the putative Class Period; (8) the extent to which the various statements that Lead Plaintiffs alleged were materially false or misleading impacted (if at all) the prices of ProAssurance common stock at various times during the putative Class Period; and (9) the extent to which the various allegedly adverse material facts that Lead Plaintiffs alleged were omitted impacted (if at all) the prices of ProAssurance common stock at various times during the putative Class Period.

**Statement of Attorneys' Fees and Expenses Sought**

Since the Litigation's inception, Lead Counsel have expended considerable time and effort in the prosecution of this Litigation on a wholly contingent basis and have advanced the expenses of the Litigation on the expectation that if they were successful in obtaining a recovery for the Settlement Class, they would be paid from such recovery. Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount, plus expenses not to exceed $1,500,000, plus interest earned on both amounts at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may apply for reimbursement of their costs and expenses directly related to their representation of the Settlement Class in an aggregate amount not to exceed $22,000. If the amounts requested are approved by the Court, the average cost per share of ProAssurance common stock will be approximately $0.71.

**Further Information**

For further information regarding the Litigation, this Notice or to review the Stipulation, please contact the Claims Administrator toll-free at 1-866-716-1091, or visit the website www.ProAssuranceSecuritiesSettlement.com.

You may also contact a representative of counsel for the Settlement Class: Greg Wood, Shareholder Relations, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com, www.rgrdlaw.com or Lester R. Hooker, Saxena White P.A., 7777 Glades Road, Suite 300, Boca Raton, FL 33434, (561) 394-3399, lhooker@saxenawhite.com, www.saxenawhite.com.

**Please Do Not Call the Court, Defendants, or Defendants' Counsel with Questions About the Settlement.**

**Reasons for the Settlement**

Lead Plaintiffs' principal reason for entering into the Settlement is the benefit to the Settlement Class now, without further risk or the delays inherent in continued litigation. The cash benefit under the Settlement must be considered against the significant risk that a smaller recovery–or, indeed, no recovery at all–might be achieved after contested motions, trial, and likely appeals, a process that could last several years into the future. Defendants have denied, and continue to deny, each and all of the claims and allegations asserted against them in the Litigation. For the Defendants, who have denied and continue to deny all allegations of liability, fault, or wrongdoing whatsoever, the principal reason for entering into the Settlement is to eliminate the costs, burdens, and uncertainty inherent in any litigation, especially in complex cases such as this Litigation. Defendants have concluded that further continuation of this Litigation could be protracted and unnecessarily costly.

## BASIC INFORMATION

### 1. Why did I get this Notice package?

This Notice is provided pursuant to an Order of a U.S. District Court because you or someone in your family or an investment account for which you serve as custodian may have purchased or otherwise acquired ProAssurance common stock during the period between August 8, 2018 and May 7, 2020, inclusive (the "Class Period").

This Notice explains the class action lawsuit, the Settlement, Settlement Class Members' legal rights in connection with the Settlement, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the Litigation is the United States District Court for the Northern District of Alabama, and the case is known as *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856. The case has been assigned to the Honorable R. David Proctor. The institutions representing the Settlement Class are the Lead Plaintiffs, and the Company and individuals they sued and who have now settled are called the Defendants.

**2. What is this lawsuit about?**

On March 26, 2021, Lead Plaintiffs filed a Consolidated Class Action Complaint for Violations of the Federal Securities Laws (the "Consolidated Complaint"). The Consolidated Complaint alleges that: (i) all Defendants violated Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder; and (ii) the Individual Defendants violated Section 20(a) of the Exchange Act. Lead Plaintiffs allege that, during the Class Period (between August 8, 2018 and May 7, 2020, inclusive), Defendants materially misled investors by concealing ProAssurance's deviation from its purportedly conservative practices in connection with an undisclosed insurance policy issued to a large national account and the amount of loss reserves ProAssurance maintained for the large national account. Lead Plaintiffs allege that, as a result of Defendants' purported misrepresentations and/or omissions, the price of ProAssurance's common stock was artificially inflated during the Class Period.

On May 18, 2021, Defendants moved to dismiss the Consolidated Complaint for failure to state a claim under Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure ("FRCP") and under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. §78u-4 ("PSLRA"). Lead Plaintiffs filed their opposition to the motion on June 30, 2021. Defendants filed their reply in support of the motion to dismiss on July 28, 2021. On December 10, 2021, the Court issued an order granting in part and denying in part Defendants' motion to dismiss. The Court dismissed all Section 10(b) and Rule 10b-5 claims against Mr. Starnes, Mr. Rand and Ms. Hendricks and dismissed certain categories of alleged misstatements against all Defendants, including allegations that ProAssurance's loss reserves were materially misleading and that Defendants failed to disclose the likelihood that the large national account would elect not to renew its policy and instead purchase an extended reporting endorsement or "tail" coverage available under the policy. Defendants answered the Consolidated Complaint on January 24, 2022, denying all material allegations and asserting multiple defenses.

Lead Plaintiffs served over 45 requests for production of documents to Defendants, and Defendants, on a rolling basis, produced more than 169,800 documents (encompassing over 1,643,000 pages) from over 30 custodians, which were reviewed and analyzed by Lead Plaintiffs. In addition, Lead Plaintiffs served three sets of interrogatories, numbered as 35 separate interrogatories, and Defendants provided objections and responses thereto. The Settling Parties served subpoenas on 19 third parties, which collectively produced more than 154,700 documents totaling over 1,198,900 pages. Lead Plaintiffs produced over 465 documents totaling 15,700 pages and provided responses to Defendants' 29 document requests and 16 interrogatories. Each of Lead Plaintiffs and Defendants also provided deposition testimony. The Settling Parties also participated in numerous meet and confer discussions to address discovery issues, litigated discovery disputes before the Court, and conducted 19 expert and fact witness depositions.

On April 1, 2022, Lead Plaintiffs filed a motion for class certification. Defendants filed an opposition to the motion for class certification on June 17, 2022. Lead Plaintiffs filed their reply in support of class certification on August 19, 2022. Pursuant to an order by the Court, the Settling Parties filed supplemental briefs regarding class certification on February 3 and 17, 2023. Lead Plaintiffs' motion for class certification was pending at the time the Settling Parties reached an agreement in principle to settle the Litigation.

On November 29, 2022, the Settling Parties participated in a formal, full-day in-person mediation with David Murphy of Phillips ADR Enterprises. The mediation session involved the Settling Parties' submission of confidential opening and reply mediation statements and exhibits and detailed presentations. While a settlement was not reached during the November 29, 2022 mediation session, the Settling Parties continued their good-faith efforts to resolve the case following the in-person mediation. On March 24, 2023, Mr. Murphy made a mediator's recommendation to settle the case for $28,000,000, which the Settling Parties accepted on March 29, 2023. This agreement-in-principle contemplated full releases of liability in return for a cash payment of $28 million for the benefit of the Settlement Class, subject to the negotiation of the terms of a Stipulation of Settlement and approval by the Court. The Stipulation (together with the Exhibits thereto) reflects the Settling Parties' final and binding agreement, and a compromise of all matters that are or could have been in dispute between the Settling Parties.

Defendants have denied, and continue to deny, that they violated the federal securities laws or any other law and maintain that their conduct was at all times proper and in compliance with all applicable laws. Defendants have denied, and continue to deny, each and all of the claims and contentions of wrongdoing alleged by Lead Plaintiffs in the Litigation, as well as any and all allegations of fault, liability, wrongdoing, or damages whatsoever. Defendants continue to believe that all claims asserted against them in the Litigation are without merit. Among other things, Defendants specifically deny that they made any false or

misleading statements or omissions. Defendants also deny that ProAssurance, or any of the Individual Defendants, acted with the requisite intent to commit a violation of the federal securities laws or any other law. Defendants further deny that the price of ProAssurance common stock was artificially inflated during the putative Class Period; that any Settlement Class Member has suffered any damages; or that the financial losses of any Settlement Class Member were caused by the revelation of any information that Defendants had allegedly previously not disclosed or misrepresented. Defendants maintain that their conduct was proper and that they have meritorious defenses to all of the claims that were raised or could have been raised in the Litigation.

### 3. Why is there a settlement?

The Court has not decided in favor of the Lead Plaintiffs or Defendants. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and Lead Plaintiffs agreed to the Settlement in order to ensure that Settlement Class Members will receive compensation.

## WHO IS IN THE SETTLEMENT

### 4. How do I know if I am a Member of the Settlement Class?

The Court directed that everyone who fits this description is a Settlement Class Member: all Persons who purchased or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and were alleged to be damaged thereby, except those Persons and entities that are excluded.

Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion by submitting a request for exclusion in accordance with the requirements set forth in question 11 below.

**Please Note:** Receipt of this Notice does not mean that you are a Settlement Class Member or that you will be entitled to receive a payment from the Settlement. If you are a Settlement Class Member and you wish to be eligible to participate in the distribution of proceeds from the Settlement, you are required to submit the Proof of Claim that is being distributed with this Notice and the required supporting documentation as set forth therein postmarked or submitted online on or before **November 30, 2023**.

### 5. What if I am still not sure if I am included?

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at 1-866-716-1091, or you can fill out and return the Proof of Claim form enclosed with this Notice package, to see if you qualify. You may also submit the Proof of Claim online via the Settlement website: www.ProAssuranceSecuritiesSettlement.com.

## THE SETTLEMENT BENEFITS–WHAT YOU GET

### 6. What does the Settlement provide?

The Settlement provides that, in exchange for the release of the Released Plaintiffs' Claims (defined below) and dismissal of the Litigation with prejudice, ProAssurance will pay or cause to be paid $28,000,000 in cash to be distributed after Taxes, Tax Expenses, Notice and Administration Expenses, and any Court-approved attorneys' fees and expenses, *pro rata*, to Settlement Class Members who send in a valid Proof of Claim form pursuant to the Court-approved Plan of Allocation. The Plan of Allocation is described in more detail at the end of this Notice.

### 7. How much will my payment be?

Your share of the Net Settlement Fund will depend on several things, including the total value of ProAssurance common shares represented by the valid Proof of Claim forms that Settlement Class Members send in, compared to the value of your claim, all as calculated under the Plan of Allocation discussed below.

## HOW YOU GET A PAYMENT–SUBMITTING A CLAIM FORM

### 8. How can I get a payment?

To be eligible to receive a payment from the Settlement, you must timely complete and submit a Proof of Claim form. A Proof of Claim form is enclosed with this Notice or it may be downloaded at www.ProAssuranceSecuritiesSettlement.com. Read the instructions carefully, fill out the Proof of Claim, include all the documents the form asks for, sign it, and **mail or submit it online so that it is postmarked (if mailed) or received (if submitted online) no later than November 30, 2023**. The Proof of Claim form may be submitted online at www.ProAssuranceSecuritiesSettlement.com. If you do not submit a timely Proof of Claim form with the required information, you will not receive a payment from the Settlement Fund; however, unless you expressly exclude yourself from the Settlement Class as described below, you will still be bound by the Settlement, the Judgment, and the releases contained therein.

### 9. When would I get my payment?

**The Court will hold a Settlement Hearing on January 17, 2024 at 10:00 a.m.**, to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals. It is always uncertain whether appeals can be resolved, and if so, how long it would take to resolve them. It also takes time for all the Proofs of Claim to be processed. Please be patient.

### 10. What am I giving up to get a payment or to stay in the Settlement Class?

Unless you timely and validly exclude yourself, you are staying in the Settlement Class, and that means you cannot sue, continue to sue, or be part of any other lawsuit against Defendants or their Related Parties about the Released Plaintiffs' Claims (as defined below) in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you remain a Settlement Class Member, and if the Settlement is approved, you will give up all "Released Plaintiffs' Claims" (as defined below), including "Unknown Claims" (as defined below), against the "Released Defendant Parties" (as defined below):

- "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.
- "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.
- "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties. The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.
- "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state

statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement. For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

- "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in *In re ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

- "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

- "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by

operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

## EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want to participate in this Settlement, and you want to keep the right to potentially sue the Defendants and the other Released Defendant Parties, on your own, about the claims being released by the Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself or "opting out." If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

### 11. How do I get out of the Settlement Class and the proposed Settlement?

To exclude yourself from the Settlement Class and the Settlement, you must send a letter by First-Class Mail stating that you "request exclusion from the Settlement Class in the *ProAssurance Securities Settlement*." Your letter must include a list identifying the dates and the number of shares of ProAssurance common stock that you purchased or otherwise acquired and sold for each such purchase, other acquisition, and sale during the Class Period. In addition, you must include your name, address, email address, telephone number, and your signature. You must submit your exclusion request so that it is ***postmarked* no later than December 22, 2023** to:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
ATTN: EXCLUSIONS
P.O. Box 5100
Larkspur, CA 94977-5100

If you ask to be excluded, you will not get any payment from the Settlement, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this Litigation, and you may be able to sue the Defendants and the other Released Defendant Parties about the Released Plaintiffs' Claims in the future.

Your request for exclusion shall not be valid and effective unless it provides all the information called for in this Section 11 and is postmarked within the time stated above, or is otherwise accepted by the Court.

### 12. If I do not exclude myself, can I sue the Defendants and the other Released Defendant Parties for the same thing later?

No. Unless you exclude yourself, you give up any rights you may potentially have to sue the Defendants and the other Released Defendant Parties for any and all Released Plaintiffs' Claims. If you have a pending lawsuit against any of the Released Defendant Parties, speak to your lawyer in that case immediately. You must exclude yourself from the Settlement Class in this Litigation to continue your own lawsuit against any of the Released Defendant Parties regarding any Released Plaintiffs' Claims. Remember, the exclusion deadline is December 22, 2023.

### 13. If I exclude myself, can I get money from the proposed Settlement?

No. If you exclude yourself, you should not send in a Proof of Claim to ask for any money. But you may have the right to potentially sue or be part of a different lawsuit against the Defendants and the other Released Defendant Parties.

## THE LAWYERS REPRESENTING YOU

### 14. Do I have a lawyer in this case?

The Court ordered that the law firms of Robbins Geller Rudman & Dowd LLP and Saxena White P.A. represent the Settlement Class Members, including you. Robbins Geller and Saxena White are called Lead Counsel. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 15. How will the lawyers be paid?

Lead Counsel will apply to the Court for an award of attorneys' fees not to exceed thirty-three percent (33%) of the Settlement Amount and for expenses, costs and charges in an amount not to exceed $1,500,000 in connection with prosecuting the Litigation, plus interest on such fees and expenses at the same rate as earned by the Settlement Fund. In addition, Lead Plaintiffs may seek up to $22,000 in the

aggregate as reimbursement for costs and expenses directly related to their representation of the Settlement Class pursuant to 15 U.S.C. §78u-4(a)(4). Any such sums, as may be approved by the Court, will be paid from the Settlement Fund.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or any part of it.

**16. How do I tell the Court that I object to the proposed Settlement?**

If you are a Settlement Class Member, you can comment on or object to the proposed Settlement, the proposed Plan of Allocation and/or Lead Counsel's fee and expense application. You can write to the Court setting out your comment or objection. The Court will consider your views. To comment or object, you must send a signed letter saying that you wish to comment on or object to the proposed Settlement in the *ProAssurance Securities Settlement*, Case No. 2:20-cv-00856. Include your name, address, email address, telephone number, and your signature, identify the date(s) and number of shares of ProAssurance common stock you purchased or otherwise acquired and sold during the Class Period, and state with specificity your comments or the reasons why you object to the proposed Settlement, Plan of Allocation, and/or fee and expense application, including any legal and evidentiary support for such objection. Any objection must state whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. You must also include copies of documents demonstrating your purchase(s), or otherwise acquired, and/or sale(s) of ProAssurance common stock during the Class Period, and the objection must be signed by the objector, even if the objector is represented by counsel. The objection must also identify all settlements to which you or your counsel have objected during the past three years. Your comments or objection must be filed with the Court and mailed to each of the following addresses such that it is ***received*** **no later than December 22, 2023**:

| COURT | LEAD COUNSEL | DEFENDANTS' COUNSEL |
|---|---|---|
| OFFICE OF THE CLERK<br>UNITED STATES DISTRICT COURT<br>NORTHERN DISTRICT OF ALABAMA<br>Hugo L. Black U.S. Courthouse<br>1729 5th Avenue North<br>Birmingham, AL 35203 | ROBBINS GELLER RUDMAN & DOWD LLP<br>Ellen Gusikoff Stewart<br>655 West Broadway<br>Suite 1900<br>San Diego, CA 92101<br><br>SAXENA WHITE P.A.<br>Lester R. Hooker<br>7777 Glades Road, Suite 300<br>Boca Raton, FL 33434 | STARNES DAVIS FLORIE LLP<br>Walter W. Bates<br>Jay M. Ezelle<br>100 Brookwood Place, 7th Floor<br>Birmingham, AL 35209<br><br>SIMPSON THACHER & BARTLETT LLP<br>Jonathan K. Youngwood<br>425 Lexington Avenue<br>New York, NY 10017 |

**17. What is the difference between objecting and excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object **only** if you stay in the Settlement Class.

Excluding yourself is telling the Court that you do not want to recover money from the Settlement and do not want to release any claims you think you may have against Defendants and their Related Parties. If you exclude yourself, you cannot object to the Settlement because it does not affect you.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement. You may attend and you may ask to speak, but you do not have to.

**18. When and where will the Court decide whether to approve the proposed Settlement?**

The Court will hold a Settlement Hearing at **10:00 a.m., on January 17, 2024**, before Judge R. David Proctor, at the United States District Court for the Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203. At the hearing, the Court will consider whether the Settlement and the Plan of Allocation are fair, reasonable, and adequate. If there are objections, the Court will consider them, even if you do not ask to speak at the hearing. The Court will listen to people who have asked to speak at the hearing. The Court may also decide how much to pay to Lead Counsel and Lead Plaintiffs. After the Settlement Hearing, the Court will decide whether to approve the Settlement and the Plan of Allocation. We do

not know how long these decisions will take. You should be aware that the Court may change the date and time of the Settlement Hearing without another notice being sent to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or the Settlement website, www.ProAssuranceSecuritiesSettlement.com, beforehand to be sure that the date and/or time has not changed.

In addition, the possibility exists that the Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear at the hearing by phone or video, without further written notice to the Settlement Class. **In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ProAssuranceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Any and all updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by telephone or video, the access information will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com.**

**19. Do I have to come to the hearing?**

No. Lead Counsel will answer any questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as your written objection is received on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

**20. May I speak at the hearing?**

If you object to the Settlement, the Plan of Allocation, and/or Lead Counsel's fee and expense application, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (*see* question 16 above) a statement saying that it is your "Notice of Intention to Appear in the *ProAssurance Securities Settlement*." Persons who intend to object to the Settlement, the Plan of Allocation, and/or any attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiffs and desire to present evidence at the Settlement Hearing must include in their written objections the identity of any witnesses they may call to testify and copies of any exhibits they intend to introduce into evidence at the Settlement Hearing. Your notice of intention to appear must be ***received*** **no later than December 22, 2023**, and addressed to the Office of the Clerk, Lead Counsel, and Defendants' Counsel, at the addresses listed above in question 16.

You cannot speak at the hearing if you exclude yourself from the Settlement Class.

**IF YOU DO NOTHING**

**21. What happens if I do nothing?**

If you do nothing, you will not receive any money from this Settlement. In addition, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or any of their Related Parties about the Released Plaintiffs' Claims in this case.

**GETTING MORE INFORMATION**

**22. How do I get more information?**

For even more detailed information concerning the matters involved in this Litigation, you can obtain answers to common questions regarding the proposed Settlement by contacting the Claims Administrator toll-free at 1-866-716-1091. Reference is also made to the Settlement Agreement, to the filings in support of the Settlement, to the Orders entered by the Court and to the other Settlement-related papers filed in the Litigation, which are posted on the Settlement website at www.ProAssuranceSecuritiesSettlement.com, and which may be inspected at the Office of the Clerk of the United States District Court for the Northern District of Alabama, during regular business hours. For a fee, all papers filed in this Litigation are available at www.pacer.gov.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG SETTLEMENT CLASS MEMBERS

### 23. How will my claim be calculated?

1. As discussed above, the Settlement provides $28,000,000 in cash for the benefit of the Settlement Class. The Settlement Amount and any interest and accretions thereto constitute the "Settlement Fund." The Settlement Fund, less (a) any Court-awarded attorneys' fees, expenses, and interest thereon, (b) Notice and Administration Expenses, (c) Settlement Fund Taxes and Tax Expenses, and (d) other Court-approved deductions is the "Net Settlement Fund." If the Settlement is approved by the Court, the Net Settlement Fund will be distributed to eligible Authorized Claimants–Members of the Settlement Class who submit a valid Proof of Claim form to the Claims Administrator that is approved by the Claims Administrator or Court for payment from the Net Settlement Fund–in accordance with this proposed Plan of Allocation ("Plan of Allocation" or "Plan") or such other plan of allocation as the Court may approve. Settlement Class Members who do not timely submit valid Proof of Claim forms will not share in the Net Settlement Fund, but will otherwise be bound by the Settlement. The Court may approve this proposed Plan of Allocation, or modify it, without additional notice to the Settlement Class. Any order modifying the Plan of Allocation will be posted on the Settlement website: www.ProAssuranceSecuritiesSettlement.com.

2. The objective of the Plan of Allocation is to distribute the Settlement proceeds equitably among those Settlement Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The Plan of Allocation is not a formal damage analysis, and the calculations made in accordance with the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Settlement Class Members might have been able to recover after a trial. Nor are the calculations in accordance with the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants under the Settlement. The computations under the Plan of Allocation are only a method to weigh, in a fair and equitable manner, the claims of Authorized Claimants against one another for the purpose of making *pro rata* allocations of the Net Settlement Fund.

3. The Plan of Allocation was developed in consultation with Lead Plaintiffs' damages expert. In developing the Plan of Allocation, Lead Plaintiffs' damages expert calculated the estimated amount of alleged artificial inflation in the per share prices of ProAssurance common stock that was allegedly proximately caused by Defendants' alleged materially false and misleading statements and omissions. In calculating the estimated alleged artificial inflation allegedly caused by those alleged misrepresentations and omissions, Lead Plaintiffs' damages expert considered price changes in ProAssurance common stock in reaction to public disclosures that allegedly corrected the respective alleged misrepresentations and omissions, adjusting the price change for factors that were attributable to market or industry forces, and for non-fraud related Company-specific information.

4. In order to have recoverable damages under the federal securities laws, disclosure of the alleged misrepresentation and/or omission must be the cause of the decline in the price of the security. In this Litigation, Lead Plaintiffs allege that corrective information (referred to as a "corrective disclosure") was released to the market on January 22, 2020, after the market close, and May 7, 2020, after the market close.

5. In order to have a "Recognized Loss Amount" under the Plan of Allocation, shares of ProAssurance common stock must have been purchased or otherwise acquired during the Class Period and held through the issuance of at least one alleged corrective disclosure.[2]

### CALCULATION OF RECOGNIZED LOSS AMOUNTS

6. Based on the formulas stated below, a "Recognized Loss Amount" will be calculated for each purchase or other acquisition of ProAssurance common stock during the Class Period that is listed on the Proof of Claim form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formulas below, that Recognized Loss Amount will be zero.

7. For each share of ProAssurance common stock purchased or otherwise acquired between August 8, 2018 and May 7, 2020, inclusive, and:

---

[2] Any transactions in ProAssurance common stock executed outside regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next trading session.

(a) Sold prior to January 23, 2020, the Recognized Loss Amount will be $0.00;

(b) Sold from January 23, 2020 through May 7, 2020, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase or acquisition price minus the sale price;

(c) Sold from May 8, 2020 through and including the close of trading on August 5, 2020, the Recognized Loss Amount will be ***the least of***: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), (ii) the purchase or acquisition price minus the sale price, or (iii) the purchase or acquisition price minus the average closing price between May 8, 2020 and the date of sale as stated in Table 2 below; and

(d) Held as of the close of trading on August 5, 2020, the Recognized Loss Amount will be ***the lesser of***: (i) the decline in alleged artificial inflation during the holding period (as presented in Table 1 below), or (ii) the purchase or acquisition price minus $14.57, the average closing price for ProAssurance common stock between May 8, 2020 and August 5, 2020 (the last entry in Table 2 below).[3]

**ADDITIONAL PROVISIONS**

8. The Net Settlement Fund will be allocated among all Authorized Claimants based on the amount of each Authorized Claimant's Recognized Claim (defined below).

9. If a Settlement Class Member has more than one purchase, other acquisition, or sale of ProAssurance common stock, purchases, other acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases and other acquisitions in chronological order, beginning with the earliest purchase or other acquisition made during the Class Period.

10. A claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her, or its Recognized Loss Amounts.

11. The Net Settlement Fund will be distributed to Authorized Claimants on a *pro rata* basis, based on the relative size of their Recognized Claims. Specifically, a "Distribution Amount" will be calculated for each Authorized Claimant, which will be the Authorized Claimant's Recognized Claim divided by the total Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund. If any Authorized Claimant's Distribution Amount calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

12. Purchases, other acquisitions, and sales of ProAssurance common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of ProAssurance common stock during the Class Period will not be deemed a purchase, other acquisition, or sale of ProAssurance common stock for the calculation of an Authorized Claimant's Recognized Loss Amount, nor will the receipt or grant be deemed an assignment of any claim relating to the purchase or other acquisition of ProAssurance common stock unless: (i) the donor or decedent purchased or otherwise acquired the shares during the Class Period; (ii) no Proof of Claim form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to those shares; and (iii) it is specifically so provided in the instrument of gift or assignment.

13. The date of covering a "short sale" is deemed to be the date of purchase or other acquisition of the ProAssurance common stock. The date of a "short sale" is deemed to be the date of sale of ProAssurance common stock. Under the Plan of Allocation, however, the Recognized Loss Amount on "short sales" is zero. In the event that a claimant has an opening short position in ProAssurance common stock, his, her, or its earliest Class Period purchases or other acquisitions of ProAssurance common stock will be matched against the opening short position, and not be entitled to a recovery, until that short position is fully covered.

---

[3] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this Act in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of ProAssurance common stock during the 90-day look-back period. The mean (average) closing price for ProAssurance common stock during this 90-day look-back period was $14.57.

14. Option contracts are not securities eligible to participate in the Settlement. With respect to ProAssurance common stock purchased, otherwise acquired, or sold through the exercise of an option, the purchase/sale date of the ProAssurance common stock is the exercise date of the option, and the purchase/sale price of the ProAssurance common stock is the exercise price of the option.

15. If a claimant had a market gain with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period, the value of the claimant's Recognized Claim will be zero. If a claimant suffered an overall market loss with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period but that market loss was less than the claimant's total Recognized Claim calculated above, then the claimant's Recognized Claim will be limited to the amount of the actual market loss. For purposes of determining whether a claimant had a market gain with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period or suffered a market loss, the Claims Administrator will determine the difference between (i) the Total Purchase Amount[4] and (ii) the sum of the Total Sales Proceeds[5] and Holding Value.[6] This difference will be deemed a claimant's market gain or loss with respect to his, her, or its overall transactions in ProAssurance common stock during the Class Period.

16. After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the fund a reasonable time period after the initial distribution, if Lead Counsel, in consultation with the Claims Administrator, determines that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks may occur thereafter if Lead Counsel, in consultation with the Claims Administrator, determines that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance shall be contributed to non-sectarian, nonprofit charitable organization(s), to be selected by Lead Counsel.

17. Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Lead Plaintiffs, Lead Plaintiffs' Counsel, Lead Plaintiffs' damages expert, Defendants, Defendants' Counsel, any of the other Releasing Plaintiff Parties or Released Defendant Parties, or the Claims Administrator or other agent designated by Lead Counsel arising from distributions made substantially in accordance with the Stipulation, the Plan of Allocation approved by the Court, or further orders of the Court. Lead Plaintiffs, Defendants, and their respective counsel, and all other Released Defendant Parties, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the Plan of Allocation; the determination, administration, calculation, or payment of any Proof of Claim form or nonperformance of the Claims Administrator; the payment or withholding of taxes (including interest and penalties); or any losses incurred in connection therewith.

18. The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Settlement Class Member or claimant.

19. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Proof of Claim form.

---

[4]     The "Total Purchase Amount" is the total amount the claimant paid (excluding commissions and other charges) for ProAssurance common stock purchased or otherwise acquired during the Class Period.

[5]     The Claims Administrator will match any sales of ProAssurance common stock from the start of the Class Period through and including the close of trading on May 7, 2020 first against the claimant's opening position (the proceeds of those sales will not be considered for purposes of calculating market gains or losses). The total amount received (excluding commissions and other charges) for the remaining sales of ProAssurance common stock sold from the start of the Class Period through and including the close of trading on May 7, 2020 will be the "Total Sales Proceeds."

[6]     The Claims Administrator will ascribe a value of $15.95 per share for ProAssurance common stock purchased during the Class Period and still held as of the close of trading on May 7, 2020 (the "Holding Value").

**TABLE 1**

**Decline in Alleged Artificial Inflation Per Share by Date of Purchase or Other Acquisition and Date of Sale**

| | Sale Date | | |
|---|---|---|---|
| Purchase Date | 8/8/2018-1/22/2020 | 1/23/2020-5/7/2020 | Sold on or Retained Beyond 5/8/2020 |
| 8/8/2018-1/22/2020 | $0.00 | $3.95 | $8.56 |
| 1/23/2020-5/7/2020 | | $0.00 | $4.61 |
| Purchased on or after 5/8/2020 | | | $0.00 |

**TABLE 2**

**ProAssurance Closing Price and Average Closing Price**

| Date | Closing Price | Average Closing Price Between 8 May 2020 and Date Shown | Date | Closing Price | Average Closing Price Between 8 May 2020 and Date Shown |
|---|---|---|---|---|---|
| 5/8/2020 | $15.95 | $15.95 | 6/23/2020 | $13.87 | $14.47 |
| 5/11/2020 | $16.20 | $16.08 | 6/24/2020 | $13.25 | $14.44 |
| 5/12/2020 | $15.15 | $15.77 | 6/25/2020 | $13.93 | $14.42 |
| 5/13/2020 | $13.55 | $15.21 | 6/26/2020 | $13.32 | $14.39 |
| 5/14/2020 | $13.10 | $14.79 | 6/29/2020 | $14.24 | $14.39 |
| 5/15/2020 | $13.34 | $14.55 | 6/30/2020 | $14.47 | $14.39 |
| 5/18/2020 | $14.14 | $14.49 | 7/1/2020 | $13.68 | $14.37 |
| 5/19/2020 | $13.18 | $14.33 | 7/2/2020 | $13.99 | $14.36 |
| 5/20/2020 | $14.21 | $14.31 | 7/6/2020 | $14.07 | $14.35 |
| 5/21/2020 | $14.17 | $14.30 | 7/7/2020 | $13.49 | $14.33 |
| 5/22/2020 | $14.05 | $14.28 | 7/8/2020 | $13.64 | $14.31 |
| 5/26/2020 | $14.37 | $14.28 | 7/9/2020 | $14.42 | $14.32 |
| 5/27/2020 | $15.02 | $14.34 | 7/10/2020 | $14.46 | $14.32 |
| 5/28/2020 | $14.37 | $14.34 | 7/13/2020 | $14.96 | $14.33 |
| 5/29/2020 | $13.80 | $14.31 | 7/14/2020 | $15.37 | $14.36 |
| 6/1/2020 | $13.64 | $14.27 | 7/15/2020 | $15.96 | $14.39 |
| 6/2/2020 | $14.44 | $14.28 | 7/16/2020 | $15.84 | $14.42 |
| 6/3/2020 | $15.51 | $14.34 | 7/17/2020 | $15.62 | $14.45 |
| 6/4/2020 | $14.59 | $14.36 | 7/20/2020 | $15.03 | $14.46 |
| 6/5/2020 | $16.14 | $14.45 | 7/21/2020 | $15.94 | $14.49 |
| 6/8/2020 | $16.89 | $14.56 | 7/22/2020 | $15.52 | $14.51 |
| 6/9/2020 | $16.11 | $14.63 | 7/23/2020 | $15.75 | $14.53 |
| 6/10/2020 | $15.43 | $14.67 | 7/24/2020 | $15.49 | $14.55 |
| 6/11/2020 | $13.89 | $14.64 | 7/27/2020 | $15.10 | $14.56 |
| 6/12/2020 | $14.19 | $14.62 | 7/28/2020 | $14.84 | $14.56 |
| 6/15/2020 | $14.06 | $14.60 | 7/29/2020 | $15.08 | $14.57 |
| 6/16/2020 | $14.48 | $14.59 | 7/30/2020 | $14.68 | $14.57 |
| 6/17/2020 | $13.90 | $14.57 | 7/31/2020 | $14.70 | $14.58 |
| 6/18/2020 | $14.21 | $14.55 | 8/3/2020 | $14.42 | $14.57 |
| 6/19/2020 | $13.84 | $14.53 | 8/4/2020 | $13.97 | $14.56 |
| 6/22/2020 | $13.35 | $14.49 | 8/5/2020 | $14.87 | $14.57 |

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

Nominees who purchased or otherwise acquired ProAssurance common stock for beneficial owners who are Settlement Class Members are directed to: (i) request within ten (10) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Postcard Notice, to notifications@gilardi.com, or ProAssurance Securities Settlement, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301133, Los Angeles, CA 90030-1133. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within ten (10) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class. Upon full compliance with these instructions, including the timely emailing or mailing of the Postcard Notice to beneficial owners, such nominees may seek reimbursement of their reasonable expenses actually incurred in complying with these instructions by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought and reflecting compliance with these instructions. Reasonable out of-pocket expenses actually incurred in connection with the foregoing includes up to $0.03 for providing names, addresses, and email addresses to the Claims Administrator per record; up to a maximum of $0.03 per Postcard Notice mailed by you, plus postage at the rate used by the Claims Administrator; or $0.03 per notice sent by email. Such properly documented expenses incurred by nominees in compliance with the terms of these instructions will be paid from the Settlement Fund.

DATED: August 25, 2023

________________________________
BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br>CLASS ACTION |

**PROOF OF CLAIM AND RELEASE**

## I. GENERAL INSTRUCTIONS

1. To recover as a Member of the Settlement Class based on your claims in the action entitled *Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*, Case No. 2:20-cv-00856 (the "Litigation"), you must complete and, on page 7 hereof, sign this Proof of Claim and Release ("Claim Form" or "Proof of Claim"). If you fail to submit a properly addressed (as set forth in paragraph 3 below) Claim Form, postmarked or received by the date shown below, your claim may be rejected and you may be precluded from any recovery from the Net Settlement Fund created in connection with the proposed settlement of the Litigation (the "Settlement").[1]

2. Submission of this Claim Form, however, does not assure that you will share in the proceeds of the Settlement.

3. YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, NO LATER THAN NOVEMBER 30, 2023, TO THE COURT-APPOINTED CLAIMS ADMINISTRATOR IN THIS CASE, AT THE FOLLOWING ADDRESS:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 30113
Los Angeles, CA 90030-1133
Online Submissions: www.ProAssuranceSecuritiesSettlement.com

Do not mail or deliver your Claim Form to the Court, the parties to the Litigation, or their counsel. Submit your Claim Form only to the Claims Administrator at the address set forth above. If you are NOT a Member of the Settlement Class (as defined below and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice")), DO NOT submit a Proof of Claim.

4. If you are a Member of the Settlement Class and you do not validly and timely request exclusion in accordance with the requirements set by the Court, you will be bound by the terms of any judgment entered in the Litigation, including the releases provided therein, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5. It is important that you completely read and understand the Notice that accompanies this Claim Form, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how the Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the proposed Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated herein by initial capital letters) used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described therein and provided for herein.

## II. CLAIMANT IDENTIFICATION

You are a Member of the Settlement Class if you purchased or otherwise acquired ProAssurance Corporation ("ProAssurance") common stock during the period between August 8, 2018 and May 7, 2020, inclusive (the "Class Period"), and were alleged to be damaged thereby. Excluded from the Settlement Class are: (i) the Defendants; (ii) the current and Class Period officers and directors of ProAssurance; (iii) the Immediate Family Members of the Individual Defendants; and (iv) the legal representatives, affiliates, heirs, successors-in-interest or assigns of any such excluded party and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class is any Person who would otherwise be a Member of the Settlement Class but who validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.

[1] This Proof of Claim incorporates by reference the definitions and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation of Settlement dated June 22, 2023 ("Stipulation"), which can be obtained at www.ProAssuranceSecuritiesSettlement.com.

Use Part I of this form entitled "Claimant Identification" to identify each purchaser or acquirer of record ("nominee"), if different from the beneficial purchaser or acquirer of the ProAssurance common stock which forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL PURCHASER(S) OR ACQUIRER(S) OR THE LEGAL REPRESENTATIVE OF SUCH PURCHASER(S) OR ACQUIRER(S) OF THE PROASSURANCE COMMON STOCK UPON WHICH THIS CLAIM IS BASED.

All joint purchasers or acquirers must sign this Claim Form. Executors, administrators, guardians, agents, conservators, and trustees must complete and sign this Claim Form on behalf of Persons represented by them, and evidence of their authority must accompany this Claim Form and their titles or capacities must be stated. The last four digits of the Social Security number (or full taxpayer identification number) and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

If you are acting in a representative capacity on behalf of a Member of the Settlement Class (for example, as an executor, administrator, trustee, or other representative), you must submit evidence of your current authority to act on behalf of that Member of the Settlement Class. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.

One claim should be submitted for each separate legal entity. Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

NOTICE REGARDING ELECTRONIC FILES: Certain Claimants with large numbers of transactions may request to, or may be requested to, submit information regarding their transactions in electronic files. All Claimants MUST submit a manually signed paper Proof of Claim listing all their transactions whether or not they also submit electronic copies. If you wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgement of receipt and acceptance of electronically submitted data.

## III. CLAIM FORM

Use Part II of this form, entitled "Schedule of Transactions in ProAssurance Common Stock," to supply all required details of your transaction(s) in ProAssurance common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

Please note that only the publicly traded shares of ProAssurance common stock purchased or otherwise acquired during the Class Period (*i.e.*, between August 8, 2018 and May 7, 2020, both dates inclusive) are eligible under the Settlement. However, under the "90-day look-back period" (described in the Plan of Allocation set forth in the Notice), your sales of ProAssurance common stock during the period from August 8, 2018 through and including the close of trading on August 5, 2020, will be used for purposes of calculating loss amounts under the Plan of Allocation. Therefore, in order for the Claims Administrator to be able to balance your claim, the requested transaction information during the 90-day look-back period must also be provided. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

List these transactions separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

For short-sale transactions, the date of covering a "short sale" is deemed to be the date of purchase of ProAssurance common stock, and the date of a "short sale" is deemed to be the date of sale of ProAssurance common stock.

For each transaction, you must provide, together with this Claim Form, copies of stockbroker confirmation slips, stockbroker statements, or other documents adequately evidencing your transactions in ProAssurance common stock. If any such documents are not in your possession, please obtain a copy or equivalent documents from your broker because these documents are necessary to prove and process your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, its, or their *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

Official Office Use Only

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

*Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation, et al.*

Case No. 2:20-cv-00856

# PROOF OF CLAIM AND RELEASE

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than November 30, 2023**

# PROA

Please Type or Print in the Boxes Below
Must use Black or Blue Ink or your claim may be deemed deficient.

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN PROASSURANCE COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name | M.I. | First Name

Last Name (Co-Beneficial Owner) | M.I. | First Name (Co-Beneficial Owner)

○ IRA ○ Joint Tenancy ○ Employee ○ Individual ○ Other ________ (specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number or Taxpayer Identification Number —

Telephone Number (Primary Daytime) — — | Telephone Number (Alternate) — —

Email Address

## MAILING INFORMATION

Address

Address (cont.)

City | State | ZIP Code

Foreign Province | Foreign Postal Code | Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | CB | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | MM / DD / YYYY | FOR CLAIMS PROCESSING ONLY |
|---|---|---|---|---|---|---|---|---|

## PART II. SCHEDULE OF TRANSACTIONS IN PROASSURANCE COMMON STOCK

A. Number of shares of ProAssurance common stock held at the close of trading on August 7, 2018 (must be documented). If none, write "zero" or "0": ________ Proof Enclosed? ○ Y ○ N

B. Purchases or other acquisitions of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

PURCHASES

| | Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ .00 | ○ Y ○ N |
| 2. | / / | | $ .00 | ○ Y ○ N |
| 3. | / / | | $ .00 | ○ Y ○ N |
| 4. | / / | | $ .00 | ○ Y ○ N |
| 5. | / / | | $ .00 | ○ Y ○ N |

IMPORTANT: (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

MM / DD / YYYY ________ Merger Shares: ________ Company: ________

C. Sales of ProAssurance common stock between August 8, 2018 and August 5, 2020, inclusive:

SALES

| | Trade Date(s) (List Chronologically) MM / DD / YYYY | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|---|
| 1. | / / | | $ .00 | ○ Y ○ N |
| 2. | / / | | $ .00 | ○ Y ○ N |
| 3. | / / | | $ .00 | ○ Y ○ N |
| 4. | / / | | $ .00 | ○ Y ○ N |
| 5. | / / | | $ .00 | ○ Y ○ N |

D. Number of shares of ProAssurance common stock held at the close of trading on May 7, 2020 (must be documented). If none, write "zero": ________ Proof Enclosed? ○ Y ○ N

E. Number of shares of ProAssurance common stock held at the close of trading on August 5, 2020 (must be documented). If none, write "zero": ________ Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above. Sign and print your name and the last four digits of your social security/taxpayer identification number on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 7. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Alabama with respect to my (our) claim as a Member of the Settlement Class and for purposes of enforcing the releases set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of the Stipulation and any judgment that may be entered in the Litigation, including the releases and the covenants set forth herein. I (We) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so. I (We) have not submitted any other claim in connection with the purchase or other acquisition of ProAssurance common stock during the Class Period and know of no other person having done so on my (our) behalf.

## V. RELEASE

1.      Upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves), and my (our) respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, and on behalf of any other person or entity legally entitled to bring Released Plaintiffs' Claims on my (our) behalf, hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever waive, compromise, settle, discharge, extinguish, resolve, relinquish, dismiss with prejudice and release the Released Plaintiffs' Claims against each and all of the Released Defendant Parties, as set forth fully in ¶¶4.2-4.4 of the Stipulation.

2.      "Immediate Family Members" means current and former spouses, parents, stepparents, foster parents, fathers-in-law, mothers-in-law, children, stepchildren, foster children, sons-in-law, daughters-in-law, grandparents, grandchildren, brothers, sisters, brothers-in-law, sisters-in-law, aunts, uncles, nieces, nephews, and first cousins. First cousin means the child of a parent's sibling, *i.e.*, the child of an aunt or uncle.

3.      "Related Parties" means any Person's former, present or future parents, subsidiaries, divisions, controlling persons, associates, related entities and affiliates, any entity in which a Person has a controlling interest, and each and all of the Person's and their respective present and former employees, independent contractors, members, partners, principals, officers, directors, equity holders, managers, servants, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, underwriters, investment bankers, commercial bankers, entities providing fairness opinions, general or limited partners or partnerships, limited liability companies, members, joint ventures and insurers and reinsurers or co-insurers of each of them; as well as the predecessors, successors, sister corporations, estates, Immediate Family Members, heirs, executors, legatees, devisees, receivers, settlors, beneficiaries, trusts, trustees, administrators, agents, legal or any other representatives, assigns, assignors, and assignees of each of them.

4.      "Released Defendant Party" or "Released Defendant Parties" means each and all of Defendants, Defendants' Counsel, and any of their Related Parties. The Released Defendant Parties, excluding Defendants themselves, are intended as third-party beneficiaries of this Settlement with respect to the release of the Released Plaintiffs' Claims.

5.      "Released Defendants' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, derivative or direct, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal or state statutory or common law or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims in the Litigation against the Defendants. Released Defendants' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) any claims between the Released Defendant Parties and their respective insurers; and (iii) any claims relating to any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement. For the avoidance of doubt, Released Defendants' Claims does not modify, amend, or supersede any agreements between or among Released Defendant Parties, and does not release claims between or among those Released Defendant Parties, including, without limitation, any claims for contractual or other indemnification rights.

6.      "Released Plaintiffs' Claims" means any and all claims, rights and causes of action, duties, obligations, demands, actions, debts, sums of money, suits, contracts, agreements, judgments, matters, issues, promises, losses, damages and liabilities, including both known and Unknown Claims, of every nature and description whatsoever, whether contingent or non-contingent, mature or not mature, accrued or not accrued, concealed or hidden, or suspected or unsuspected, including any claims arising under federal, state, local, common, statutory, administrative, or foreign law, or any other law, rule or regulation, whether foreign or domestic, in law, in contract, or in equity, regardless of legal or equitable theory, whether class or individual in nature, that have been asserted, could have been asserted, or could be asserted in the future in any forum, whether foreign or domestic, by any Releasing Plaintiff Party against any of the Released Defendant Parties, that (i) arise out of, or relate in any way to, or are based upon, directly or indirectly, the allegations, transactions, acts, facts, events, matters, occurrences, representations or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been involved, set forth, alleged or referred to in the Litigation, and (ii) are based upon or related in any way to the purchase, sale, acquisition, disposition, or holding of ProAssurance common stock purchased or otherwise acquired during the Class Period. Released Plaintiffs' Claims does not include (i) any claims relating to the enforcement of the Settlement; (ii) claims asserted in In re *ProAssurance Corp. Stockholder Litigation*, C.A. No. 2022-0034-LWW (Del. Ch.); and (iii) any claims of any shareholder that validly and timely requests exclusion in accordance with the requirements set by the Court in connection with the Settlement.



7.     "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" means each and every Settlement Class Member, Lead Plaintiffs, Lead Plaintiffs' Counsel, and each of their Related Parties. "Releasing Plaintiff Party" or "Releasing Plaintiff Parties" does not include any Person who would otherwise be a Member of the Settlement Class but who or which has validly and timely excluded himself, herself, itself, or themselves therefrom in accordance with the requirements set by the Court in connection with the Settlement.

8.     "Unknown Claims" means (a) any and all Released Plaintiffs' Claims that any of the Releasing Plaintiff Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Released Defendant Parties, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement with and release of the Released Defendant Parties, or might have affected his, her, their, or its decision(s) with respect to the Settlement, including, but not limited to, whether or not to object to this Settlement; and (b) any and all Released Defendants' Claims that any of the Released Defendant Parties do not know or suspect to exist in his, her, their, or its favor at the time of the release of the Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, which, if known by him, her, them, or it, might have affected his, her, their, or its settlement and release of Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel. With respect to (a) any and all Released Plaintiffs' Claims against the Released Defendant Parties, and (b) any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class, and Lead Plaintiffs' Counsel, the Settling Parties stipulate and agree that, upon the Effective Date, the Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived the provisions, rights, and benefits of California Civil Code §1542, which provides:

> A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.

The Settling Parties shall expressly waive, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, expressly waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542. The Settling Parties acknowledge, and each Releasing Plaintiff Party and Released Defendant Party shall be deemed to have, and by operation of the Judgment shall have, acknowledged that they may hereafter discover facts, legal theories, or authorities in addition to or different from those which he, she, it, or their counsel now knows or believes to be true with respect to the subject matter of the Released Plaintiffs' Claims or Released Defendants' Claims, but (a) the Releasing Plaintiff Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and each Releasing Plaintiff Party shall be deemed to have waived, compromised, settled, discharged, extinguished, and released, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Plaintiffs' Claims against the Released Defendant Parties, known or unknown, suspected or unsuspected, contingent or non-contingent, accrued or unaccrued, whether or not concealed or hidden, which now exist, or heretofore have existed, or may hereafter exist, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities, and (b) the Released Defendant Parties shall expressly fully, finally, and forever waive, compromise, settle, discharge, extinguish and release, and, upon the Effective Date, and by operation of the Judgment, shall have waived, compromised, settled, discharged, extinguished, and released, fully, finally, and forever, any and all Released Defendants' Claims against Lead Plaintiffs, the Settlement Class and Lead Plaintiffs' Counsel, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities. The Settling Parties acknowledge, and the Releasing Plaintiff Parties and Released Defendant Parties shall be deemed by operation of the Judgment to have acknowledged, that the foregoing waiver was separately bargained for and is an essential element of the Settlement of which this release is a part.

9.     These releases shall be of no force or effect unless and until the Court approves the Stipulation and the Settlement becomes effective on the Effective Date.

10.     I (We) hereby warrant and represent that I (we) have not assigned, transferred, or purported to assign or transfer, voluntarily or involuntarily, any claim or matter released pursuant to this release or any other part or portion thereof.

11.     I (We) hereby warrant and represent that I (we) have included information about all of my (our) purchases, other acquisitions, and sales of ProAssurance common stock during the Class Period and the number of shares of ProAssurance common stock held by me (us) at the close of trading on August 7, 2018, and the close of trading on May 7, 2020 and August 5, 2020.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.



Executed this ________________ day of ____________________________ in ______________________________________________
(Month/Year) (City/State/Country)

_______________________________________
(Sign your name here)

_______________________________________
(Type or print your name here)

_______________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

_______________________________________
(Sign your name here)

_______________________________________
(Type or print your name here)

_______________________________________
(Capacity of person(s) signing, *e.g.*, Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and declaration.
2. If this claim is being made on behalf of Joint Claimants, then both must sign.
3. Remember to attach copies of supporting documentation, if available.
4. **Do not send** originals of certificates.
5. Keep a copy of your Proof of Claim and all supporting documentation for your records.
6. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.
7. If you move, please send your new address to the address below.
8. **Do not use red pen or highlighter** on the Proof of Claim or supporting documentation.

**THIS PROOF OF CLAIM MUST BE SUBMITTED ONLINE OR MAILED NO LATER THAN NOVEMBER 30, 2023, ADDRESSED AS FOLLOWS:**

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133
www.ProAssuranceSecuritiesSettlement.com



THIS PAGE INTENTIONALLY LEFT BLANK



# EXHIBIT C



1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

September 22, 2023

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re:  **ProAssurance Securities Settlement**

Dear «GENDER» «LastName»:

Please find enclosed the Summary Postcard for the above referenced litigation. Please note both the class period and the designated eligible securities described on page one of the full Notice, specifically the inclusion of all persons who purchased or otherwise acquired ProAssurance Corporation ("ProAssurance" or the "Company") Common Stock during the period between August 8, 2018 and May 7, 2020, inclusive, and were allegedly damaged thereby, and are not otherwise excluded from the Settlement Class (the "Settlement Class"). In addition, **the Notice provides that the Exclusion Deadline is December 22, 2023 and the Claim Filing Deadline is November 30, 2023.**

Please pay particular attention to the "Special Notice to Securities Brokers and Other Nominees" on page sixteen of the full Notice which states, in part: Nominees who purchased or otherwise acquired ProAssurance common stock for beneficial owners who are Settlement Class Members are directed to: (i) request within ten (10) calendar days of receipt of the Postcard Notice sufficient copies of the Postcard Notice from the Claims Administrator to forward to all such beneficial owners; or (ii) send a list of the names and addresses (including email addresses if available) of such beneficial owners to the Claims Administrator within ten (10) calendar days after receipt of the Postcard Notice, to notifications@gilardi.com, or ProAssurance Securities Settlement, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301133, Los Angeles, CA 90030-1133. If a nominee elects to send the Postcard Notice to beneficial owners, such nominee is directed to email or mail (where an email is unavailable) the Postcard Notice within ten (10) calendar days of receipt of those documents from the Claims Administrator, and upon such emailing or mailing, the nominee shall send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed, and the nominee shall retain the list of names and addresses for use in connection with any possible future notice to the Settlement Class.

Additional copies of this postcard may be requested by contacting us at Notifications@Gilardi.com. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send.  Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. Please email Notifications@Gilardi.com with any questions.

Sincerely,

Gilardi and Company, LLC

EXHIBIT D

ADVERTISEMENT

# The Marketplace

To advertise: 800-366-3975 or WSJ.com/classifieds

## CLASS ACTION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, Plaintiff, vs. PROASSURANCE CORPORATION, et al., Defendants. | ) | Civil Action No. 2:20-cv-00856-RDP<br>CLASS ACTION<br>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE CORPORATION ("PROASSURANCE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on January 17, 2024, at 10:00 a.m., before Judge R. David Proctor, at the United States District Court, Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $28,000,000 in cash, to be paid or caused to be paid by the Company, should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiffs reimbursement of their time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ProAssuranceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE COMMON STOCK BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than November 30, 2023)** or electronically **(no later than November 30, 2023)**. Your failure to timely submit your Proof of Claim by November 30, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased, or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other Settlement documents, may be accessed online at www.ProAssuranceSecuritiesSettlement.com, or by writing to:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133

Inquiries should NOT be directed to Defendants, Defendants' Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

SAXENA WHITE P.A.
Lester R. Hooker
7777 Glades Road, Suite 300
Boca Raton, FL 33434
Telephone: (561) 394-3399
lhooker@saxenawhite.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS ***POSTMARKED BY DECEMBER 22, 2023***, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33% OF THE $28,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,500,000 AND AWARDS TO LEAD PLAINTIFFS NOT TO EXCEED $22,000 IN THE AGGREGATE IN CONNECTION WITH THEIR REPRESENTATION OF THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE ***RECEIVED* BY DECEMBER 22, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: August 25, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

[1] The Stipulation can be viewed and/or obtained at www.ProAssuranceSecuritiesSettlement.com. This Summary Notice incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless set forth herein.

## BANKRUPTCIES

**UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: Sunac China Holdings Limited,[1] Debtor in Foreign Proceeding. | Chapter 15<br>Case No. 23-11505 (PB) |

**NOTICE OF PETITION FOR RECOGNITION OF FOREIGN PROCEEDING, MOTION FOR AN ORDER GRANTING RECOGNITION OF A FOREIGN PROCEEDING, AND RELATED RELIEF**

**PLEASE TAKE NOTICE** that on September 26, 2023, Mr. Gao Xi in his capacity as the authorized foreign representative (in such capacity, the "Foreign Representative") of the above-captioned debtor (the "Debtor"), which is the subject of a restructuring proceeding entitled *In the Matter of Sunac China Holdings Limited* (the "Hong Kong Proceeding") currently pending before the Court of First Instance of the High Court of the Hong Kong Special Administrative Region of the People's Republic of China (the "Hong Kong Court"), case number HCMP382/2023, filed a voluntary petition for relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") for the Debtor and the *Motion for (I) Recognition of Foreign Main Proceeding, (II) Recognition of the Foreign Representative, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (ECF No. 3) (the "Recognition Motion")[2] with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Recognition Motion requests entry of an order recognizing the Hong Kong Proceeding as a foreign main proceeding or, in the alternative, a foreign nonmain proceeding pursuant to section 1517 of the Bankruptcy Code, granting related relief pursuant to section 1520 of the Bankruptcy Code, and granting certain additional relief pursuant to sections 1507 and 1521 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that, the Court has scheduled a hearing to consider the relief requested in the Recognition Motion (the "Recognition Hearing") at **10:00 a.m. (prevailing Eastern Time) on October 31, 2023**. The Recognition Hearing will be held before the Honorable Philip Bentley in the United States Bankruptcy Court for the Southern District of New York, in Courtroom No. 601, located at One Bowling Green, New York, New York 10004-1408. The Recognition Hearing will be a final hearing at which witnesses may testify.

**PLEASE TAKE FURTHER NOTICE** that the new procedures relating to remote participation in evidentiary hearings mandated by the Judicial Conference of the United States, which became effective on September 22, 2023, will apply to the Recognition Hearing. In keeping with those procedures, the Court designates that portion of the Recognition Hearing, if any, at which witnesses will offer live testimony and exhibits will be offered as an EVIDENTIARY HEARING, and the Court designates the remainder of the hearing as NOT AN EVIDENTIARY HEARING. With respect to the NON-EVIDENTIARY portions of the hearing, the Court will permit the public, including members of the media, either to attend in the courthouse or to dial in remotely using the audio platform made available by the Court. Any person or entity that wishes to dial in to the hearing via the audio platform must register their appearance in the Electronic Appearance portal located on the Court's website at http://www.nysb.uscourts.gov/ecourt-appearances. Appearances must be entered no later than 4:00 p.m. (prevailing Eastern Time) on October 30, 2023, the business day before the hearing. Following the Appearance Deadline, the Court will circulate the dial-in for the audio platform to members of the public who have registered for an electronic appearance. With respect to the EVIDENTIARY portion of the hearing, the public, including the media, may attend in the courthouse but may not attend remotely.

**PLEASE TAKE FURTHER NOTICE** that parties in interest, and their attorneys, representatives, interpreters and witnesses, may attend the Recognition Hearing either in person or by Zoom. Any person that wishes to attend by Zoom must register their appearance by using the Electronic Appearance portal located on the Court's website at http://www.nysb.uscourts.gov/ecourt-appearances, not by emailing or otherwise contacting the Court. Appearances must be entered no later than **4:00 p.m. (prevailing Eastern Time) on October 30, 2023, the business day before the hearing** (the "Appearance Deadline") and not by emailing or otherwise contacting the Court. Following the Appearance Deadline, the Court will circulate by email the Recognition Hearing's Zoom link to those parties who have made an electronic appearance. Additional information regarding the Court's Zoom and hearing procedures can be found on the Court's website.

**PLEASE TAKE FURTHER NOTICE** that any objection to the Recognition Motion must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Federal Rules of Bankruptcy Procedure, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against the Debtor. Any such objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in *General Order M-399* (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's Procedures for the Filing, Signing and Verification of Documents by Electronic Means, and served upon the Foreign Representative's counsel, Sidley Austin LLP, 787 Seventh Avenue, New York, New York 10019 (Attn: Anthony Grossi), **so as to be received by 4:00 p.m. (prevailing Eastern Time) on October 24, 2023**, with a courtesy copy served upon the Chambers of the Honorable Philip Bentley, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004-1408.

**PLEASE TAKE FURTHER NOTICE** that, in keeping with the new remote participation procedures, all declarants must appear in the courtroom for cross-examination unless otherwise ordered by the Court. Any application seeking leave for a declarant to appear remotely must comply with Federal Rule of Civil Procedure 43(a), which provides in relevant part that, "[f]or good cause shown in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location."

**PLEASE TAKE FURTHER NOTICE** that if no objection to the Recognition Motion is timely filed and served as provided above, the Court may grant the relief requested in the Recognition Motion without a hearing or further notice.

**PLEASE TAKE FURTHER NOTICE** that any party in interest objecting to the Recognition Motion or the relief requested therein must appear electronically or in person at the Recognition Hearing (unless ordered otherwise by the Court).

**PLEASE TAKE FURTHER NOTICE** that the Court may order the scheduling of a case management conference to consider the efficient administration of this case.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing may be adjourned from time to time without further notice other than an announcement in open court or a notice of adjournment filed with the Court.

**PLEASE TAKE FURTHER NOTICE** that it is anticipated that the Court may communicate directly with, or request information or assistance directly from, the Hong Kong Court and/or the Foreign Representative pursuant to section 1525 of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that copies of the Recognition Motion and all other documents filed in this case can be accessed from the Court's website, http://ecf.nysb.uscourts.gov (a PACER login and password are required to retrieve documents) or free of charge by visiting the Debtor's noticing and information agent Kroll's website at https://cases.ra.kroll.com/sunac.

**PLEASE TAKE FURTHER NOTICE** that this announcement is not an offer for sale of securities in the United States. Securities may not be offered or sold in the United States absent registration or an exemption from registration under the U.S. Securities Act of 1933, as amended.

[1] The Debtor is incorporated in the Cayman Islands as an exempted company with limited liability, and registered with registration number 186588. The Debtor's principal place of business in Hong Kong is Room 1517, Level 15, West Exchange Tower, 322 Des Voeux Road Central, Sheung Wan, Hong Kong.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Recognition Motion.

## BUSINESS OPPORTUNITIES

MARK ONE
MACHINERY

Western US Plastic Film & Bag Manufacturer For Sale

$45 Million + in Sales in 2022

Continuous Growth!!!

EBITDA $9.9 Million in 2022

Average EBITDA over Last 3 Years $8.3 Million

Call Sara for more information 631-968-0900

## AVIATION

Gulfstream V
East Coast
25%
OWNERSHIP
PRINCIPALS ONLY

GVPartnership@outlook.com

THE WALL STREET JOURNAL.

THE MARKETPLACE

ADVERTISE TODAY

FOR SALE
SOLD

(800) 366-3975

For more information visit: wsj.com/classifieds

© 2023 Dow Jones & Company, Inc. All Rights Reserved.

DOW JONES

# BIGGEST 1,000 STOCKS

### How to Read the Stock Tables

The following explanations apply to NYSE, NYSE Arca, NYSE American and Nasdaq Stock Market listed securities. Prices are composite quotations that include primary market trades as well as trades reported by Nasdaq BX (formerly Boston), Chicago Stock Exchange, Cboe, NYSE National and Nasdaq ISE.

The list comprises the 1,000 largest companies based on market capitalization.

**Underlined quotations** are those stocks with large changes in volume compared with the issue's average trading volume.

**Boldfaced quotations** highlight those issues whose price changed by 5% or more if their previous closing price was $2 or higher.

Footnotes:
i-New 52-week high.
l-New 52-week low.
dd-Indicates loss in the most recent four quarters.
FD-First day of trading.
h-Does not meet continued listing standards
lf-Late filing
q-Temporary exemption from Nasdaq requirements.
t-NYSE bankruptcy
v-Trading halted on primary market.
vj-In bankruptcy or receivership or being reorganized under the Bankruptcy Code, or securities assumed by such companies.

Wall Street Journal stock tables reflect composite regular trading as of 4 p.m. and changes in the closing prices from 4 p.m. the previous day.

Thursday, September 28, 2023

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on September 29, 2023:

Name of Publication: The Wall Street Journal
Address: 1211 Avenue of the Americas
City, State, Zip: New York, NY 10036
Phone #: 1-800-568-7625
State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of September, 2023, at Sellersville, Pennsylvania.

Carla Peak
Carla Peak



# Robbins Geller Rudman & Dowd LLP and Saxena White P.A. Announce Proposed Settlement in the ProAssurance Securities Litigation

September 29, 2023 08:00 AM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP and Saxena White P.A. regarding the ProAssurance Securities Litigation:

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>PROASSURANCE CORPORATION, et al.,<br><br>Defendants. | Civil Action No. 2:20-cv-00856-RDP<br><br>CLASS ACTION<br><br>SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION |

**TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE CORPORATION ("PROASSURANCE" OR THE "COMPANY") COMMON STOCK DURING THE PERIOD BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, AND WERE ALLEGEDLY DAMAGED THEREBY, AND ARE NOT OTHERWISE EXCLUDED FROM THE SETTLEMENT CLASS ("SETTLEMENT CLASS" OR "SETTLEMENT CLASS MEMBERS")**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on January 17, 2024, at 10:00 a.m., before Judge R. David Proctor, at the United States District Court, Northern District of Alabama, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, AL 35203, to determine whether: (1) the proposed settlement (the "Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $28,000,000 in cash, to be paid or caused to be paid by the Company, should be approved by the Court as fair, reasonable, and adequate; (2) for purposes of the proposed Settlement only, the Litigation should be certified as a class action on behalf of the Settlement Class; (3) the Judgment as

provided under the Stipulation should be entered dismissing the Litigation with prejudice; (4) to award Lead Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is discussed below) and to award Lead Plaintiffs reimbursement of their time and expenses pursuant to 15 U.S.C. §78u-4(a)(4) in connection with their representation of the Settlement Class, and, if so, in what amounts; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

The Court may decide to conduct the Settlement Hearing by video or telephonic conference, or otherwise allow Settlement Class Members to appear remotely at the hearing, without further written notice to the Settlement Class. In order to determine whether the date and time of the Settlement Hearing have changed, or whether Settlement Class Members must or may participate by phone or video, it is important that you monitor the Court's docket and the Settlement website, www.ProAssuranceSecuritiesSettlement.com, before making any plans to attend the Settlement Hearing. Updates regarding the Settlement Hearing, including any changes to the date or time of the hearing or updates regarding in-person or remote appearances at the hearing, will be posted to the Settlement website, www.ProAssuranceSecuritiesSettlement.com. Also, if the Court requires or allows Settlement Class Members to participate in the Settlement Hearing by remote means, the information for accessing the hearing will be posted to the Settlement website.

IF YOU PURCHASED OR OTHERWISE ACQUIRED PROASSURANCE COMMON STOCK BETWEEN AUGUST 8, 2018 AND MAY 7, 2020, INCLUSIVE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS LITIGATION.

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than November 30, 2023)** or electronically **(no later than November 30, 2023)**. Your failure to timely submit your Proof of Claim by November 30, 2023, will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Litigation. If you purchased, or otherwise acquired ProAssurance common stock between August 8, 2018 and May 7, 2020, inclusive, and do not validly and timely request exclusion from the Settlement Class in accordance with the requirements set by the Court, you will be bound by the Settlement and any judgment and release entered in the Litigation, including, but not limited to, the Judgment, whether or not you submit a Proof of Claim.

The Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement), the Proof of Claim, the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice), and other Settlement documents, may be accessed online at www.ProAssuranceSecuritiesSettlement.com, or by writing to:

*ProAssurance Securities Settlement*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301133
Los Angeles, CA 90030-1133

Inquiries should NOT be directed to Defendants, Defendants' Counsel, the Court, or the Clerk of the Court.

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Lead Counsel:

ROBBINS GELLER RUDMAN & DOWD LLP
Ellen Gusikoff Stewart
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 1-800-449-4900
settlementinfo@rgrdlaw.com

SAXENA WHITE P.A.
Lester R. Hooker
7777 Glades Road, Suite 300

Boca Raton, FL 33434
Telephone: (561) 394-3399
lhooker@saxenawhite.com

IF YOU DESIRE TO BE EXCLUDED FROM THE SETTLEMENT CLASS, YOU MUST SUBMIT A REQUEST FOR EXCLUSION SUCH THAT IT IS ***POSTMARKED BY DECEMBER 22, 2023***, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE. ALL SETTLEMENT CLASS MEMBERS WILL BE BOUND BY THE SETTLEMENT EVEN IF THEY DO NOT SUBMIT A TIMELY PROOF OF CLAIM.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU HAVE THE RIGHT TO OBJECT TO THE SETTLEMENT, THE PLAN OF ALLOCATION, THE REQUEST BY LEAD COUNSEL FOR AN AWARD OF ATTORNEYS' FEES NOT TO EXCEED 33% OF THE $28,000,000 SETTLEMENT AMOUNT AND EXPENSES NOT TO EXCEED $1,500,000 AND AWARDS TO LEAD PLAINTIFFS NOT TO EXCEED $22,000 IN THE AGGREGATE IN CONNECTION WITH THEIR REPRESENTATION OF THE SETTLEMENT CLASS. ANY OBJECTIONS MUST BE FILED WITH THE COURT AND SENT TO LEAD COUNSEL AND DEFENDANTS' COUNSEL SO THAT THEY ARE ***RECEIVED*** **BY DECEMBER 22, 2023**, IN THE MANNER AND FORM EXPLAINED IN THE NOTICE.

DATED: August 25, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

---

[1] The Stipulation can be viewed and/or obtained at www.ProAssuranceSecuritiesSettlement.com. This Summary Notice incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation, unless set forth herein.

## Contacts

Robbins Geller Rudman & Dowd LLP
Shareholder Relations Department
Greg Wood
(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire
Address: 101 California Street 20th Floor
City, ST Zip: San Francisco, CA 94111
Phone #: 415-986-4422
State of: California

The press release was distributed on September 29, 2023 to the following media circuits offered by the above-referenced wire service:

1. National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 29th day of September 2023, at Sellersville, Pennsylvania.

Carla Peak
_______________________
Carla Peak