FILED
2023 Dec-08  PM 03:33
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT G

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | DECLARATION OF DAVID J. GUIN FILED |
| vs. | ) ) | ON BEHALF OF GUIN, STOKES & EVANS, LLC IN SUPPORT OF |
| PROASSURANCE CORPORATION, et al., | ) ) | APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES |
| Defendants. | ) ) | |

4859-5358-8113.v3

I, DAVID J. GUIN, declare as follows:

1.      I am a member of the firm of GUIN, STOKES & EVANS, LLC ("GSE" or the "Firm").  I am submitting this declaration in support of the application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      This Firm is Co-Liaison Counsel of record for Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association.

3.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and/or maintained by the Firm in the ordinary course of business.  I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation and I reviewed these reports (and backup documentation where necessary or appropriate) in connection with the preparation of this declaration.  The purpose of this review was to confirm both the accuracy of the entries on the printouts as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation.  As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment.  Based on this review and the adjustments made, I believe that the time and expenses set forth herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation.

4.      After the reductions referred to above, the number of hours spent on the Litigation by the Firm from inception through August 25, 2023 (the date preliminary approval of the settlement was granted) is 75.80.  A breakdown of the hours is provided in the attached Exhibit A.

5.      The Firm seeks an award of $1,581.85 in expenses and charges from inception through August 25, 2023 in connection with the prosecution of the Litigation.  Those expenses and charges are summarized by category in the attached Exhibit B.

- 1 -

4859-5358-8113.v3

6.     The following is additional information regarding certain of these expenses:

(a)     Filing, Witness and Other Fees: $1,000.00.  These expenses have been paid to the Court for filing fees and to attorney service firms or individuals who either: (i) served process of the complaint or subpoenas; or (ii) obtained copies of court documents for Plaintiffs.  The vendors who were paid for these services are set forth in the attached Exhibit C.

(b)     Online Legal and Financial Research: $16.40.  This category primarily includes vendors such as PACER.  This category represents the expenses incurred by GSE for use of these services in connection with this Litigation. GSE additionally employed vendors, such as Lexis, for legal and background research. Our firm does not bill for these expenses separately but instead factors them into our hourly rates. These additional resources were used to obtain access to SEC filings, factual databases, legal research, and for proofreading and "blue-booking" court filings.

7.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are an accurate record of the expenses.

8.     The identification and background of my Firm and its partners is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 4th day of December, 2023, at Birmingham, Alabama.

_____
DAVID J. GUIN

4859-5358-8113.v3

# EXHIBIT A

# EXHIBIT A

*Sheet Metal Workers Local 19 Pension Fund v. Proassurance Corporation, et al.,*
No. 2:20-cv-00856-RDP
GUIN, STOKES & EVANS, LLC
Inception through August 25, 2023

| NAME | | HOURS |
|------|------|------|
| Charles R. Watkins | (OC) | .80 |
| David J. Guin | (P) | 70.10 |
| Tammy Stokes | (P) | 3.40 |
| | | |
| Paralegals | | 1.50 |
| | | |
| **TOTAL** | | **75.80** |

(P) Partner
(A) Associate
(OC) Of Counsel

4856-9042-4465.v1

# EXHIBIT B

## EXHIBIT B

*Sheet Metal Workers Local 19 Pension Fund v. Proassurance Corporation, et al.,*
No. 2:20-cv-00856-RDP
GUIN, STOKES & EVANS, LLC
Inception through August 25, 2023

| *CATEGORY* | | *AMOUNT* |
|---|---|---|
| Filing, Witness and Other Fees | | 1,000.00 |
| Postage | | 58.80 |
| Case/Trial Office Expenses | | 453.90 |
| Photocopies | | |
| In-House: (211 copies at $0.25 per page) | | 52.75 |
| Online Legal and Financial Research | | 16.40 |
| *TOTAL* | | *1581.85* |

4856-9042-4465.v1

# EXHIBIT C

## EXHIBIT C

*Sheet Metal Workers Local 19 Pension Fund v. Proassurance Corporation, et al.,*
No. 2:20-cv-00856-RDP
GUIN, STOKES & EVANS, LLC

Filing, Witness and Other Fees: $1,000.00

| *DATE* | *VENDOR* | *PURPOSE* |
|---|---|---|
| 07/07/2020 | Citi Card | Filing fee for complaint filed 6/17/2020 |
| 08/04/2020 | Citi Card | Filing fee for Joseph White, III PHV motion |
| 08/04/2020 | Citi Card | Filing fee for Lester Hooker PHV motion |
| 9/30/2020 | Citi Card | Filing fee for PHV motion filed 9/11/2020 |
| 08/05/2021 | American Express | Filing fee for PHV motion filed 7/8/2021 |
| 06/07/2022 | American Express | Filing fee for PHV motion filed 5/4/2022 |
| 07/06/2022 | American Express | Filing fee for PHV motion filed 6/2/2022 |
| | | |

# EXHIBIT D



BIRMINGHAM | CHICAGO

# COMPLEX LITIGATION RÉSUMÉ

The attorneys of Guin, Stokes & Evans, LLC have been representing individuals and businesses in complex financial and class action litigation for several decades. The primary focus of our litigation practice is in the areas of financial and accounting fraud, securities and broker-dealer litigation and arbitration, ERISA pension and benefits litigation, antitrust, general business and commercial litigation, shareholder disputes, consumer frauds and corporate governance. We represent both plaintiffs and defendants, in state and federal court, in class actions, individual litigation and in arbitration proceedings, across the country.

Our expertise in complex financial litigation has been recognized by many courts. For example, Judge Karon Bowdre, United States District Judge for the Northern District of Alabama, said the following about Guin, Stokes & Evans, LLC and their co-counsel when certifying their case on behalf of the Retirement Systems of Alabama to proceed as a class action:

> Bondholder Plaintiffs' counsel are also qualified, experienced and able to vigorously conduct the proposed litigation. Bondholder Plaintiffs' counsel have extensive experience in securities and class action litigation and have successfully prosecuted numerous complex actions on behalf of injured investors across the country. In the six years since these consolidated cases were filed, Bondholder Plaintiffs' counsel have filed an initial and two amended complaints, defended a series of motions to dismiss and motions for summary judgment brought by various Defendants and based on complex legal theories under the federal securities laws, and conducted extensive discovery. Moreover, counsel negotiated a successful partial [$90 million] settlement with HealthSouth and certain former officers and directors of the Company. Bondholder Plaintiffs' counsel have vigorously prosecuted this litigation and will continue to do so. The court finds that the class representatives and their counsel will "adequately prosecute" this case. Memorandum Opinion Certifying Bondholder Class, at *19 (Sept. 30, 2009).

In a later hearing approving $133.5 million in additional settlements with the accounting firm and investment banking defendants, Judge Bowdre contrasted the work of Guin, Stokes & Evans, LLC and their co-counsel with that of counsel in some other complex cases she had overseen, explaining:

> And I just want to commend all of you for the way that you have conducted the case. ... [Bondholder Counsel] have proved to me that there are ways to conduct complex litigation with lots of lawyers involved and to do so in a professional manner. And I appreciate that very much. Transcript of July 22, 2010 fairness hearing, at 55:2-13.

GSEATTORNEYS.COM

300 RICHARD ARRINGTON JR. BOULEVARD NORTH
TITLE BUILDING | SUITE 600
BIRMINGHAM, ALABAMA 35203
P 205.226.2282 | F 205.226.2357

321 SOUTH PLYMOUTH COURT | SUITE 1250
CHICAGO, ILLINOIS 60604
P 312.878.8391

In September 2012, the Court of Common Pleas, Franklin County, Ohio (Frye, J.), approved a $15 million-plus settlement of a nationwide constitutional takings class action in which two  Guin Stokes & Evans, LLC lawyers played a lead role on behalf of the plaintiffs. The case took eight years and two trips to the Ohio Supreme Court to resolve, and in approving the settlement, Judge Frye commented favorably on the work of the two attorneys. He characterized them as "very experienced—indeed sophisticated—lawyers who discharged their obligations with diligence and practicality" in an "unprecedented case" presenting a "remarkable diversity of difficult, if not completely novel legal and factual issues". Their work, Judge Frye noted, "vindicated an important constitutional principle" as well as "achieved a significant financial recovery for class members." *Sogg v. Goodman*, 04-CVG-08-8028 (Journal Entry Sept. 6, 2012).

At the conclusion of a difficult medical device class action, a federal court in Ohio had the following to say regarding Guin, Stokes & Evans, LLC and their co-counsel:

> [T]he professional skill and standing of all counsel involved on behalf of the class was highly commendable. This case represents hard-fought litigation, and, in the beginning, a settlement appeared almost inconceivable. Class Counsel demonstrated their professionalism and skill by, after receiving the findings of the summary jury trial and being made aware of the strengths and weaknesses of their case, constructing a settlement from the remaining assets of TPLC.... Recognizing the extensive amount of time, services, and skill Class Counsel expended in this case, the Court concludes that the reputations of Class Counsel are well earned.

*In re Telectronic Pacing Systems, Inc.*, 137 F. Supp. 2d 1029, 1043-44 (S.D. Ohio 2001).

Guin, Stokes & Evans' expertise in complex class action litigation has also been recognized by national media, including The New York Times, The Wall Street Journal, BusinessWeek, The Bond Buyer, Bloomberg Financial News, Barron's, Forbes, Money, Law360, Class Action Reports, The Birmingham News, Birmingham Magazine, and SmartMoney, all of whom have quoted our input on such topics as the intricacies and risks of derivative securities, municipal bond default litigation, legislation affecting class actions and securities markets, class action procedures, class action settlement notice and administration, the Jefferson County, Alabama bankruptcy, and potential liabilities of participants in securities offerings.

Our lawyers have been involved in decisions handed down by federal and state courts across the nation all the way to the United States Supreme Court (three times). We have twice testified before the U.S. Senate Banking Committee on commercial litigation issues and have been invited to speak at legal training seminars across the country. Our attorneys have exceptional academic backgrounds. All were members either of the editorial board of a law review and/or were selected to compete for their school's national trial advocacy or moot court teams. Each has taught continuing legal education courses for other lawyers or guest-lectured at a law school. Three of our attorneys clerked for federal district court judges. Our firm has received a Birmingham - Tier 1 ranking (Securities Litigation; Commercial Litigation) in The Best Law Firms in America (as published by U.S. News & World Report) and is also ranked for its Real Estate litigation and Class

Page | 2

Action practices. Every partner in the firm has received an "AV" (preeminent) rating from Martindale-Hubbell and is listed in the publication, The Best Lawyers in America.

# BIOGRAPHICAL INFORMATION

## DAVID J. GUIN

David Guin's law practice emphasizes complex class action litigation on a national scale, often including securities, antitrust and consumer fraud class actions. Guin has been "AV" peer-review rated from Martindale-Hubbell for many years. He has been honored by Birmingham Magazine as one of the area's "Top Attorneys" in the area of civil litigation and has been selected for inclusion in "Best Lawyers in America" (Commercial Litigation; Securities Litigation; Class Action – Plaintiff Litigation) and "Mid-South Super Lawyers" (Commercial Litigation; Securities Litigation; Antitrust Litigation). He previously served as the Alabama Chapter President of the International Network of Boutique Law Firms.

Mr. Guin was appointed by Alabama Governor and Attorney General to represent the State of Alabama and the Alabama Securities Commission as Deputy Attorney General in complex financial litigation that, together with related actions by the SEC, FINRA and a Multi-State Task Force, resulted in an aggregate $210+ million recovery for investors, plus industry bans for some of the defendants. He has served in a leadership role in almost every significant securities class action in Alabama, either for the plaintiff or a defendant, and in numerous class actions, including (among many others): *In re HealthSouth Bondholder Litigation* ($233+ million recovery); *In re Blue Cross Blue Shield Antitrust Litigation* (Chair of Written Submissions Committee; $2.67 billion recovery pending); *Beazer/Johns Manville Phenolic Foam Roof Insulation Litigation* ($200+ million settlement); *Abitibi-Price/ABTco Siding Litigation* ($50+ million settlement); *In re OSB Antitrust Litigation* ($125 million); *Comptronix Securities Litigation* ($30+ million settlement); *National Healthcare Securities Litigation* ($18+ million settlement); *Enstar (KinderCare) Securities Litigation* ($19 million settlement); *First Humanics Bondholder Litigation* ($44+ million after jury trial); *In re Telectronics Pacing Systems, Inc.* ($58 million settlement); *In re Copley Pharmaceutical Albuterol Products Litigation* ($150 million settlement during jury trial).

Guin served on the Editorial Board of Class Action Reports, a bi-monthly Thomson/West publication reporting on all aspects of class action litigation. Guin served from 1993-96 on the Executive Committee of the Board of Directors of NASCAT (National Association of Shareholder and Consumer Attorneys). Guin has taken an active role in developing and commenting upon legislation that affects class action litigation. For example, he testified along with representatives of the SEC and the National Association of State Securities Administrators before the Senate Banking Committee regarding the Private Securities Litigation Reform Act (PSLRA), and he and his clients in *South Carolina National Bank v. Stone* provided comments and testimony that aided in the crafting of Section 27A of the Securities Exchange Act, which revived claims that had been

Page | 3

time-barred by *Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson*, 501 U.S. 350 (1991) (a case in which Mr. Guin represented the Bond Investors Association as *amicus curiae*).

Mr. Guin has taught seminars on class action litigation, discovery in class actions, and antitrust litigation. He authored "Old Habits Die Hard: Some Courts Continue to Apply Bad Law When Addressing the Article III Standing of Class Representatives," Vol. 27 Class Action Reports No. 4, at 355 (July-August 2006). He also authored "Encouraging Signs for Plaintiff Lawyers in the Eleventh Circuit's *Klay v. Humana*," which was published in Class Action Reports (Vol. 25, No. 6) and reprinted in the RICO Law Reporter (Vol. 41, No. 2, Feb. 2005). Guin authored an article on Rule 10b-5 securities fraud litigation published in Volume 47, Issue 3 of the Washington & Lee Law Review entitled "The Insider Trading and Securities Fraud Enforcement Act: Has Congress Supplied a Limitations Period Appropriate for Use in Private Rule 10b-5 Actions?" Mr. Guin also authored an article regarding certain amendments to ERISA, entitled "The Retirement Equity Act of 1984: One Step Forward, Two Steps Back," 37 Ala. L. Rev. 163 (1985).

Guin attended David Lipscomb College (now, Lipscomb University) as a National Merit Scholar and graduated in 1982 (*cum laude*) with a degree in Applied Economics. Guin graduated from the University of Alabama School of Law where he served as a Senior Editor of the Alabama Law Review. During law school, Mr. Guin was a member of the Bench and Bar Legal Honor Society and was the recipient of the Hugo Black Scholar award. He received several "best paper" awards. After graduation from law school, Mr. Guin served for one year as law clerk to United States District Judge Truman Hobbs, Chief Judge of the Middle District of Alabama. Prior to founding his current law firm in 1997, Guin had been a shareholder in Hogan, Smith & Alspaugh, PC, and before that, in Ritchie & Rediker, PC.

Mr. Guin also is active in community and charitable causes. He has served in many leadership roles at Brookwood Baptist Church (Deacon; Chair of Finance Committee; Adult Sunday School Teacher; Church Coordinating Council; Building Community Task Force; Parking Committee; Chair of Building Finance Committee). He served from 2010 to 2013 as the President of the Board of Cahaba Riverkeeper, and from 2010-2013 served on the board of 10/40 Connections, Inc., a Christian ministry that, among other things, fights child trafficking in Southeast Asia.

## TAMMY MCCLENDON STOKES

Mrs. Stokes' practice is focused upon the prosecution and defense of class actions, especially in the areas of securities, antitrust, ERISA, tax, consumer protection and mortgage litigation.

Since joining the firm in 1998, Tammy Stokes has exercised lead roles in many of the firm's highest profile cases, including the firm's extensive RESPA litigation (including *Culpepper v. Inland Mortgage*) and taking *Davis v. Kentucky* all the way to the U.S. Supreme Court). Other of the firm's cases in which Mrs. Stokes has served in leadership roles include *In re HealthSouth Bondholder Litigation* ($233+ million settlement); *In re OSB Antitrust Litigation* ($125 million);

Page | 4



and *In re Blue Cross Blue Shield Antitrust Litigation* ($2.67 billion settlement pending; Damages Committee).

Mrs. Stokes has an AV-rating from Martindale-Hubbell and was recently honored as a "Rising Star" attorney by *b-Metro* magazine. She is listed in the 2018-19 editions of *The Best Lawyers in America* for Commercial Litigation. She graduated *cum laude* from the Cumberland School of Law in 1998. While at Cumberland, Mrs. Stokes served as an Associate Editor of the Cumberland Law Review and as a member of the National Moot Court Team. Mrs. Stokes obtained her B.S. degree in International Business from Samford University in 1995, graduating *magna cum laude*.

Mrs. Stokes became a member of the Alabama Bar in 1998, and has been admitted to the U.S. District Courts for the Northern and Middle Districts of Alabama, the U.S. Court of Appeals for the Eleventh Circuit, and the United States Supreme Court. She is a member of the American Bar Association and the Birmingham Bar Association.

## DAWN STITH EVANS

Listed by Birmingham Magazine as one of the "Rising Stars" among Birmingham attorneys and one of its "Top Attorneys" in Business Law, Mrs. Evans' practice focuses on general business and commercial litigation, employment law and FINRA securities arbitrations. Recent arbitrations have involved unsuitable investments in municipal yield-arbitrage programs, collateralized mortgage obligations and reverse convertible securities.

Mrs. Evans is listed in The Best Lawyers in America for her Securities Litigation and Real Estate Litigation practices and is AV-rated by Martindale-Hubbell.

Mrs. Evans represents businesses in litigation and advises them concerning compliance with the requirements of Title VII, § 1981, § 1983, Americans with Disabilities Act, Age Discrimination in Employment Act and the Alabama Age Discrimination Act. Mrs. Evans also offers experience in reviewing and preparing employment policies and procedures, employee handbooks, and employment contracts, including non-compete agreements and trade secret agreements.

## CHARLES R. WATKINS, OF COUNSEL

Mr. Watkins entered private practice in 1980 following a clerkship in the United States District Court for the Eastern District of Michigan. He has represented plaintiffs and defendants in complex and class action lawsuits throughout the United States continuously since then. He is admitted to practice before the Supreme Court, six United States Courts of Appeals and many District Courts, and is a member of the Trial Bar of the Northern District of Illinois.

Most recently, is one of the lead plaintiff attorneys in *Tyler v. Hennepin County, Minnesota*, in which he helped achieve a landmark ruling from the U.S. Supreme Court finding that the practice

Page | 5



of Minnesota (and certain other states) of retaining any surplus value in properties seized to satisfy unpaid taxes constitutes an unlawful taking of private property without the payment of just compensation in violation of the Fifth Amendment to the Constitution. In recent years, he has devoted significant attention to representing participant plaintiffs in ERISA pension and benefits cases. Mr. Watkins was Co-Lead Counsel in *In re Xerox Corporation ERISA Litigation,* Civ. No. 3:02-cv-01138 (D. Conn.), a "company stock" case which settled in 2009 for $51 million after seven years of litigation. Almost a dozen other ERISA cases in which Mr. Watkins played a leadership role have resulted in recoveries of more than $100 million for tens of thousands of retirement and benefit plan participants. *See Kiefer v. Ceridian Corp.*, 976 F. Supp. 829 (D. Minn. 1997) ($51 million settlement in an ERISA benefit error class action reached three weeks before trial.); *Carter v. Ret. Plan of Texaco, Inc.*, No. 99-0114 (S.D.N.Y.) ($10 million settlement of ERISA class action on behalf of 10,000 plan participants.); *Nelson v. Brinson Partners Inc.*, No. 03 C 6446, 2004 WL 178180 (N.D. Ill.) ($7 million settlement of claims involving retirement plan investment in Enron notes); *Steiner v. Control Data Sys., Inc.*, No. 98-1489 (D. Minn.) (Represented plaintiffs in a $4.25 million ERISA class action settlement affecting some 700 plan members.); *Babcock v. Computer Assocs. Int'l*, No. 00-1648 (E.D.N.Y.) (represented 770 participants in employee stock ownership plan; case settled after eight years of litigation for more than $2 million in 2008.); *Shrader v. BP Corp.*, 02-8668 (N.D. Ill. 2002) ($2.3 million benefit error settlement.); *Scott v. Washington Nat'l Ins. Co.*, No. 96-3828 (N.D. Ill.). Mr. Watkins was Lead Counsel in ERISA welfare benefits class action settled by employer's agreement to provide back benefits and lifetime retiree health care.); *Watkins v. York International*, No. 4:04-cv-40377 (E.D. Mich.) (under-seal settlement of benefits error class action.); *In re Household Int'l, Inc., ERISA Litig.*, No. 02-7921 (N.D. Ill.); (Liaison Counsel in case alleging plan fiduciaries engaged in imprudent investment of plan assets; settled for $45 million.); *In re Sears Retiree Group Life Ins. Litig.*, No. 97-7453 (N.D. Ill.) (class action on behalf of 80,000 Sears retirees; settlement conferring between $30 million and $200 million in benefits.). In his first major ERISA case, Mr. Watkins argued *Gluck v. Unisys Corp.*, 960 F.2d 1168 (3d Cir. 1992), which resulted in reversal of the district court's dismissal and established a widely-cited precedent on the statute of limitations under ERISA. Recently, Mr. Watkins was lead counsel in an ERISA welfare benefits case involving calculation of coinsurance which settled on favorable terms before Judge Hart, of the United States District for the Northern District of Illinois. *Sintich v. Health Care Service Corp.,* No 1:08-cv-4360 (N. D. Ill.)

Mr. Watkins has also prosecuted a variety of other significant cases, including most notably securities class actions. *In re Bank One Securities Litig.*, No. 00 CV 00767 (N.D. Ill.), an action under Sections 11 and 12 of the Securities Act of 1933 and Section 14 of the Securities Exchange Act of 1934, that resulted in a settlement of $120 million for shareholders, at the time the second-largest securities settlement ever in the Seventh Circuit.

Mr. Watkins has played a lead role in consumer class actions, including *Foster v. ABTCo., Inc.*, No. 9 CV-95-151 M (Choctaw County, Ala.), where he is co-lead counsel in a nationwide class action settlement involving allegedly defective hardboard siding. Over the past thirteen years, tens of thousands of homeowners from all fifty states have received benefits under the settlement totaling more than $50 million.



He has represented plaintiffs in false claim or *qui tam* suits, including *U.S. ex rel. Reppine v. University of Chicago*, 96-8273 (N.D. Ill.) ($10 million settlement involving hospital "upcoding" and alleged overbilling of Medicaid), as well as antitrust matters. *See Alexander v. Phoenix Bond & Indem. Co.*, 149 F. Supp. 2d 989, 1010 (N.D. Ill. 2001) (Real estate tax auction price fixing case under Section 1 of the Sherman Antitrust Act on behalf of 28,000 Cook County property owners settled in 2002 for approximately $2 million). Mr. Watkins' practice has included many corporate governance and breach of corporate fiduciary duty cases, including *O'Malley v. Boris*, 742 A.2d 845 (Del. Sup. 1999) (Class action involving breach of investment broker's fiduciary duties to 269,000 clients. Case settled on day of trial following Delaware Supreme Court's reversal of Chancery Court's dismissal of suit.) *See* 2002 WL 453928 (Del. Ch. Mar. 18, 2002) (granting summary judgment); 2001 WL 50204 (Del. Ch. Jan. 11, 2001) (granting class certification), and *Mayfield v. WWC License Holding*, No. 18743 (Del. Ch. 2002); *Mayfield v. Western Wireless Corp.*, No. 18717 (Del. Ch. 2002) (Class actions on behalf of shareholders of cellular telephone license holders alleging unfair squeeze-out mergers. Cases settled for $2 million), *Ravenswood v. Peerless Weighing & Vending Mach. Co.*, No. 95-5885 (Cir. Ct. Cook County, Ch. Div.) (Lead counsel in novel class and derivative settlement totaling $3 million) and *Malone v. Brincat*, 722 A.2d 5 (Del. Sup. 1998) (resulted in landmark decision allowing non-purchaser stockholders of Mercury Finance Company to bring action for breach of fiduciary duty of disclosure; $12 million partial settlement achieved in related bankruptcy proceedings)

Other cases in which Mr. Watkins has played a substantial role include: *Harris v. R.B. Asset Inc.*, Index No. 02/602944 (N.Y. Super. Ct.) (Lead Counsel in class action over payment of liquidation dividend; recovery of $3.5 million); *In re Nat'l Auto Credit Inc. Sec. Litig.*, 98-0264 (N.D. Ohio) (Executive Committee member in $6 million settlement of class action securities claims); *In re W.R. Grace Sec. Litig.*, No. 95-9003 (S.D.N.Y.) ($28 million settlement of securities class action); *In re Phar-Mor, Inc., Sec. Litig.*, No. MDL 959 (W.D. Pa.) (Represented institutional investors in multi-district case involving federal and state claims arising out of massive accounting fraud. Settlement under seal); *In re NationsMart Corp. Sec. Litig.*, No. 94-2182 (E.D. Mo.) (Co-lead Counsel in securities class action settled for $2.4 million); *Peregrine Options, Inc. v. Farley, Inc.*, No. 90-0285 (N.D. Ill. 1995) (Securities class action settled for $10 million); *In re Gould Inc. Secs. Litig.*, No. 86-3598 (N.D. Ill.) ($10,300,000 recovery); *In re Int'l Tech. Secs. Litig.* (C.D. Cal.) ($12 million settlement); *In re Flight Transp. Secs. Litig.*, MDL 517 (D. Minn.) (recovery of approximately $55 million); *In re GM THM 200 Transmission Litig.*, No. 80-215 (N.D. Ill.) (recovery of approximately $20 million for nearly four million car owners).

Mr. Watkins is a 1978 *cum laude* graduate of the University of Michigan Law School at Ann Arbor and writes and speaks on issues related to class actions in general and securities and ERISA class actions in particular. He is AV-rated by Martindale-Hubbell and has often been quoted in publications such as the The New York Times and The Chicago Tribune. He is the author of the Illinois Institute of Continuing Education chapter on *Settlement and Discretionary Notices Under Fed. R. Civ. P. 23(c)-23(e)* (2013 Ed.), and spoke on the effects of the Private Securities Litigation Reform Act of 1995 at the Chicago Bar Association Securities Law Institute (2004 & 2005). In December 2008, Mr. Watkins presented a Continuing Legal Education course to the Chicago Bar

Page | 7



Association's Class Action Committee entitled ERISA Class Action Litigation: Perspectives and Developments, focusing on fee litigation issues. He served on the Editorial Board of Class Action Reports for many years. Previously, Mr. Watkins was an equity shareholder at Sachnoff & Weaver, Ltd., in Chicago, now part of Reed Smith, the nation's 12th largest law firm.

## REX W. SLATE, OF COUNSEL

Rex Slate has been recognized by his peers as one of Birmingham's "Top Attorneys" in the area of personal injury litigation. Mr. Slate graduated from the University of Alabama School of Law in 1996. While in school, Mr. Slate was elected a Student Bar Association Senator, was selected for the law school's national trial advocacy competition team, received the George "Peach" Taylor award in trial advocacy, received the Stancil R. Starnes scholarship for trial advocacy, and served as Dean Charles Gamble's research assistant and project manager.

Prior to attending law school, Mr. Slate graduated from the University of Alabama in 1982 with a B.F.A. in Theatre. He then studied acting at the University of California, Irvine, receiving his M.F.A. in Drama in 1986. He then moved to New York City to pursue an acting career for the next four years before homesickness set in and he moved back to Alabama to pursue a career in law – the family business. For more than fourteen years, Mr. Slate has represented plaintiffs in a wide variety of cases, including products liability, crashworthiness, medical malpractice, nursing home abuse, Dram Shop litigation, commercial motor vehicle accidents, and class actions.

# REPRESENTATIVE CASES[1]

### *Tyler v. Hennepin County; Sporleder v. State of Minnesota*
Charles Watkins and David Guin represent putative classes of property owners in Minnesota whose properties were taken by the government to satisfy property tax debt. The U.S. Supreme Court in *Tyler v. Hennepin County*, 598 U.S. 631 (2023) recently held in our case that Hennepin County violated the Fifth Amendment to the Constitution when it kept the entire value of the plaintiff's property to satisfy only a very small debt. As Chief Justice Roberts explained for the Court, "[t]he taxpayer must render unto Caesar what is Caesar's, but no more."

### *In re Blue Cross/Blue Shield Antitrust Litigation*
David Guin chairs the Written Submissions Committee, and Tammy Stokes serves on the Damages Committee, of this multi-district class action proceeding alleging that the Blue Cross health insurance companies have illegally divided the territories in which they do business, thereby limiting competition.  The settlement, which obtained structural changes to the health insurance

---

[1] This partial listing excludes, among others, cases handled only by attorneys who are no longer affiliated with Guin, Stokes & Evans, LLC, but does include matters for which Guin, Stokes & Evans, LLC attorneys had substantial responsibility while at former law firms.



system that the federal district court described as "historic," in addition to a monetary recovery of $2.67 billion, recently was affirmed by the Eleventh Circuit Court of Appeals.

### *Regions Morgan Keegan Subprime Mutual Funds Multistate Task Force*
David Guin was appointed Deputy Attorney General for the State of Alabama to represent the Alabama Securities Commission who, along with a multistate task force, plus the SEC and FINRA, pursued restitution actions against Regions Morgan Keegan related to its sales of "bond" mutual funds that were overloaded with subprime mortgage securities. The actions resulted in a $210 million recovery, plus fines, penalties and a permanent industry bar against the funds' manager.

### *In re HealthSouth Bondholder Litigation*
Our firm served as Liaison Counsel for the Retirement Systems of Alabama and a class of mostly institutional investors in HealthSouth corporate bonds. Settlements of approximately $230 million were obtained for the bond investors. Total settlements, including the consolidated derivative and stock litigation, exceed $900 million.

### *In re OSB Antitrust Litigation*
Our firm served as class counsel in this case alleging price-fixing by the manufacturers of "oriented strand board," a plywood substitute. Settlements totaled $125 million.

### *Corporate America Credit Union v. Herbst, et al., (N.D. Ala.)*
Our firm was lead trial counsel on behalf of a large institutional investor against the officers and directors of U.S. Central Federal Corporate Credit Union, an upstream wholesale corporate credit union that sold equity interests to downstream members without disclosure of its losses in mortgage backed securities. *See Corporate Am. Credit Union v. Herbst,*397 Fed. Appx. 540, 2010 U.S. App. Lexis 19749 (11th Cir. 2010) (per curiam).

### *Bear Stearns Collapse*
Our firm represented a large institutional investor that had invested in Bear Stearns hedge funds that collapsed due to their heavy investment in mortgage derivative securities.

### *Davis v. Dept. of Revenue of the Commonwealth of Kentucky*
Our firm served as Lead Counsel in this Dormant Commerce Clause challenge to Kentucky's taxation of interest earned on out-of-state municipal bonds while exempting interest earned on in-state bonds. We also pursued related litigation in North Carolina and Arizona. We pursued the case all the way to the U.S. Supreme Court.

### *In re Eastman Kodak ERISA Litigation*
The firm was among class counsel in this settled ERISA securities litigation.

### *In re Colonial ERISA Litigation*
Our firm represented former employees of Colonial Bank who invested in the bank through their 401(k).

Page | 9



***MNP Holdings v. Jefferson County***
Firm served as Lead Class Counsel in this case on behalf of Jefferson County, Alabama taxpayers whose properties had been sold at tax sales for overbids and who had redeemed their properties and were owed refunds of interest. A full $5.4 million recovery was obtained for the taxpayers.

***In re Xerox Corporation ERISA Litigation,*** Civ. No. 3:02 cv 01138, 2008 WL 918539 (D. Conn. Mar. 31, 2008); 483 F. Supp. 2d 2006 (D. Conn. 2007)
Mr. Watkins, as one of two Court-appointed Co-Lead Counsel, represented the participants in two of Xerox's retirement plans, who alleged that the plans' fiduciaries had breached their duties to the plans by mismanaging the plans' assets. Mr. Watkins was involved in all aspects of this case, from drafting the complaint and briefing several motions to dismiss to discovery, taking numerous depositions, including that of Xerox's former CEO. Mr. Watkins was part of the team of plaintiffs' lawyers engaged in the nearly yearlong mediation that ultimately resulted in a settlement of $51 million in 2008.

***In re Bank One Securities Litigation, First Chicago Shareholders Claims,*** 209 F.R.D. 418 (N.D. Ill. 2002)
While at a prior firm, Mr. Watkins served as Lead Counsel in this securities fraud action brought on behalf of former shareholders of First Chicago NBD Bank challenging Bank One Corporation's 1998 acquisition of First Chicago NBD under Sections 11 and 12 of the Securities Act of 1933 and Section 14 of the Securities Exchange Act of 1934. After defeating the defendants' motion to dismiss, obtaining class certification, and intensive discovery, the defendants agreed to settle the case in 2005 for $120 million, at the time the second-largest securities settlement ever in the Seventh Circuit.

***In re New Steel Drums Antitrust Litigation***, Master File No. C-1-91-208 (S.D. Ohio)
Charles Watkins was actively involved in this antitrust litigation.

***Morris v Telecheck***
Our firm was Lead Counsel in this Fair Credit Reporting Act class action.

***In re Farmer's Insurance Litigation Multi-District Litigation***.
Our firm was Class Counsel in this settled Fair Credit Reporting Act class action alleging the failure to send adverse action notices.

***Brown v. Trilegiant***
Our firm was Co-Lead Class Counsel in this settled class action brought pursuant to the Credit Repair Organizations Act.

***David L. Cochran v. Mitsubishi Motors Credit of America, Inc.,***
Our firm was Class Counsel in this case under the Fair Credit Reporting Act.

***In re Vesta Securities Litigation***



Vesta's Principal Accounting Officer retained our firm to advise her regarding her responsibilities under the securities laws prior to disclosure of certain accounting treatments. We guided her through the disclosure process, and when lawsuits were filed, we were able to obtain her dismissal from the litigation by demonstrating that she had acted appropriately at all times.

### In re "Just For Feet" Securities Litigation
The firm successfully represented a large shareholder who had sold a chain of shoe stores to Just-For-Feet in exchange for stock in the company.

### In re MedPartners Securities Litigation
Our firm served as Liaison Counsel in this securities fraud litigation for a class of purchasers of MedPartners' Threshold Appreciation Price Securities.

### Culpepper v. Inland Mortgage Corp.
Our firm represented the plaintiffs in this class action regarding the defendant's improper use of "yield spread premiums" as under-the-table compensation to independent mortgage brokers to steer the brokers' customers to the defendant. As a result of the *Culpepper* litigation, HUD created new rules designed to save consumers \$3.75 billion per year in previously hidden fees and excessive interest rates. *See Culpepper v. Inland Mortg. Corp.*, 132 F.3d 692 (11th Cir.), *rehearing denied*, 144 F.3d 717 (11th Cir. 1998); *Culpepper v. Irwin Mortg. Corp.*, 253 F.3d 1324 (11th Cir. 2001), *cert. denied,* 122 S.Ct. 930 (2002).

### Sebago v. Beazer East, Inc. (f/k/a Koppers), Johns Manville Corp. and Schuller International.
Our firm served as Class Counsel in this class action against the manufacturers of a commercial roof insulation product—"phenolic foam" or "PFRI"—that leached acids that could corrode metal roof decks. The plaintiffs' RICO claims withstood the defendants' motions to dismiss (*see* 18 F.Supp.2d 70 (D. Mass. 1998)), and after an additional two years of litigation, the case settled for approximately \$200 million.

### Charter Communications Late Fee Litigation.
Our firm was Co-Lead Counsel in a settled nationwide class action against Charter Communications.

### Hosea v. The Managers Fund, L.P. et al.
Our firm served as Co-Lead Counsel in this securities class action brought under the Securities Act of 1933, the Securities Exchange Act of 1934 and the Investment Company Act, against a mutual fund and its advisors regarding the fund's investments in high-risk mortgage derivatives.

### The Retirement Systems of Alabama, et al. v. The May Dept. Stores Co.
While at a prior firm, David Guin performed substantial work in this action on behalf of group of institutional holders of over \$240 million of debentures (including the Retirement Systems of Alabama, CalPERS, the New York State Common Retirement Fund, and similar funds of the States of Washington and Montana, as well as insurance companies, mutual funds and other investors) for wrongful redemption; *See* "Corporate Issuers Use Bluff-and-Threat Call Gambit,"



*The Wall Street Journal*, Nov. 2, 1992; "May Stores Named in Suit on Bond Calls," *The Wall Street Journal*, Dec. 15, 1992; "STACked Deck: Bondholders Get Tough Over Tender Deal," by Ben Stein, *Barron's*, June 21, 1993, at 14-15; "STACking the Deck on Bondholders," *Corporate Finance*, June 1993, at 26-29; and a number of other articles pertaining to refunding of "nonrefundable" bonds.

### In re Comptronix Securities Litigation
At a prior firm, David Guin was Lead Counsel in this well-known securities class action that has been used as an example of financial fraud in auditing textbooks. *See* "Behind a Small Alabama Company's Sudden Fall," *The New York Times*, December 4, 1992, "Comptronix Can Do No Wrong, Can It? Guntersville Asks," *The Wall Street Journal*, December 4, 1992; and numerous other newspaper articles; *see also In re Comptronix Securities Litigation*, 831 F. Supp. 1563 (N.D. Ala. 1993).

### Hynes v. The Enstar Group, Inc., et al.
Beginning at a prior firm, David Guin and a former partner served as Lead Class Counsel in this securities fraud class action alleging that Enstar's stock price was artificially inflated as a result of defendants' failure to disclose kickbacks paid by Drexel Burnham Lambert, Inc. and Michael Milken to officers of the company to induce them to purchase Enstar junk bonds underwritten by Drexel, which would create the appearance of a market for such bonds and permit Milken and Drexel to manipulate the price of their junk bonds; *See* "City Law Firm Scoring Wins In Big-Stakes Securities Cases," *The Birmingham News*, Aug. 23, 1993).

### Presidential Life Insurance Co. v. Milken
This case arose out of bankruptcy claims against Michael Milken related to our Enstar litigation. Our firm was co-counsel for a class of claimants who obtained a $4.1 million award in 1997.

### United Municipal High Income Bond Fund v. Patriots Point Development Authority, et al.
At a prior firm, David Guin was Lead Class Counsel representing a mutual fund and others in this action filed on behalf of defrauded bond investors. *See* 772 F. Supp. 1565 (D.S.C. 1991).

### Bettner v. Georgia-Pacific
Our firm was Co-Lead Counsel in this settled national class action alleging that G-P's hardboard siding prematurely rots.

### Coleman v. GAF Building Products Corp.
Our firm was Class Counsel in this settled national class action alleging that GAF's roofing shingles prematurely fail.

### In re Telectronics Atrial "J" Lead Products Liability Litigation, 953 F. Supp. 909 (S.D. Ohio 1997); 172 F.R.D. 271; 168 F.R.D. 203 (1996); 164 F.R.D. 222 (1995).

Page | 12



Our firm served on the Plaintiffs' Steering Committee in this nationally-certified MDL class action alleging that the defendant's pacemaker lead wires were prone to fracture, subjecting patients to the risk of heart muscle tears and lacerations.

***In re Copley Pharmaceutical "Albuterol" Product Liability Litigation***, 158 F.R.D. 485 (W.D. Wy. 1994); 161 F.R.D. 485 (1995).
Our firm served on the Plaintiffs' Steering Committee in this national MDL class action against the manufacturer of a recalled bronchodilator medication that had been contaminated with dangerous bacteria. The case settled for $150 million after 42 days of trial.

***Sandpiper Cove Condominium v. Louisiana Pacific Corp.***
Our firm was Class Counsel in this national class action alleging that L-P's Inner Seal "oriented strand board" siding prematurely rots. The case settled in 1996 for what is now estimated to be a minimum payout of $750 million. We helped to structure this settlement, which has been modeled in many other consumer product class action settlements.

***Mashburn, et al v. National Healthcare, Inc., et al.***, 684 F. Supp. 679 (M.D. Ala. 1988).
At a prior firm, David Guin represented a class of stock and bond investors in this securities fraud case for the fraudulent initial registered offerings. Judge Joel Dubina, who now serves on the Eleventh Circuit Court of Appeals, said the following about Mr. Guin and co-counsel in his opinion approving a classwide settlement:

> Each attorney is experienced to handle cases of this complexity. They all have excellent reputations in the legal community and possess the level of competence, perseverance and commitment to litigate such complex cases to successful conclusions, as demonstrated by the results achieved in this case.

*Id.* at 699. *See* additional published opinion at 684 F. Supp. 660 and related article at *The Wall Street Journal*, p. 2, col. 1, Sept. 4, 1987.

***The South Carolina National Bank v. Stone*** (Skylyn Hall Retirement Center municipal bonds), 139 F.R.D. 325 (D.S.C. 1991); 139 F.R.D. 335 (D.S.C. 1991); 749 F. Supp. 1419 (D.S.C. 1990); see related article at "An Expensive Free Lunch," *Forbes* (Jan. 25, 1988). While at a prior firm, David Guin served as Class Counsel in this settled case involving defaulted municipal bonds.

***Ayers v. Sutliffe***, and ***Randolph County Fed. Sav. & Loan v. Sutliffe***, (S.D. Ohio) (First Humanics municipal bond litigation), [Transfer Binder] Fed. Sec. L. Rep. ¶ 96,552 (S.D. Ohio 1992).
While working at a prior law firm, David Guin spent substantial time on this RICO and securities fraud class action brought on behalf of purchasers of 21 separate municipal bond issues over a 3½ year period to finance the acquisition of nursing homes, and which operated as a massive Ponzi scheme; jury verdict against Deloitte & Touche accounting firm and other defendants after a seven week trial for twelve counts each of securities fraud, RICO and common law fraud; one of the first cases to use novel "paperless trial" techniques to display all documentary exhibits, transcripts and

Page | 13



videotaped testimony on computers throughout the courtroom. *See* "Reach for the Sky," *Forbes* (Aug. 17, 1992). [Although we have not been back to this courtroom, we have been told that there is now a historical plaque memorializing this first paperless trial.]

***Pearson v. Keller***, (W.D. Ark.).
At a prior firm, Mr. Guin was Lead Trial Counsel; class action judgment for securities fraud in connection with two stock offerings was obtained after a full trial on the merits; see class certification opinions condensed in 12 Class Action Reports 30-31 (Jan./Feb. 1989)

***Lampf, Pleva, Lipkind, Prupis & Petigrow v. Gilbertson***, 501 U.S. 350, 111 S. Ct. 2773, 115 L. Ed. 2d 321, 59 USLW 4688, Fed. Sec. L. Rep. P 96,034 (1991).
At a prior firm, David Guin filed an Amicus Brief for the National Bondholders' Association and assisted plaintiff's counsel with oral arguments in this case determining the limitations period appropriate for claims brought pursuant to Rule 10b-5 and Section 10(b) of the Securities Exchange Act.

***Freeman v. Laventhol & Horwath***, 34 F.3d 333, 63 USLW 2132, Blue Sky L. Rep. P 74,059, Fed. Sec. L. Rep. ¶ 98,326, 1994 Fed. App. 258P (6th Cir. 1994).
At a prior firm David Guin was class counsel in this municipal bond default class action.

***In re "2 Connect" Securities Litigation*** (Circuit Court of Jefferson County, Alabama).
Our firm served as Co-Lead Counsel in this settled securities class action.

***In re Ross Cosmetics Sec. Litig.*** (D. S.C.)
Our firm served as Class Counsel in this securities class action involving a scheme to artificially inflate the trading price of Ross Cosmetics securities.

***In re T² Securities Litigation*** (N.D. Ga.)
Our firm was Class Counsel in this securities class action involving fraudulently inflated prices of common stock.

***In re OPTI, Inc. Securities Litigation*** (N.D. Cal.)
At a prior firm, David Guin was one of Class Counsel in this fraud-on-the-market common stock case.

Page | 14



***O'Malley v. Boris***, 2002 WL 453928 (Del. Ch. Mar. 18, 2002) and 2001 WL 50204 (Del Ch. Jan. 11, 2001)

At a prior firm, Mr. Watkins served as trial counsel for a plaintiff class consisting of 269,000 clients of an investment brokerage firm in this class action which alleged the firm breached its fiduciary duties of loyalty and disclosure in engineering a swap of its clients' investments to a third party's mutual funds in exchange for an equity interest in an advisory firm to those funds. The case was settled on the day of trial, following the Delaware Supreme Court's reversal of the Chancery Court's dismissal of the suit, and the Chancery Court's subsequent class certification and grant of summary judgment on liability in favor of the plaintiff class.

***In re NationsMart Corp. Sec. Litig.***, No. 94-2182 (E.D. Mo.)

Mr. Watkins' former firm acted as Lead Counsel in this securities class action brought under Section 11 of the Securities Act of 1933. After extensive discovery, including the review of thousands of pages of documents and numerous depositions, and the Eighth Circuit's reversal of the trial court's dismissal, the case settled in November 1998 for $2.4 million.

Page | 15

