FILED

2024 Jan-10  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Civil Action No. 2:20-cv-00856-RDP |
| | ) | CLASS ACTION |
| Plaintiff, | ) | LEAD PLAINTIFFS' NOTICE OF NON- |
| | ) | OPPOSITION AND REPLY IN FURTHER |
| vs. | ) | SUPPORT OF (I) MOTION FOR FINAL |
| | ) | APPROVAL OF CLASS ACTION |
| PROASSURANCE CORPORATION, et al., | ) | SETTLEMENT AND APPROVAL OF PLAN |
| | ) | OF ALLOCATION, AND (II) MOTION FOR |
| Defendants. | ) | AN AWARD OF ATTORNEYS' FEES AND |
| | ) | EXPENSES |

4864-9814-9019.v1

Lead Plaintiffs respectfully submit this notice of non-opposition and reply in further support of their Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation and Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses ("Motions").[1]

## I.    THE UNANIMOUS POSITIVE REACTION OF THE SETTLEMENT CLASS SUPPORTS FINAL APPROVAL OF THE SETTLEMENT AND THE REQUESTED FEES AND EXPENSES

As set forth in Lead Plaintiffs' opening papers, the $28 million Settlement in this Litigation represents an outstanding recovery for the Settlement Class that is supported by each of the factors that courts in the Eleventh Circuit consider in the settlement approval process.  Moreover, Lead Plaintiffs have completed the robust, multi-pronged notice program set forth in this Court's Preliminary Approval Order (*see Sheet Metal Workers Local 19 Pen. Fund v. ProAssurance Corp.*, 2023 WL 7180604, at *7-*9 (N.D. Ala. Aug. 25, 2023); Suppl. Murray Decl.), and the Court-ordered December 22, 2023 deadline for objections and exclusions has now passed.  Lead Plaintiffs are pleased to report that ***not a single Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, or the fee and expense request***, nor has any Settlement Class Member requested exclusion from the Settlement Class.

As courts in this District and in the Eleventh Circuit have repeatedly held, the unequivocal endorsement from the Settlement Class weighs heavily in support of final approval and the fee award.  *See, e.g.*, *In re Health Ins. Innovations Sec. Litig.*, 2021 WL 1341881, at *9 (M.D. Fla. Mar. 23, 2021), *report and recommendation adopted*, 2021 WL 1186838 (M.D. Fla. Mar. 30, 2021) (the "amount of opposition to the Settlement weighs heavily in favor of the Settlement being fair and

---

[1]    Unless otherwise indicated, capitalized terms have the same meaning as in the Stipulation of Settlement (ECF No. 157, the "Stipulation" or "Settlement Agreement"); Lead Plaintiffs' Memorandum of Law in Support of Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation (ECF No. 166, "App. Memo"), and Memorandum of Law in Support of Motion for an Award of Attorneys' Fees and Expenses (ECF No. 168, "Fee Memo"); or the Joint Declaration of Nathan R. Lindell and Lester R. Hooker in Support of: (I) Motion for Final Approval of Class Action Settlement and Approval of Plan of Allocation, and (II) Motion for an Award of Attorneys' Fees and Expenses (ECF No. 165-1, "Joint Decl."). The Supplemental Declaration of Ross D. Murray ("Suppl. Murray Decl.") is submitted herewith as Exhibit D.  Unless indicated, all citations and internal quotations are omitted, and all emphasis is added.

reasonable" where, as here, there "have been no objections or requests for exclusion"); *McWhorter v. Ocwen Loan Servicing, LLC*, 2019 WL 9171207, at \*12 (N.D. Ala. Aug. 1, 2019) ("low opt-out and objection rates weigh in favor of granting final approval to the settlement" because this "indicate[s] support for the proposed . . . settlement"); *In re NetBank, Inc. Sec. Litig.*, 2011 WL 13353222, at \*2 (N.D. Ga. Nov. 9, 2011) (awarding 34% fee, and noting that "the absence of any objection by Class Members to the requested attorneys' fees and reimbursement of costs and expenses is significant, and supports the reasonableness of the requested fee").

Significantly, the Settlement Class's wholly positive reaction carries substantial weight here given the fact that no institutional investors – which held over 85% of the shares of the Company's common stock outstanding during the Class Period – have objected or opted-out of the Settlement. Indeed, these institutions have extensive resources, professional staff, and financial incentive to object or opt-out, if the circumstances warranted. *See*, *e.g.*, *In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at \*6 (S.D.N.Y. July 21, 2020) ("the absence of objections" by institutional investors was "significant" and "further evidence of the fairness of the Settlement"); *Peace Officers' Annuity & Benefit Fund of Georgia v. DaVita Inc.*, 2021 WL 1387110, at \*5 (D. Colo. Apr. 13, 2021) ("This response by the class to the proposed settlement [wa]s particularly significant" when a large majority "of the class consists of sophisticated institutional investors with the resources and motivation to object, if warranted.").

Moreover, Lead Plaintiffs – sophisticated institutional investors who actively supervised the Litigation from its inception – fully endorse both the Settlement and the request for attorneys' fees and expenses. *See* ECF Nos. 165-2 at ¶¶10-16 and 165-3 at ¶¶11-17 (Central Laborers and Plymouth County each "strongly endorses the Settlement"; "takes seriously its role as a Lead Plaintiff to ensure that attorneys' fees are fair in light of the result achieved for the Settlement Class"; and "fully supports" the request for attorneys' fees and expenses); *In re: Genworth Fin. Sec.*

- 2 -

*Litig.*, 210 F. Supp. 3d 837, 842 (E.D. Va. 2016) ("The active participation by the Lead Plaintiffs in the negotiation process further weighs in favor of approving the Settlement."). Accordingly, the unanimous endorsement of the Settlement Class strongly supports final approval.

## II.     THE SETTLEMENT AND THE PLAN OF ALLOCATION ARE FAIR, REASONABLE, AND ADEQUATE

Plaintiffs' Motions set forth the numerous reasons why the Settlement is fair, reasonable, and adequate. The Settlement is the result of extensive, arm's length negotiations overseen by a well-respected and experienced mediator – David Murphy – who also has endorsed the Settlement as "fair and reasonable," the "result of a highly adversarial process," and negotiated "at arm's length." ECF No. 165-4 at ¶9. Furthermore, each of the factors that courts in the Eleventh Circuit consider in evaluating a class action settlement fully supports final approval. *See* App. Memo at 4-17 (applying the factors of Rule 23 and *Bennett v. Behring Corp.*, 737 F.2d 982 (11th Cir. 1984)). In addition, the proposed Plan of Allocation, which is substantially similar to plans approved in securities class actions nationwide and was formulated in consultation with Lead Plaintiffs' damages expert, is similarly fair and reasonable. *See* App. Memo at 18-19.

## III.    THE REQUESTED FEES AND EXPENSES ARE FAIR AND REASONABLE

Lead Plaintiffs' request for an attorneys' fee award of 33% of the Settlement Fund and payment of Litigation Expenses in the amount of $1,240,844.77 is also eminently reasonable. Each of the factors applied by courts in the Eleventh Circuit fully supports the requested award, including: (i) the amount involved and the results obtained; (ii) the novelty and difficulty of the legal and factual issues; (iii) the skill, experience, and ability of Lead Counsel; (iv) the extensive time and labor expended by Lead Counsel; (v) the contingent nature of the fee; (vi) the "undesirability" of the case; (vii) the preclusion of other employment; (viii) public policy; (ix) Lead Plaintiffs' full endorsements; and (x) the fact that not a single Settlement Class Member has objected to the fee

4864-9814-9019.v1

motion.  *See* Fee Memo at 5-19 (applying the factors from *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991)).

Significantly, awards in other securities and complex class actions in this District, in the Eleventh Circuit, and nationwide confirm that the requested fee award is fair and reasonable.  *See* Fee Memo at 5-7 (collecting cases); *Ocwen*, 2019 WL 9171207, at *14 (awarding 33% fee, and noting "[t]he Court of Appeals and numerous district courts in this circuit have held that one-third of the fund represents a reasonable attorneys' fee, especially in contingency fee cases, such as this one").

Moreover, the expenses set forth in Plaintiffs' Counsel's declarations (ECF Nos. 165-6, 165-7, 165-8) are typical for complex actions that have progressed through the completion of fact discovery and class certification briefing and are routinely approved for payment.  *See, e.g.*, *Hawaii Structural Ironworkers Pension Tr. Fund v. AMC Ent. Holdings Inc.*, 2022 WL 4136175, at *1 (S.D.N.Y. Feb 14, 2022) (awarding over $1.29 million in expenses incurred in settlement reached after substantial discovery); *In re Banc of California Sec. Litig.*, 2020 WL 1283486, at *1 (C.D. Cal. Mar. 16, 2020) (awarding over $1.575 million in expenses incurred).  Importantly, the requested expenses are more than $250,000 less than the $1,500,000 estimate set forth in the Notice, and no objections have been lodged thereto.  *See* Fee Memo at 19-21.

Finally, Central Laborers and Plymouth County seek reimbursements of $9,760.25 and $8,281.05, respectively, pursuant to the PSLRA for their participation and supervision of the Litigation.  These reimbursement awards are particularly appropriate here given Lead Plaintiffs' extensive participation in the prosecution of the Litigation, as well as the complete lack of objections or oppositions to the request.  *See* Fee Memo at 21-22.

4864-9814-9019.v1

## IV.    CONCLUSION

As set forth above and in the opening papers, Plaintiffs respectfully request that the Court grant final approval of the Settlement and the Plan of Allocation, and the fee and expense application.  For the Court's convenience, the Parties' agreed-upon Judgment is attached as Exhibit A; the proposed Order Approving Plan of Allocation is attached as Exhibit B; and the proposed Order Awarding Attorneys' Fees and Expenses is attached as Exhibit C.

DATED:  January 10, 2024                     Respectfully submitted,

GUIN, STOKES & EVANS, LLC
DAVID J. GUIN
TAMMY M. STOKES
DAWN STITH EVANS


s/ DAVID J. GUIN
DAVID J. GUIN

300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)
davidg@gseattorneys.com
tammys@gseattorneys.com
devans@gseattorneys.com

ROGER BEDFORD, ATTORNEY AT LAW, LLC
P.O. Box 1149
Russellville, AL  35653
Telephone:  256/332-6966
265/332-6967 (fax)

Local Counsel for Lead Plaintiffs

4864-9814-9019.v1

ROBBINS GELLER RUDMAN
  & DOWD LLP
ELLEN GUSIKOFF STEWART
(admitted *pro hac vice*)
X. JAY ALVAREZ
(admitted *pro hac vice*)
NATHAN R. LINDELL
(admitted *pro hac vice*)
655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
elleng@rgrdlaw.com
jaya@rgrdlaw.com
nlindell@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
BAILIE L. HEIKKINEN
(admitted *pro hac vice*)
MASON G. ROTH
(admitted *pro hac vice*)
225 NE Mizner Boulevard, Suite 720
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
bheikkinen@rgrdlaw.com
mroth@rgrdlaw.com

SAXENA WHITE P.A.
STEVEN B. SINGER
(admitted *pro hac vice*)
SARA DILEO (admitted *pro hac vice*)
KYLA GRANT (admitted *pro hac vice*)
10 Bank Street, 8th Floor
White Plains, NY  10606
Telephone:  914/437-8551
888/631-3611 (fax)
ssinger@saxenawhite.com
sdileo@saxenawhite.com
kgrant@saxenawhite.com

- 6 -

4864-9814-9019.v1

SAXENA WHITE P.A.
JOSEPH E. WHITE, III
(admitted *pro hac vice*)
LESTER R. HOOKER
(admitted *pro hac vice*)
JONATHAN LAMET
(admitted *pro hac vice*)
7777 Glades Road, Suite 300
Boca Raton, FL  33434
Telephone:  561/394-3399
561/394-3382 (fax)
jwhite@saxenawhite.com
lhooker@saxenawhite.com
jlamet@saxenawhite.com

Lead Counsel for Lead Plaintiffs

CAVANAGH & O'HARA
JOHN T. LONG
(admitted *pro hac vice*)
2319 West Jefferson Street
Springfield, IL  62702
Telephone:  217/544-1771
217/544-9894 (fax)
johnlong@cavanagh-ohara.com

Additional Counsel for Lead Plaintiffs

- 7 -

4864-9814-9019.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on January 10, 2024, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DAVID J. GUIN
DAVID J. GUIN

300 Richard Arrington Jr. Blvd. N.
Suite 600/Title Bldg.
Birmingham, AL  35203
Telephone: 205/226-2282
205/226-2357 (fax)

Email: davidg@gseattorneys.com

4864-9814-9019.v1

# Mailing Information for a Case 2:20-cv-00856-RDP Sheet Metal Workers Local 19 Pension Fund v. ProAssurance Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **X. Jay Alvarez**
  jaya@rgrdlaw.com

- **Walter W Bates**
  Bbates@starneslaw.com

- **Roger H Bedford , Jr**
  rogerbedfordattorneyatlawllc@gmail.com

- **Sara M. DiLeo**
  sdileo@saxenawhite.com

- **James Bringhurst Eubank**
  James.Eubank@beasleyallen.com

- **Dawn Stith Evans**
  devans@gseattorneys.com

- **Jay M Ezelle**
  JEzelle@starneslaw.com

- **Janet A Gochman**
  jgochman@stblaw.com

- **Kyla Grant**
  Kgrant@saxenawhite.com

- **Cole Robinson Gresham**
  cgresham@starneslaw.com

- **David J Guin**
  davidg@gseattorneys.com

- **Bailie L Heikkinen**
  bheikkinen@rgrdlaw.com

- **Lester R. Hooker**
  lhooker@saxenawhite.com

- **Jonathan Dov Lamet**
  jlamet@saxenawhite.com

- **Michael R Lasserre**
  mrl@starneslaw.com

- **Nathan R Lindell**
  nlindell@rgrdlaw.com

- **John T Long**
  johnlong@cavanagh-ohara.com

- **Carl Jacob Lundqvist**
  jacob.lundqvist@stblaw.com

- **Craig Corey Maider**
  cmaider@saxenawhite.com

- **Wilson Daniel Miles , III**
  dee.miles@beasleyallen.com

- **Mason G Roth**
  mroth@rgrdlaw.com

- **Steven B Singer**
  ssinger@saxenawhite.com

- **Ellen Gusikoff Stewart**
  elleng@rgrdlaw.com

- **Tammy McClendon Stokes**
  tammys@gseattorneys.com

- **Joseph E. White**
  jwhite@saxenawhite.com

- **Jonathan K Youngwood**
  jyoungwood@stblaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`