FILED

2024 Jan-10  AM 11:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

# EXHIBIT C

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS LOCAL 19 PENSION FUND, Individually and on Behalf of All Others Similarly Situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:20-cv-00856-RDP |
| PROASSURANCE CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

## [PROPOSED] ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter came before the Court for hearing (the "Settlement Hearing") on January 17, 2024 on Lead Counsel's Motion for an Award of Attorneys' Fees and Expenses (ECF No. 167). The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who or which could be identified with reasonable effort, and that a summary notice of the Settlement Hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses requested.

- 1 -

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1.      This Order incorporates by reference the definitions in the Stipulation of Settlement, dated June 22, 2023 (ECF No. 157) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2.      The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3.      Pursuant to and in compliance with the Court's August 25, 2023 Memorandum Opinion and Order Preliminarily Approving Settlement and Directing Notice to the Class (ECF No. 162), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules, this Court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Settlement Class Members, advising them of the motion requesting attorneys' fees and litigation expenses and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the attorneys' fees and expenses request.  There have been no objections to the attorneys' fees and expenses request.

4.      The Court hereby awards Lead Counsel attorneys' fees in the amount of 33% of the Settlement Amount, plus expenses in the amount of $1,240,844.77, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid.  The Court finds that the amount of fees awarded is appropriate and is fair and reasonable under the "percentage-of-recovery" method.

5.      Pursuant to 15 U.S.C. §78u-4(a)(4), the Court hereby awards Central Laborers' Pension Fund $9,760.25 and Plymouth County Retirement Association $8,281.05, as reimbursements of costs and expenses directly related to their representation of the Settlement Class, which shall be paid from the Settlement Fund.

6.      The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7.      In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Eleventh Circuit and found that:

(a)      The Settlement has created a fund of $28,000,000 in cash that has been placed into escrow pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred through the efforts of Lead Counsel;

(b)      The fee sought has been reviewed and approved by Lead Plaintiffs, sophisticated institutional investors that oversaw the Litigation and have a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

(c)      The amounts of attorneys' fees is consistent with awards in similar cases and supported by public policy;

(d)      Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and with considerable challenges from formidable opposition;

(e)      Lead Counsel expended substantial time and effort prosecuting the Litigation on behalf of the Settlement Class;

(f)      The Litigation raised a number of complex factual and legal issues, and, in the absence of Settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

- 3 -

(g)     Lead Counsel initiated and pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(h)     The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Settlement Class Members to benefit from the recovery without further delay or expense;

(i)     No objections to the attorneys' fees and expenses requested by Lead Counsel have been received; and

(j)     The amount of expenses awarded is fair and reasonable and these expenses were necessary for the prosecution and settlement of the Litigation.

8.     The fees and expenses shall be allocated among Lead Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

9.     Any appeal or any challenge affecting the Court's approval regarding any attorneys' fees and expenses shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10.     The Court retains exclusive jurisdiction over the parties and Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11.     In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

- 4 -

12.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

**DONE** and **ORDERED** this _____, 2024

_____
R. DAVID PROCTOR
UNITED STATES DISTRICT JUDGE

- 5 -