# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHEET METAL WORKERS LOCAL 19 PENSION FUND**, individually and on behalf of all others similarly situated,<br><br>    **Plaintiffs**,<br><br>v.<br><br>**PROASSURANCE CORPORATION, et al.**,<br><br>    **Defendants.** | }<br>}<br>}<br>}<br>}<br>}<br>}<br>}  Case No.: 2:20-cv-00856-RDP<br>}<br>}<br>}<br>}<br>}<br>} |

## ORDER AWARDING ATTORNEYS' FEES AND EXPENSES

This matter is before the court on Lead Plaintiffs Central Laborers' Pension Fund and Plymouth County Retirement Association's ("Lead Plaintiffs" or "Class Representatives") Motion for an Award of Attorneys' Fees and Expenses. (Doc. # 167).

On August 25, 2023, the court granted preliminary approval to the proposed class action settlement set forth in the Settlement Agreement. (Doc. # 162). The court also approved the procedure for giving Class Notice to the members of the Class and set a Final Approval Hearing to take place on January 17, 2024. (*Id.*).

On January 17, 2024, after notice, this court held a Final Approval Hearing to consider: (1) whether the terms and conditions of the Settlement Agreement are fair, reasonable, and adequate; (2) whether a judgment should be entered dismissing the Class Members' Released Claims on the merits and with prejudice; and (3) whether and in what amount to award attorneys' fees and expenses to Class Counsel.

The court has reviewed both Lead Plaintiffs' Motion for an Award of Attorneys' Fees and Expenses (Doc. # 167), the Memorandum of Law in Support of the Motion (Doc. # 168), and Lead Plaintiffs' Notice of Non-Opposition and Reply in Further Support (Doc. # 169). Based on the papers filed with the court and the presentations made to the court by the Parties and other interested persons at the Final Approval Hearing, it is hereby **ORDERED** as follows:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated June 22, 2023 (Doc. # 157) (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The court has jurisdiction to enter this Order and over the subject matter of the Litigation and over all parties to the Litigation, including all Settlement Class Members.

3. Pursuant to and in compliance with the court's August 25, 2023 Memorandum Opinion and Order Preliminarily Approving Settlement and Directing Notice to the Class (Doc. # 162), Rule 23 of the Federal Rules of Civil Procedure, and all other applicable laws and rules, this court hereby finds and concludes that due and adequate notice was directed to persons and entities who are Settlement Class Members, advising them of the motion requesting attorneys' fees and litigation expenses and of their right to object thereto, and a full and fair opportunity was accorded to persons and entities who are Settlement Class Members to be heard with respect to the attorneys' fees and expenses request. There have been no objections to the attorneys' fees and expenses request.

4. The court hereby **AWARDS** Lead Counsel attorneys' fees in the amount of 33% of the Settlement Amount, plus expenses in the amount of $1,240,844.77, together with the interest earned on both amounts for the same time period and at the same rate as that earned on the Settlement Fund until paid. The court finds that the amount of fees awarded is appropriate and is

fair and reasonable under the "percentage-of-recovery" method. The majority of common fund fee awards fall between 20% to 30% of the fund. *Camden I Condo. Ass'n v. Dunkle*, 946 F.2d 768, 774 (11th Cir. 1991). Of course, this benchmark percentage may be adjusted in accordance with the unique circumstances of each case. *Id.* at 775. Below, the court explains why an upward adjustment to 33% is warranted here. Additionally, the court notes counsel devoted over 27,200 hours to this case. (Doc. # 165-1 ¶ 91). The requested fee award of 33% of $28,000,000 (*i.e.*, $9,240,000) amounts to a very reasonable effective hourly rate of approximately $340.

5.  Pursuant to binding precedent established in *Johnson v. NPAS Solutions, LLC*, 975 F.3d 1244,1260-61 (11th Cir. 2020), Central Laborers' Pension Fund's request of $9,760.25 and Plymouth County Retirement Association's request of $8,281.05 as reimbursements of costs and expenses directly related to their representation of the Settlement Class is **DENIED.**

6.  The awarded attorneys' fees and expenses and interest earned thereon shall immediately be paid to Lead Counsel from the Settlement Fund upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which are incorporated herein.

7.  In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the court has analyzed the factors considered within the Eleventh Circuit and found that:

    (a) The Settlement has created a fund of $28,000,000 in cash that has been placed into escrow pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement that occurred through the efforts of Lead Counsel;

    (b) The fee sought has been reviewed and approved by Lead Plaintiffs, sophisticated institutional investors that oversaw the Litigation and have a substantial interest in ensuring that any attorneys' fees paid are duly earned and not excessive;

(c) The amount of attorneys' fees is consistent with awards in similar cases and supported by public policy;

(d) Lead Counsel conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy, and with considerable challenges from formidable opposition;

(e) Lead Counsel expended substantial time and effort prosecuting the Litigation on behalf of the Settlement Class;

(f) The Litigation raised a number of complex factual and legal issues, and, in the absence of Settlement, would involve further lengthy proceedings with uncertain resolution if the case were to proceed to trial;

(g) Lead Counsel initiated and pursued the Litigation on a contingent basis, having received no compensation during the Litigation, and any fee amount has been contingent on the result achieved;

(h) The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Settlement Class Members to benefit from the recovery without further delay or expense;

(i) No objections to the attorneys' fees and expenses requested by Lead Counsel have been received; and

(j) The amount of expenses awarded is fair and reasonable and these expenses were necessary for the prosecution and settlement of the Litigation.

8. The fees and expenses shall be allocated among Lead Plaintiffs' Counsel in a manner which, in Lead Counsel's good-faith judgment, reflects each such counsel's contribution to the institution, prosecution, and resolution of the Litigation.

9. Any appeal or any challenge affecting the court's approval regarding any attorneys' fees and expenses shall in no way disturb or affect the finality of the Order and Final Judgment entered with respect to the Settlement.

10. The court retains exclusive jurisdiction over the parties and Settlement Class Members for all matters relating to this Litigation, including the administration, interpretation, effectuation, or enforcement of the Stipulation and this Order.

11. In the event the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

**DONE** and **ORDERED** this January 17, 2024.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE